1  Richard S. Busch (*Pro Hac Vice* Pending)
   (Tennessee Bar # 14594)
2  E-Mail: rbusch@kingballow.com
   KING & BALLOW
3  315 Union Street; Suite 1100
   Nashville, TN 37201
4  (615) 259-3456 Facsimile: (615) 726-5417

5  Paul H. Duvall (SBN 73699)
   E-Mail: pduvall@kingballow.com
6  KING & BALLOW
   6540 Lusk Blvd., Suite 250
7  San Diego, CA 92121
   (858) 597-6000 Facsimile: (858) 597-6008

8
   Mark L. Block (SBN 115457)
9  E-Mail: mblock@wargofrench.com
   WARGO & FRENCH LLP
10 1888 Century Park East; Suite 1520
   Los Angeles, CA 90067
11 (310) 853-6355 Facsimile: (310) 853-6333

12 Attorneys for Defendants
   NONA MARVISA GAYE and
13 FRANKIE CHRISTIAN GAYE

14

15                **UNITED STATES DISTRICT COURT**

16   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17 PHARRELL WILLIAMS, an individual; ROBIN      CASE # CV13-06004-JAK (AGRx)
18 THICKE, an individual; and CLIFFORD
   HARRIS, JR., an individual,                  **DEFENDANTS FRANKIE**
19                                              **CHRISTIAN GAYE'S AND NONA**
20                           Plaintiffs,        **MARVISA GAYE'S ANSWER**
                                                **AND AFFIRMATIVE DEFENSES**
21 vs.                                          **TO COMPLAINT**

22 BRIDGEPORT MUSIC, INC.,                      **JURY TRIAL DEMANDED**
23 a Michigan corporation; FRANKIE
   CHRISTIAN GAYE, an individual;
24 MARVIN GAYE III, an individual;              Honorable John A. Kronstadt
   NONA MARVISA GAYE, an                        Magistrate Alicia G. Rosenberg
25 Individual; and DOES 1 through 10,
26 inclusive,                                   Complaint Filed: August 15, 2013
                                                Trial Date: Not Set
27                          Defendants.

28
   ──────────────────────────────────────────────────────────
      DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
                                1

Defendants Frankie Christian Gaye ("Frankie") and Nona Marvisa Gaye ("Nona") (collectively herein "Frankie" and "Nona" are referred to as "The Gaye Family" or "Defendants") respectfully submit this Answer and assert their Affirmative Defenses to the Complaint of Plaintiffs Pharrell Williams ("Williams"), Robin Thicke ("Thicke"), and Clifford Harris, Jr. ("Harris") (collectively referred to as "Plaintiffs") as follows:

## INTRODUCTION

1.      In answer to paragraph 1 of the Complaint, Defendants admit that Plaintiffs have filed Case No. CV13-06004 against them for declaratory relief (the "Complaint"), but deny the legitimacy or merit of the action as framed.  Defendants deny there are no similarities between "plaintiffs' composition and those the claimants allege they own, other than commonplace musical elements."  Defendants admit that "Blurred Lines" has been successful.  Defendants deny each and every remaining allegation in this paragraph.

2.      In answer to paragraph 2 of the Complaint, Defendants deny their claims are limited to allegations that "Blurred Lines" and "Got to Give It Up" feel and sound the same.  Defendants deny each and every remaining allegation in this paragraph.

3.      In answer to paragraph 3 of the Complaint, Defendants deny each and every allegation in this paragraph.

///

## JURISDICTION AND VENUE

4.    In answer to paragraph 4 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph and, on that basis, denies each and every allegation in the paragraph.

5.    In answer to paragraph 5 of the Complaint, Defendants deny each and every allegation regarding Frankie Gaye and Nona Gaye. As to the remaining allegations, Defendants are without sufficient knowledge and information to form a belief as to the truth of this allegation.

## THE PARTIES

6.    In answer to paragraph 6 of the Complaint, Defendants admit that Plaintiffs have taken credit for composing the song "Blurred Lines," which was initially released as a single in or about March 2013. Except as expressly so admitted, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph and, on that basis, deny each and every other allegation in the paragraph.

7.    In answer to paragraph 7 of the Complaint, Defendants deny each and every allegation in the paragraph.

8.    In answer to paragraph 8 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of this allegation.

///

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

9.     In answer to paragraph 9 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph and, on that basis, deny each and every allegation in the paragraph.

10.    In answer to paragraph 10 of the Complaint, Defendants deny each and every allegation in the paragraph.

11.    In answer to paragraph 11 of the Complaint, Defendants admit they claim an ownership interest in the composition "Got to Give It Up" by Marvin Gaye.

12.    In answer to paragraph 12 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph and, on that basis, deny each and every allegation in the paragraph.

