KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
KING@KHPBLAW.COM
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs PHARRELL
WILLIAMS, ROBIN THICKE and
CLIFFORD HARRIS, JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br><br>**JOINT RULE 16(b) REPORT**<br><br>Date: December 16, 2013<br>Time: 1:30 PM<br>Ctrm.: Room 750<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, CA  90012 |

On November 8, 2013, the following met and conferred concerning the matters enumerated in Part 1 of this Court's October 30, 2013 Order Setting Rule 16(b) Scheduling Conference:

(1) Counsel for plaintiffs and counter-defendants Pharrell Williams ("Williams"), Robin Thicke ("Thicke") and Clifford Harris, Jr. ("Harris") and

4112.060/723258.1

counter-defendants More Water From Nazareth Publishing, Inc. ("More Water"), Robin Alan Thicke d/b/a I Like 'Em Thicke Music ("Thicke"), Paula Maxine Patton d/b/a Haddington Music ("Paxton"), Star Trak Entertainment ("Star Trak"), Geffen Records ("Geffen"), Interscope Records ("Interscope"), UMG Recordings, Inc. ("UMG"), and Universal Music Distribution ("UMD");

(2) Counsel for defendants and counterclaimants Frankie Christian Gaye and Nona Marvisa Gaye (collectively, "Frankie and Nona Gaye");

(3) Counsel for Marvin Gaye III ("Marvin Gaye III"); and

(4) Counsel for Sony/ATV Music Publishing Acquisition, Inc. ("SATV"), EMI April, Inc. (sic) ("EMI"), and Jobete Music Co., Inc ("Jobete").[1]

**References to the Parties**

Williams, Thicke, Harris, and More Water are referred to hereinafter collectively as the "Blurred Lines Writers."

Thicke, Thicke Music, Patton, and Haddington are referred to hereinafter collectively as the "Love After War Writers."

Geffen, Interscope, Star Trak, UMG, and UMD are referred to hereinafter collectively as "UMG."

Frankie and Nona Gaye and Marvin III are referred hereinafter collectively as the "Gayes."

SATV, EMI, and Jobete are sometimes referred to hereinafter collectively as "Jobete."

---

[1] Plaintiffs have settled their claim for declaratory relief against defendant Bridgeport Music, Inc. subject to full execution of a written settlement agreement, and anticipate dismissing Bridgeport prior to the scheduling conference. In that claim, Bridgeport alleged that the song "Blurred Lines" infringed the song "Sexy Ways" by George Clinton.

a. **Statement of the Case**

This case involves the following three claims:

i. <u>The "Blurred Lines" Claim (Count I)</u>. The Blurred Lines Writers wrote the song "Blurred Lines," which Thicke recorded and performed, and Williams produced, with Williams and Harris as featured artists. "Blurred Lines" continues to enjoy substantial popular success. After the single's initial success, but before the release of the album, counsel for the Gayes notified Williams, Thicke, EMI, and UMG that they claimed that "Blurred Lines" infringes their father Marvin Gaye's 1977 composition "Got to Give It Up." Williams, Thicke, and Harris then filed their complaint herein seeking a declaration that "Blurred Lines" does not infringe "Got to Give It Up."

The Blurred Lines Writers and UMG deny that "Blurred Lines" infringes "Got to Give It Up."

Frankie and Nona Gaye on the one hand, and Marvin Gaye III on the other, filed respective counterclaims for direct, contributory, and vicarious copyright infringement of "Got to Give It Up" against the Blurred Lines Writers and UMG. The Gayes, by their respective counterclaims, seek all relief available under the Copyright Act, including, but not limited to, compensatory damages, damages in the form of profits of the Defendants, or statutory damages for willful copyright infringement in the alternative, injunctive relief, costs and attorneys' fees, each in Count I of their respective counterclaims.

ii. <u>The "Love After War" Claim (Count II)</u>. The Gayes claim the song "Love After War," performed by Thicke and written by Thicke and Patton, infringes the song "After the Dance" by their father, Marvin Gaye. Frankie and Nona Gaye on the one hand, and Marvin Gaye III on the other, have filed respective counterclaims for direct, contributory, and vicarious copyright infringement of "After the Dance" against the Love After War Writers and UMG. The Gayes, by

their respective counterclaims, seek all relief available under the Copyright Act, including, but not limited to, compensatory damages, damages in the form of profits of the Defendants, or statutory damages for willful copyright infringement in the alternative, injunctive relief, costs and attorneys' fees, each in Count II of their respective counterclaims.

