KING, HOLMES, PATERNO & BERLINER, LLP
Howard E. King, Esq., State Bar No. 77012
Stephen D. Rothschild, Esq., State Bar No. 132514
ROTHSCHILD@KHPBLAW.COM
1900 Avenue of the Stars, 25TH Floor
Los Angeles, California 90067-4506
Telephone: (310) 282-8989
Facsimile:  (310) 282-8903

Attorneys for Plaintiffs and Counter-
Defendants PHARRELL WILLIAMS,
ROBIN THICKE and CLIFFORD
HARRIS, JR. and Counter-Defendants
MORE WATER FROM NAZARETH
PUBLISHING, INC., PAULA MAXINE
PATTON individually and d/b/a
HADDINGTON MUSIC, STAR TRAK
ENTERTAINMENT, GEFFEN
RECORDS, INTERSCOPE RECORDS,
UMG RECORDINGS, INC., and
UNIVERSAL MUSIC DISTRIBUTION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br><br>**ANSWER TO DEFENDANTS FRANKIE CHRISTIAN GAYE AND NONA MARVISA GAYE'S COUNTERCLAIMS; REQUEST FOR JURY TRIAL** |

Plaintiffs and counter-defendants Pharrell Williams ("Williams"), Robin

4112.060/724779.1

1   Thicke ("Thicke") and Clifford Harris, Jr. ("Harris") and counter-defendants More

2   Water From Nazareth Publishing, Inc. ("More Water"), Paula Maxine Patton d/b/a

3   Haddington Music ("Paxton"), Star Trak Entertainment ("Star Trak"), Geffen

4   Records ("Geffen"), Interscope Records ("Interscope"), UMG Recordings, Inc.

5   ("UMG"), and Universal Music Distribution ("UMD") (collectively, "counter-

6   defendants") hereby respond to the counterclaims of defendants and counter-

7   claimants Nona Marvisa Gaye and Frankie Christian Gaye, as follows (collectively

8   "counter-claimants") as follows:

9          1.     Responding to paragraph 1 of the counterclaims, counter-defendants

10  admit that the counterclaims speak for themselves.  Except as expressly admitted,

11  counter-defendants are without sufficient knowledge or information to form a belief

12  as to the truth of the allegations contained in said paragraph, and on that basis deny

13  each and every allegation contained therein.

14         2.     Responding to paragraph 2 of the counterclaims, counter-defendants

15  hereby incorporate by reference as through fully set forth paragraphs one through 22

16  of the complaint for declaratory relief of plaintiffs and counter-defendants Thicke,

17  Williams and Harris.

18         3.     Responding to paragraph 3 of the counterclaims, counter-defendants

19  admit that Marvin Gaye was an important American singer-songwriter with many

20  hits, that he was posthumously honored with a Grammy Lifetime Achievement

21  Award and induction into the Rock and Roll Hall of Fame, and that his work speaks

22  for itself.  Except as expressly admitted, counter-defendants are without sufficient

23  knowledge or information to form a belief as to the truth of the allegations contained

24  in said paragraph, and on that basis deny each and every allegation contained

25  therein.

26         4.     Responding to paragraph 4 of the counterclaims, counter-defendants

27  deny each and every allegation contained therein.

28         5.     Responding to paragraph 5 of the counterclaims, counter-defendants

1   admit that the material misleadingly alleged therein speaks for itself, and that said

2   paragraph misrepresents and mischaracterizes it in order to deflect attention from

3   the true facts and unfairly to prejudice counter-defendants.  Except as expressly

4   admitted, counter-defendants deny each and every allegation contained therein.

5        6.      Responding to paragraph 6 of the counterclaims, counter-defendants

6   admit that the material misleadingly alleged therein speaks for itself, and that said

7   paragraph misrepresents and mischaracterizes it in order to deflect attention from

8   the true facts and unfairly to prejudice counter-defendants.  Except as expressly

9   admitted, counter-defendants deny each and every allegation contained therein.

