KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br><br>**ANSWER TO DEFENDANT MARVIN GAYE III'S COUNTERCLAIMS; REQUEST FOR JURY TRIAL** |

Plaintiffs and counter-defendants Pharrell Williams ("Williams"), Robin

4112.060/726262.1

Thicke ("Thicke") and Clifford Harris, Jr. ("Harris") and counter-defendants More Water From Nazareth Publishing, Inc. ("More Water"), Robin Alan Thicke d/b/a I Like 'Em Thicke Music ("Thicke"), Paula Maxine Patton d/b/a Haddington Music ("Paxton"), Star Trak Entertainment ("Star Trak"), Geffen Records ("Geffen"), Interscope Records ("Interscope"), UMG Recordings, Inc. ("UMG"), and Universal Music Distribution ("UMD") (collectively, "counter-defendants") hereby respond to the counterclaims of defendant and counterclaimant Marvin Gaye III ("counter-claimant"), as follows:

1. Responding to paragraph 1 of the counterclaims, counter-defendants admit that counterclaimant has answered the complaint and that the counterclaims speak for themselves. Except as expressly admitted, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

2. Responding to paragraph 2 of the counterclaims, it does not require a response, except that counter-claimant's answer and affirmative defenses speak for themselves and counter-defendants are not required to respond to them.

3. Responding to paragraph 3 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4. Responding to paragraph 4 of the counterclaims, counter-defendants admit that the pleadings herein speak for themselves. Except as expressly admitted, counter-defendants deny each and every allegation contained therein.

5. Responding to paragraph 5 of the counterclaims, counter-defendants deny each and every allegation contained therein.

6. Responding to paragraph 6 of the counterclaims, counter-defendants admit that "Got to Give It Up" was a popular song. Except as expressly admitted,

counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

7. Responding to paragraph 7 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

8. Responding to paragraph 8 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

9. Responding to paragraph 9 of the counterclaims, counter-defendants admit that the counterclaims speak for themselves. Except as expressly admitted, counter-defendants deny each and every allegations contained in paragraph 9.

10. Responding to paragraph 10 of the counterclaims, counter-defendants deny each and every allegation contained therein.

11. Responding to paragraph 11 of the counterclaims, counter-defendants admit that "Blurred Lines" was released as a single in March 2013 and on the album *Blurred Lines* in July 2013, and that Star Trak, Interscope and UMD released and marketed the single and the album. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 11.

12. Responding to paragraph 12 of the counterclaims, counter-defendants deny each and every allegation contained therein.

13. Responding to paragraph 13 of the counterclaims, counter-defendants deny each and every allegation contained therein.

14. Responding to paragraph 14 of the counterclaims, counter-defendants admit that "Blurred Lines" continues to be commercially exploited as is customary in the music business, and without compensation to the Gaye Family because the

Gaye Family is not entitled to any such compensation. Except as expressly admitted, counter-defendants deny each and every allegation con he allegations contained in paragraph 14.

15. Responding to paragraph 15 of the counterclaims, counter-defendants admit that Thicke and Patton are the writers and composers of "Love After War," which they have performed in certain media, including a video in which Patton appears, and that the counterclaims speak for themselves. Except as expressly admitted, counter-defendants deny each and every allegation in paragraph 15 of the counterclaims.

16. Responding to paragraph 16 of the counterclaims, counter-defendants deny each and every allegation therein.

17. Responding to paragraph 17 of the counterclaims, counter-defendants admit that "Love After War" was released in October 2011 and that Thicke, Star Trak, Geffen, UMG and UMD participated in the release and exploitation of "Love After War." Except as expressly admitted, counter-defendants deny each and every allegation in paragraph 17.

18. Responding to paragraph 18 of the counterclaims, counter-defendants deny each and every allegation contained therein.

19. Responding to paragraph 19 of the counterclaims, counter-defendants deny each and every allegation contained therein.

