**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHARRELLL WILLIAMS , et al.<br><br>Plaintiff(s),<br><br>v.<br><br>BRIDGEPORT MUSIC INC , et al.<br><br>Defendant(s). | Case No.<br>2:13−cv−06004−JAK−AGR<br><br>**ORDER ON COURT/JURY TRIAL**<br><br>**Final Pretrial Conference:**<br>**November 3, 2014 at 03:00 PM**<br><br>**Status Conference re: Exhibits:**<br>**November 14, 2014 at 03:00 PM**<br><br>**Trial:**<br>**November 18, 2014 at 09:00 AM** |

A.  **SCHEDULING**:

   1.   **In General:** The last day for hearing on any motion to join other parties or to amend the pleadings shall be specified in the Scheduling Order. All unserved parties shall be dismissed no later than the date set for the Final Pretrial Conference.

   2.   **Motions for Summary Judgment or Partial Summary Judgment:** Motions for Summary Judgment or Partial Summary Judgment shall be heard no later than the last day for hearing motions, as set forth in the Scheduling Order.

\\\

3. **Settlement Procedures:** It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means to accomplish this goal. Pursuant to Local Rule 16–15, in every civil case, the parties shall select a settlement procedure. If counsel have received a Notice to Parties of Court–Directed ADR Program (Form ADR–08), the case presumptively will be referred to the Court Mediation Panel or to private mediation. See General Order 11–10, §5.1 and Local Rule 26–1(c). The Court will discuss the proposed ADR procedure with the parties at the time of the Scheduling Conference and will issue the ADR–12 form once the settlement method is selected. For information about the Court's ADR Program, review General Order 11–10, which is located on the "ADR" page of the Court's website.

4. **Discovery Cut–Off:** The Scheduling Order establishes a cut–off date for discovery in this action. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. The Court will not approve stipulations between counsel that permit responses to be served after the cut–off date, except in extraordinary circumstances.

5. **Discovery Motions:** Any motion with respect to the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut–off date. Whenever possible, the Court expects counsel to resolve discovery issues among themselves in a courteous, reasonable, and proffessional manner. Thus, the Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

B. **FINAL PRETRIAL CONFERENCE:**

This case has been placed on the calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory. Counsel shall lodge carefully prepared Memoranda of Contentions of Fact and Law (which may

also serve as the parties' respective trial briefs) and a Final Pretrial Conference Order in accordance with the provisions of Local Rules 16–4 and 16–7. The Memoranda of Contentions of Fact and Law will be served no later than 21 days before the Pretrial Conference. The Final Pretrial Conference Order will be lodged no later than 11 days before the Final Pretrial Conference. The form of the Final Pretrial Conference Order will be in the form set forth in Appendix A to the Local Rules.

C. **PREPARATION FOR TRIAL AND SCHEDULING EXHIBIT CONFERENCE THE FRIDAY BEFORE TRIAL:**

The Court ORDERS that all counsel comply with the following rules in their preparation for trial:

1. **Motions In Limine:** All motions in limine will be heard at the Final Pretrial Conference. The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial. All motions in limine must be filed and served in compliance with Local Rule 6–1. Any Oppositions shall be timely e–filed and not exceed ten (10) pages. A reply is not required but shall not be more than five (5) pages, if e–filed.

2. **Statement of the Case (Jury Trials):** Counsel shall meet and confer fourteen (14) calendar days prior to the Final Pretrial Conference to determine if, in lieu of a Joint Statement of the Case, they will stipulate to having each side make a brief (less than five minute), mini–opening statement to the panel of prospective jurors prior to the commencement of voir dire. Such mini–opening statements are not to be argument, but rather a summary of the evidence that each side intends to present. If all parties do not stipulate to the use of mini–opening statements, they shall meet and confer and seek to reach agreement on a Joint Statement of the Case to be read by the Court to the panel of prospective jurors prior to the the commencement of voir dire. Counsel shall file the joint statement of the case no later than ten (10) calendar days prior to the Final Pretrial Conference. If the

parties cannot agree to such a joint statement, they shall file a "Disputed Joint Statement of the Case," which shall include each party's respective proposed statement, together with a red–line comparing the statements. The parties shall deliver a courtesy copy pursuant to Local Rule 5–4.5. A final version of the joint statement shall be provided to the Court on the first day of trial.

