**DECLARATION OF SETH MILLER**

# DECLARATION OF SETH MILLER

I, Seth Miller, declare as follows:

1. The facts set forth below are true of my personal knowledge unless otherwise indicated. If called upon to testify, I could and would testify competently thereto.

2. I am an attorney duly admitted to practice before this Court. I am a partner with King, Holmes, Paterno & Berliner, LLP ("King Holmes"), attorneys of record for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION.

3. On November 13, 2013, Plaintiffs and Counter-Defendants Robin Thicke, Pharrell Williams, and Clifford Harris ("Plaintiffs") served their First Set of Demands for Production of Documents ("Demands for Production") propounded to Defendants and Counter-Claimants Nona Marvisa Gaye and Frankie Christian Gaye ("Defendants"). A true and correct copy of the Demands for Production is attached hereto as **Exhibit A**.

4. On January 6, 2014, Defendants served their initial written responses to the Demands for Production. The parties met and conferred with regard to certain defects in those responses, and on January 29, 2013, Defendants served their Revised Responses ("Revised Responses") to the Demands for Production. A true and correct copy of the Revised Responses is attached hereto as **Exhibit B**.

5. The parties engaged in an extensive meet and confer process with regard to various defects in the Revised Responses, including in a series of emails between counsel for the parties, and in an in-person meet and confer at my office that took place on February 20, 2014, at which I was present, along with my

1  partners, Howard E. King, Esq., and Stephen D. Rothschild, Esq., on behalf of
2  Plaintiffs.  Richard S. Busch, Esq., attended on behalf of Defendants.
3       6.    At the February 20, 2014, meet and confer, Mr. Busch made clear that
4  Defendants would not produce in response to the Demands any documents
5  concerning communications between Defendants and their music publisher, EMI
6  April, Inc. ("EMI"), regarding the copyright infringement claims at issue in this
7  action on the asserted grounds that all such documents and communications with
8  EMI were privileged as settlement discussions.  Plaintiffs' counsel advised Mr.
9  Busch that the requested documents, which are responsive to the Demands that are
10 the subject of the instant Motion, were relevant, discoverable, and not subject to any
11 privilege, that Plaintiffs intended to move to compel production of same, and that
12 Defendants were required to provide a privilege log so that Plaintiffs and the Court
13 could better assess the privilege claims.  Mr. Busch agreed that Defendants would
14 provide a privilege log listing all privileged documents and communications with
15 EMI responsive to the Demands that Defendants had withheld from production.
16      7.    I made repeated requests in emails and telephone calls to Defendants'
17 counsel in the weeks and months after February 20, 2014, asking for Defendants'
18 privilege log.  Finally, on May 30, 2014, Defendants provided a privilege log, a true
19 and correct copy of which is attached hereto as **Exhibit C**.  Defendants did not
20 provide a name key identifying the persons listed on their privilege log.  For the
21 convenience of the Court, and based on the information available to Plaintiffs, the
22 identities/affiliations of the persons listed on the privilege log are as follows:

23     • **Counsel for Defendants (King & Ballow)**:  Richard S. Busch,
24 Sara R. Ellis, Patrick W. Ogilvy, Mary Hodge (secretary), Jonathan L. Gerber, Paul Duvall, Sheri Johnson (secretary); Robert W. Crump;

25
26     • **Counsel for Defendants (Levinsohn Associates, P.C.)**:  Mark Levinsohn, Winnie Chau;

27     • **Defendants' mother**:  Janis Gaye (aka Jan Gaye);

28     • **Musicologist retained by Defendants**:  Judith Finnell;

- **Counsel for Defendant Marvin Gaye, III**: David Rudich;
- **Counsel for EMI (Pryor Cashman LLP)**: Donald Zakarin, Ilene S. Farkas, Michael J. Niborski, Benjamin Akley, Darius K. Zolnor; and,
- **EMI employees**: Audrey Ashby, Dag Sandsmark, Bruce Scavuzzo,

8. In January 2014, Plaintiffs served a subpoena for business records on EMI seeking, *inter alia*, EMI's communications with Defendants concerning the copyright infringement claims at issue in this action and EMI's settlement agreement with Defendants with respect to Defendants' third party claims against EMI in this action. EMI served objections to the subpoena.

9. In March 2014, I met and conferred with Donald S. Zakarin, Esq., counsel for EMI, and we resolved the parties' disputes with respect to the subpoena.

10. In March 2014, in response to the subpoena, EMI produced, among other documents, its settlement agreement with Defendants. Defendants did not object to EMI producing the settlement agreement in response to the subpoena.

11. In our meet and confer, Mr. Zakarin told me that EMI was willing to produce its communications with Defendants that are the subject of this Motion.

12. Defendants informed EMI through Mr. Zakarin that they objected to EMI's production of its communications with Defendants, and that Defendants intended to move to quash the subpoena with respect to the EMI communications.

13. As a result, and at the request of Defendants, EMI did not produce its communications with Defendants in response to the subpoena. These are the same communications that are the subject of this Motion. Attached hereto as **Exhibit D** is a true and correct copy of an email exchange dated March 20, 2014, between Mr. Zakarin, Richard Busch, Esq., counsel for Defendants, and me, reflecting EMI's decision to withhold the communications at issue pending resolution of this dispute, which dispute the parties understood would be resolved in the context of the instant Motion to compel Defendants to produce their copies of the EMI communications.

14. Attached hereto as **Exhibit E** is a true and correct copy of Defendants' Counterclaims (absent its exhibit) filed on October 30, 2013 in this action.

15. Attached hereto as **Exhibit F** is a true and correct copy of the Joint Rule 16(b) Report filed on December 6, 2013, in this action.

16. Defendants have refused to produce and have not produced any documents pertaining to their communications with EMI that are responsive to the specific Demands for Production that are the subject of the instant Motion to Compel, including that Defendants have not produced to Plaintiffs any of the documents listed on Defendants' privilege log (Exhibit C hereto).

17. Attached hereto as **Exhibit G** is a true and correct copy of the Court's December 16, 2013, Minute Order establishing the initial case schedule. The Minute Order has not been amended other than that, on April 9, 2014, the Court issued an Order extending the mediation completion date to June 30, 2014.

18. The Court entered its Protective Order governing confidentiality of materials produced in discovery in this action on April 18, 2014 (Document 66).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 4, 2014, at Los Angeles, California.

_____
Seth Miller

King, Holmes,
Paterno &
Berliner, LLP

4112.060/765801.1                                4