# Declaration of Richard S. Busch

# DECLARATION OF RICHARD S. BUSCH

I, Richard S. Busch, declare and state as follows:

1. The information contained in this Declaration is based upon my personal knowledge. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. I am a partner in the law firm of King & Ballow and co-counsel for Counter-Claimants Nona Marvisa Gaye and Frankie Christian Gaye (collectively "the Gayes") in the above captioned matter.

3. On November 13, 2013, Counter-Defendants served their First Demand for Production of Documents on Counter-Claimants, to which the Gayes served their responses on January 6, 2014. True and correct copies of the Demand responses are attached hereto as Exhibit A.

4. Rather than resolve the Gayes' objections with counsel, on January 21, 2014, Plaintiffs and Counter-Defendants served identical Subpoenas for documents on EMI April, Inc., and Jobete Music Co. Inc., asking for the same documents and communications the Gaye's objected to in their Demand responses. True and correct copies of the Subpoenas are attaches hereto as Exhibits B & C.

5. Among the requests in the EMI and Jobete Subpoenas were "[a]ll writings containing or reflecting settlement negotiations between EMI, including its attorneys, and the Gayes, including their attorneys, with respect to the Gayes' claims that EMI breached any duty to them by not asserting that 'Blurred Lines' infringed 'Got To Give

Case 2:13-cv-06004-JAK-AGR  Document 69-9  Filed 06/13/14  Page 3 of 4  Page ID #:710

It Up.'" Exhibits B & C at ¶5.

6. The Gayes then produced Revised Responses to Counter-Defendants' First Demand for Production of Documents on January 29, 2013.

7. The parties engaged in an extensive meet and confer process, as well as an in-person meet and confer in Counter-Defendants' counsel, Seth Miller's office, on or about February 20, 2014. Along with Mr. Miller and myself, Howard E. King and Stephen D. Rothschild, partners at Mr. Miller's firm, were also present. At this meet and confer I maintained the objection to the relevance of the EMI and Jobete settlement documents as both parties were no longer part of the underlying action.

8. During the February 20, 2014 meet and confer, I made it abundantly clear to Messrs Miller, King, and Rothschild that any settlement communication documents between the Gayes and EMI, the Gayes' copyright administrator, were privileged settlement discussions, as they pertained to claims at issue in the underlying action, specifically copyright infringement. .

9. I agreed to provide a privilege log enumerating the settlement communications for which the Gayes intended to assert privilege.

10. On February 27, 2014 Mr. Miller sent an email stating his intent to meet and confer with EMI's counsel, Donald Zakarin, the following week regarding production of documents.

11. On March 10, 2014, Mr. Zakarin sent an email to all parties, myself included, summarizing the meet and confer held between he and Mr. Miller. In the

DECLARATION OF RICHARD S. BUSCH
2

email, Mr. Zakarin stated that as he told Mr. Miller previously, "I think this material is irrelevant." Mr. Zakarin also agreed to produce the settlement agreement between the Gayes and EMI, to which we did not object.

12. Mr. Zakarin further stated that the documents in the email were, "the categories of materials that we agreed that Jobete/EMI would search for and produce in satisfaction of your subpoenas (subject to any motion to quash by the Gaye parties) to the extent that such materials exist and can be reasonably located."

13. I responded to Mr. Zakarin's email on March 10, 2014, and copied all parties, requesting that Mr. Zakarin notify me if he provided Mr. Miller with a date that he would produce EMI documents so that we could file our motion to quash before that date, should we decide to do so.

14. In the interim the parties continued to communicate and attempted to resolve any outstanding discovery disputes.

15. In accordance with our agreement, I provided Mr. Miller with a privilege log on May 30, 2014, listing, among other things, the specific documents evidencing settlement negotiations between the Gayes and EMI that the Gayes intended to assert as privileged.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of June, 2014.

/s/ Richard S. Busch
RICHARD S. BUSCH

**DECLARATION OF RICHARD S. BUSCH**