1 KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
2 STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
3 SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
4 1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
5 TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS ROBIN THICKE, PHARRELL WILLIAMS AND CLIFFORD HARRIS TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO FIRST SET OF DEMANDS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS AND COUNTER-CLAIMANTS NONA MARVISA GAYE AND FRANKIE CHRISTIAN GAYE**<br><br>**[DISCOVERY MATTER]**<br><br>Date: July 8, 2014<br>Time: 10:00 a.m.<br>Ctrm:  B, Hon. Alicia G. Rosenberg<br><br>Action Commenced: August 15, 2013<br>Trial Date:           November 18, 2014 |

/ / /

/ / /

4112.060/777860.1

# SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Defendants argue that their communications with EMI are: (a) not relevant; (b) settlement communications; and (c) privileged. They are wrong on all points.

Discussions between EMI and Defendants regarding the lack of merit to the infringement claims asserted against Plaintiffs herein are directly relevant. For example, the conclusions of the musicologist hired by EMI that there was no claim for infringement, EMI's conclusion that it could not file the infringement claims without violating Rule 11, and Defendants' response to same are relevant to the core issue herein, namely, whether Plaintiffs' songs infringe Defendants' copyrights. The discussions also bear on Defendants' bad faith in pursuing their claims herein.

In the Joint Stipulation, Defendants have failed to submit any evidence of any specific settlement communications with EMI. [*See generally*, Defendants' portion of Joint Stipulation and Declaration of Richard S. Busch in support thereof.] Instead, Defendants argue (without any factual support) that <u>every</u> communication they had with EMI was a settlement communication. Defendants also claim to have an alleged "common interest" privilege with EMI—even though EMI is the party that Defendants <u>sued</u> and supposedly were settling disputes with at the time of their "privileged" communications. None of the Gayes' arguments withstand scrutiny.

There is no settlement "privilege" in the Ninth Circuit. Any "privilege" was waived by Defendants and EMI by putting their communications at issue in their pleadings and by EMI's prior production in discovery of its settlement agreement with the Gayes. The Protective Order in this action addresses any confidentiality concerns. The Court should grant the Motion and compel production of documents.

## II.
## THE EMI COMMUNICATIONS ARE DIRECTLY RELEVANT

There is no <u>evidence</u> before this Court from Defendants to support their

characterization in the Joint Stipulation of their settlement discussions with EMI. [*See generally*, Defendants' portion of Joint Stipulation and Declaration of Richard S. Busch in support thereof.]  As EMI stated in its Rule 16(b) filing with this Court:

> Jobete [EMI] first internally analyzed whether "Blurred Lines" was an infringement of "Got To Give It Up" and **determined that there was no infringement**.  Thereafter, Jobete secured the opinion of an expert musicologist **who similarly concluded that there was no basis for a claim of infringement**.  Jobete duly reported its determinations to Frankie and Nona Gaye's representatives. …
>
> … Further, Jobete advised that it could not, in good faith, bring infringement claims (either for "Got To Give It Up" or for "After The Dance") because its analysis, including expert analysis confirmed that neither work had been infringed by "Blurred Lines" or by "Love After War."  **Jobete advised that, consistent with Rule 11 of the Federal Rules of Civil Procedure, it therefore could not and would not either defend Frankie and Nona Gaye or pursue the infringement claims they demanded**. …

[Miller Decl, Exh. F (Joint Rule 16(b) Report), pp. 4-6 (emphasis added).]

Clearly, those parties discussed the lack of merit to the claims, including that EMI "reported its determinations" to the Gayes that it could not pursue infringement claims consistent with Rule 11.  Defendants' assertion that EMI refused to pursue claims for any other reason (*i.e.*, by supposedly "opting not to kill the goose that laid the golden egg"—*see* Joint Stipulation, 19) is without any evidentiary support.

Regardless, this is discovery.  Plaintiffs are entitled to <u>discover</u> what EMI and Defendants discussed.  Those discussions bear directly on the core issue—alleged copyright infringement—and also bear on Defendants' bad faith.  Contrary to Defendants' argument, it is not premature for Plaintiffs to take discovery regarding Defendants' bad faith now.  This is the <u>only</u> time to do so.  Moreover, bad faith in pursuing a claim is a different issue than liability on the merits of the claim, so evidence of the Gayes' bad faith would be admissible in seeking attorney fees.

Defendants' argument that Plaintiffs want to "glean the Gayes' strategy should this case go to trial" [Joint Stipulation, 19] is specious and unsupported. There is nothing before this Court that would suggest that Defendants and EMI ever discussed trial strategy.  To the contrary, according to Defendants, their discussions

with EMI "related solely to whether EMI breached its agreement with the Gayes." [Joint Stipulation, 18.]  EMI's alleged breach has no bearing on the Gayes' trial strategy against Plaintiffs.  The Gayes' discussions with EMI are relevant to the claims and defenses herein.  Fed.R.Civ.P. 26(b)(1); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).  Such information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The EMI documents are discoverable.

