1  Richard S. Busch (*Pro Hac Vice*)
   (Tennessee Bar # 14594)
2  E-Mail: rbusch@kingballow.com
   KING & BALLOW
3  315 Union Street; Suite 1100
   Nashville, TN 37201
4  (615) 259-3456 Facsimile: (615) 726-5417

5  Paul H. Duvall (SBN 73699)
   E-Mail: pduvall@kingballow.com
6  KING & BALLOW
   6540 Lusk Blvd., Suite 250
7  San Diego, CA 92121
   (858) 597-6000 Facsimile: (858) 597-6008
8
   Mark L. Block (SBN 115457)
9  E-Mail: mblock@wargofrench.com
   WARGO & FRENCH LLP
10 1888 Century Park East; Suite 1520
   Los Angeles, CA 90067
11 (310) 853-6355 Facsimile: (310) 853-6333

12 Attorneys for Defendants NONA MARVISA GAYE and
   FRANKIE CHRISTIAN GAYE
13

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an Individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE # CV13-06004-JAK (AGRx)<br>**DISCOVERY MATTER**<br><br>**NOTICE OF ERRATA AND CORRECTION TO THE DECLARATION OF RICHARD S. BUSCH IN SUPPORT OF DEFENDANTS FRANKIE CHRISTIAN GAYE AND NONA MARVISA GAYE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST SET OF PRODUCTION OF DOCUMENTS**<br><br>Date: July 8, 2014 Time: 10:00 a.m.<br>Courtroom: B, Hon. Alicia G. Rosenberg<br>Discovery Cutoff: July 19, 2014<br>Pretrial Conference: November 3, 2014<br>Trial Date: November 18, 2014<br>**JURY TRIAL DEMANDED** |

**TO THE COURT AND ALL PARTIES TO THIS ACTION:**

PLEASE TAKE NOTICE that Defendants Frankie Christian Gaye and Nona Marvisa Gaye hereby provide notice of errata and correction as follows:

On June 24, 2014, Defendants filed their "Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Production of Documents Responsive to Plaintiffs' First Set of Production of Documents," along with the Declaration of Richard S. Busch in support of the Memorandum of Law. In error, the name of the court on the Declaration read "United States District Court Southern District of New York," instead of "United States District Court Central District of California." Please note the remaining contents of the Declaration of Richard S. Busch are exactly the same as the document filed on June 24, 2014.

The corrected Declaration of Richard S. Busch is attached hereto.

Respectfully Submitted,

Date: June 30, 2014        KING & BALLOW

By: /s/ Richard S. Busch
Richard S. Busch (TN BPR # 14594)
KING & BALLOW
315 Union Street; Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
(admitted pro hac vice)

Attorney for Defendants
Nona and Frankie Gaye

1  Richard S. Busch (*Pro Hac Vice*)
   (Tennessee Bar # 14594)
2  E-Mail: rbusch@kingballow.com
   KING & BALLOW
3  315 Union Street; Suite 1100
   Nashville, TN 37201
4  (615) 259-3456 Facsimile: (615) 726-5417

5  Paul H. Duvall (SBN 73699)
   E-Mail: pduvall@kingballow.com
6  KING & BALLOW
   6540 Lusk Blvd., Suite 250
7  San Diego, CA 92121
   (858) 597-6000 Facsimile: (858) 597-6008
8
   Mark L. Block (SBN 115457)
9  E-Mail: mblock@wargofrench.com
   WARGO & FRENCH LLP
10 1888 Century Park East; Suite 1520
   Los Angeles, CA 90067
11 (310) 853-6355 Facsimile: (310) 853-6333

12 Attorneys for Defendants
   NONA MARVISA GAYE and
13 FRANKIE CHRISTIAN GAYE

14                **UNITED STATES DISTRICT COURT**
15                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 16  PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>                        Plaintiffs,<br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an Individual; and DOES 1 through 10, inclusive,<br>                        Defendants. | CASE # CV13-06004-JAK (AGRx)<br>**DISCOVERY MATTER**<br><br>**DECLARATION OF RICHARD S. BUSCH IN SUPPORT OF DEFENDANTS FRANKIE CHRISTIAN GAYE AND NONA MARVISA GAYE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST SET OF PRODUCTION OF DOCUMENTS**<br><br>Date: July 8, 2014 Time: 10:00 a.m.<br>Courtroom: B, Hon. Alicia G. Rosenberg<br>Discovery Cutoff: July 19, 2014<br>Pretrial Conference: November 3, 2014<br>Trial Date: November 18, 2014<br>**JURY TRIAL DEMANDED** |
| AND RELATED COUNTERCLAIMS | |

