UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | | Date | July 10, 2014 |
|---|---|---|---|---|
| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. | | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   **RE PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES**

On June 13, 2014, Plaintiffs filed a motion to compel further responses to Document Request Nos. 5 and 15-19.  (Dkt. Nos. 68-69.)  On June 24, 2014, the parties filed supplemental memoranda. (Dkt. Nos. 70-71.)  This matter is appropriate for adjudication without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

*Factual Background*

Plaintiffs wrote the song "Blurred Lines" and filed a declaratory relief action on August 15, 2013.  (Complaint ¶ 6.)  Defendants Frankie Christian Gaye and Nona Marvisa Gaye (collectively, the "Gaye Defendants") contend that "Blurred Lines" violates copyrights in the song "Got to Give It Up" by Marvin Gaye.  (Count One of First Amended Counterclaims filed on October 30, 2013.)  EMI, and its successor Jobete Music Co., (collectively, "EMI") is the exclusive United States administrator for certain songs written by Marvin Gaye, including "Got to Give It Up."  (Joint Statement (JS) at 3.)

The Gaye Defendants asserted claims against EMI for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract and rescission.  (Counts Three through Six of First Amended Counterclaims.)

Specifically, the Gaye Defendants allege that EMI "initially advis[ed] the Gaye Family and/or its representatives that it heard and understood the similarities between 'Got to Give it Up' and 'Blurred Lines,' and admitt[ed] that the claim was viable."  (*Id.* ¶ 10.)  However, EMI "subsequently instruct[ed] its litigation attorney to . . . antagonistically warn[] that any lawsuit would be frivolous."  (*Id.*)  EMI "refuse[ed] to bring" the infringement claims and instead gave "strong biased support" to the plaintiffs. (*Id.* ¶¶ 10, 67.)

With respect to EMI, the Gaye Defendants represent that they "engaged in settlement discussions both before and after the filing of the Counterclaim and resolved the dispute on December 13, 2013."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | Date | July 10, 2014 |
|---|---|---|---|

| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. |
|---|---|

(JS at 4.)

### *Document Requests*

The court addresses the document requests out of order.  The joint stipulation clarifies that the motion "seeks an order compelling Defendants to produce their communications with their music publisher, EMI, concerning the infringement claims at issue in this action."  (JS at 1.)  This court interprets each document request accordingly.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "District courts have broad discretion in determining relevance for discovery purposes."  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005).

**Document Request No. 5**:  Plaintiffs have limited this request to any documents "that refer or relate to, or reflect any statements by musicologists retained by EMI, or any statements by other musicologists that were communicated to EMI, concerning whether 'Blurred Lines' includes any element of 'Got to Give It Up.'"  (JS at 10 n.3.)  The Gaye Defendants objected to the production of "documents that were part of privileged settlement discussions with the EMI entities."  (*Id.* at 4 & n.2.)

In the Joint Rule 16(b) Report filed before the settlement, EMI stated that it "first internally analyzed whether 'Blurred Lines' was an infringement of 'Got To Give It Up.'"  (Dkt. No. 48 at 5.)  EMI then "secured the opinion of an expert musicologist who similarly concluded that there was no basis for a claim of infringement."  (*Id.*)  EMI advised the Gaye Defendants "that it could not, in good faith, bring infringement claims . . . because its analysis, including expert analysis confirmed that neither work had been infringement."  (*Id.* at 6.)

To the extent that Document Request No. 5 seeks any statement by any musicologist retained by EMI concerning whether "Blurred Lines" includes any element of "Got to Give It Up," Document Request No. 5 clearly seeks documents that are directly relevant to the Gaye Defendants' claims that "Blurred Lines" infringes their copyrights, and Plaintiffs' defenses to those claims.  Plaintiffs' argument that a musicologist's opinion is irrelevant simply because that musicologist was retained by EMI is facially illogical in the context of discovery.[1]

The Gaye Defendants argue that the opinions of a musicologist retained by EMI is subject to a settlement privilege.  EMI has not objected to the production of any musicologist's opinions.

