| | |
|---|---|
| Paul H. Duvall (SBN 73699)<br>E-Mail: pduvall@kingballow.com<br>**KING & BALLOW**<br>6540 Lusk Blvd., Suite 250<br>San Diego, CA 92121<br>(858) 597-6000<br>Fax: (858) 597-6008<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Richard S. Busch (TN BPR 014594 (*pro hac vice*)<br>E-Mail: rbusch@kingballow.com<br>KING & BALLOW<br>315 Union Street, Suite 1100<br>Nashville, TN  37201<br>(615) 259-3456  Fax:  (615) 726-5417<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye |
| Mark L. Block (SBN 115457)<br>E-Mail: mblock@wargofrench.com<br>WARGO & FRENCH LLP<br>1888 Century Park East; Suite 1520<br>Los Angeles, CA  90067<br>(310) 853-6355<br>Fax: (310) 853-6333<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Paul N. Philips (SBN 18792)<br>E-Mail: pnp@pnplegal.com<br>The Law Offices of Paul N. Philips<br>9255 West Sunset Boulevard<br>West Hollywood, CA  90069<br>(323)813-1126 Fax:  (323) 854-6902<br>Attorney for Defendant and Counter-Claimant Marvin Gaye III |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**JOINT *EX PARTE* APPLICATION OF COUNTER-CLAIMANTS FOR AN ORDER TO SHORTEN TIME TO HEAR COUNTER-CLAIMANTS' RULE 56(d) MOTION; TO EXTEND CONSIDERATION OF AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; OR IN THE ALTERNATIVE, TO EXTEND THE DATE FOR OPPOSITION**<br><br>**[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF PAUL H. DUVALL, RICHARD S. BUSCH, JUDITH FINELL, AND DR. INGRID T. MONSON IN SUPPORT; [PROPOSED] *EX PARTE* ORDER LODGED CONCURRENTLY HEREWITH]**<br><br>Action Commenced: 08/15/2013<br>Trial Date: 02/10/2015<br>Pretrial Conference: 01/26/2015<br>Non-Expert Discovery Cutoff:  10/31/2014<br>Expert Discovery Cutoff:  12/04/2014 |

PLEASE TAKE NOTICE Defendants and Counter-Claimants Marvin Gaye III, Nona Marvisa Gaye and Frankie Christian Gaye ("The Gayes") bring this Joint *ex parte* Application under Fed. R. of Civ. P. 6(b)(1), Central District of California Local Rule 7-19, and Fed. R. of Civ. P. 56(d) to Shorten Time for a Hearing on Defendants' Rule 56(d) Motion; to Extend Consideration and Opposition to Plaintiffs' Motion for Summary Judgment; or in the alternative, to Extend the Date for Opposition.

This Joint *ex parte* Application is necessitated by Plaintiffs' filing of their Motion for Summary Judgment more than 70 days prior to the hearing date of the Motion in order to take advantage of the rules set forth by this Court's Standing Order. (Judge Kronstadt's Standing Order, at 9). Because of the timing of the filing, the Standing Order requires the Gayes to respond to Plaintiffs' Motion within 21 days without the benefit of deposing Plaintiffs' proffered expert, Ms. Wilbur, analyzing her report, or giving their experts sufficient time to analyze and rebut the new testimony.

Good cause exists to grant this Joint Application as the opposition deadline of August 12, 2014 cannot reasonably be met. Plaintiffs strategically filed the Motion to deprive the Gayes of the opportunity to complete discovery essential to drafting their Opposition, to timely designate experts, complete expert discovery within the time set by the new Scheduling Order, and to prevent the Gayes from taking discovery that is necessary to oppose Plaintiffs' Motion. Further, good cause exists to allow the Gayes to analyze Plaintiffs' expert, Sandy Wilbur's ("Ms. Wilbur") report, depose Ms. Wilbur, and afford the Gayes an opportunity for their experts to rebut Ms. Wilbur's 73-page report filed with Plaintiffs' Motion for Summary Judgment.

It is essential for the Gayes to depose Ms. Wilbur because, as this is a copyright infringement case, and this Court will rely on the first prong of the Ninth Circuit two-prong copyright infringement test. For the purposes of summary judgment, this court will analyze the extrinsic elements of the works to determine substantial similarity. *See Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). The Court will rely on the parties' expert analysis to make

- 1 -
Joint *Ex Parte* Application

this determination. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000). In order for the Gayes to adequately defend their position, they must have the ability to timely designate experts, depose Ms. Wilbur, and obtain vital information about her methodologies, how she reached her conclusions, and any inconsistencies within her report.

Plaintiffs' strategy in filing this Motion, knowing the Gayes would have a limited time to adequately respond, is patently unjust. The deadlines for disclosing experts, and conducting expert discovery, are months away. Specifically, the cutoff date for disclosing experts is October 31, 2014, 11 days after the Motion for Summary Judgment is scheduled to be heard; the cutoff date for rebuttal expert disclosures is November 10, 2014, 21 days after the Motion for Summary Judgment is scheduled to be heard; and the cutoff for *expert discovery* is December 4, 2014, 45 days after the Motion for Summary Judgment is scheduled to be heard.

