1 | Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
2 | **KING & BALLOW**
6540 Lusk Blvd., Suite 250
3 | San Diego, CA 92121
(858) 597-6000
4 | Fax: (858) 597-6008
Attorneys for Defendants and
5 | Counter-Claimants Frankie
Christian Gaye and Nona Marvisa
6 | Gaye

7 | Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
8 | **WARGO & FRENCH LLP**
1888 Century Park East, Suite 1520
9 | Los Angeles, CA 90067
(310) 853-6355
10 | Fax: (310) 853-6333
Attorneys for Defendants and
11 | Counter-Claimants Frankie
Christian Gaye and Nona Marvisa
12 | Gaye

Richard S. Busch (TN BPR 014594 (*pro hac vice*)
E-Mail: rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456  Fax: (615) 726-5417
Attorneys for Defendants and Counter-Claimants
Frankie Christian Gaye and Nona Marvisa Gaye

Paul N. Philips (SBN 18792)
E-Mail: pnp@pnplegal.com
The Law Offices of Paul N. Philips
9255 West Sunset Boulevard
West Hollywood, CA 90069
(323)813-1126 Fax: (323) 854-6902
Attorney for Defendant and Counter-Claimant
Marvin Gaye III

13
## UNITED STATES DISTRICT COURT
14
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 | PHARRELL WILLIAMS, an
individual; ROBIN THICKE,
an individual; and CLIFFORD
16 | HARRIS, JR., an individual,

17 | Plaintiffs,

18 | vs.

19 | BRIDGEPORT MUSIC, INC.,
a Michigan corporation;
20 | FRANKIE CHRISTIAN
GAYE, an individual;
21 | MARVIN GAYE III, an
individual; NONA MARVISA
22 | GAYE, an individual; and
DOES 1 through 10, inclusive,
23
24 | Defendants.

CASE NO. CV13-06004-JAK (AGRx)
Hon. John A. Kronstadt, Ctrm 750

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF JOINT
*EX PARTE* APPLICATION FOR AN
ORDER TO SHORTEN TIME TO HEAR
COUNTER-CLAIMANTS' RULE 56(d)
MOTION; TO EXTEND CONSIDERATION (
AND OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT; OR
IN THE ALTERNATIVE, TO
EXTEND THE DATE FOR OPPOSITION**

**JURY TRIAL DEMANDED**

Action Commenced: 08/15/2013
Trial Date: 02/10/2015
Pretrial Conference: 01/26/2015
Non-Expert Discovery Cutoff: 10/31/2014
Expert Discovery Cutoff: 12/04/2014

25
26 | AND RELATED
COUNTERCLAIMS

27

28

1
2

# TABLE OF CONTENTS

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.    INTRODUCTION AND PROCEDURAL BACKGROUND.......................................................................... 1

II.   LEGAL ANALYSIS.......................................................................... 5

      A. *EX PARTE* APPLICATION.......................................................... 5

             i.    The Gayes Will Suffer Irreparable Prejudice Absent Granting of *Ex Parte* Relief.................................................. 5

             ii.   The Gayes Did Not Create The Need For *Ex Parte* Relief.......................................................................... 7

      B. THE GAYES WILL PREVAIL ON THEIR RULE 56(d) MOTION.......................................................................... 8

             a.    The Gayes Must Analyze and Depose Plaintiffs' Expert Witness and Report.................................. 10

             b.    The Facts the Gayes Seek Exist........................................ 11

             c.    Time to Contest Ms. Wilbur's Deposition is Essential to Refute Summary Judgment........................... 11

                    i. This Application is Timely........................................ 12

                    ii. Discovery Sought is Specific.................................... 12

                    iii. Ms. Wilbur's Report is Relevant.............................. 13

                    iv. The Facts the Gayes Seek Exist.............................. 13

             d. *Ex Parte* Notice Has Been Provided to Plaintiffs.................. 13

      III. CONCLUSION.......................................................................... 14

1

# TABLE OF AUTHORITIES

2

## Cases

3

4   *British Airways Board v. Boeing Co.,* 585 F.2d 946 (9th Cir. 1978).................................. 10

5
    *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes*
6       *of Fort Peck Reservation,* 323 F.3d 767 (9th Cir. 2003)........................................ 9-11

7
    *Capital Bank PLC v. M/Y Birgitta,* Case No. CV 08-5893 PSG,
8       2010 WL 2132473, at *1 (C.D. Cal. May 24, 2010).............................................. 5