13.    In answer to paragraph 13 of the Complaint, Defendants deny each and every allegation in the paragraph.

## CLAIM FOR DECLARATORY RELIEF

14.    In answer to paragraph 14 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph.

15.    In answer to paragraph 15 of the Complaint, Defendants deny each and every allegation in the paragraph.

16.    In answer to paragraph 16 of the Complaint, Defendants admit that they claim that they own and have standing to pursue claims for infringement of the

copyright in the composition "Got To Give It Up" by Marvin Gaye, and that Plaintiffs have infringed that composition by, among other things, including substantially similar compositional elements of it in "Blurred Lines," which the ordinary observer would recognize as being appropriated from "Got to Give It Up," without the Gaye Family's knowledge or consent. Defendants deny each and every other allegation in the paragraph.

17. In answer to paragraph 17 of the Complaint, Defendants deny each and every allegation in the paragraph.

18. In answer to paragraph 18 of the Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph.

19. In answer to paragraph 19 of the Complaint, Defendants admit that they claim that they have an ownership interest in the composition "Got To Give It Up" and standing to pursue claims of infringement of that composition. Defendants also admit that they contend "Blurred Lines" infringes "Got To Give It Up" and the exploitation of "Blurred Lines" violates the Gaye Family's rights. Defendants deny each and every remaining allegation in the paragraph.

20. In answer to paragraph 20 of the Complaint, Defendants deny each and every allegation in the paragraph.

21.   In answer to paragraph 21 of the Complaint, Defendants deny each and every allegation in the paragraph.

22.   In answer to paragraph 22 of the Complaint, Defendants admit that Plaintiffs seek a judgment declaring the parties' respective rights with regard to "Blurred Lines," but deny the legitimacy or merit of the action as framed. Defendants deny each and every remaining allegation in the paragraph except they are without sufficient knowledge and information to form a belief as to the truth of the allegations in the paragraph.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, the Gaye Family pleads the following Affirmative Defenses. The Gaye Family reserves the right to add additional Affirmative Defenses as may be learned in the course of discovery proceedings or otherwise.

### First Affirmative Defense
### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendants assert the Complaint fails to set forth facts sufficient to state a claim for relief, in law or equity, against Defendants.

///

///

///

///

### Second Affirmative Defense
### (Uncertainty)

As a separate and distinct affirmative defense, Defendants assert the Complaint is ambiguous and uncertain, and thus fails to state a claim for relief, in law or equity, against Defendants.

### Third Affirmative Defense
### (Unclean Hands)

As a separate and distinct affirmative defense, Defendants assert, with respect to the subject matter alleged in the Complaint, that Plaintiffs' action is barred under the doctrine of unclean hands.

### Fourth Affirmative Defense
### (Copying)

As a separate and distinct affirmative defense, Defendants assert Plaintiffs' claim is barred as "Blurred Lines" copies "Got To Give It Up" and is substantially similar in many qualitative and quantitative ways.

### Fifth Affirmative Defense
### (Ordinary Observer)

As a separate and distinct affirmative defense, Defendants assert Plaintiffs' claims are barred as the ordinary observer would recognize that "Blurred Lines" copies "Got to Give It Up."

///

///

### Sixth Affirmative Defense
### (No Entitlement to Attorneys' Fees)

As a separate and distinct affirmative defense, Defendants assert Plaintiffs are not entitled to attorneys' fees.

### Seventh Affirmative Defense
### (Reservation of Additional Defenses)

As a separate and distinct affirmative defense, Defendants assert that they have additional defenses currently unknown to them, which may be ascertained during the course of this proceeding. Defendants, therefore, reserve the right to assert additional affirmative defenses should they become desirable or necessary to do so to conform to proof.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests that this Honorable Court enter judgment in their favor and grant the following:

A.    That Plaintiffs take nothing from Defendants by way of their Complaint;

B.    That the Court issue a declaration that they have standing to sue Plaintiffs and that "Blurred Lines" infringes or otherwise violates Defendants' rights in "Got To Give It Up";

///

///

///

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

8

C.    That Defendants be awarded attorneys' fees incurred herein;

D.    That Defendants be awarded costs of suit; and

E.    For such other relief as the Court deems just and proper.


DATED:  October 29, 2013             Respectfully submitted,

                                     **KING & BALLOW**

                                     By:  /s/ Paul H. Duvall
                                          PAUL H. DUVALL
                                          RICHARD S. BUSCH
                                          (*Pro Hac Vice* Pending)
                                          MARK L. BLOCK

                                          Attorneys for Nona Marvisa Gaye
                                          and Frankie Christian Gaye

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Defendants respectfully demand a trial by jury.

DATED:  October 29, 2013      Respectfully submitted,

**KING & BALLOW**

By:  /s/ Paul H. Duvall
     PAUL H. DUVALL
     RICHARD S. BUSCH
     (*Pro Hac Vice* Pending)
     MARK L. BLOCK

     Attorneys for Nona Marvisa Gaye
     and Frankie Christian Gaye