The Love After War Writers and UMG deny that "Love After War" infringes "After the Dance."

iii. The Jobete Claims (Count III-IV). Frankie and Nona Gaye have filed a third party claim against Jobete for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, and seek rescission of the Jobete agreement as well as other damages. Frankie and Nona Gaye claim Jobete has a fiduciary duty to identify and raise claims based on the Marvin Gaye copyrights, but Jobete refused to bring a claim of copyright infringement against the Blurred Lines Writers because Jobete or its affiliated entities, including EMI and SATV allegedly have business relations with Williams and were pursuing further business relations with one or more of the other Blurred Lines Writers. Frankie and Nona Gaye further allege that representatives of Jobete and its affiliated entities, including EMI and SATV initially admitted the companies' internal analysis supported a valid claim against "Blurred Lines," (which is not a "new" allegation as claimed by Jobete herein as it is alleged in the Gayes' counterclaim), but later through litigation counsel asserted the opposite position. Frankie and Nona Gaye also allege that Jobete and its affiliated entities, including EMI and SATV, attempted to deter the Gayes from pursuing litigation, failed to remain neutral when faced with a conflict of interest, failed and refused to assign to the Gayes the right to sue to the extent necessary (although the Gayes believe they have the standing to sue in any event), and failed to cooperate in the litigation. Frankie and Nona Gaye asserted that any purported contractual waiver of their right to sue for breach of

fiduciary duty is void and unenforceable as against public policy under California law. Frankie and Nona Gaye seek rescission of the Jobete contract and other damages for Jobete's breaches of its fiduciary duties. Frankie and Nona Gaye also seek compensatory damages, special damages, punitive damages, rescission of the Jobete contract(s), attorneys' costs and fees, and pre- and post-judgment interest.

Frankie and Nona Gaye object to the hyperbole and adversarial rhetoric contained in the Jobete statement below as inappropriate in this Rule 16 statement and indicative of the lack of neutrality and other actions by the Jobete/EMI defendants that resulted in the lawsuit against them.

Jobete denies all such claims by Frankie and Nona Gaye. Contrary to the new assertion that Jobete initially believed that there was a viable infringement claim with respect to Blurred Lines, in fact, Jobete first internally analyzed whether "Blurred Lines" was an infringement of "Got To Give It Up" and determined that there was no infringement. Thereafter, Jobete secured the opinion of an expert musicologist who similarly concluded that there was no basis for a claim of infringement. Jobete duly reported its determinations to Frankie and Nona Gaye's representatives. Nevertheless, Frankie and Nona Gaye, apparently having threatened the Blurred Lines writers with copyright infringement claims, were then sued. Having succeeded in getting themselves sued, Frankie and Nona Gaye then demanded that Jobete counterclaim for infringement and defend them in the lawsuit brought against them, at Jobete's expense. Alternatively, Frankie and Nona Gaye demanded not only that Jobete assign to them the right to sue for infringement, an assignment that is totally unnecessary because Frankie and Nona Gaye are both the legal owners of the copyright and the beneficial owners of copyright and therefore have complete standing to sue on their own, but also demanded that Jobete modify the terms of the administration agreement by which Jobete administers compositions written by Marvin Gaye and owned by Frankie, Nona Gaye and Marvin Gaye III.

Jobete advised Frankie and Nona Gaye that such assignment was unnecessary and that it was not prepared to alter the administration agreement. Further, Jobete advised that it could not, in good faith, bring infringement claims (either for "Got To Give It Up" or for "After The Dance") because its analysis, including expert analysis confirmed that neither work had been infringed by Blurred Lines or by "Love After War." Jobete advised that, consistent with Rule 11 of the Federal Rules of Civil Procedure, it therefore could not and would not either defend Frankie and Nona Gaye or pursue the infringement claims they demanded.