10       7.      Responding to paragraph 7 of the counterclaims, counter-defendants

11  admit that the material misleadingly alleged therein speaks for itself, and that said

12  paragraph misrepresents and mischaracterizes it in order to deflect attention from

13  the true facts and unfairly to prejudice counter-defendants.  Except as expressly

14  admitted, counter-defendants deny each and every allegation contained therein.

15       8.      Responding to paragraph 8 of the counterclaims, counter-defendants

16  admit that the material misleadingly alleged therein speaks for itself, and that said

17  paragraph misrepresents and mischaracterizes it in order to deflect attention from

18  the true facts and unfairly to prejudice counter-defendants.  Except as expressly

19  admitted, counter-defendants deny each and every allegation contained therein.

20       9.      Responding to paragraph 9 of the counterclaims, counter-defendants

21  admit that the counterclaims referenced therein are not directed to counter-

22  defendants, that the counterclaims speak for themselves, and that counter-defendant

23  EMI is Williams' co-publisher.  Except as expressly admitted, counter-defendants

24  deny each and every allegation contained therein.

25       10.     Responding to paragraph 10 of the counterclaims, counter-defendants

26  admit that the counterclaims referenced therein are not directed to counter-

27  defendants.  Except as expressly admitted, counter-defendants deny each and every

28  allegation contained therein.

1    11.    Responding to paragraph 11 of the counterclaims, counter-defendants
2  are without sufficient knowledge or information to form a belief as to the truth of
3  the allegations in said paragraph, and on that basis deny each and every allegation
4  contained therein.

5    12.    Responding to paragraph 12 of the counterclaims, counter-defendants
6  are without sufficient knowledge or information to form a belief as to the truth of
7  the allegations in said paragraph, and on that basis deny each and every allegation
8  contained therein.

9    13.    Responding to paragraph 13 of the counterclaims, counter-defendants
10 are without sufficient knowledge or information to form a belief as to the truth of
11 the allegations in said paragraph, and on that basis deny each and every allegation
12 contained therein.

13   14.    Responding to paragraph 14 of the counterclaims, counter-defendants
14 admit that Thicke is a writer, composer and publisher of the compositions and
15 performer on the sound recordings "Blurred Lines" and "Love After War" and that
16 from time to time he does business as "I Like 'Em Thicke Music."  Except as
17 expressly admitted, counter-defendants deny each and every allegation contained in
18 paragraph 14.

19   15.    Responding to paragraph 15 of the counterclaims, responding party
20 admits that Williams is a writer, composer, publisher and producer of and performer
21 on "Blurred Lines," that his publishing company is More Water From Nazareth
22 Publishing, Inc, and that the counterclaims speak for themselves.  Except as
23 expressly admitted, counter-defendants deny each and every allegation contained in
24 paragraph 15.

25   16.    Responding to paragraph 16 of the counterclaims, responding party
26 admits that Harris is a writer, composer and publisher of and a performer on
27 "Blurred Lines."  Except as expressly admitted, counter-defendants deny each and
28 every allegation contained in paragraph 16.

17. Responding to paragraph 17 of the counterclaims, counter-defendants admit that Patton is a writer and composer of "Love after War" and that from time to time she does business as "Haddington Music." Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 17.

18. Responding to paragraph 18 of the counterclaims, counter-defendants admit that Star Trak is a New York limited liability company, that it participated in the release of the album *Blurred Lines* which contains the song "Blurred Lines," that it participated in the release of the album *Love after War* which contains the song "Love after War," that it is a related entity of UMG, and that it has been served herein. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 18.

19. Responding to paragraph 19 of the counterclaims, counter-defendants admit that Geffen is an unincorporated division of UMG which participated in the release of the album *Love after War*, and that Geffen may be served at the address alleged, but that it should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 19.

20. Responding to paragraph 20 of the counterclaims, counter-defendants admit that Interscope is an unincorporated division of UMG which participated in the release of *Blurred Lines*, and that Interscope may be served at the address alleged, but should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 20.

21. Responding to paragraph 21 of the counterclaims, counter-defendants admit that UMG participated in the release of *Blurred Lines* and *Love After War* through subsidiaries, and that UMG may be served at the address alleged, but should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 21.