20. Responding to paragraph 20 of the counterclaims, counter-defendants admit that "Love After War" continues to be commercially exploited as is customary in the music business, and without compensation to the Gaye Family because the Gaye Family is not entitled to any such compensation. Except as expressly admitted, counter-defendants deny each and every allegation con he allegations contained in paragraph 20.

21. Responding to paragraph 21 of the counterclaims, counter-defendants deny each and every allegation contained therein.

22. Responding to paragraph 22 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23. Responding to paragraph 23 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

24. Responding to paragraph 24 of the counterclaims, counter-defendants admit that Thicke is a writer, composer, producer and performer of "Blurred Lines" and "Love After War," and that he resides in Los Angeles County, California and conducts business in California. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 24.

25. Responding to paragraph 25 of the counterclaims, counter-defendants admit that Williams is a writer, composer and producer of "Blurred Lines, that More Water is a corporation that does business in Los Angeles County, California, and that the counterclaims speak for themselves. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 25.

26. Responding to paragraph 26 of the counterclaims, counter-defendants admit that Harris is a writer and composer of "Blurred Lines." Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 26.

27. Responding to paragraph 27 of the counterclaims, counter-defendants admit that Patton has done business as Haddington Music from time to time and does business in Los Angeles County, California and that she is a writer and composer of "Love After War." Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 27.

28. Responding to paragraph 28 of the counterclaims, counter-defendants

admit that Star Trak is a New York limited liability company, that it participated in the release of the album *Blurred Lines* which contains the song "Blurred Lines," that it participated in the release of the album *Love after War* which contains the song "Love after War," that it is a related entity of UMG, and that it has been served herein. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 28.

29. Responding to paragraph 29 of the counterclaims, counter-defendants admit that Geffen is an unincorporated division of UMG which participated in the release of the album *Love after War*, and that Geffen may be served at the address alleged, but that it should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 29.

30. Responding to paragraph 30 of the counterclaims, counter-defendants admit that Interscope is an unincorporated division of UMG which participated in the release of *Blurred Lines*, and that Interscope may be served at the address alleged, but should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 30.

31. Responding to paragraph 31 of the counterclaims, counter-defendants admit that UMG participated in the release of *Blurred Lines* and *Love After War* through subsidiaries, and that UMG may be served at the address alleged, but should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 31.

32. Responding to paragraph 32 of the counterclaims, counter-defendants admit that UMD is a division of UMG and participated in the distribution of the albums *Blurred Lines* and *Love after War*, and that UMD may be served at the address alleged, but should be served through counsel. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 32.

33. Responding to paragraph 33 of the counterclaims, counter-defendants

admit the allegations therein.

34. Responding to paragraph 34 of the counterclaims, counter-defendants admit that the counterclaims arise from the same matters alleged in the complaint and that this Court has jurisdiction herein. Except as expressly admitted, counter-defendants deny the allegations contained in paragraph 34.

35. Responding to paragraph 35 of the counterclaims, counter-defendants admit that venue is proper in this judicial district. Except as expressly admitted, counter-defendants deny the allegations contained in paragraph 35.

36. Responding to paragraph 36 of the counterclaims, counter-defendants incorporate by reference as though fully set forth their responses to paragraphs 1 through 35, inclusive.

37. Responding to paragraph 37 of the counterclaims, counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

38. Responding to paragraph 38 of the counterclaims, counter-defendants deny each and every allegation contained therein.

39. Responding to paragraph 39 of the counterclaims, counter-defendants admit that they did not seek or receive any permission or consent to use any portion of "Got To Give It Up" in "Blurred Lines," because they did not use any portion of "Got To Give It Up" in "Blurred Lines." Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 39.

40. Responding to paragraph 40 of the counterclaims, counter-defendants deny each and every allegation contained therein.

41. Responding to paragraph 41 of the counterclaims, counter-defendants deny each and every allegation contained therein.

42. Responding to paragraph 42 of the counterclaims, counter-defendants deny each and every allegation contained therein.

43. Responding to paragraph 43 of the counterclaims, counter-defendants deny each and every allegation contained therein.