3. **Voir Dire (Jury Trials):** Counsel may submit proposed voir dire questions that are unique to the particular trial. Any such submission shall be made ten (10) calendar days prior to the Pretrial Conference.

4. **Witness Lists:** A witness list shall be prepared in compliance with Local Rule 16–5 and shall be filed no later than ten (10) calendar days prior to the Final Pretrial Conference. Counsel shall submit the names of the witnesses in the order that they are expected to testify, and will provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re–cross. Counsel will also provide a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

Counsel shall set forth the information about the amount of time that is expected for the testimony of each witness on a jointly–prepared document with five columns: (i) name of the witness; (ii) estimated time for direct examination (in hours, with portions thereof stated in decimal form, *e.g.*, "1.5 hours," if the estimate is for one hour and 30 minutes); (iii) estimated time for cross–examination; (iv) estimated time for re–direct examination; and (v) total time for the witness. At the bottom of each page the total time for all witnesses on that page shall be stated, with the grand total of all time stated on the final page of the chart.

At the time of trial, counsel shall provide three (3) copies of the witness lists in the order in which the witnesses will be called to testify and three (3) copies of witness lists in alphabetical order.

5. **Jury Instructions:** In a jury trial, jury instructions are to be filed

no later than ten (10) calendar days prior to the Final Pretrial Conference. The parties shall make every attempt to agree upon jury instructions before submitting proposals to the Court. The Court prefers CACI or Ninth Circuit model instructions. Counsel shall exchange proposed jury instructions (general and special) twenty–one (21) calendar days prior to the Final Pretrial Conference. Counsel shall exchange any objections to the instructions fourteen (14) calendar days prior to the Final Pretrial Conference. Counsel shall meet and confer with the goal of reaching an agreement on one set of joint jury instructions, which shall be filed no later than ten (10) calendar days before the Final Pretrial Conference. If the parties disagree over any proposed jury instruction(s), the parties shall file: (i) one set of proposed jury instructions to which all parties agree; and (ii) one set of disputed jury instructions, which shall include a redline of any disputed language and/or the factual or legal basis for each party's respective position as to each disputed instruction. Where appropriate, organize the disputed instructions by subject, so that the instructions that address the same or similar issues are presented sequentially. The parties shall deliver a courtesy copy of these documents pursuant to Local Rule 5–4.5. A final "clean" version of the jury instructions, which shall include the pre–instructions and the text of each instruction (eliminating titles, supporting authority, indiction of party proposing, etc.) shall be provided to the Court on the first day of trial and sent via email in either Word or Word Perfect to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov.

      6.   **Verdict Form(s) in Jury Trials:** The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than ten (10) calendar days prior to the Final Pretrial Conference. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a redline of any disputed language; and/or (iii) the factual or legal basis for

1  each party's respective position if the entire form is being disputed. The parties
2  shall deliver a courtesy copy of the these documents pursuant to Local Rule 5–4.5.
3  A final version of the verdict form shall be provided to the Court on the first day
4  of trial and sent via email in either Word or Word Perfect to the Court's Chambers'
5  email at: jak_chambers@cacd.uscourts.gov.
6      7. Exhibits and Exhibit Conference:
7          a. **Exhibit List**: A joint exhibit list will be prepared in compliance
8  with the example below and Local Rule 16–6.

| JOINT EXHIBIT LIST | | | | | |
| --- | --- | --- | --- | --- | --- |
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Exhibit | Description | Stip to Authen. | Stip to Admiss. | Date Identified | Date Admitted |
| | | | | | |