## III.
## NOT ALL EMI DOCUMENTS ARE SETTLEMENT DISCUSSIONS

The Gayes argue (without evidence) that "any communications between the Gayes' [sic] and EMI prior to the filing of the Gayes' Counterclaim are properly classified as settlement negotiations."  [Joint Stipulation, 20.]  This position defies common sense.  There was no dispute to settle until <u>after</u> EMI had investigated the infringement claims, retained a musicologist, determined that there was no infringement, communicated "their determinations to Frankie and Nona Gaye's representatives," and then the Gayes asserted in response that EMI was in breach. [Miller Decl, Exh. F, pp. 4-6.]  At least some of the documents on the privilege log must pre-date any dispute with EMI and hence are <u>not</u> settlement communications. Defendants submit no evidence to show which documents <u>do</u> involve settlement.

## IV.
## REGARDLESS, THERE IS NO SETTLEMENT "PRIVILEGE"

Ninth Circuit case law is crystal clear:  "there is no federal privilege preventing the discovery of settlement agreements and related documents." *Board of Trustees of Leland Stanford Junior University v. Tyco International, Inc.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *In re City of Stockton, Cal.*, 475 B.R. 720, 732 (E.D. Cal. 2012)("neither the Ninth Circuit nor the Supreme Court has recognized a settlement negotiation privilege as a matter of federal common law").

Defendants ignore the authorities cited by Plaintiffs [Joint Stipulation, 12-13]

1. and instead cites cases [Joint Stipulation, 21-22] that are from other circuits or are
2. based on inapposite facts or are mischaracterized. The *Tyco* case cited by Plaintiffs
3. (as well as by Defendants) explicitly states that "there is no federal privilege
4. preventing the discovery of settlement agreements and related documents." *Tyco,*
5. 253 F.R.D. at 523. The court in *Tyco* **granted** the defendant's motion to compel
6. production of a settlement agreement between the plaintiffs and another defendant
7. that had been entered into in the same patent infringement action, as well as the
8. underlying negotiation and drafting documents. *Id.* at 522. In doing so, the court
9. rejected the plaintiffs' claim of a "settlement privilege" and found that the plaintiffs
10. had put the settlement at issue in their complaint. *Id.* at 522-523. The court could
11. not have been clearer in rejecting the existence of any alleged settlement privilege.
12. *Brantley v. Boyd,* 2013 WL 1786585 at *2 (N.D. Cal. April 25, 2013) and
13. *Kalinauskas v. Wong*, 151 F.R.D. 363, 367 (D. Nev. 1993) concerned whether the
14. party seeking the terms of a settlement agreement had made a sufficient showing of
15. relevance and need. In *Boyd*, a <u>non-party</u> sought to obtain a confidential settlement
16. agreement between parties to the action; the court found no relevance to the third
17. party dispute. *Boyd,* 2013 WL 1786585 at *2. In *Wong*, the plaintiff filed a sexual
18. discrimination claim and sought to depose another employee who had settled a
19. similar claim. The court allowed the deposition to go forward on all topics except
20. the terms of the confidential settlement agreement itself. 151 F.R.D. at 367. Here,
21. the EMI settlement agreement was already produced, and the Requests seek other
22. documents. *Boyd* is inapposite; *Wong* fully supports Plaintiffs. Finally, *Lobatz v.*
23. *U.S. West Cellular of California, Inc*. 222 F.3d 1142 (9th Cir. 2000) involved a
24. challenge to attorney fees in a class action settlement. The court found that the class
25. member had not shown relevance of the settlement discussions by demonstrating
26. collusion, an issue specific only to class actions. *Id.* at 1148. Here, the EMI
27. discussions are plainly relevant, cannot <u>all</u> involve settlement, and any "privilege"
28. was waived by putting the discussions at issue in the pleadings filed in this action.

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/777860.1                                4

## V.

## THE GAYES HAVE NO "PRIVILEGE" WITH EMI

EMI is a third party music publisher that the Gayes sued. The documents on the privilege log supposedly all relate to the Gayes' effort to settle claims against EMI. In that context, the Gayes had no reasonable expectation of confidentiality with EMI—who they intended to and later did sue—nor did the Gayes have any "common interest" with EMI that might support their assertion of work product or attorney-client privilege. EMI's interest was adverse to the Gayes. The Gayes wanted EMI to sue Plaintiffs, and EMI refused (and then was sued by the Gayes). There was no "shared interest" between EMI and the Gayes and hence no common interest privilege. *See Pecover v. Elec. Arts Inc.*, 2011 WL 6020412 at *2 (N.D. Cal. Dec. 2, 2011). Defendants also submit no evidence of any common interest.

Finally, the existence of a Protective Order in this action fully addresses any concerns about discovery of the settlement negotiations. *In re City of Stockton*, 475 B.R. at 732 ("other tools in the toolbox—especially the protective order—are adequate to protect confidentiality of settlement discussions where necessary to promote settlement"). The EMI communications are relevant and discoverable.

## VI.

## CONCLUSION

For the above reasons, the Court should grant the Motion, order the documents produced, and grant such other relief as the Court deems just and proper.

DATED: June 24, 2014

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Seth Miller
HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

4112.060/777860.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2014, I electronically filed the foregoing **SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS ROBIN THICKE, PHARRELL WILLIAMS AND CLIFFORD HARRIS TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO FIRST SET OF DEMANDS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS AND COUNTER-CLAIMANTS NONA MARVISA GAYE AND FRANKIE CHRISTIAN GAYE** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joey S. Gossett-Evans*
Joey S. Gossett-Evans

King, Holmes, Paterno & Berliner, LLP

4112.060/777860.1