**DECLARATION OF RICHARD S. BUSCH**

# DECLARATION OF RICHARD S. BUSCH

I, Richard S. Busch, declare and state as follows:

1. The information contained in this Declaration is based upon my personal knowledge. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. I am a partner in the law firm of King & Ballow and counsel for Counter-Claimants Nona Marvisa Gaye and Frankie Christian Gaye (collectively "the Gayes") in the above captioned matter.

3. Attached to this declaration is a true and correct copy of **Exhibit A** which is the OPINION of Honorable Robert W. Sweet filed on May 5, 2014, regarding the Gayes' Motion to Quash filed in the United States District Court for the Southern District of New York (Case 1:14-mc-00073-P1).

4. The Motion to Quash was filed in regards to the Subpoena served by Plaintiffs and Counter-Defendants Pharrell Williams, Robin Thicke, and Clifford Harris, Jr. on Lawrence Ferrara, Ph.D. who is a musicologist that resides in New York.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of June 2014.

/s/ Richard S. Busch
RICHARD S. BUSCH

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X



PHARRELL WILLIAMS, an individual;
ROBIN THICKE, an individual; and
CLIFFORD HARRIS, JR., an individual,

                Plaintiffs,

  - against -

BRIDGEPORT MUSIC, INC., a Michigan
corporation; FRANKIE CHRISTIAN GAYE,
an individual; MARVIN GAYE III, an
individual; NONA MARVISA GAYE, an
individual; and DOES 1 Through 10,
inclusive,

                Defendants.

------------------------------------X

14 Misc. 73-P1

OPINION

A P P E A R A N C E S:

    Attorneys for the Plaintiffs

    KING, KOLMES, PATERNO & BERLINER, LLP
    1900 Avenue of the Stars
    Los Angeles, CA 90067
    By:  Howard E. King, Esq.
         Lisa J. Borodkin, Esq.

    Attorneys for Defendants Nona and Frankie Gaye

    GORDON, GORDON & SCHNAPP, P.C.
    437 Madison Avenue
    New York, NY 10023
    By:  James M. Thayer, Esq.

    KING & BALLOW
    315 Union Street
    Nashville, TN 37201
    By:  Richard S. Busch, Esq.
         Paul H. Duvall, Esq.

```
WARGO & FRENCH LLP
1888 Century Park East
Los Angeles, CA 90067
By:  Mark L. Block, Esq.
```

Sweet, D.J.

Defendants and Counter-claimants Nona and Frankie Gaye (the "Gayes" or the "Counter-Claimants") have moved this Court, sitting in Part One, to quash the subpoena served by Plaintiffs and Counter-Defendants Pharrell Williams ("Williams"), Robin Thicke ("Thicke") and Clifford Harris, Jr. ("Harris") (collectively, the "Plaintiffs") on March 3, 2014 (the "Subpoena"), on Lawrence Ferrara, Ph.D. ("Ferrara") for the matter of *Williams v. Bridgeport Music, Inc.*, Civil Action No. CV13-6004-JAK, proceeding in the Central District of California (the "California Action"). Based on the conclusions set forth below, Counter-Claimants' motion is granted.

**Prior Proceedings**

The California Action is an action for declaratory relief, with a related counterclaim for copyright infringement (the "Counterclaim"), concerning two songs performed by Thick, including the 2013 pop phenomenon "Blurred Lines." The Gayes contend that the two songs by Plaintiffs infringe two compositions written by Marvin Gaye in which the Gayes claim an ownership interest, and that "Blurred Lines" "copies" the Marvin Gaye 1977 chart-topping song "Got to Give It Up."