---

[1]  This court expresses no view as to the admissibility of any musicologist's opinion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | Date | July 10, 2014 |
|---|---|---|---|

| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. |
|---|---|

The Gaye Defendants do not submit a declaration that clearly states they received the musicologist opinions during the course of settlement negotiations. But even if this court assumes for purposes of this motion that the opinions were communicated during settlement negotiations, that fact would not render the opinions immune from discovery.

Federal Rule of Evidence 408 provides that "conduct or a statement made during compromise negotiations about the claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." By the same token, "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b); *see also* Advisory Committee Note to the 2006 Amendments (examples of instances when settlement-related evidence may be admissible);[2] *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161 (9th Cir. 2007) (rejecting absolute settlement privilege; "statements made in settlement negotiations are only excludable under the circumstances protected by the rule").[3]

Given that Rule 408 contemplates that a statement during settlement negotiations may become admissible, an absolute privilege against discovery would be inconsistent with Fed. R. Civ. P. 26(b). *See Board of Trustees v. Tyco International Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *Matsushita Electric Industrial Co. v. Mediatek, Inc.*, 2007 U.S. Dist. LEXIS 27437, *11-*12 (N.D. Cal. 2007); *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1171 (C.D. Cal. 1998).

Significantly, the Advisory Committee Note to the 2006 Amendments makes clear that a party cannot immunize information from discovery simply by disclosing it in settlement negotiations. This principle is analogous to the work product doctrine, which does not protect the underlying facts from discovery. *See Hamilton v. Radioshack Corp.*, 2012 U.S. Dist. LEXIS 84826, *11 (N.D. Cal. June 18, 2012) ("the work product doctrine does not protect the facts of a particular claim"); Fed. R. Civ. P. 26(b)(3). The Gaye Defendants disclosed the substance of the musicologist's and EMI's opinions in the First Amended Counterclaim filed in the public record. *See also Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (waiver occurs when party makes information public).

Plaintiffs' motion to compel is granted as to any statement by any musicologist retained by EMI, or any statement by any musicologist that was communicated to EMI by someone other than the Gaye Defendants,[4] concerning whether "Blurred Lines" includes any element of "Got to Give It Up." The

---

[2] *See also A.D. v. State of California Highway Patrol*, 712 F.3d 446, 460-61 (9th Cir. 2013) (calculation of attorneys fees).

[3] The Gaye Defendants urge the same policy concerns that were rejected in *Rhoades.*

[4] To the the Gaye Defendants may have given EMI a musicologist's report, the court will consider that issue in connection with Document Request Nos. 15-16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. | | |

Gaye Defendants shall produce any nonprivileged document that refer or relate to, or that reflect those statements.  In all other respects, Plaintiffs' motion is denied.

> **Document Request Nos. 17-18**:  These requests seek documents that reflect the Gaye Defendants' allegations that EMI "initially advis[ed] the Gaye Family and/or its representatives that it heard and understood the similarities between 'Got to Give it Up' and 'Blurred Lines,' and admitt[ed] that the claim was viable."  (First Amended Counterclaim ¶ 10.)

> The Gaye Defendants again assert a settlement privilege.  Like the attorney-client privilege and work product doctrine, any protection for settlement negotiations can be waived.  *See United States v. Nobles*, 422 U.S. 225, 239 (1975) ("Like other qualified privileges, it [the work product doctrine] may be waived.").  In *Nobles*, a party sought to elicit testimony from his investigator at trial.  The Supreme Court found that the party "waived the privilege with respect to matters covered in his testimony."  *Id.*

> The Gaye Defendants disclosed the substance, in detail, of EMI's communications in paragraph 10 of the First Amended Counterclaim, which is in the public record and was served upon Plaintiffs, who are adverse parties to the Gaye Defendants.  *See Electro Sci. Indus. v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 542-43 (N.D. Cal. 1997) (disclosure of substance of privileged information in news release constitutes waiver).  Having done so, the Gaye Defendants cannot withhold production of EMI's communication itself.  *See United States v. Salerno*, 505 U.S. 317, 323 (1992) (having given its version of a privileged communication, a party cannot prevent cross examination using the communication itself) (describing *United States v. Miller*, 600 F.2d 498, 501 (5th Cir. 1979)).