Among other things, the relief sought by this Joint Application is necessary because there is insufficient time for regular noticed motion procedures because the Gayes must file their Opposition by August 12, 2014, 114 days before the Court's expert discovery cutoff date, and therefore regular noticed motion procedures must be bypassed. Further, insufficient time exists for the Gayes to bring a regularly noticed motion to address the request for the Court to hear the Gayes' 56(d) Motion because their Opposition is due to the Court in 15 days. This is not enough time for the Gayes to conduct Wilbur's deposition, rebut her testimony, and oppose Plaintiffs' Motion.

Should this Court deny the Gayes' Joint *ex parte* Application for an expedited hearing on their 56(d) Motion, the Gayes will be irreparably prejudiced. Further, Plaintiffs will *not* be prejudiced by the requested relief, which does not alter the trial schedule or discovery deadlines in this action. *See Mission Power Eng'g Co. v. Con'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (*ex parte* relief warranted where "moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures . . . [and] the moving party is without

1 fault in creating the crisis that requires *ex parte* relief."). Moreover, courts have
2 uniformly stated that early summary judgment is improper when there is a strong
3 possibility relevant information might still be discovered. *See Visa Int'l. Service Ass'n*
4 *v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

5       Public interest and the interest of justice will be served and judicial resources will
6 be conserved by addressing this relief now by granting this Joint *ex parte* Application
7 instead of waiting for the hearing on October 20. The Plaintiffs' proffered expert
8 opinion is at the crux of their defense, and therefore rebuttal of her opinion is integral to
9 the Gayes' case.

10       This Joint Application is made after a conference of counsel pursuant to Local
11 Rule 7-19. The parties participated in a meet and confer on July 25, 2014, wherein the
12 Gayes' counsel discussed their intent to file this Joint *ex parte* Application. The Gayes'
13 counsel also requested that should this Court deny the Gayes' Joint *ex parte*
14 Application, that Plaintiffs' counsel stipulate to extend the Gayes' Opposition date in
15 accordance with the Court's Standing Order, to August 29, 2014, even though this
16 extension would be insufficient for all of the reasons discussed herein. (Judge
17 Kronstadt's Standing Order, at 9).  Plaintiffs' counsel stated that he would not agree to
18 any such extension. An email summarizing the meet and confer is attached to the
19 Declaration of Paul H. Duvall ("Duvall Decl.") as Exhibit 1. On July 29, 2014, counsel
20 for the Gayes notified Plaintiffs' counsel by voice message at 8:30 a.m. that the *ex parte*
21 Application was being filed and that Plaintiffs had twenty-four hours to respond.
22 Counsel for the Gayes sent a copy of the *ex parte* documents to him via email. [Duvall
23 Decl., at ¶ 13].

24       By bringing this Joint Application, the Gayes are not acting in bad faith or
25 engaging in undue delay, and Plaintiffs will not suffer any harm should the Court
26 expedite a hearing date for the Gayes' 56(d) Motion as all discovery deadlines were
27 continued by three months. The Gayes will file their formal Rule 56(d) Motion before
28 the end of this week.

1  For the reasons stated above, the Gayes hereby apply for an Order:

2      1. Shortening time to hear the Gayes' 56(d) Motion and providing a briefing
3         schedule for the anticipated hearing;
4      2. Extending the date of Counter-Claimants' opposition and hearing on
5         Plaintiffs' Motion for Summary Judgment until the Rule 56(d) motion can
6         be heard; and/or
7      3. In the alternative, if the Court does not grant an order for a Rule 56(d)
8         hearing, granting the Gayes an extension for the date the Opposition is due
9         until sometime after expert disclosures are due and a reasonable time for
10        expert discovery has occurred.

11     This Joint *ex parte* Application shall be based on this Joint Application, the Joint
12 Memorandum of Points and Authorities in support thereof, the Declaration of Paul H.
13 Duvall in support thereof, the Declaration of Richard S. Busch in support thereof, the
14 Declaration of Judith Finell in support thereof, the Declaration of Dr. Ingrid T. Monson
15 in support thereof, the complete files and records herein, and on such further oral and
16 documentary evidence as this Court may consider.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  This Joint Application and all supporting documents will be served on Plaintiffs'
2  counsel, Howard King, King, Holmes, Paterno & Berliner, LLP, 1900 Avenue of the
3  Stars, 25th Floor, Los Angeles, CA 90067, (310) 282-8915, via email at
4  hking@khpblaw.com.

Dated: July 29, 2014  Respectfully submitted,

**KING & BALLOW**

By: /s/ Richard S. Busch
RICHARD S. BUSCH

By: /s/ Paul H. Duvall
PAUL H. DUVALL

**WARGO & FRENCH, LLP**

By: /s/ Mark L. Block
 MARK L. BLOCK

*Attorneys for Counter-Claimants*
*Nona and Frankie Gaye*

**THE LAW OFFICES OF PAUL N. PHILIPS**

By: /s/ Paul N. Phillips
 PAUL N. PHILIPS
*Attorney for Counter-Claimant*
*Marvin Gaye III*