9
    *Celetox Corp. v. Catrett,* 477 U.S. 317 (1986)................................................... 6, 12
10

11  *Chalawsky v. Wayne,* No. 2:14–cv–02769–CAS,
        2014 WL 2094334, at *1 (C.D. Cal. May 19, 2014)............................................ 4, 11
12

13  *Family Home and Fin. Ctr. v. Fed. Home Loan Mortg. Corp.,*
        525 F.3d 822 (9th Cir. 2008).................................................................... 9
14

15  *F.D.I.C. v. Faigin,* No. CV 12–03448 DDP, 2014 WL 2465145, at *1
        (C.D. Cal. June 2, 2014) ..................................................................... 8,9,11
16

17  *Garrett v. City & Cnty. of San Francisco,*
        818 F.2d 1515, 1518 (9th Cir. 1987) ......................................................... 11
18

19  *Harris v. United States,* 132 F.App'x 183 (9th Cir. 2005) ................................ 3

20  *Metabolife Int'l, Inc. v. Wornick,* 264 F.3d 832 (9th Cir. 2001) ........................ 8

21
    *Mission Power Eng'g Co. v. Cont'l Cas. Co.,*
22      883 F. Supp. 488 (C.D. Cal. 1995)    .................................................. 5, 10

23
    *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan,*
24      662 F.2d 641(9th Cir. 1981)................................................................. 5, 10

25
    *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.,* 634 F.2d 1188 (9th Cir. 1980) .............. 10
26

27  *Rice v. Fox Broad. Co.,* 330 F.3d 11704 (9th Cir. 2003),
        rev'd on other grounds, 330 F.3d 1170 (9th Cir. 2003)........................................ 3, 9
28

# TABLE OF AUTHORITIES, cont.

## *Cases*

*Segal v. Rogue Pictures*, 544 F.App'x 769 (9th Cir. 2013) ........................................ 3

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*,
562 F.2d 1157 (9th Cir. 1977)....................................................................... 3

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) ........................................ 3, 9

*State of California, on Behalf of California*
*Dep't of Toxic Substances Control v. Campbell*,
138 F.3d 772 (9th Cir. 1998).................................................................. 9

*Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004) ........................................ 3, 9

*Tatum v. City & County of San Francisco*,
441 F.3d 1090 (9th Cir. 2006)............................................................... 12, 13

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000) ............................................................. 3

*Visa Intern. Service Ass'n v. Bankcard Holders of Am.*,
784 F.2d 1472 (9th Cir. 1986) ............................................................. 12,13

## STATUTES

Fed. R. Civ. P. 56(d)..................................................................... 1, *passim*

Fed. R. Civ. P. 56(f) ...................................................................... 5, 11

Fed. R. Civ. P. 26 ......................................................................... 3

# I.        INTRODUCTION AND PROCEDURAL BACKGROUND

Counter-Claimants Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III (the "Gayes") hereby move by Joint *ex parte* Application to Shorten Time to Hear Counter-Claimants' Rule 56(d) Motion and to Defer Consideration of and Opposition to Plaintiffs' Motion for Summary Judgment; or in the Alternative to Extend the Date of Opposition. The Gayes assert that the Motion for Summary Judgment is premature and that, in accordance with Rule 56(d), they should be afforded time to obtain facts necessary to further support their opposition.[1]

On June 17, 2014, Plaintiffs' counsel emailed the Gayes' counsel requesting a meet and confer in order to discuss a potential motion for summary judgment. (Declaration of Richard S. Busch ("Busch Decl."), at ¶ 3; Exhibit 1 to Busch Decl.). The Gayes' counsel notified Plaintiffs' counsel that although he would meet and confer in person, he also intended to object to the motion as premature because discovery had not yet been completed, and the Gayes had not had yet been able to depose Plaintiffs' experts. (*Id.*).

On June 25, 2014, the Gayes' counsel received another email from Plaintiffs' counsel, this time proposing the parties stipulate to continue all scheduling order dates by 90 days. (Busch Decl. at ¶ 4; Exhibit 2 to Busch Decl.). Plaintiffs' counsel not only stated that it would give both parties more time to conduct discovery, but also specifically stated that:

> **It would make sense to give ourselves more time for the remaining discovery and to put off the time and expense of expert discovery until after the mediation.**

(Exhibit 2 to Busch Decl.).

The Gayes agreed to Plaintiffs' request, not knowing at the time that the real reason for the request was so Plaintiffs would be able to blindside the Gayes with a Motion for Summary Judgment before expert reports were even exchanged and would

---

[1] The formal Rule 56(d) Motion and supporting material will be filed by the end of this week at the latest.