Accordingly, the claims against Jobete by Frankie and Nona Gaye are baseless and should be dismissed. In addition, because under the Administration Agreement, there is no fiduciary duty and the assertion of claims for breach of fiduciary duty violate the representations and warranties made by Frankie and Nona Gaye, Jobete is entitled to indemnification for all costs and expenses it incurs with respect to such claims, including attorneys' fees and expenses.

Finally, contrary to the assertions of Frankie and Nona Gaye concerning the supposed lack of neutrality of Jobete and their complaints about "hyperbole," Jobete simply notes that such assertions ignore the inflammatory nature of their own assertions, both here and in their pleading, and the fact that having leveled accusations against Jobete and against entities with which they do not even have any connection (SATV and EMI), they seem taken aback by the prospect that Jobete would defend itself with facts.

### b. Subject Matter Jurisdiction

This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court has federal question jurisdiction in this matter in that plaintiffs seek a declaration of rights and counterclaimants seek a declaration of rights and affirmative relief under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. The jurisdiction of the Court with respect to the claims against the Jobete

parties are alleged to be based upon 28 U.S.C. § 1332 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because the state law dispute is between citizens of different states and the amount in controversy allegedly exceeds $75,000 exclusive of interest and costs.

      **c.    Legal Issues**

      1.    Whether "Blurred Lines" is an infringement of the copyright of "Got to Give It Up".

      2.    Whether "Love After War" is an infringement of the copyright of "After the Dance".

      3.    Whether the alleged infringements satisfy the extrinsic/intrinsic test, or other standards, for copyright infringement under applicable law.

      4.    Whether the Gayes have standing to pursue their infringement claims.

      5.    Whether Jobete breached its written agreement with the Gayes or any alleged "implied covenant of good faith and fair dealing" by refusing, consistent with its obligations under Rule 11 of the Federal Rules of Civil Procedure, to assert a copyright infringement claim with respect to "Blurred Lines" or "After The Dance" when it obtained advice that such compositions do not infringe "Got To Give It Up" and Love After War" respectively or to oppose Plaintiffs' Declaratory Judgment claim(s).

      Frankie and Nona Gaye object to, and cannot join in the characterization of this issue, which is not consistent with the attorneys' obligations under Rule 16. This language is argumentative, self-serving for Jobete, and steeped in sarcasm. The references to Rule 11 and quotation marks around "implied covenant of good faith and fair dealing" is inappropriate in this Statement.

      Jobete objects to the objection of Frankie and Nona Gaye. There is nothing sarcastic about Jobete's identification of this legal issue. What is inappropriate is the objection of Frankie and Nona Gaye.

Alternatively, Frankie and Nona Gaye state Issue 5 is: Whether Jobete/EMI breached its written agreement with the Gayes or any implied covenant of good faith and fair dealing, or fiduciary duty, by refusing to assert a copyright infringement claim with respect to "Blurred Lines" or "Love After War" or to oppose Plaintiffs' Declaratory Judgment claim(s).

6. Whether Jobete owed the Gayes a fiduciary duty and, if so, whether they breached such alleged duty by refusing, consistent with its obligations under Rule 11 of the Federal Rules of Civil Procedure, to assert a copyright infringement claim with respect to "Blurred Lines" or "After The Dance" when it obtained advice that such compositions do not infringe "Got To Give It Up" and "Love After War" respectively or to oppose Plaintiffs' Declaratory Judgment claim(s), or by allegedly supporting an adverse party (Williams) with whom they have an ongoing business relationship by, among other things, refusing to assign to the Gaye Family the right to sue to the extent necessary due to the demands made by the Gaye Family that Jobete agree to modify the Administration Agreement in connection with such assignment to improve the terms for the benefit of the Gaye Family.

Frankie and Nona Gaye object to, and cannot join in, the characterization of this issue, which is not consistent with the attorneys' obligations under Rule 16. This language is untrue, prejudicial, misleading, and is appropriate in this Statement.

Jobete objects to the objection of Frankie and Nona Gaye. There is nothing sarcastic about Jobete's identification of this legal issue. What is inappropriate is the objection of Frankie and Nona Gaye.