22. Responding to paragraph 22 of the counterclaims, counter-defendants admit that UMD is a division of UMG and participated in the distribution of the

1  albums *Blurred Lines* and *Love after War*, and that UMD may be served at the

2  address alleged, but should be served through counsel.  Except as expressly

3  admitted, counter-defendants deny each and every allegation contained in paragraph

4  22.

5     23. Responding to paragraph 23 of the counterclaims, counter-defendants

6  admit that Sony/ATV Music Publishing Acquisition, Inc. is Williams' co-publisher

7  and administrator.  Except as expressly admitted, counter-defendants are without

8  sufficient knowledge or information to form a belief as to the truth of the allegations

9  contained in said paragraph, and on that basis deny each and every allegation

10  contained therein.

11     24. Responding to paragraph 24 of the counterclaims, counter-defendants

12  are without sufficient knowledge or information to form a belief as to the truth of

13  the allegations contained in said paragraph, and on that basis deny each and every

14  allegation contained therein.

15     25. Responding to paragraph 25 of the counterclaims, counter-defendants

16  are without sufficient knowledge or information to form a belief as to the truth of

17  the allegations contained in said paragraph, and on that basis deny each and every

18  allegation contained therein.

19     26. Responding to paragraph 26 of the counterclaims, counter-defendants

20  admit the allegations in the first sentence of said paragraph.  Except as expressly

21  admitted, counter-defendants are without sufficient knowledge or information to

22  form a belief as to the truth of the allegations contained in said paragraph, and on

23  that basis deny each and every allegation contained therein.

24     27. Responding to paragraph 27 of the counterclaims, counter-defendants

25  admit that counter-claimants' first and second claims for relief arise out of the same

26  matters set forth in the complaint and that it states a legal conclusion.  Except as

27  expressly admitted, counter-defendants are without sufficient knowledge or

28  information to form a belief as to the truth of the allegations contained in said

1  paragraph, and on that basis deny each and every allegation contained therein.

2      28.   Responding to paragraph 28 of the counterclaims, counter-defendants

3  admit that this Court has personal jurisdiction over them in the above-entitled

4  action.  Except as expressly admitted, counter-defendants are without sufficient

5  knowledge or information to form a belief as to the truth of the allegations contained

6  in said paragraph, and on that basis deny each and every allegation contained

7  therein.

8      29.   Responding to paragraph 29 of the counterclaims, counter-defendants

9  admit that venue is proper in this District and that this Court has personal

10 jurisdiction over counter-defendants in the above-entitled action.  Counter-

11 defendants deny that they have committed the alleged unlawful acts.  Except as

12 expressly admitted or denied, counter-defendants are without sufficient knowledge

13 or information to form a belief as to the truth of the allegations contained in said

14 paragraph, and on that basis deny each and every allegation contained therein.

15     30.   Responding to paragraph 30 of the counterclaims, counter-defendants

16 admit that the complaint and counterclaims speak for themselves and deny the

17 infringements alleged therein.  Except as expressly admitted and denied, counter-

18 defendants are without sufficient knowledge or information to form a belief as to the

19 truth of the allegations contained in said paragraph, and on that basis deny each and

20 every allegation contained therein.

21     31.   Responding to paragraph 31 of the counterclaims, counter-defendants

22 are without sufficient knowledge or information to form a belief as to the truth of

23 the allegations contained in said paragraph, and on that basis deny each and every

24 allegation contained therein.

25     32.   Responding to paragraph 32 of the counterclaims, counter-defendants

26 are without sufficient knowledge or information to form a belief as to the truth of

27 the allegations contained in said paragraph, and on that basis deny each and every

28 allegation contained therein.

33.     Responding to paragraph 33 of the counterclaims, counter-defendants admit that they participated in the creation, publication and/or distribution of the composition, sound recording and/or video "Blurred Lines" and/or certain related products.  Except as expressly admitted, counter-defendants deny each and every allegation contained therein.

34.     Responding to paragraph 34 of the counterclaims, counter-defendants deny each and every allegation contained therein.