44. Responding to paragraph 44 of the counterclaims, counter-defendants admit that Marvin Gaye, Jr. has received no songwriter credit and the Gayes no interest in, "Blurred Lines," because they are not entitled to any such credit or interest. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 44.

45. Responding to paragraph 45 of the counterclaims, counter-defendants deny each and every allegation contained therein.

46. Responding to paragraph 46 of the counterclaims, counter-defendants deny each and every allegation contained therein.

47. Responding to paragraph 47 of the counterclaims, counter-defendants deny each and every allegation contained therein.

48. Responding to paragraph 48 of the counterclaims, counter-defendants deny each and every allegation contained therein.

49. Responding to paragraph 49 of the counterclaims, counter-defendants deny each and every allegation contained therein.

50. Responding to paragraph 50 of the counterclaims, counter-defendants deny each and every allegation contained therein.

51. Responding to paragraph 51 of the counterclaims, counter-defendants deny each and every allegation contained therein.

52. Responding to paragraph 52 of the counterclaims, counter-defendants deny each and every allegation contained therein.

53. Responding to paragraph 53 of the counterclaims, counter-defendants deny each and every allegation contained therein.

54. Responding to paragraph 54 of the counterclaims, counter-defendants incorporate by reference as though fully set forth their responses to paragraphs 1 through 53, inclusive.

55. Responding to paragraph 55 of the counterclaims, counter-defendants deny each and every allegation contained therein.

56. Responding to paragraph 56 of the counterclaims, counter-defendants deny each and every allegation contained therein.

57. Responding to paragraph 57 of the counterclaims, counter-defendants admit that they did not seek or receive any permission or consent to use any portion of "After the Dance" in "Love After War," because they did not use any portion of "After the Dance" in "Love After War." Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 57.

58. Responding to paragraph 58 of the counterclaims, counter-defendants deny each and every allegation contained therein.

59. Responding to paragraph 59 of the counterclaims, counter-defendants deny each and every allegation contained therein.

60. Responding to paragraph 60 of the counterclaims, counter-defendants deny each and every allegation contained therein.

61. Responding to paragraph 61 of the counterclaims, counter-defendants deny each and every allegation contained therein.

62. Responding to paragraph 62 of the counterclaims, counter-defendants deny each and every allegation contained therein.

63. Responding to paragraph 63 of the counterclaims, counter-defendants admit that Marvin Gaye, Jr. has received no songwriter credit and the Gayes no interest in "Love After War" because they are not entitled to any such credit or interest. Except as expressly admitted, counter-defendants deny each and every allegation contained in paragraph 63.

64. Responding to paragraph 64 of the counterclaims, counter-defendants deny each and every allegation contained therein.

65. Responding to paragraph 65 of the counterclaims, counter-defendants deny each and every allegation contained therein.

66. Responding to paragraph 66 of the counterclaims, counter-defendants deny each and every allegation contained therein.

67. Responding to paragraph 67 of the counterclaims, counter-defendants deny each and every allegation contained therein.

68. Responding to paragraph 68 of the counterclaims, counter-defendants deny each and every allegation contained therein.

69. Responding to paragraph 69 of the counterclaims, counter-defendants deny each and every allegation contained therein.

70. Responding to paragraph 70 of the counterclaims, counter-defendants deny each and every allegation contained therein.

71. Responding to paragraph 71 of the counterclaims, counter-defendants deny each and every allegation contained therein.

72. Responding to paragraph 72 of the counterclaims, counter-defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

73. The counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

74. Counter-claimant lacks standing to pursue some or all of their claims.

## THIRD AFFIRMATIVE DEFENSE

75. Counter-claimant's claims for relief are barred by the applicable statutes of limitations, including the statute of limitations set forth in 17 U.S.C. § 507(b).

## FOURTH AFFIRMATIVE DEFENSE

76. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

77. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

78. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

79. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

80. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, because any alleged use or copying of the alleged copyrighted material or sound recording is *de minimus*.