14  The joint exhibit list will contain the information required by Fed. R.
15  Civ. P. 26(a)(3)(A). Lead trial counsel shall meet and confer at least fourteen (14)
16  calendar days before the Final Pretrial Conference to discuss and seek to agree, to
17  the extent possible, on issues including foundation, and admissibility of proposed
18  exhibits. A joint exhibit list, the format of which shall comply with Local Rule
19  16–6.1, shall be filed ten (10) calendar days prior to the Final Pretrial Conference.
20  Counsel shall file a "Notice of Disputed Exhibits," if applicable, which shall set
21  forth the basis for any disputed exhibit(s). Counsel shall confer so that there
22  are no duplicate exhibits.
23          b. **Exhibit Preparation**: One (1) original (witness copy) and one (1)
24  copy (bench copy) shall be presented to the Courtroom Deputy Clerk on the first
25  day of trial. Each binder shall be clearly labeled on the spine to include the case
26  name, party, and volume number. The Court does not require specific exhibit
27  tags so long as each document is bates−stamped and separated with a divider
28  that is numbered. Each party shall use a different number sequence and shall

comply with Local Rule 26–3.

    c. **Exhibit Conference**: AN EXHIBIT CONFERENCE REQUIRING THE ATTENDANCE OF TRIAL COUNSEL WILL BE HELD AT 3:00 P.M. ON THE FRIDAY BEFORE THE SCHEDULED TRIAL DATE IN COURTROOM 750, UNLESS THE COURT ORDERS OTHERWISE. Disputed exhibits are to be submitted to the Courtroom Deputy Clerk at the time of the Exhibit Conference.

  **8.** **(Court Trials): Findings of Fact and Conclusions of Law; Declarations:** For any matter requiring findings of fact and conclusions of law, counsel for each party shall lodge and serve proposed findings of fact and conclusions of law as promptly as possible in compliance with Local Rule 52. In addition, counsel must submit electronic versions (in Word or WordPerfect) to the Court at the following email address: jak_chambers@cacd.uscourts.gov. When ordered by the Court in a particular case, each party shall, at least fourteen (14) calendar days prior to the trial, file declarations containing the direct testimony of each witness whom that party intends to call at trial. If such declarations are filed, each party shall file any evidentiary objections to the declaration(s) submitted by any other party at least seven (7) calendar days prior to the trial. If any party submits such objections, they shall be submitted in the following three−column format: (i) the left column should contain a verbatim quote of each statement objected to (including page and line number); (ii) the middle column should set forth a concise objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the Federal Rules Evidence or, where applicable, a case citation; and (iii) the right column should provide space for the Court's entry of its ruling on the objection. Counsel shall refer to the Court's Initial Standing Order and Exhibit 1 thereto for the proper format.

**D. ATTORNEY AND PARTY CONDUCT AT TRIAL:**

  1. **Trial Schedule:** Trials are generally conducted Tuesday through Friday. The Court will adopt a particular time schedule on a case−by−case basis.

In general, the schedule will be either: (i) from 8:30 a.m. to 2:30 p.m. with two or three 20–minute breaks; or (ii) from 9:00 a.m. to 4:00 p.m., with a 15–minute break in both the morning and the afternoon, and a one–hour lunch break. This schedule may be changed for each trial and during each trial depending on the the Court's determination based on the scheduling needs of jurors, witnesses, counsel or the Court.

### 2. Trial Conduct:

#### a. Jury Selection

1. The Court will seat as prospective jurors the same number jurors who will serve at trial. The Court will conduct voir dire of this panel, which may include questions proposed by counsel. The Court may permit limited voir dire by counsel where it is shown to the Court that it is necessary. After any potential juror is excused for cause, a replacement juror will be placed in the vacant seat and will respond to voir dire. Once a panel is in place to which there are no remaining or unadjudicated "for cause" challenges, counsel for each side will be permitted to exercise their respective peremptory challenge(s) through the Court. Upon the exercise of a peremptory challenge, a replacement juror will be seated, will respond to voir dire and will be subject to a "for cause" challenge before any remaining peremptory challenge is exercised.