2

In the summer of 2013, the Gayes heard "Blurred Lines" and believed the song was a copy of "Got to Give It Up." To analyze the songs, they turned to an expert, Ferrara, who is a musicologists that resides in New York. On or about July 18, 2013, Anthony Kyser ("Kyser"), the Director and CEO of All Things Marvin Gaye Limited ("ATMG Ltd."), a company owned by the Gayes and Marvin Gaye III, (Kyser Decl. ¶ 2), and Jan Gaye ("Jan Gaye"), the Gayes' mother, contacted Ferrara to analyze the similarities between the two musical hits from different eras. (Ferrara Decl. ¶¶ 2-3). On or about July 19, 2013, Ferrara provided a preliminary consulting expert report (the "Ferrara Report"). (*Id.* ¶ 4).

The population of the musicology industry is small, and within a week of Ferrara providing the Ferrara Report, Plaintiffs contacted him to obtain his services as their own expert in the California Action. (*Id.* ¶¶ 6-7). Because he had already been retained as an expert for the Gayes, Ferrara informed Plaintiffs that he had a conflict. (*Id.*).

On March 3, 2014, Ferrara was served with the Subpoena. The Subpoena seeks Ferrara's files on his analysis performed "on behalf or at the request of Frankie Christian

3

Gaye, Nona Marvisa Gaye, and/or Marvin Gaye III, or anyone acting on their behalf" regarding "Got to Give It Up" and "Blurred Lines." (Miller Decl. Ex. A). Subsequent to the service of the Subpoena, the parties met in a couple of meet and confer sessions to discuss various matters related to the Subpoena. On April 4, 2014, the Gayes sent a letter to Plaintiff identifying Ferrara as a consulting expert and provided a privilege log; various emails from the Gayes also explained that the Ferrara Report was ordered on behalf of the Counter-Claimants by those aligned with them and not shared with any unrelated third parties. (Busch Decl. ¶ 6; Duvall Decl. ¶ 6).

The Gayes filed the instant motion to quash in Part 1 on March 18, 2014. Oral arguments were held and the matter was marked fully submitted on April 16, 2014.

**The Motion To Quash Is Granted**

Federal Rules of Civil Procedure 26(b)(4)(D) provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to

be called as a witness at trial" unless as provided under Rule 35(b) or the party shows "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D) (2010). Rule 26(b)(4)(B), recently amended in 2010 (the "2010 Amendments"), designates drafts or other disclosures that may otherwise be required under Rule 26(a)(2) as work product.[1]

Counter-Claimants contend that Rule 26 protects the identities of retained consulting experts as privileged unless they are designated to testify and, thus, the Subpoena must be quashed. The 1970 Advisory Committee's Notes appeared to have adopted this view in what was then Rule 26(b)(4)(B) (and now Rule 26(b)(4)(D)), when it noted that "a party may on a proper showing require the other party to name experts retained or specially employed, but not those informally consulted." See 1970 Advisory Committee's Notes on Fed. R. Civ. P. 26. Prior to the 2010 Amendments, other courts outside of this Circuit have held to this reading of Rule 26(b)(4), see, e.g., Ager v. Jane C. Stormont Hospital and Training School for Nurses, 622 F.2d 496, 500-01 (10th Cir. 1980) (Rule 26 precludes "discovery of the identity and other collateral information concerning experts

---

[1] New Rule 26(b)(4)(B) provides: "Trial-Preparation Protection for Draft Reports or Disclosures. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B) (2010).

consulted informally"); *MacGillivray v. Consolidated Rail Corp.*, Civ. A. No. 91-0774, 1992 WL 57915, at *3 (E.D. Pa. March 17, 1992) ("[I]dentifying information concerning experts informally consulted, but not retained or specially employed, is not discoverable.") (quoting *ARCO Pipeline Co. v. S/S Trade Star*, 81 F.R.D. 416, 417 (E.D. Pa. 1978)), but one case in this District has held that "the identity of nontestifying experts is not exempt from disclosure," *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 Civ.5141 (GBD)(JCF), 2004 WL 1944834, at *1 (S.D.N.Y. Sept. 1, 2004).