> Plaintiffs' motion to compel is granted.  The Gaye Defendants shall produce the underlying communications for the allegations in paragraph 10 of the First Amended Counterclaims that EMI "initially advis[ed] the Gaye Family and/or its representatives that it heard and understood the similarities between 'Got to Give it Up' and 'Blurred Lines,' and admitt[ed] that the claim was viable."

> **Document Request No. 19**:  This request seeks the Gaye Defendants' "renowned musicologist's report" alleged in paragraph 10 of the First Amended Counterclaims.  Paragraph 10, however, does not describe the substance of this report (in contrast to the EMI communications addressed above). The document request is premature.  Plaintiffs are not entitled to this document yet for the reasons stated in *Williams v. Bridgeport Music, Inc.*, 14 Misc. 73-P1 (S.D.N.Y. May 2, 2014) (attached as Exh. A to Busch Supp. Decl.)  However, the Gaye Defendants are reminded of the deadlines for disclosure of expert reports.  (Dkt. No. 54.)

> **Document Request No. 15-16**:  These requests seek all writings exchanged between the Gaye Defendants and EMI that relate to "Blurred Lines" or whether "Blurred Lines" infringes "Got to Give It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | Date | July 10, 2014 |
|---|---|---|---|

| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. | | |

Up."  The court addresses these requests separately to the extent they are not duplicative of Request Nos. 5 and 17-18.[5]

The common interest doctrine comes into play after a party demonstrates that a particular communication is privileged.[6] *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 578 (N.D. Cal. 2007).  The doctrine applies when (1) the communication is made by separate parties in the course of a matter of common legal interest; (2) that communication is designed to further that effort; and (3) the privilege has not been waived.  *Id.*  The doctrine applies even if there is no actual litigation at the time.  *Id.*

The Gaye Defendants have not cited any case that has stretched the common interest doctrine to include adversaries in litigation, even in settlement negotiations.  "Waiver of a privilege may occur by voluntary disclosure to an adverse party during settlement negotiations, despite any agreement between the parties to keep the information confidential."  *Atari Corp. v. Sega of America*, 161 F.R.D. 417, 420 (N.D. Cal. 1994) (collecting cases; discussing scope of waiver).

The Gaye Defendants make a cryptic statement that the settlement negotiations and drafts are "irrelevant to further proceedings" in that "they pertain . . . to issues which have not yet arisen before this court (damages)."  (JS at 26, 29.)  Given that the non-expert discovery cut-off date is only three weeks away (July 31, 2014), it is unclear why the Gaye Defendants believe that damages discovery is premature.

Out of an abundance of caution, the court has concluded that an in camera review of the documents is appropriate.  It appears that the documents at issue are entries 1-5, 10-12, 25-26, 29-30, 36-51, 53-57, 59-60, 62-65, 67-69, 71, 73-78 and 81 on the privilege log.

IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED IN PART as follows:

1.    On or before July 21, 2014, the Gaye Defendants shall produce documents responsive to Document Request Nos. 5 and 17-18 to the extent set forth above.

2.    On or before July 21, 2014, the Gaye Defendants shall submit Entries 1-5, 10-12, 25-26, 29-30, 36-51, 53-57, 59-60, 62-65, 67-69, 71, 73-78 and 81 to the Clerk, Marine Pogosyan, who can be reached at (213) 894-5419.  The documents may be submitted in hard copy or electronically.  However, each document must be clearly labeled with the

[5] Contrary to the Gaye Defendants' argument, the fact that the final settlement agreement has been produced does not necessarily render the drafts irrelevant.  *See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008).

[6] The Gaye Defendants do not contend that their communications with EMI on the privilege log are protected by the attorney-client privilege.  (JS at 23-24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6004-JAK (AGRx) | Date | July 10, 2014 |
|---|---|---|---|

| Title | PHARRELL WILLIAMS v. BRIDGEPORT MUSIC INC., et al. |
|---|---|

corresponding entry number on the privilege log.  If submitted electronically, it is sufficient if each document can be accessed by a link to the corresponding entry on the privilege log.

3.      In all other respects, Plaintiffs' motion is denied.


                                                                        :

                                        Initials of Preparer    mp