JOINT MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT

1   attach to their Motion a 73-page report by an expert that was never revealed to the
2   Gayes', and accordingly, never deposed by them. (*Id.* at ¶ 5).[2] Counsel for the Gayes
3   believed instead that Plaintiffs' counsel agreed that a motion for summary judgment
4   would be premature before expert reports were exchanged and expert discovery
5   occurred. [*Id.*]. On July 9, 2014, the Court issued the new Scheduling Order pursuant to
6   the parties' stipulated 90-day extension. (*See id.*; Dkt. No. 78 at 2).

7       On July 22, 2014, Plaintiffs filed a Motion for Summary Judgment, or in the
8   Alternative, Partial Summary Judgment ("Plaintiffs' Motion"), with a hearing set for
9   October 20, 2014.  Pursuant to this Court's revised Standing Order revised on June 9,
10  2014, "[a]ny motion that is filed and set for a hearing more than 70 days from the date of
11  the filing of the motion shall be briefed according to the following schedule, unless a
12  stipulation is filed . . . any opposition must be filed no later than 21 days after the filing
13  of the motion. . . ." In accordance with this rule, the filing deadline for the Gayes'
14  Opposition to Plaintiffs' Motion is August 12, 2014. It is clear to the Gayes that
15  Plaintiffs not only planned to file this Motion at the time in order to prevent the Gayes
16  from being able to review and dissect the expert report or depose the expert but also to
17  create the shortest period for the Gayes' response.

18      The Plaintiffs' Motion is almost entirely based on the declaration of their
19  proffered musicologist expert, Sandy Wilbur ("Ms. Wilbur"). This is the first time
20  Plaintiffs have revealed the identity of their expert and her opinions. Because this is the
21  first time the Gayes have seen Ms. Wilbur's opinion, or even learned the name of
22  Plaintiffs' proffered expert witness, the Gayes have neither had an opportunity to depose
23  Ms. Wilbur nor have the Gayes' experts had an opportunity to review, analyze, and rebut
24  her 73-page report. (*See id* at ¶ 7.)

25      In determining whether two works are substantially similar, the Ninth Circuit
26  applies a two-part analysis: an objective extrinsic test and a subjective intrinsic test.

27
28  [2] Under the original Scheduling Order, initial expert disclosures would have been exchanged by October 31, 2014, after which expert discovery would have been conducted.

1  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) (quoting *Sid & Marty*
2  *Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977)
3  *superseded by statute* as stated in *Segal v. Rogue Pictures*, 544 F.App'x 769 (9th Cir. 2013).

4      For the purposes of summary judgment, *only the analytical extrinsic test is*
5  *important* because the subjective question of whether works are intrinsically similar
6  must be left to the jury. *See Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004); *Rice v.*
7  *Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003), *rev'd on other grounds*, 330 F.3d
8  1170 (9th Cir. 2003)); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). This Ninth
9  Circuit two-part analysis sets forth why it is imperative that the Gayes not only depose
10  Ms. Wilbur, but have sufficient time for their experts to review, analyze, and respond to
11  her report.   The testimony of all experts is particularly important in a copyright
12  infringement case, as the expert reports are what the Court will primarily rely on in
13  making its ruling. To compel the Gayes to file an opposition long before the date to
14  designate experts has even arisen would be inappropriate and prejudicial.

15      "The disclosure requirements under Rule 26 exist so that each party has time
16  before trial to depose the other party's experts." *Harris v. United States*, 132 F.App'x
17  183, 185 (9th Cir. 2005). Although the Gayes received Ms. Wilbur's report with the
18  filing of the Motion, the mere provision of a report under onerous deadlines, with
19  knowledge that those deadlines afford an opportunity for only cursory review, does not
20  serve a party's absolute right to effectively evaluate that report, depose the reporting
21  expert, or obtain other expert opinions in view of the expert's testimony. *Id*. Again, as
22  the time for expert disclosures has not even arisen, the Gayes should be permitted to
23  analyze the proffered expert's report, depose her, and provide additional experts of their
24  own.

25      The Court's date for expert designations is October 31, 2014, and the cutoff for
26  expert discovery is December 4, 2014, which is 114 days after the Gayes' Opposition to
27  Plaintiffs' Motion for Summary Judgment is due. (DE 78 at 2). Fed. R. Civ. P.
28  56(d) provides the applicable legal standard for determining whether a court may defer

considering a motion for summary judgment where the non-moving party asserts that "it cannot present facts essential to justify its opposition." *Chalawsky v. Wayne*, No. 2:14–cv–02769–CAS, 2014 WL 2094334, at *1 (C.D. Cal. May 19, 2014). Counter-Claimants respectfully request that the Court hold a Rule 56(d) hearing to determine the time necessary to respond to the Motion for Summary Judgment.