Alternatively, Frankie and Nona Gaye state Issue 6 is: Whether Jobete/EMI owed the Gayes a fiduciary duty and, if so, whether they breached such alleged duty by failing to identify and raise claims based on the Marvin Gaye copyrights, by refusing to assert a copyright infringement claim with respect to "Blurred Lines" or "Love After War," or to oppose Plaintiffs' Declaratory Judgment claim(s), or by

allegedly supporting an adverse party (Williams) with whom they have an ongoing business relationship by, among other things, refusing to assign to the Gaye Family the right to sue to the extent necessary.

7. Whether, by asserting a breach of fiduciary duty claim, contrary to their representations and warranties in their agreement with Jobete, Frankie and Nona Gaye breached such agreement and whether Jobete is therefore entitled to indemnification by Frankie and Nona Gaye, including attorneys' fees and costs, incurred in defending such breach of fiduciary duty claim.

Frankie and Nona Gaye object to, and cannot join in, the characterization of this issue, since Jobete insists on it wrongly stating that the fiduciary duty claim is "contrary to their representations and warranties...."

Jobete objects to the objection of Frankie and Nona Gaye. What is inappropriate is the objection of Frankie and Nona Gaye.

8. Since Frankie and Nona Gaye have no privity or relationship with either EMI or SATV, whether there is any basis for the assertion of any breach of contract, breach of fiduciary duty or breach of the implied covenant of good faith and fair dealing as against EMI and SATV.

Frankie and Nona Gaye object to, and cannot join in the characterization of this issue, since Jobete insists on the issue wrongly stating that EMI and SATV have no "privity or relationship" with Frankie and Nona Gaye.

Jobete objects to the objection of Frankie and Nona Gaye. What is inappropriate is the objection of Frankie and Nona Gaye.

Alternatively, Frankie and Nona Gaye state Issue 8 is: Whether, by asserting a breach of fiduciary duty claim, Frankie and Nona Gaye breached their agreements and whether Jobete is therefore entitled to indemnification by Frankie and Nona Gaye, including attorneys' fees and costs, incurred in defending such breach of fiduciary duty claim.

KING, HOLMES, PATERNO & BERLINER, LLP

9. Whether a contractual provision purporting to waive a claim for breach of fiduciary duty, and not only prohibiting suing for such breach, but also providing for indemnification if such a lawsuit is filed, is void under California law.

### d. Parties and Non-Party Witnesses

Jack Ashford

Martin Bandier

Counter-defendant EMI April Music, Inc.

Judith Finell (The Gayes object to Judith Finell's identification as a non-party fact witness)

Defendant and counterclaimant Frankie Gaye

Defendant and counterclaimant Marvin Gaye III

Defendant and counterclaimant Nona Gaye

Counter-defendant Geffen Records

Plaintiff and counter-defendant Clifford Harris

Counter-defendant Interscope Records

Counter-defendant Jobete Music

Mark Levinsohn

Counter-defendant Paula Maxine Patton

Counter-defendant Star Trak Entertainment

Plaintiff and counter-defendant Robin Thicke

Plaintiff and counter-defendant Pharrell Williams

Counter-defendant Sony/ATV Music Publishing Acquisition, Inc.

Counter-defendant UMG Recordings, Inc.

Counter-defendant Universal Music Distribution

Janis Gaye

Peter Oxendale

Dag Sandsmark

| | |
|---|---|
| 1 | Jody Gerson |
| 2 | Bruce Scavuzzo |
| 3 | Jonas Kant |
| 4 | Peter Brodsky |
| 5 | Audrey Ashby |
| 6 | Neil Shulman |
| 7 | Jaimie Roberts |
| 8 | Jeff Harleston |
| 9 | Rand Hoffman |
| 10 | Peter Paterno |
| 11 | Jordan Feldstein |
| 12 | Jonathan Leonard |
| 13 | Tony Maserati |
| 14 | Todd Hurt |
| 15 | Andrew Coleman |
| 16 | James Gass a/k/a Pro-Jay a/k/a Pro J |

e. **Damages**

The Blurred Lines Writers, the Love After War Writers, and UMG contend that the Gayes suffered no damages.

Jobete contends that the Gayes suffered no damages and that any damages they may have suffered are not proximately caused by any action or inaction by Jobete.