35.     Responding to paragraph 35 of the counterclaims, counter-defendants admit that the single "Blurred Lines" was released on or about March 26, 2013, that the album *Blurred Lines* was released in the United States and internationally on or about July 30, 2013, and that Star Trak, Interscope and UMD participated in the release and marketing of the single and the album.  Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 35.

36.     Responding to paragraph 36 of the counterclaims, counter-defendants admit that "Blurred Lines" was an international hit that has sold more than six million digital copies and that the video has between two and three hundred million views.  Except as expressly admitted, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

37.     Responding to paragraph 37 of the counterclaims, counter-defendants deny each and every allegation therein.

38.     Responding to paragraph 38 of the counterclaims, counter-defendants deny each and every allegation therein.

39.     Responding to paragraph 39 of the counterclaims, counter-defendants deny each and every allegation therein.

40.     Responding to paragraph 40 of the counterclaims, counter-defendants admit that Exhibit A to the counterclaims speaks for itself.  Except as expressly

1  admitted, counter-defendants deny each and every allegation contained therein.

2       41.    Responding to paragraph 41 of the counterclaims, counter-defendants
3  deny each and every allegation therein.

4       42.    Responding to paragraph 42 of the counterclaims, counter-defendants
5  admit the allegations therein.

6       43.    Responding to paragraph 43 of the counterclaims, counter-defendants
7  deny each and every allegation therein.

8       44.    Responding to paragraph 44 of the counterclaims, counter-defendants
9  deny each and every allegation therein.

10       45.    Responding to paragraph 45 of the counterclaims, counter-defendants
11  admit that shortly before the release of *Blurred Lines* counter-claimants'
12  representatives transmitted claims that "Blurred Lines" infringed other compositions
13  including, but not limited to, "Got to Give It Up."  Except as expressly admitted,
14  counter-defendants deny each and every allegation therein.

15       46.    Responding to paragraph 46 of the counterclaims, counter-defendants
16  deny each and every allegation therein.

17       47.    Responding to paragraph 47 of the counterclaims, counter-defendants
18  admit that the song "After the Dance" appears on the album *I Want You*.  Except as
19  expressly admitted, counter-defendants deny each and every allegation contained in
20  paragraph 47.

21       48.    Responding to paragraph 48 of the counterclaims, counter-defendants
22  are without sufficient knowledge or information to form a belief as to the truth of
23  the allegations contained in said paragraph, and on that basis deny each and every
24  allegation contained therein.

25       49.    Responding to paragraph 49 of the counterclaims, counter-defendants
26  are without sufficient knowledge or information to form a belief as to the truth of
27  the allegations contained in said paragraph, and on that basis deny each and every
28  allegation contained therein.

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/724779.1                                    9

1    50.    Responding to paragraph 50 of the counterclaims, Thicke and Patton
2  admit that they are the writers and composers of "Love After War" and that the
3  counterclaims speak for themselves.  Except as expressly admitted, counter-
4  defendants deny each and every allegation contained in paragraph 50.

5    51.    Responding to paragraph 51 of the counterclaims, counter-defendants
6  deny each and every allegation therein.

7    52.    Responding to paragraph 52 of the counterclaims, counter-defendants
8  admit that Thicke and Patton had access to "After the Dance" prior to creating
9  "Love After War," that Thicke is a fan of Marvin Gaye, and that the counter-claims
10  speak for themselves.  Except as expressly admitted, counter-defendants deny each
11  and every allegation contained in paragraph 52.

12    53.    Responding to paragraph 53 of the counterclaims, counter-defendants
13  admit that Star Trak, Geffen, UMG and UMD participated in the exploitation of
14  "Love After War."  Except as expressly admitted therein, counter-defendants deny
15  each and every allegation contained in paragraph 53.

16    54.    Responding to paragraph 54 of the counterclaims, counter-defendants
17  deny each and every allegation therein.