## NINTH AFFIRMATIVE DEFENSE

81. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, because the alleged copyrights at issue allegedly held by counter-claimant is not valid and enforceable.

## TENTH AFFIRMATIVE DEFENSE

82. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, because counter-claimant is not the owner of the alleged copyrights and/or sound recording at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

83. Counter-claimant's claims for relief based, and each of them, are barred, in whole or in part, because the alleged copyrighted work is not substantially similar to any allegedly infringing work.

## TWELFTH AFFIRMATIVE DEFENSE

84. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, because the alleged copyrighted material that counter-claimant

alleges was infringed is not subject to copyright protection, including that it is not sufficiently original and/or is generic or "scenes à faire."

### THIRTEENTH AFFIRMATIVE DEFENSE

85. Counter-claimant's claims for relief, and each of them, are barred, in whole or in part, because any use or copying of the alleged copyrighted work constitutes fair use.

### FOURTEENTH AFFIRMATIVE DEFENSE

86. Counter-claimant's claims for relief, or any recovery thereon, are barred, in whole or in part, because counter-defendants acted with innocent intent.

### FIFTEENTH AFFIRMATIVE DEFENSE

87. Counter-defendants deny that counter-claimant has suffered any damages, but to the extent counter-claimant has, his claims for damages are barred, in whole or in part, because he failed to take reasonable steps to mitigate their damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

88. Counter-defendants deny that counter-claimant has suffered any damages, but to the extent counter-claimant has, his claims for damages for alleged copyright infringement occurring outside of the United States are barred, in whole or in part, because the United States Copyright Act has no extraterritorial application, *see, e.g., Subafilms, Ltd. v. MGM-Pathe Communications, Co.*, 24 F.3d 1088 (1994).

### SEVENTEENTH AFFIRMATIVE DEFENSE

89. Counter-defendants are without sufficient knowledge or information to form a belief as to whether they may have additional, as yet unstated, separate defenses available and hence reserve the right to amend this answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through discovery of the factual bases for counter-claimant's claims or further legal analysis.

WHEREFORE, counter-defendants pray for judgment as follows:

1. That counter-claimant's counterclaims and each claim for relief therein be dismissed with prejudice;

2. That counter-claimant take nothing by his counterclaims;

3. That counter-defendants be awarded their costs incurred herein, including their attorney fees; and

4. That the Court order such other and further relief for counter-defendants as the Court may deem just and proper, including, but not limited to, the relief sought in counter-defendants' complaint herein.

DATED: December 16, 2013        KING, HOLMES, PATERNO &
                                BERLINER, LLP


                                By:     /s/ Howard E. King, Esq.
                                            HOWARD E. KING
                                Attorneys for Plaintiffs and Counter-Defendants
                                PHARRELL WILLIAMS, ROBIN THICKE
                                and CLIFFORD HARRIS, JR. and Counter-
                                Defendants MORE WATER FROM
                                NAZARETH PUBLISHING, INC., PAULA
                                MAXINE PATTON individually and d/b/a
                                HADDINGTON MUSIC, STAR TRAK
                                ENTERTAINMENT, GEFFEN RECORDS,
                                INTERSCOPE RECORDS, UMG
                                RECORDINGS, INC., and UNIVERSAL
                                MUSIC DISTRIBUTION

## REQUEST FOR JURY TRIAL

Plaintiffs and counter-defendants Pharrell Williams, Robin Thicke and Clifford Harris, Jr. and counter-defendants More Water From Nazareth Publishing, Inc., Paula Maxine Patton d/b/a Haddington Music, Star Trak Entertainment, Geffen Records, Interscope Records, UMG Recordings, Inc., and Universal Music Distribution hereby request a trial by jury.

DATED: December 16, 2013    KING, HOLMES, PATERNO & BERLINER, LLP

By:    /s/ Howard E. King, Esq.
HOWARD E. KING
Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2013, I electronically filed the foregoing **ANSWER TO DEFENDANT MARVIN GAYE III'S COUNTERCLAIMS; REQUEST FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Jennifer Mobarez