#### b. Opening Statements, Examining Witnesses and Summation

1. At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses expected to testify the following day with an estimate of the length of direct examination for each witness. Opposing counsel shall provide an estimate of the length of cross–examination for each witness. Cooperation of counsel will ensure a smooth flow of witnesses. It is the responsibility of all counsel to arrange the appearance of witnesses in order to avoid delay.

2. Opening statements, examination of witnesses, and

summation will be from the lectern only. Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier to save time as ordered by the Court.

        3.    The Court will honor reasonable time estimates for opening and closing presentations to the jury.

        4.    In jury trials, where a party has more than one lawyer, only one may conduct the direct or cross−examination of a given witness.

        5.    If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

        6.    If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes.

        7.    It is counsel's duty to notify the Courtroom Deputy Clerk in advance if any witness should be accommodated in an appropriate manner due any disability or other physical need.

        8.    The Court attempts to accommodate physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, permit them to testify out of order. The Court may do the same with respect to non−party witnesses who have work commitments. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection to having a particular witness called out of order, counsel shall confer with the Court in advance.

    **c.**    **Objections and General Decorum**

        1.    When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground for objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly

discourages sidebars because they cause an inefficient use of jury time. Instead, evidentiary issues should be anticipated in advance of trial and should be addressed through motions in limine and/or in connection with the rulings on exhibits.

    2. Counsel must not approach the Courtroom Deputy Clerk or the witness stand without specific permission. When permission is given, counsel shall return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand absent specific approval by the Court.

    3. Counsel must address all remarks to the Court. Counsel are not to address the Courtroom Deputy Clerk, the Reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re–reading of questions or answers shall be addressed to the Court, not to the court reporter.

    4. Counsel must not make an offer of stipulation unless counsel already has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

    5. On the first day of trial counsel shall advise the Court of any commitments that may result in counsel's absence or late arrival on any day of the trial.

  **d.** **Exhibits**

    1. Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

    2. Each counsel is responsible for any exhibits that counsel secures from the Courtroom Deputy Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Courtroom Deputy Clerk.

    3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Courtroom Deputy Clerk

mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel should move exhibits into evidence as soon as admissibility is established, while they are freshly in the minds of all participants. If there is an objection, the motion to admit will be dealt with at the next available recess. In jury trials, no exhibit shall be read or displayed to the jury until admitted absent a pre−trial stipulation by counsel or a ruling by the Court at the Exhibit Conference.

5. Absent unusual circumstances, counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

### e. Depositions

1. All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy Clerk on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the Courtroom Deputy Clerk to confirm that the Courtroom Deputy Clerk has the transcript and that the transcript is properly signed.

2. In using depositions for impeachment, counsel shall first announce both the beginning and ending page and line references of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. If an objection is made, counsel shall await a ruling before proceeding. In addition, counsel who has not requested the reading, shall advise the Court whether counsel requests a ruling as to any objection(s) made on the record or reserved during the deposition testimony at issue. In reading deposition testimony, counsel shall use one of the following procedures:

a. If counsel wishes to read the questions and answers

as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record.

    b. If counsel wishes to ask the witness further questions on the subject matter (this does not include a question whether the witness' testimony has changed between deposition and trial) the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

   3. Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

    **f. Advance Notice of Evidentiary or Difficult Questions**

If during trial, counsel has reason to anticipate that a difficult and unexpected question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Courtroom Deputy Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine (*see* Fed. R. Evid. 103). To the maximum extent possible such matters shall be taken outside normal trial hours (*e.g.*, recess, before or after the trial day).

**IT IS SO ORDERED.**

Dated: January 6, 2014

_____
John A. Kronstadt
United States District Judge