The 2010 Amendments is silent as to whether the identity of a non-testifying expert is protected from disclosure under Rule 26(b)(4) or whether the 2010 Amendments changed Rule 26(b)(4) in way that would now preclude the protection of such information. Indeed, the 2010 Advisory Committee's Notes do not explicitly depart from the 1970 Committee's Notes, it only adopts work-product privilege to experts. The 2010 Amendments retained prior Rule 26(b)(4)(B) as Rule 26(b)(4)(D). *See* 2010 Advisory Committee's Notes on Fed. R. Civ. P. 26 ("Former Rules 26(b)(4)(B) and (C) have been renumbered (D) and (E)."); *Higher One, Inc. v. TouchNet Information Systems, Inc.*, No. 13-mc-6020 CJS, 2014 WL 702118, at *6 n.17 (W.D.N.Y. Feb. 24, 2014). Accordingly, the 1970 Committee's Notes' preclusion from

discovery of the identity of an informal consulting expert remains after the 2010 Amendments.

Turning to the expert before the Court, Ferrara was initially retained by Kyser and Jan Gaye to consult on a litigation that Counter-Claimants anticipated they would file. This anticipated suit ultimately culminated in the Counter-Claimants' Counterclaim in the California Action. Jan Gaye is the Gayes' mother and was designated by the Gayes to work with Kyser to procure the Ferrara Report. (Janis Gaye Decl. ¶¶ 9-12). Kyser, as previously noted, is the Director and CEO of ATMG Ltd., a company concerned with Martin Gaye's legacy. (Kyser Decl. ¶ 2). Plaintiffs contend Counter-Claimants waived any work-product privilege afforded to the Ferrara Report by having Jan Gaye obtain the report. Notwithstanding the question of whether Jan Gaye is a third party, in attorney work-product analysis of disclosures to third parties, an appropriate analogy given the adoption of attorney work-product protection from Rules 26(b)(3)(A) and (B) in Rule 26(b)(4)(B), work-product protection is not necessarily waived by disclosure to third parties. *In re Pfizer Inc. Sec. Litig.*, No. 90 Civ. 1260(SS), 1993 WL 561125, at *6 (S.D.N.Y. Dec. 23, 1993). "Rather, the courts generally find a waiver of the work product privilege only if the disclosure substantially increases the opportunity

7

for potential adversaries to obtain the information." *Id.* (internal quotation marks omitted). The work product doctrine policy goals of encouraging zealous advocacy, protecting privacy and preventing fishing expeditions is consistent with extending the protection to prevent compelled disclosures from a party sharing common litigation interests. *See Hickman v. Taylor*, 329 U.S. 495, 511, 67 S. Ct. 385, 393-94 (U.S. 1947); *Medinol, Ltd. V. Boston Scientific Corp.*, 214 F.R.D. 113, 115 (S.D.N.Y. 2002) ("[I]t is clear that disclosure of work product to a party sharing common litigation interests is not inconsistent with the policies of encouraging zealous advocacy and protecting privacy that underlie the work product doctrine."). In any case, the work-product doctrine applies to work product by a party or its representatives, including the "party's attorney, consultants, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b)(3)(A); *Abbo-Bradley v. City of Niagara Falls*, 293 F.R.D. 401, 406 (W.D.N.Y. 2013).

Kyser and Jan Gaye were clearly acting for the interest of the Gayes, as they were retained as representatives of the Counter-Claimants. They fall within the classification of a "party" under Rule 26(b)(4).[2] Moreover, even if Jan Gaye

---

[2] The Subpoena's own language supports this conclusion, as it requests for Ferrara's documents made "on behalf or at the request of Frankie Christian Gaye, Nona Marvisa Gaye, and/or Marvin Gaye III, or anyone acting on their

were to be classified as a third party, her interests were clearly aligned with the Gayes. Consequently, work-product protection does cover Jan Gaye's and Kyser's retention of and subsequent communication with Ferrara as well as facts known or opinions of Ferrara. Waiver of the work-product privilege afforded under Rule 26(b)(4) did not occur. Plaintiffs are not entitled to discover the identity of Ferrara as a consulting expert.

While the Gayes may not be compelled to disclose its consulting experts' identities to Plaintiffs, Plaintiffs knew of Ferrara's identity and alignment with the Gayes when it served the Subpoena. Rule 26(b)(4)(D) protects disclosure of "facts known or opinions held" by consulting experts. Fed. R. Civ. P. 26(b)(4)(D) (2010). Plaintiffs have not made any claims of "exceptional circumstances" that would allow discovery pursuant to the subsection. Thus, if privilege was properly asserted by the Gayes in this instance, and the burden is on the party asserting the privilege, see *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1897), the Subpoena must be quashed.