Plaintiffs effectively usurped the power to control the Court's Scheduling Order by attempting to shorten the time within which the Gayes' could depose Ms. Wilbur or submit her report to other experts for analysis. Plaintiffs knew it would be impossible for the Gayes' to obtain the essential information needed to adequately oppose their Motion by advancing the date before the scheduled designation of expert witnesses or the close of expert discovery.

Plaintiffs' premeditated actions have deceptively capitalized on the Gayes' generosity in stipulating to extend all scheduling order dates by 90 days. Plaintiffs' calculated actions, in extending the date for expert discovery while at the same time filing a motion leaving little time to respond, is a thinly veiled attempt to prevent the Gayes from showing how weak Plaintiffs' arguments truly are.

The Gayes have experts retained and they are prepared to fully support the Gayes' case. In light of the extension of the Initial Expert Disclosures date of October 31, 2014, the Gayes' reports are not ready to be filed at this time. Furthermore, while these experts are prepared to rebut Ms. Wilbur's declaration, 21 days is not sufficient, and both the Gayes' experts and the Gayes should not be required to do so without the benefit of a deposition testing her opinions. The experts have stated that it will take them each approximately four weeks to complete their review, analysis, and response to Ms. Wilbur's report. [Declaration of Judith Finell ("Finell Decl"), at ¶ 7; Declaration of Dr. Ingrid T. Monson ("Monson Decl"), ¶ at 9]. Furthermore, deposing Ms. Wilbur and analyzing her report and testimony may require the Gayes to bring in additional experts. If the Gayes are prevented from gathering information from Ms. Wilbur and from having time to adequately rebut her assertions, Plaintiffs' expert report will sit uncontroverted

- 4 -

1  before the Court. This would be the equivalent of denying a party the opportunity to
2  cross-examine a witness during a trial. Given the highly time-sensitive nature of the Rule
3  56(d) Motion, the Gayes require an expedited opportunity for the Court to schedule and
4  hear this Motion.

5  **II.    LEGAL ANALYSIS**

6      **A.    *EX PARTE* APPLICATION**

7      "The law on *ex parte* application is well-settled in this circuit, and in order to
8  justify *ex parte* relief, the moving party must establish (1) that its cause will be
9  irreparably prejudiced if the underlying motion is heard according to a regular noticed
10 motion procedures; and (2) that it is without fault in creating the crisis that requires *ex*
11 *parte* relief . . . ." *Capital Bank PLC v. M/Y Birgitta*, Case No. CV 08-5893 PSG, 2010
12 WL 2132473, at *1 (C.D. Cal. May 24, 2010); *see Mission Power Eng'g Co. v. Cont'l*
13 *Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

14     Upon review of this Court's calendar, the first available date for a noticed motion
15 on the application of Rule 56(d) to this proceeding is October 27, 2014, seven days after
16 this Court is set to hear Plaintiffs' Motion. Should the Court deny the Gayes' Joint *ex*
17 *parte* Application, the Gayes' Opposition to Plaintiffs' Motion will be due before a
18 hearing on the 56(d) Motion, rendering the Gayes' necessity for relief under 56(d)
19 moot. For the foregoing reason, the Gayes cannot rely on a regularly noticed motion to
20 address their claims under Rule 56(d).

21     i.  **The Gayes Will Suffer Irreparable Prejudice Absent Granting Of *Ex***
22       **_Parte_ Relief**

23     The Gayes have good cause to seek the requested relief *ex parte* because they
24 will be irreparably prejudiced if required to file their Rule 56(d) Motion according to
25 the regular noticed procedures. The United States Supreme Court directed that Rule
26 56(f) (now Rule 56(d))[3] is the appropriate vehicle to prevent a party from prevailing

27

28 [3] On December 1, 2010, the Federal Rules of Civil Procedure was amended. The amendment renumbered and revised the former text of Rule 56(f) to become Rule 56(d).

1  with a premature motion for summary judgment before the nonmoving party has had
2  the opportunity to develop facts through discovery. *See Celetox Corp. v. Catrett*, 477
3  U.S. 317, 326 (1986). The Gayes first received Plaintiffs' expert report and learned the
4  proffered expert's identity with Plaintiffs' Motion on July 22, 2014.