The Gayes, by their respective counterclaims, contend that they have incurred and continue to incur actual and other damages and are entitled to profits of the Defendants' with respect to the infringements, in an amount to be proven at trial and seek attorneys' fees and costs, and interest. Frankie and Nona Gaye also contend that they have incurred and continue to incur actual and other damages from

Jobete's breaches and seek compensatory damages, special damages, punitive damages, attorneys' fees and costs, and interest.

f.  **Insurance**

The Blurred Lines Writers, the Love After War Writers, and UMG are not presently aware of any applicable insurance. SATV, EMI, and Jobete are not aware of any applicable insurance. Frankie and Nona Gaye and Marvin Gaye III are not aware of any applicable insurance.

g.  **Motions**

The parties, except Frankie and Nona Gaye, do not anticipate any motions seeking to add other parties or claims, or to file amended pleadings or transfer venue. Frankie and Nona Gaye may file an Amended Counter-Claim/Third Party Complaint in accordance with the schedule attached hereto.

h.  **Manual for Complex Litigation**

The parties do not believe any of the procedures of the Manual for Complex Litigation should be utilized.

i.  **Status of Discovery**

The Blurred Lines Writers and the Love After War Writers have propounded requests for production of documents and interrogatories to Frankie and Nona Gaye.

j.  **Discovery Plan**

The parties anticipate exchanging and responding to requests for production, interrogatories, and requests for admission by April 1, 2014.

The parties anticipate completing the depositions of the following persons by July 31, 2014: Jack Ashford, Martin Bandier, Judith Finell, defendant and counterclaimant Frankie Christian Gaye, defendant and counterclaimant Marvin Gaye III, defendant and counterclaimant Nona Gaye, plaintiff and counter-defendant Clifford Harris, Mark Levinsohn, counter-defendant, Paula Maxine Patton, plaintiff and counter-defendant Robin Thicke, plaintiff and counter-defendant Pharrell

1 Williams, Janis Gaye, Peter Oxendale, Dag Sandsmark, Jody Gerson, Bruce
2 Scavuzzo, Jonas Kant, Peter Brodsky, Audrey Ashby, Neil Shulman, Jaimie
3 Roberts, Jeff Harleston, Rand Hoffman, Peter Paterno, Jordan Feldstein, Jonathan
4 Leonard, Tony Maserati, Todd Hurt, Andrew Coleman, James Gass a/k/a Pro-Jay
5 a/k/a Pro J, and representatives from Star Trak Entertainment, Geffen Records,
6 Interscope Records, UMG Recordings, Inc., Universal Music Distribution, EMI
7 April, Inc., Jobete Music Co., Inc., and Sony/ATV Music Publishing Acquisition,
8 Inc., expressly preserving any rights to require that such depositions be conducted
9 where such individuals reside or conduct their business affairs.

The Blurred Lines and Love After War Writers will oppose any effort of counterclaimants, to take the deposition of their counsel Peter Paterno, Esq. or to have him testify at trial.

The Gaye parties object to any fact discovery concerning Judith Finell.

The subjects of discovery will be the composition and recording of "Blurred Lines," "Love After War," "Got to Give It Up," and "After the Dance;" the nature and basis of Jobete's response to the Gaye's allegations that "Blurred Lines" infringes "Got To Give It Up" and that "After the Dance" infringes "Love After War;" Jobete's conduct and communications between and among representatives of Frankie and Nona Gaye and various other parties to this action; and the revenues and expenses associated with "Blurred Lines" and "Love After War;"

No changes in the disclosures under Rule 26 should be made and discovery should not be completed in phases or otherwise be limited.

The parties intend to submit a stipulation for entry of a protective order and protective order to maintain the confidentiality of private personal, business and financial information, including sales and marketing information.

**k.  Discovery cut-off**

The parties propose a non-expert discovery cutoff date of July 31, 2014,

including resolution of all discovery motions.

l. **Expert Discovery**

The Parties propose the following dates:

    August 31, 2014:    Expert Disclosure (initial)

    September 21, 2014:    Expert Disclosure (rebuttal)

    October 21, 2014:    Expert Discovery Cut-off.

m. **Settlement**

The parties have not yet engaged in settlement discussions.

The parties select ADR Procedure No. 3.

o. **Trial Estimate**

Three weeks.

p. **Trial Counsel**

Trial counsel for the Blurred Lines Writers, the Love After War Writers, and UMG are Howard E. King and Stephen D. Rothschild.