18    55.    Responding to paragraph 55 of the counterclaims, counter-defendants
19  admit that the single "Love After War" was released on or about October 11, 2011
20  and that the album *Love After War* was released in the United States on or about
21  December 6, 2011, and that Star Trak, Interscope and UMD released and marketed
22  the single and the album.  Except as expressly admitted, counter-defendants deny
23  each and every allegation contained in paragraph 55.

24    56.    Responding to paragraph 56 of the counterclaims, counter-defendants
25  admit that "Love After War" reached number 22 on the Billboard 200.  Except as
26  expressly admitted, counter-defendants are without sufficient knowledge or
27  information to form a belief as to the truth of the allegations contained in said
28  paragraph, including due to the ambiguity of the word "debuted" as used therein,

KING, HOLMES,
PATERNO &
BERLINER, LLP

1   and on that basis deny each and every allegation contained therein.

2        57.    Responding to paragraph 57 of the counterclaims, counter-defendants

3   deny each and every allegation therein.

4        58.    Responding to paragraph 58 of the counterclaims, counter-defendants

5   deny each and every allegation therein.

6        59.    Responding to paragraph 59 of the counterclaims, counter-defendants

7   deny each and every allegation therein.

8        60.    Responding to paragraph 60 of the counterclaims, counter-defendants

9   deny each and every allegation therein.

10        61.    Responding to paragraph 61 of the counterclaims, counter-defendants

11   deny each and every allegation therein.

12        62.    Responding to paragraph 62 of the counterclaims, counter-defendants

13   deny each and every allegation therein.

14        63.    Responding to paragraph 63 of the counterclaims, counter-defendants

15   admit the allegations therein.

16        64.    Responding to paragraph 64 of the counterclaims, counter-defendants

17   admit that Thicke, Patton, Star Trak, Geffen, Interscope, UMG, and UMD

18   participated in the creation and/or exploitation of "Love After War." Except as

19   expressly admitted, counter-defendants deny each and every allegation contained

20   therein.

21        65.    Responding to paragraph 65 of the counterclaims, counter-defendants

22   deny each and every allegation therein.

23        66.    Responding to paragraph 66 of the counterclaims, counter-defendants

24   admit that the counterclaims speak for themselves and deny the unlawful

25   exploitation alleged therein and, therefore, that counter-claimants had or have any

26   basis in law or fact for the claims they have made and are making against counter-

27   defendants. Except as expressly admitted, counter-defendants are without sufficient

28   knowledge or information to form a belief as to the truth of the allegations contained

1  in said paragraph, and on that basis deny each and every allegation contained
2  therein.

3       67.    Responding to paragraph 67 of the counterclaims, counter-defendants
4  admit that the counterclaims speak for themselves and deny the unlawful
5  exploitation alleged therein and, therefore, that counter-claimants had or have any
6  basis in law or fact for the claims they have made and are making against counter-
7  defendants.  Except as expressly admitted, counter-defendants are without sufficient
8  knowledge or information to form a belief as to the truth of the allegations contained
9  in said paragraph, and on that basis deny each and every allegation contained
10 therein.

11      68.    Responding to paragraph 68 of the counterclaims, counter-defendants
12 are without sufficient knowledge or information to form a belief as to the truth of
13 the allegations contained in said paragraph, and on that basis deny each and every
14 allegation contained therein.

15      69.    Responding to paragraph 69 of the counterclaims, counter-defendants
16 admit that the document referenced therein speaks for itself.  Except as expressly
17 admitted, counter-defendants are without sufficient knowledge or information to
18 form a belief as to the truth of the allegations contained in said paragraph, and on
19 that basis deny each and every allegation contained therein.

20      70.    Responding to paragraph 70 of the counterclaims, counter-defendants
21 admit that the document referenced therein speaks for itself.  Except as expressly
22 admitted, counter-defendants are without sufficient knowledge or information to
23 form a belief as to the truth of the allegations contained in said paragraph, and on
24 that basis deny each and every allegation contained therein.

25      71.    Responding to paragraph 71 of the counterclaims, counter-defendants
26 admit that the document referenced therein speaks for itself and that said paragraph
27 states a legal conclusion, not a factual allegation.  Except as expressly admitted,
28 counter-defendants are without sufficient knowledge or information to form a belief

1   as to the truth of the allegations contained in said paragraph, and on that basis deny

2   each and every allegation contained therein.