Plaintiffs contend that the Gayes did not properly

---

behalf."

9

assert or waived privilege when they failed to provide an adequate privilege log, that the log is temporally and substantively deficient. This is unpersuasive. Under Federal Rules of Civil Procedure 45(d)(2)(B), objection to a subpoena must be served within 14 days after the subpoena was served, but according to the Second Circuit, "[a] full privilege log may follow 'within a reasonable time' to the assertion of privilege. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (quoting *Tuite v. Henry,* 98 F.3d 1411, 1416 (D.C. Cir. 1996)). However, this District's Local Rule 26.2(c) provides that:

> Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing <u>at the time of the response to such discovery or disclosure, unless otherwise ordered by the court</u>.

S.D.N.Y. Civ. R. 26.2(c) (emphasis added). Courts have not always enforced Rule 26.2(c) stringently, and "some have limited enforcement to situations in which there was no sufficient justification for the failure to produce a log on time or to seek leave to delay." *In re Chevron Corp.*, 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010) (citing cases). In light of this conflict, the Court "considers itself free to take into account all relevant factors." *Id.* At 182.

Plaintiffs served the Subpoena on March 3, 2014. Counter-Claimants served Plaintiffs with objections to the Subpoena on March 14, 2014, including objections asserting privilege, 11 days after service of the Subpoena and within the time allotted for objections under Rule 45(d)(2)(B). The Counter-Claimants provided the privilege log on April 4, 2014. While waiting months to file a motion to quash without submitting a privilege log does not constitute reasonable time and can be waiver of privilege, see, e.g., In re Chevron Corp., 749 F. Supp. 2d at 182, the Gayes waited only 19 days after the filing of their objections to the Subpoena before submitting a privilege log. Moreover, the Gayes were concerned as to the disclosure of their retention of Ferrara as a consulting expert, a point of law that Counter-Claimants believed insulated them from having to provide a privilege log. See, e.g., Genesco, Inc. v. Visa U.S.A., Inc., NO. 3:13-0202, 2014 WL 935329, at *26 (M.D. Tenn. Mar. 10, 2014) ("Rule 26(b)(4)(D) does not require a privilege log."). Both of these factors cut against waiver. In view of these considerations, and that the delay in providing the log was not egregious, privilege was not waived by the Gayes when it provided the privilege log on April 4, 2014. See Netjumper Software, L.L.C. v. Google, Inc., No. M19-138, 04-70366CV, 2005 WL 3046271, at *3 (S.D.N.Y. 2005) ("[O]nly

11

'flagrant' violations of these rules should result in a waiver of privilege.").

Plaintiffs' objection over the substance of the privilege log also does not compel a finding of waiver. Discovery from Ferrara is not permitted under Rule 26(b)(4)(D). This has been sufficient in the past to deny a finding of waiver even when a privilege log was not produced. *See id.* (refusing to find waiver of expert privilege where privilege log was not produced because Rule 26(b)(4) precluded discovery). The privilege log provided by the Gayes provides four entries and contains information on the document, the date the document was created, a short description and the type of privilege asserted. Plaintiffs contend that the privilege log is incomplete as it does not list emails received by Ferrara. (*See, e.g.*, Kyser Decl. ¶ 5 (noting an email from Kyser to Ferrara on July 18, 2013 that is not listed in the privilege log)). Yet the relevant factors cuts against a finding of waiver, as a privilege log was produced and Rule 26(b)(4)(D) protects all facts known or opinions by a non-testifying consulting expert. *See* Fed. R. Civ. P. 26(b)(4)(D) (2010). Not requiring a party to prepare an extensive privilege log for such experts would promote efficient litigation and expeditious discovery, while a contrary holding would allow parties to play games during

12

discovery with consulting experts. Given such considerations, the substance of the privilege log was not sufficiently inadequate for a finding of waiver. Accordingly, the Gayes have timely asserted Rule 26(b)(4) protection from the Subpoena and the protection afforded by Rule 26 applies here.

## Conclusion

Based on the conclusions set forth above, Counter-Claimants' motion to quash is granted.

It is so ordered.

New York, NY
May 1, 2014

_____
ROBERT W. SWEET
U.S.D.J.