5       Should this Court deny the Gayes' relief, they will be forced to file their
6  Opposition on August 12, 2014, 80 days before expert disclosures are even due, and
7  114 days before this Court's expert discovery cutoff. (DE 78 at 2). The Gayes will have
8  to file their Opposition without the opportunity to conduct the discovery necessary to
9  rebut Ms. Wilbur's report, and without nearly enough time for the experts to fully
10 analyze and respond to the report. The basis of the Motion is Ms. Wilbur's report, and
11 for the Gayes to reply without any discovery regarding it is patently unfair. Absent
12 deposing Ms. Wilbur and consulting with other experts regarding her report before and
13 after the deposition, the Gayes will be in an unfairly compromised position.

14      Plaintiffs had the benefit and the opportunity to review the Gayes' preliminary
15 expert witness report and rebut the findings, because it was attached to the Gayes'
16 Counterclaim. The Gayes attached this preliminary analysis because they had nothing
17 to hide and did not play games with Plaintiffs. The Gayes' Counterclaim was filed on
18 October 30, 2013, and Plaintiffs have had ten months to review, analyze, and allow
19 their experts time to rebut this report. Given that the initial expert disclosure cutoff is
20 October 31, 2014, 11 days after the hearing on Plaintiffs' Motion, the Gayes have not
21 had the benefit of a similar time period for review.

22      The Gayes do not seek *ex parte* relief in fear of Plaintiffs' allegations or by belief
23 that any merit exists to support Plaintiffs' assertions, nor do the Gayes anticipate that
24 the Court will find the same. However, it *is* necessary that the Gayes be permitted to
25 timely designate experts, and conduct all discovery needed within the time allotted by
26 the Court, and, pursuant to Rule 56(d), that the Gayes be given the opportunity to obtain
27 facts essential to their Opposition. Public interest will be served and judicial resources
28 conserved by addressing the foregoing issue *ex parte* rather than waiting until October

1  27, 2014 when the Gayes will no longer benefit from the Court's review of their 56(d)
2  Motion.

3      Therefore, this Joint *ex parte* application is warranted and necessary to protect
4  the Gayes' legal rights.

5          ### ii.  The Gayes Did Not Create The Need For *Ex Parte* Relief

6      The Gayes' did not create the need for *ex parte* relief. Plaintiffs made a
7  calculated decision to file their Motion more than 70 days from the hearing date
8  knowing that according to this Court's Standing Order, the Gayes would have
9  inefficient time to oppose. (*See* Judge Kronstadt's Standing Order, at 9-10.) Plaintiffs'
10 actions are especially disheartening to the Gayes after they agreed to stipulate to a
11 continuance for all scheduling dates and discovery dates for 90 days upon Plaintiffs'
12 June 25, 2014 request. (*See* Busch Decl., at ¶ 5; Exhibit 3 to the Busch Decl.).
13 Plaintiffs' counsel specifically stated the following with respect to expert reports and
14 discovery: "It would make sense to give ourselves more time for the remaining
15 discovery and to put off the time and expense of expert discovery until after the
16 mediation." (Exhibit 2 to Busch Decl.). The Gayes agreed to continue the scheduling
17 dates in the interest of professional courtesy, and in return, Plaintiffs, by design, created
18 a situation intended to permanently damage the Gayes right to have their case decided
19 on its merits. In sum, Plaintiffs intentionally extended the discovery dates while at the
20 same time effectively preventing the Gayes from benefitting from the spirit of the Joint
21 Stipulation. (*See* Busch Decl. at ¶¶ 4-5).

22     Plaintiffs leave the Gayes with no alternative other than to request *ex parte* relief
23 from this Court to shorten time to hear a Rule 56(d) Motion and defer the Court's
24 consideration of Plaintiffs' Motion. This request is made in response to Plaintiffs'
25 premeditated attempt to deprive the Gayes a chance to have the time to adequately
26 expose the weak and fallacious conclusions outlined in Ms. Wilbur's report. Plaintiffs
27 know that given the opportunity to depose Ms. Wilbur they will expose the hollowness
28 of her assertions effectively undermining her testimony, which is the primary support of

- 7 -

1  Plaintiffs' Motion. This Court should not allow Plaintiffs to have the advantage of
2  circumventing the rules of discovery and the Court's Scheduling Order by forcing the
3  Gayes to oppose Plaintiffs' Motion on a timeline unilaterally set by Plaintiffs and not
4  the Court.