Trial counsel for Frankie and Nona Gaye are Richard S. Busch and Paul H. Duvall, Esq. of King & Ballow and Mark L. Block of Wargo & French LLP.

Trial counsel for Marvin Gaye III is Paul N. Philips of The Law Offices of Paul N. Philips, APLC.

Trial counsel for Jobete is Donald S. Zakarin and Michael J. Niborski of Pryor Cashman LLP.

q. **Independent Expert or Master**

The Parties do not believe the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

r. **Time Table**

Attached.

/ / /

/ / /

s.   Other issues

   None.

DATED:   December 6, 2013          KING, HOLMES, PATERNO &
                                   BERLINER, LLP


                                   By:   /s/ Stephen D. Rothschild, Esq.
                                         STEPHEN D. ROTHSCHILD
                                   Attorneys for Plaintiffs and Counterdefendants
                                   Pharrell Williams, Robin Thick and Clifford
                                   Harris, Jr., and for Counterdefendants Paula
                                   Maxine Patton, Star Trak Entertainment,
                                   Interscope Records, UMG Recordings, Inc.,
                                   Universal Music Distribution, More Water from
                                   Nazarath, Inc., and Geffen Records

DATED:   December 6, 2013          PRYOR CASHMAN LLP


                                   By:   /s/ Michael J. Niborski, Esq.
                                         MICHAEL J. NIBORSKI
                                   Attorneys for Defendants EMI April, Inc.,
                                   Sony/ATV Music Publishing Acquisition, Inc.
                                   and Jobete Music Co., Inc.

DATED:   December 6, 2013          THE LAW OFFICES OF PAUL N. PHILIPS,
                                   APLC


                                   By:   /s/ Paul N. Philips, Esq.
                                         PAUL N. PHILIPS
                                   Attorneys for Defendant and Counterclaimant
                                   Marvin Gaye III

DATED: December 6, 2013    KING & BALLOW


By: /s/ Richard S. Busch, Esq.
RICHARD S. BUSCH
Attorneys for Defendants and Counterclaimants
Frankie Christian Gaye and Nona Marvisa Gaye

DATED: December 6, 2013    WARGO & FRENCH LLP


By: /s/ Mark L. Block, Esq.
MARK L. BLOCK
Attorneys for Defendants and Counterclaimants
Frankie Christian Gaye and Nona Marvisa Gaye

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/723258.1

16

# EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | 2:13-cv-06004-JAK-AGR |
|---|---|
| Case Name: | Williams, et al. v. Bridgeport Music, Inc., et al. |

| Hearings: | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| [x] Jury Trial [ ] Court Trial: **(Tuesday at 9:00 a.m.)** Duration Estimate: ___ Days / _3_ Weeks | | 1/13/15 | 1/13/15 | |
| Status Conference re Exhibits: **(Friday at 3:00 p.m.)** *(Friday before the trial date)* | | 1/9/15 | 1/9/15 | |
| Final Pretrial Conference: **(Monday at 3:00 p.m.)** *(Two weeks before the trial)* | | 12/29/14 | 12/29/14 | |

| Deadlines: | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motions (not file) | 8 | 11/10/14 | 11/10/14 | |
| Expert Discovery Cut-Off | 8 | 10/21/14 | 10/21/14 | |
| Expert Disclosure (Rebuttal) | 10 | 9/22/14 | 9/22/14 | |
| Expert Disclosure (Initial) | 12 | 9/1/14 | 9/1/14 | |
| Non-Expert Discovery Cut-Off | 14 | 7/31/14 | 7/31/14 | |
| Last Date to Add Parties/Amend Pleadings | 41 | 3/31/14 | 3/31/14 | |

| Settlement Procedure Selection: *(ADR-12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial (Private) | 3 | 3 | |
| Last day to conduct settlement conference/mediation | 11/24/14 | 11/24/14 | |
| Post Mediation Status Conference: **(Monday at 1:30 pm)** *(14 days after the last day to conduct settlement)* | 12/8/14 | 12/8/14 | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | 11/28/14 | 11/28/14 | |

Revised as of 08/28/13 −8−

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, I electronically filed the foregoing **JOINT RULE 16(B) REPORT** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Jennifer Mobarez

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/723258.1