3        72.    Responding to paragraph 72 of the counterclaims, counter-defendants

4   incorporate by reference as though fully set forth their responses to paragraphs 1

5   through 71, above.

6        73.    Responding to paragraph 73 of the counterclaims, counter-defendants

7   are without sufficient knowledge or information to form a belief as to the truth of

8   the allegations contained in said paragraph, and on that basis deny each and every

9   allegation contained therein.

10       74.    Responding to paragraph 74 of the counterclaims, counter-defendants

11  deny each and every allegation contained therein.

12       75.    Responding to paragraph 75 of the counterclaims, counter-defendants

13  admit that they did not copy or interpolate any portion of "Got to Give It Up" into

14  "Blurred Lines" and, therefore, that they did not seek permission to do so.  Except as

15  expressly admitted, counter-defendants deny each and every allegation contained

16  therein.

17       76.    Responding to paragraph 76 of the counterclaims, counter-defendants

18  deny each and every allegation contained therein.

19       77.    Responding to paragraph 77 of the counterclaims, counter-defendants

20  deny each and every allegation contained therein.

21       78.    Responding to paragraph 78 of the counterclaims, counter-defendants

22  deny each and every allegation contained therein.

23       79.    Responding to paragraph 79 of the counterclaims, counter-defendants

24  deny each and every allegation contained therein.

25       80.    Responding to paragraph 80 of the counterclaims, counter-defendants

26  deny each and every allegation contained therein.

27       81.    Responding to paragraph 81 of the counterclaims, counter-defendants

28  deny each and every allegation contained therein.

82.     Responding to paragraph 82 of the counterclaims, counter-defendants admit the allegations contained therein.

83.     Responding to paragraph 83 of the counterclaims, counter-defendants deny each and every allegation contained therein.

84.     Responding to paragraph 84 of the counterclaims, counter-defendants deny each and every allegation contained therein.

85.     Responding to paragraph 85 of the counterclaims, counter-defendants deny each and every allegation contained therein.

86.     Responding to paragraph 86 of the counterclaims, counter-defendants deny each and every allegation contained therein.

87.     Responding to paragraph 87 of the counterclaims, counter-defendants deny each and every allegation contained therein.

88.     Responding to paragraph 88 of the counterclaims, counter-defendants deny each and every allegation contained therein.

89.     Responding to paragraph 89 of the counterclaims, counter-defendants deny each and every allegation contained therein.

90.     Responding to paragraph 90 of the counterclaims, counter-defendants deny each and every allegation contained therein.

91.     Responding to paragraph 91 of the counterclaims, counter-defendants deny each and every allegation contained therein.

92.     Responding to paragraph 92 of the counterclaims, counter-defendants incorporate by reference as though fully set forth their responses to paragraphs 1 through 91, inclusive, above.

93.     Responding to paragraph 93 of the counterclaims, counter-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

94.     Responding to paragraph 94 of the counterclaims, counter-defendants

1  deny each and every allegation contained therein.

2      95.    Responding to paragraph 95 of the counterclaims, counter-defendants

3  admit that they did not copy or interpolate any portion of "After the Dance" into

4  "Love After War" and, therefore, that they did not seek permission to do so.  Except

5  as expressly admitted, counter-defendants deny each and every allegation contained

6  therein.

7      96.    Responding to paragraph 96 of the counterclaims, counter-defendants

8  deny each and every allegation contained therein.

9      97.    Responding to paragraph 97 of the counterclaims, counter-defendants

10  deny each and every allegation contained therein.

11      98.    Responding to paragraph 98 of the counterclaims, counter-defendants

12  deny each and every allegation contained therein.

13      99.    Responding to paragraph 99 of the counterclaims, counter-defendants

14  deny each and every allegation contained therein.

15      100.   Responding to paragraph 100 of the counterclaims, counter-defendants

16  deny each and every allegation contained therein.