5      For the reasons stated above, the Gayes satisfy the *Mission Power* test, and their
6  request for *ex parte* relief should be granted.

7  **B.    The Gayes will prevail on their Rule 56(d) Motion**

8      Should the Court grant the Gayes' *ex* parte relief and provide an expedited date to
9  hear their 56(d) Motion, the Gayes respectfully submit that the Motion will be granted.
10 Under Fed. R. Civ. P. 56(d),"[i]f a nonmovant shows by affidavit or declaration that, for
11 specified reasons, it cannot present facts essential to justify its opposition, the court
12 may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or
13 declarations or to take discovery; or (3) issue any other appropriate order."   Given the
14 essential nature of the information sought, the Court, respectfully, must grant the
15 Motion.

16     Although Rule 56(d) "facially gives judges the discretion to disallow discovery
17 when the non-moving party cannot yet submit evidence supporting its opposition, the
18 Supreme Court has restated the rule as requiring, rather than merely permitting,
19 discovery 'where the nonmoving party has not had the opportunity to discover
20 information that is essential to its opposition.'" *F.D.I.C. v. Faigin*, No. CV 12–03448
21 DDP, 2014 WL 2465145, at *1 (C.D. Cal. June 2, 2014) (citing *Metabolife Int'l, Inc. v.*
22 *Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (Where plaintiff prevailed on a 56(d)
23 motion by presenting to the court that obtaining additional written discovery and
24 deposing defendant was essential to oppose defendant's motion).

25     In *F.D.I.C. v. Faigin*, defendants filed a motion for summary judgment on May
26 19, 2014, when according to the court's scheduling order fact discovery did not close
27 until August 30, 2014, and initial experts disclosures and reports were not due until
28 September 5, 2014. *See id.* at *1.  Plaintiff requested that the hearing date and briefing

1  schedule for Defendants' summary judgment motion be continued under Federal Rule
2  of Civil Procedure 56(d) so that it has an opportunity to conduct further discovery in
3  support of its opposition. *Id.* The court ruled that the summary judgment motion was
4  premature based on the fact-intensive nature of the motion, particularly for a motion
5  requiring such substantial fact analysis to be brought at a time when it can be expected
6  that the facts are not fully developed. *See id.*

7        Granting a Rule 56(d) Motion is warranted when the followings factors are met:
8  "(1) that they have set forth in affidavit form the specific facts that they hope to elicit
9  from further discovery, (2) that the facts sought exist, and (3) that these sought-after
10  facts are 'essential' to resist the summary judgment motion." *State of California, on*
11  *Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779
12  (9th Cir. 1998); *see Family Home and Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525
13  F.3d 822, 827 (9th Cir. 2008). District courts should grant Rule 56(d) motions when the
14  nonmoving party has not had the opportunity to discover information essential to its
15  opposition. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort*
16  *Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

17        As stated above, for the purposes of summary judgment, the Ninth Circuit
18  analyzes only the extrinsic test because the subjective question of whether works are
19  intrinsically similar must be left to the jury. *See Swirsky*, 376 F.3d at 845; *Rice*, 330
20  F.3d at 1174; *Smith*, 84 F.3d at 1218. Depriving the Gayes of the opportunity to conduct
21  all of the discovery mentioned above would be equivalent to preventing a defendant
22  from cross-examining a plaintiff's witness.  It is imperative the Gayes fully contest Ms.
23  Wilbur's report because in *this* case, a copyright infringement dispute, the Court will
24  primarily rely on the expert reports pursuant to the intrinsic 2-prong copyright
25  infringement analysis test in Ninth Circuit. *See Swirsky*, 376 F.3d at 845.

26        Similar to the facts in *F.D.I.C. v. Faigin*, Plaintiffs filed their Motion prematurely
27  as the time for expert witness disclosures has not arisen, nor will the time for expert
28  witness disclosures close for more than five months from the date of this filing.

1   Plaintiffs attached their 73-page expert report to their Motion without giving the Gayes
2   the chance to review the expert report, analyze her conclusions, or depose, and rebut her
3   findings.