17      101.   Responding to paragraph 101 of the counterclaims, counter-defendants

18  deny each and every allegation contained therein.

19      102.   Responding to paragraph 102 of the counterclaims, counter-defendants

20  deny each and every allegation contained therein.

21      103.   Responding to paragraph 103 of the counterclaims, counter-defendants

22  deny each and every allegation contained therein.

23      104.   Responding to paragraph 104 of the counterclaims, counter-defendants

24  deny each and every allegation contained therein.

25      105.   Responding to paragraph 105 of the counterclaims, counter-defendants

26  deny each and every allegation contained therein.

27      106.   Responding to paragraph 106 of the counterclaims, counter-defendants

28  deny each and every allegation contained therein.

107. Responding to paragraph 107 of the counterclaims, counter-defendants deny each and every allegation contained therein.

108. Responding to paragraph 108 of the counterclaims, counter-defendants deny each and every allegation contained therein.

109. Responding to paragraph 109 of the counterclaims, counter-defendants deny each and every allegation contained therein.

110. Responding to paragraph 110 of the counterclaims, counter-defendants deny each and every allegation contained therein.

111. Responding to paragraph 111 of the counterclaims, counter-defendants deny each and every allegation contained therein.

112. Responding to paragraph 112 of the counterclaims, counter-defendants deny each and every allegation contained therein.

113. Responding to paragraphs 113-139 of the counterclaims, said paragraphs are not directed against counter-defendants. Accordingly, counter-defendants incorporate by reference as though fully set forth their responses to paragraphs 1 through 112. Counter-claimants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs that are not contained in paragraphs 1 through 112, inclusive, and on that basis deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

114. The counterclaims, in whole or in part, fail to state a claim upon which relief may be granted. All references to "counterclaims" or "claims for relief" as sued in these affirmative defenses refer to Counts I and II of the counterclaims.

## SECOND AFFIRMATIVE DEFENSE

115. Counter-claimants lack standing to pursue some or all of their claims.

## THIRD AFFIRMATIVE DEFENSE

116. Counter-claimants' claims for relief are barred by the applicable

1    statutes of limitations, including the statute of limitations set forth in 17 U.S.C. §

2    507(b).

### FOURTH AFFIRMATIVE DEFENSE

4    117.    Counter-claimants' claims for relief, and each of them, are barred, in

5    whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

7    118.    Counter-claimants' claims for relief, and each of them, are barred, in

8    whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

10   119.    Counter-claimants' claims for relief, and each of them, are barred, in

11   whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

13   120.    Counter-claimants' claims for relief, and each of them, are barred, in

14   whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

16   121.    Counter-claimants' claims for relief, and each of them, are barred, in

17   whole or in part, because any alleged use or copying of the alleged copyrighted

18   material or sound recording is *de minimus*.

### NINTH AFFIRMATIVE DEFENSE

20   122.    Counter-claimants' claims for relief, and each of them, are barred, in

21   whole or in part, because the alleged copyrights at issue allegedly held by counter-

22   claimants are not valid and enforceable.

### TENTH AFFIRMATIVE DEFENSE

24   123.    Counter-claimants' claims for relief, and each of them, are barred, in

25   whole or in part, because counter-claimants are not the owners of the alleged

26   copyrights and/or sound recording at issue.

### ELEVENTH AFFIRMATIVE DEFENSE

28   124.    Counter-claimants' claims for relief based, and each of them, are

1  barred, in whole or in part, because the alleged copyrighted work is not substantially
2  similar to any allegedly infringing work.

### TWELFTH AFFIRMATIVE DEFENSE

4  125.  Counter-claimants' claims for relief, and each of them, are barred, in
5  whole or in part, because the alleged copyrighted material that counter-claimants
6  allege was infringed is not subject to copyright protection, including that it is not
7  sufficiently original and/or is generic or "scenes à faire."

### THIRTEENTH AFFIRMATIVE DEFENSE

9  126.  Counter-claimants' claims for relief, and each of them, are barred, in
10  whole or in part, because any use or copying of the alleged copyrighted work
11  constitutes fair use.