4   **a. The Gayes Must Analyze And Depose Plaintiffs' Expert Witness And**
5   **Report**

6   The court in *Mission Power Eng'g Co.* noted that a party will often reference the
7   merits of the underlying motion in its *ex parte* application. *See Mission Power Eng'g*
8   *Co.*, 883 F. Supp. at 492. "Before summary judgment may be entered against a party,
9   that party must be afforded both notice that the motion is pending and an adequate
10  opportunity to respond. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*,
11  662 F.2d 641, 645 (9th Cir. 1981). Implicit in the "opportunity to respond," is the
12  requirement that sufficient time be afforded for discovery necessary to develop "facts
13  essential to justify (a party's) opposition" to the motion. *Id.*; *see* Fed. R. Civ. P. 56;
14  *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980);
15  *British Airways Board v. Boeing Co.*, 585 F.2d 946, 954 (9th Cir. 1978).

16  Instead of giving the Gayes the opportunity to fully conduct discovery with regard
17  to Ms. Wilbur, they filed this Motion knowing that the Opposition would be due on a
18  date drastically earlier than the Court's Expert Discovery Cutoff date, interfering with
19  the Gayes' "opportunity to respond" to their Motion. *See Portland Retail Druggists*
20  *Ass'n*, 662 F.2d at 645. Ms. Wilbur's report was replete with purported detailed
21  comparisons of the two songs at issue, which likely took extensive time to assess and
22  compile. The Gayes must be afforded the same opportunity that Plaintiffs had to depose
23  Ms. Wilbur, and review and rebut her assertions in order to develop "facts essential to
24  justify" the Gayes' Opposition as well as seeking other experts to rebut her claims. *See*
25  *id.*

26  The Gayes have the right to depose Ms. Wilbur, have time to analyze her report,
27  consult with their experts, and possibly obtain additional experts, in order to present
28  facts essential to their Opposition to Plaintiffs' Motion. *See Burlington N. Santa Fe R.*

*Co.*, 323 F.3d at 773; *see also Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In *Burlington N. Santa Fe R. Co.*, the court found that because defendants showed some basis for support to their claims but did not have the opportunity to develop the facts needed, it was an abuse of discretion for the district court to decide the summary judgment motion before granting the defendant's Rule 56(f) motion. The court also stated that, "Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."

### b. The Facts The Gayes Seek Exist

The Gayes are certain that given the opportunity to depose Ms. Wilbur and have time for their experts to analyze and rebut her report, that they will obtain vital information about her methodologies, how she reached her conclusions, and any inconsistencies within her report.

The deposition, analysis, and rebuttal of Ms. Wilbur's report *is* essential to the Gayes' ability to expose Plaintiffs' reliance on Ms. Wilbur's incorrect findings to the Court, a conclusion supported by the courts' findings in *Chalawsky v. Wayne*, 2014 WL 2094334, at *1, *F.D.I.C. v. Faigin*, 2014 WL 2465145, at *1, and *See Burlington N. Santa Fe R. Co.*, 323 F.3d at 773.

### c. Time To Contest Ms. Wilbur's Deposition is Essential to Refute Summary Judgment

"The cases construing Rule [56(d)][4] suggest that the denial of a Rule [56(d)] application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject

---

[4] On December 1, 2010, the Federal Rules of Civil Procedure was amended. The amendment renumbered and revised the former text of Rule 56(f) to become Rule 56(d).

1 | of outstanding discovery requests." *Visa Intern. Service Ass'n v. Bankcard Holders of*
2 | *Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986); *see Celotex Corp. v. Catrett*, 477 U.S. 317,
3 | 322 (1986) (summary judgment only appropriate after "adequate time for discovery.").

4 | Further, courts have uniformly stated that early summary judgment is improper
5 | when there is a strong possibility that relevant information might still be discovered.
6 | *See Visa Intern. Service Ass'n*, 784 F.2d at 1475. A Rule 56(d) continuance is warranted
7 | where the opposing party can "identify by affidavit the specific facts that further
8 | discovery would reveal, and explain why those facts would preclude summary
9 | judgment." *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th
10 | Cir. 2006).

11 | As discussed fully above, that is the case here. *See Tatum*, 441 F.3d at 1101.  Ms.
12 | Wilbur's report satisfies the relevancy requirements set forth under Rule 56(d) as
13 | analyzed in *Visa Intern. Service Ass'n*, 784 F.2d at 1475.

14 | ### i. This Application is Timely

15 | Plaintiffs filed their Motion on July 22, 2014 and this *ex parte* Application will
16 | be filed six days after on July 28, 2014.  Pursuant to Local Rule 7-19, the parties met
17 | and conferred on the Joint *ex parte* Application on July 25, 2014 via teleconference.
18 | (Declaration of Paul H. Duvall ("Duvall Decl"), at ¶ 4, [Busch Decl., at ¶ 8]. The
19 | Gayes' Opposition to Plaintiffs' Motion is due on August 12, 2014, 15 days after the
20 | filing of this Application, which is timely considering when the Gayes received notice
21 | of Plaintiffs' Motion. An email summary of the meet and confer is attached to the
22 | Declaration of Paul Duvall as Exhibit A. [*See* Duvall Decl., Exhibit A].  The Gayes
23 | filed this *ex parte* as soon as possible after receiving Plaintiffs' Motion.