### FOURTEENTH AFFIRMATIVE DEFENSE

13  127.  Counter-claimants' claims for relief, or any recovery thereon, are
14  barred, in whole or in part, because counter-defendants acted with innocent intent.

### FIFTEENTH AFFIRMATIVE DEFENSE

16  128.  Counter-defendants deny that counter-claimants have suffered any
17  damages, but to the extent counter-claimants have, their claims for damages are
18  barred, in whole or in part, because counter-claimants failed to take reasonable steps
19  to mitigate their damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

21  129.  Counter-defendants deny that counter-claimants have suffered any
22  damages, but to the extent counter-claimants have, their claims for damages for
23  alleged copyright infringement occurring outside of the United States are barred, in
24  whole or in part, because the United States Copyright Act has no extraterritorial
25  application, *see, e.g., Subafilms, Ltd. v. MGM-Pathe Communications, Co.*, 24 F.3d
26  1088 (1994).

### SEVENTEENTH AFFIRMATIVE DEFENSE

28  130.  Counter-defendants are without sufficient knowledge or information to

1  form a belief as to whether they may have additional, as yet unstated, separate

2  defenses available and hence reserve the right to amend this answer to add, delete,

3  or modify defenses based upon legal theories that may or will be divulged through

4  discovery of the factual bases for counter-claimants' claims or further legal analysis.

5      WHEREFORE, counter-defendants pray for judgment as follows:

6      1.    That counter-claimants' counterclaims and each claim for relief therein

7  be dismissed with prejudice;

8      2.    That counter-claimants take nothing by their counterclaims;

9      3.    That counter-defendants be awarded their costs incurred herein,

10  including their attorney fees; and

11      4.    That the Court order such other and further relief for counter-

12  defendants as the Court may deem just and proper, including, but not limited to, the

13  relief sought in counter-defendants' complaint herein.

14  DATED:    December 13, 2013    KING, HOLMES, PATERNO &
                      BERLINER, LLP

By:     /s/ Howard E. King, Esq.

HOWARD E. KING
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, ROBIN THICKE
and CLIFFORD HARRIS, JR. and Counter-
Defendants MORE WATER FROM
NAZARETH PUBLISHING, INC., PAULA
MAXINE PATTON individually and d/b/a
HADDINGTON MUSIC, STAR TRAK
ENTERTAINMENT, GEFFEN RECORDS,
INTERSCOPE RECORDS, UMG
RECORDINGS, INC., and UNIVERSAL
MUSIC DISTRIBUTION

1

## **REQUEST FOR JURY TRIAL**

2       Plaintiffs and counter-defendants Pharrell Williams, Robin Thicke and

3  Clifford Harris, Jr. and counter-defendants More Water From Nazareth Publishing,

4  Inc., Paula Maxine Patton d/b/a Haddington Music, Star Trak Entertainment, Geffen

5  Records, Interscope Records, UMG Recordings, Inc., and Universal Music

6  Distribution hereby request a trial by jury.

7  DATED:     December 13, 2013    KING, HOLMES, PATERNO &
                                    BERLINER, LLP

8

9

10                       By:     /s/ Howard E. King, Esq.

11                             HOWARD E. KING

12                Attorneys for Plaintiffs and Counter-Defendants
                PHARRELL WILLIAMS, ROBIN THICKE

13                and CLIFFORD HARRIS, JR. and Counter-
                Defendants MORE WATER FROM

14                NAZARETH PUBLISHING, INC., PAULA

15                MAXINE PATTON individually and d/b/a
                HADDINGTON MUSIC, STAR TRAK

16                ENTERTAINMENT, GEFFEN RECORDS,

17                INTERSCOPE RECORDS, UMG
                RECORDINGS, INC., and UNIVERSAL

18                MUSIC DISTRIBUTION

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2013, I electronically filed the foregoing **ANSWER TO DEFENDANTS FRANKIE CHRISTIAN GAYE AND NONA MARVISA GAYE'S COUNTERCLAIMS; REQUEST FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Jennifer Mobarez