24 | ### ii. Discovery Sought is Specific

25 | The Gayes' Joint *ex parte* Application sets forth with specificity their intent to
26 | depose Ms. Wilbur, analyze her testimony, and provide their experts with time to
27 | dispute this testimony, in order to uncover information that will lead to genuine issues
28 | of material fact, and overcome summary judgment. The Gayes also set forth that

- 12 -
JOINT MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT

1 because the expert discovery cutoff date is not until December 4, 2014, and they also
2 have the right to depose and cross-examine any other experts relevant to this
3 proceeding.

4 ### iii. Ms. Wilbur's Report is Relevant

5 Plaintiffs attached Ms. Wilbur's report to their Motion knowing that the Gayes
6 did not know her identity, had not deposed her, and had not seen her report. The
7 findings of Ms. Wilbur's report are almost entirely the basis of Plaintiffs' Motion. The
8 Gayes believe that the deposition of Ms. Wilbur will reveal and explain facts that would
9 preclude summary judgment. *See Tatum*, 441 F.3d at 1101. Ms. Wilbur's report meets
10 the relevancy standard set forth in *Visa Intern. Service Ass'n*, 784 F.2d at 1475.

11 ### iv. The Facts The Gayes Seek Exist

12 As discussed above in Section B ii, the Gayes are certain that the information
13 they can discover by deposing Ms. Wilbur, and the analysis and rebuttal testimony that
14 their experts can provide as a result, will expose the inaccuracy of Ms. Wilbur's
15 findings. If the Gayes are given the time to conduct this analysis, the findings will
16 create genuine issues of material fact for the Court to consider when ruling on
17 Plaintiffs' Motion.

18 ### d. *EX PARTE* NOTICE HAS BEEN PROVIDED TO PLAINTIFFS

19 A conference was held on July 25, 2014, pursuant to L.R. 7-19, wherein counsel
20 for the Gayes requested Plaintiffs stipulate to take their motion off calendar to provide
21 the Gayes time to complete discovery and depose Ms. Wilbur. Plaintiffs denied that
22 request. (Duvall Decl. at ¶ 4). Counsel for the Gayes then requested that, in the
23 alternative, should this Court deny the Gayes' Joint *ex parte* Application, Plaintiffs
24 grant the Gayes an extension until August 29, 2014 to file their Opposition in
25 accordance with the Court's Standing Order, (which would still be insufficient for all of
26 the reasons stated herein). (Duvall Decl. at ¶ 10). Plaintiffs' counsel denied that request
27 as well. Counsel for the Gayes then notified Plaintiffs' counsel that the Gayes will file
28 their Joint *ex parte* Application early the following week. (Duvall Decl. at ¶ 11). On

1 | July 29, 2014, counsel for the Gayes notified Plaintiffs' counsel by voice message at
2 | 8:30 a.m. that the *ex parte* Application was being filed and that Plaintiffs had twenty-
3 | four hours to respond. Counsel for the Gayes sent a copy of the *ex parte* documents to
4 | him via email. [Duvall Decl., at ¶ 13].

5 | **III.   CONCLUSION**

6 | For the foregoing reasons, this Honorable Court should grant the Gayes' Joint *ex*
7 | *parte* Application for an Order to Shorten Time to Hear Counter-Claimants' 56(d)
8 | Motion; to Defer Consideration of and Opposition to Plaintiffs' Motion for Summary
9 | Judgment; or in the alternative, to Extend the Date of Opposition.

Dated: July 29, 2014

Respectfully submitted,

KING & BALLOW

By: /s/ Richard S. Busch
RICHARD S. BUSCH

By: /s/ Paul H. Duvall
PAUL H. DUVALL

WARGO & FRENCH, LLP

By: /s/ Mark L. Block
MARK L. BLOCK

*Attorneys for Counter-Claimants*
*Nona and Frankie Gaye*

LAW OFFICES OF PAUL N. PHILIPS

By: /s/ Paul N. Philips
PAUL N. PHILIPS

*Attorney for Counter-Claimant*
*Marvin Gaye III*

- 14 -
JOINT MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT