Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
KING & BALLOW
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000
Fax: (858) 597-6008
Attorneys for Defendants and
Counter-Claimants Frankie
Christian Gaye and Nona Marvisa
Gaye

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East; Suite 1520
Los Angeles, CA 90067
(310) 853-6355
Fax: (310) 853-6333
Attorneys for Defendants and
Counter-Claimants Frankie
Christian Gaye and Nona Marvisa
Gaye

Richard S. Busch (TN BPR 014594 (*pro hac vice*)
E-Mail: rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456  Fax: (615) 726-5417
Attorneys for Defendants and Counter-Claimants
Frankie Christian Gaye and Nona Marvisa Gaye

Paul N. Philips (SBN 18792)
E-Mail: pnp@pnplegal.com
The Law Offices of Paul N. Philips
9255 West Sunset Boulevard
West Hollywood, CA 90069
(323)813-1126 Fax: (323) 854-6902
Attorneys for Defendant and Counter-Claimant
Marvin Gaye III

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**DECLARATION OF RICHARD S. BUSCH IN SUPPORT OF COUNTER-CLAIMANTS' JOINT *EX PARTE* APPLICATION FOR AN ORDER TO SHORTEN TIME TO HEAR COUNTER-CLAIMANTS' RULE 56(d) MOTION; TO EXTEND CONSIDERATION OF AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; OR IN THE ALTERNATIVE, TO EXTEND THE DATE FOR OPPOSITION**<br>**JURY TRIAL DEMANDED**<br><br>Action Commenced: 08/15/2013<br>Trial Date: 02/10/2015<br>Pretrial Conference: 01/26/2015<br>Non-Expert Discovery Cutoff: 10/31/2014<br>Expert Discovery Cutoff: 12/04/2014 |

# DECLARATION OF RICHARD S. BUSCH

I, Richard S. Busch, declare as follows:

1. The information contained in this Declaration is based upon my personal knowledge. If I am called as a witness, I am competent to testify to all matters set forth in this Declaration.

2. I am a partner in the law firm of King & Ballow and co-counsel for Counter-Claimants Nona Marvisa Gaye and Frankie Christian Gaye (the "Gayes") in the above-captioned matter.

3. On June 17, 2014, I received an email from Seth Miller, counsel for Plaintiffs. In his email, Mr. Miller informed me that he wanted to meet and confer about a potential summary judgment motion. (*See* **Exhibit 1** to this Declaration). In response to his request, I stated that I would meet and confer in person, but "we will also object because the motion is premature because it appears you intend to file it before discovery is completed and because not only have expert reports not been submitted, but we have not had the ability to depose your experts." (*Id.*)

4. On June 25, 2014, I received an email from Mr. Miller proposing that the parties stipulate to continue all scheduling order dates and cutoffs by 90 days. In this email, he states: "It would make sense to give ourselves more time for the remaining discovery and to put off the time and expense of expert discovery until after the mediation." (**Exhibit 2** to this Declaration).

5. Accepting Mr. Miller's representation that "time and expense of expert discovery" could be put off so that more time could be given to discovery, on June 27, 2014, I agreed to this request. (**Exhibit 3** to this Declaration). Of course, I was unaware that he still intended to file a summary judgment motion prior to the extended date for expert disclosures based upon his reasoning in extending those dates. In fact, based upon the statement in his June 25, 2014 email regarding expert discovery, I believed that he agreed with me that any such motion would be premature.

///

6.      Following the extension of the discovery dates, including the date to disclose experts, I provided the new dates to the experts retained by the Gayes, and advised those experts that they now had more time to prepare and finish their expert reports.

7.      Neither the identity of Ms. Wilbur, nor the contents of her 73-page report, was ever disclosed to the Gayes prior to Plaintiffs' filing of their Motion for Summary Judgment.  Not only is this filing months before the date expert disclosures are even due, but two of the experts retained by the Gayes, as shown by their attached Declarations, have advised that it will take them approximately four weeks to work their way through this 73-page report and prepare a response.

8.      My partner, Paul Duvall, and counsel for Plaintiffs, Howard King, conducted a meet and confer prior to the filing of this Motion. Following that meet and confer, Mr. Duvall summarized the call in an email, to which Mr. King responded. I then sent an email to Mr. King addressing his email, and advising that Plaintiffs' Motion for Summary Judgment was premature as the time for expert disclosures had not even occurred, and the Gayes did not have sufficient time to conduct discovery needed for a reply, among other things. (Exhibit **4** to this Declaration).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of July, 2014.

/s/ Richard S. Busch
Richard S. Busch

# EXHIBIT 1

| From: | Seth Miller [SMiller@khpblaw.com] |
|---|---|
| Sent: | Wednesday, June 18, 2014 11:56 AM |
| To: | 'Paul N. Philips' |
| Cc: | Richard Busch; Paul Duvall; Sara R. Ellis; Logan C. Marcus; Mary Hodge; Howard King; mh@pnplegal.com |
| Subject: | RE: Williams v. Bridgeport - Motion for Summary Judgment |

310-282-8989. It's the main number here. Ask the receptionist to transfer the call to me in the "large conference room." Thanks.

Seth Miller, Esq. | miller@khpblaw.com
King, Holmes, Paterno & Berliner, LLP
office: 310.282. 8915 | fax: 310.282.8903

-----Original Message-----
From: Paul N. Philips [mailto:pnp@pnplegal.com]
Sent: Wednesday, June 18, 2014 10:22 AM
To: Seth Miller
Cc: Richard Busch; Paul Duvall; Sara R. Ellis; Logan C. Marcus; Mary Hodge; Howard King; mh@pnplegal.com
Subject: Re: Williams v. Bridgeport - Motion for Summary Judgment

I can do noon tomorrow - please provide me a call-in number.

Kind regards,

Paul N. Philips

LAW OFFICES OF PAUL N. PHILIPS, APLC
Tel: (323) 813-1126
Fax: (310) 854-6902

> On Jun 18, 2014, at 8:43 AM, Seth Miller <SMiller@khpblaw.com> wrote:
>
> Noon tomorrow works fine. See you then.
>
> Paul Philips – I assume noon is fine with you. If not, let me know, and you and I can talk separately by phone at 11 AM tomorrow.  Thanks.
>
> Sent from my iPhone
>
>> On Jun 18, 2014, at 5:56 AM, "Richard Busch" <rbusch@kingballow.com> wrote:
>>
>> Seth:
>>
>> I just noticed that the location of my speech is right down the street from your office so noon as you originally proposed ends up working better for me than 11 if you are still available at that time.

1

>>
>> Sent from my iPhone
>>
>>> On Jun 17, 2014, at 7:38 PM, "Seth Miller" <SMiller@khpblaw.com> wrote:
>>>
>>> Or you can call our main number (310) 282-8989 and ask to be put through to me.  Whichever you prefer.
>>>
>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>> Berliner, LLP
>>> office: 310.282. 8915 | fax: 310.282.8903
>>>
>>>
>>> -----Original Message-----
>>> From: Seth Miller
>>> Sent: Tuesday, June 17, 2014 4:36 PM
>>> To: 'pnp@pnplegal.com'
>>> Cc: 'Richard Busch'; Paul Duvall; Sara R. Ellis; Logan C. Marcus;
>>> Mary Hodge; Howard King; mh@pnplegal.com
>>> Subject: RE: Williams v. Bridgeport - Motion for Summary Judgment
>>>
>>> Richard and I will be in a conference room here.  We'll call you from the conference room.  What number is best?
>>>
>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>> Berliner, LLP
>>> office: 310.282. 8915 | fax: 310.282.8903
>>>
>>> -----Original Message-----
>>> From: Paul N. Philips [mailto:pnp@pnplegal.com]
>>> Sent: Tuesday, June 17, 2014 3:56 PM
>>> To: Seth Miller
>>> Cc: 'Richard Busch'; Paul Duvall; Sara R. Ellis; Logan C. Marcus;
>>> Mary Hodge; Howard King; mh@pnplegal.com
>>> Subject: RE: Williams v. Bridgeport - Motion for Summary Judgment
>>>
>>> Seth:
>>>
>>> I am available to be on a call Thursday at 11:00 a.m.  Please provide a call in bridge or provide a number at which I can reach you for the conference.
>>>
>>> ---
>>> Kind regards,
>>>
>>> Paul N. Philips
>>> LAW OFFICES OF PAUL N. PHILIPS, APLC
>>> 9255 West Sunset Boulevard, Suite 920 West Hollywood, California
>>> 90069
>>> Tel: (323) 813-1126

>>> Fax: (310) 856-6902
>>>
>>>> On 2014-06-17 13:37, Seth Miller wrote:
>>>> Sounds good. 11 am on Thursday it is. See you then.
>>>>
>>>> Paul Philips - can you join us in person or by phone? If not, let
>>>> me know a time this week when you can meet and confer.
>>>>
>>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>>> Berliner, LLP
>>>> office: 310.282. 8915 | fax: 310.282.8903
>>>>
>>>> FROM: Richard Busch [mailto:rbusch@kingballow.com]
>>>> SENT: Tuesday, June 17, 2014 1:36 PM
>>>> TO: Seth Miller
>>>> CC: Paul Duvall; Sara R. Ellis; Logan C. Marcus; Mary Hodge; Howard
>>>> King; Paul N. Philips
>>>> SUBJECT: Re: Williams v. Bridgeport - Motion for Summary Judgment
>>>>
>>>> I am doing a speech in the afternoon so 11 is better. We can also
>>>> discuss mediation dates.
>>>>
>>>> Sent from my iPad
>>>>
>>>> On Jun 17, 2014, at 4:25 PM, "Seth Miller" <SMiller@khpblaw.com>
>>>> wrote:
>>>>
>>>>> That's fine. How about noon on Thursday at my office?
>>>>>
>>>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>>>> Berliner, LLP
>>>>> office: 310.282. 8915 | fax: 310.282.8903
>>>>>
>>>>> FROM: Richard Busch [mailto:rbusch@kingballow.com]
>>>>> SENT: Tuesday, June 17, 2014 1:11 PM
>>>>> TO: Seth Miller
>>>>> CC: Paul Duvall; Sara R. Ellis; Logan C. Marcus; Mary Hodge;
>>>>> Howard King; Paul N. Philips
>>>>> SUBJECT: Re: Williams v. Bridgeport - Motion for Summary Judgment
>>>>>
>>>>> I am flying to LA tomorrow afternoon. I am available Thursday late
>>>>> morning LA time
>>>>>
>>>>> Sent from my iPhone
>>>>>
>>>>> On Jun 17, 2014, at 4:02 PM, "Seth Miller" <SMiller@khpblaw.com>
>>>>> wrote:
>>>>>

>>>>> How is tomorrow afternoon around 2 pm PST?
>>>>>
>>>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>>>> Berliner, LLP
>>>>> office: 310.282. 8915 | fax: 310.282.8903
>>>>>
>>>>> FROM: Richard Busch [mailto:rbusch@kingballow.com]
>>>>> SENT: Tuesday, June 17, 2014 12:58 PM
>>>>> TO: Seth Miller
>>>>> CC: Paul N. Philips; Paul Duvall; Sara R. Ellis; Logan C. Marcus;
>>>>> Mary Hodge; Howard King
>>>>> SUBJECT: Re: Williams v. Bridgeport - Motion for Summary Judgment
>>>>>
>>>>> We will meet and confer Seth, but we will also object because the
>>>>> motion is premature because it appears you intend to file it
>>>>> before discovery is completed and because not only have expert
>>>>> reports not been submitted, but we have not had the ability to
>>>>> depose your experts.
>>>>>
>>>>> Sent from my iPhone
>>>>>
>>>>> On Jun 17, 2014, at 3:53 PM, "Seth Miller" <SMiller@khpblaw.com>
>>>>> wrote:
>>>>>
>>>>> Counsel:
>>>>>
>>>>> Plaintiffs/ Counterdefendants intend to move for summary judgment,
>>>>> or in the alternative, partial summary judgment on Plaintiffs'
>>>>> Complaint and on each of the Counterclaims filed by Frankie
>>>>> Christian Gaye, Nona Marvisa Gaye, and Marvin Gaye III, respectively.
>>>>>
>>>>> The grounds for the motion are that there is no substantial
>>>>> similarity between "Got to Give It Up" and "Blurred Lines" or
>>>>> between "After the Dance" and "Love After War."
>>>>>
>>>>> Pursuant to Local Rule 7.3, I am writing to request that you meet
>>>>> and confer with me this week to discuss the substance of the
>>>>> intended motion. Please let me know your availability. I am
>>>>> generally available tomorrow through Friday for a conference call
>>>>> to discuss the motion. How about either tomorrow afternoon or Thursday?
>>>>>
>>>>>
>>>>> Thanks,
>>>>>
>>>>> Seth
>>>>>
>>>>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
>>>>> Berliner, LLP

4

>>>>> 1900 Ave of the Stars, 25th Floor, Los Angeles, CA 90067
>>>>> office: 310.282. 8915 | fax: 310.282.8903
>

# EXHIBIT 2

| | |
|---|---|
| **From:** | Richard Busch |
| **Sent:** | Wednesday, June 25, 2014 4:43 PM |
| **To:** | Seth Miller |
| **Cc:** | Paul N. Philips; Paul Duvall; Sara R. Ellis; Logan C. Marcus; Mary Hodge; Howard King; Matt Hale |
| **Subject:** | Re: Williams v. Bridgeport - Scheduling |

I will consult with my client and let you know

Sent from my iPhone

On Jun 25, 2014, at 7:27 PM, "Seth Miller" <SMiller@khpblaw.com> wrote:

> Plaintiffs propose that the parties stipulate to continue all scheduling order dates and cutoffs by 90 days. This would move the trial to February, with all other dates moved back accordingly.
>
> At this point, the mediation is unlikely to occur before August, and a few of the depositions (e/g/. UMG, Paula Patton) will need to take place in August or later due to scheduling conflicts. It would make sense to give ourselves more time for the remaining discovery and to put off the time and expense of expert discovery until after the mediation. Let me know your thoughts.
>
> If you and Paul are amenable, I will prepare a stipulation. We should get something on file next week about the mediation. Richard – what have you learned regarding Matz's availability?
>
> Richard, btw, we agreed with Matt Hale today to continue Marvin Gaye III's deposition until July 29th. A notice of continuance will go out in due course.
>
> Thanks,
>
> Seth Miller, Esq. | miller@khpblaw.com
> King, Holmes, Paterno & Berliner, LLP
> 1900 Ave of the Stars, 25th Floor, Los Angeles, CA 90067
> office: 310.282. 8915 | fax: 310.282.8903

1

# EXHIBIT 3

| From: | Seth Miller [SMiller@khpblaw.com] |
|---|---|
| Sent: | Tuesday, July 01, 2014 3:46 PM |
| To: | 'Paul N. Philips' |
| Cc: | Richard Busch; Paul Duvall; Sherie Johnson; Sara R. Ellis; Logan C. Marcus; Howard King |
| Subject: | RE: Extension |

Great, thanks. I will get this on file today.

Seth Miller, Esq. | miller@khpblaw.com
King, Holmes, Paterno & Berliner, LLP
office: 310.282. 8915 | fax: 310.282.8903


-----Original Message-----
From: Paul N. Philips [mailto:pnp@pnplegal.com]
Sent: Tuesday, July 01, 2014 3:46 PM
To: Seth Miller
Cc: Richard Busch; Paul Duvall; Sherie Johnson; Sara R. Ellis; Logan C. Marcus; Howard King
Subject: Re: Extension

Yes Seth. Thank you for preparing.

Paul N. Philips

LAW OFFICES OF PAUL N. PHILIPS, APLC
Tel: (323) 813-1126
Fax: (310) 854-6902

> On Jul 1, 2014, at 2:16 PM, Seth Miller <SMiller@khpblaw.com> wrote:
>
> Great. Thanks.  Paul Philips -- are we good to go here?
>
> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &
> Berliner, LLP
> office: 310.282. 8915 | fax: 310.282.8903
>
>
> -----Original Message-----
> From: Richard Busch [mailto:rbusch@kingballow.com]
> Sent: Tuesday, July 01, 2014 2:14 PM
> To: Seth Miller
> Cc: Paul N. Philips; Paul Duvall; Sherie Johnson; Sara R. Ellis; Logan
> C. Marcus; Howard King
> Subject: Re: Extension
>
> Fine to file

1

>

> Sent from my iPad

>

>> On Jul 1, 2014, at 5:12 PM, "Seth Miller" <SMiller@khpblaw.com> wrote:

>>

>> Attached is a revised stipulation. I have changed the sentence about mediation to just say we anticipate a mediation in late August. The proposed order is the same one I sent on Monday.

>>

>> Unless you have any comments, please confirm today that I have your authorization to file the stipulation and order with your electronic signatures.

>>

>> Thanks.

>>

>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &

>> Berliner, LLP

>> office: 310.282. 8915 | fax: 310.282.8903

>>

>>

>> -----Original Message-----

>> From: Seth Miller

>> Sent: Monday, June 30, 2014 6:58 PM

>> To: 'Richard Busch'; Paul N. Philips

>> Cc: Paul Duvall; Sherie Johnson; Sara R. Ellis; Logan C. Marcus;

>> Howard King

>> Subject: RE: Extension

>>

>> Draft stipulation and order are attached. This will be accompanied by my declaration setting forth in more detail the points made in the stipulation. Let me know your comments.

>>

>> Richard, what dates do you have for Matz? I think that specifying a date for the mediation will reassure the court that we are working diligently to move things forward.

>>

>> Seth Miller, Esq. | miller@khpblaw.com King, Holmes, Paterno &

>> Berliner, LLP

>> office: 310.282. 8915 | fax: 310.282.8903

>>

>>

>> -----Original Message-----

>> From: Richard Busch [mailto:rbusch@kingballow.com]

>> Sent: Friday, June 27, 2014 12:29 PM

>> To: Seth Miller; Paul N. Philips; Paul Duvall; Sherie Johnson; Sara R.

>> Ellis; Logan C. Marcus; Howard King

>> Subject: Extension

>>

>> Seth: We agree to the requested extension on the dates in the scheduling order. Please prepare the stipulation.

>>

>> Sent from my iPhone

>> <Stipulation to Continue Trial and Related Dates.docx>
>
>

# EXHIBIT 4

| From: | Richard Busch |
|---|---|
| Sent: | Friday, July 25, 2014 6:55 PM |
| To: | Howard King |
| Cc: | Paul Duvall; Paul N. Philips; Seth Miller; Logan C. Marcus; Sara R. Ellis |
| Subject: | Re: Williams v. Bridgeport Meet and Confer |

Also,, contrary to what you say below, you are in complete control of when you file the motion. No person other than you is in control of that. You knew what you were doing.

Sent from my iPad

On Jul 25, 2014, at 8:52 PM, "Richard Busch" <rbusch@kingballow.com> wrote:

> I am not off base. Seth raised the extension -- not us. I have the emails. I simply agreed. Stupidly so, since I had no idea what you had up your sleeve at the time.
>
> Sent from my iPad
>
> On Jul 25, 2014, at 8:50 PM, "Howard King" <King@khpblaw.com> wrote:
>
>> You are completely off base.
>>
>> Seth met with you weeks ago and told you we were filing the motion. The extension of deadlines, which was by mutual consent in light of the fact that much of the discovery has yet to be completed, had nothing to do with the motion.
>>
>> The Court's calendar and rules dictated the hearing date and briefing schedule, not us. You give me too much credit for things I do not control.
>>
>> Howard E. King, Esq.
>> King, Holmes, Paterno & Berliner LLP
>> Telephone:  310-282-8999
>>
>> **From:** Richard Busch [mailto:rbusch@kingballow.com]
>> **Sent:** Friday, July 25, 2014 6:40 PM
>> **To:** Howard King
>> **Cc:** Paul Duvall; Paul N. Philips; Seth Miller; Logan C. Marcus; Sara R. Ellis
>> **Subject:** Re: Williams v. Bridgeport Meet and Confer
>>
>> Howard:
>>
>> I have to weigh in. It is clear to us that your request to extend discovery by 3 months was a tactical ploy, You wanted to orchestrate your motion so that it would be filed not only before expert reports were exchanged, but also more than 70 days before the hearing date to give us the least amount of time possible to reply. I would have thought It below you to play these type of games before this litigation began, but I now know otherwise (proven initially by your ill-conceived attempt to obtain our consulting expert information and now by this).
>>
>> You say below there is no requirement that expert discovery be completed before an MSJ is filed. While that may or may not be generally true, in this instance, you filed the

1

MSJ before expert reports were even exchanged, before we had any chance to digest any such reports , before we had a chance to respond, and before we had a chance to conduct any deposition of your expert in order to test their analysis. Yet, your MSJ is 90 percent based on your expert opinions. That is patently unfair, and we are entitled to the discovery mentioned above in order to respond. Clearly, you did this knowingly and with great calculation. If you were so sure of your case, you would cease with these juvenile tactics, and insulting my clients in the press (for which you should be ashamed), and litigate the case as a professional. I am truly disappointed in you.

We will be pointing all of this out to the Court in our motion and response.

Richard

Sent from my iPad

On Jul 25, 2014, at 8:28 PM, "Howard King" <King@khpblaw.com> wrote:

> Paul
>
> You are correct that I declined to take our summary judgment motion off calendar, as there is no requirement that we await completion of expert discovery before being able to pursue such a motion. I asked you what additional facts you needed to discover in order to oppose the motion. Other than needing additional input from experts (presumably beyond the 3 experts you have already consulted), you did not identify anything.
>
> You apparently declined my previous written offer of additional time to oppose the motion because I was not offering time you felt was sufficient. We believe the August 28 mediation will be more productive if we have your opposition well in advance of same.
>
> Thank you for reminding me of my deadline for responding to your ex parte motion. With Seth on vacation, I could have easily blown that deadline.
>
> Howard E. King, Esq.
> King, Holmes, Paterno & Berliner LLP
> Telephone: 310-282-8999
>
> **From:** Paul Duvall [mailto:pduvall@kingballow.com]
> **Sent:** Friday, July 25, 2014 5:29 PM
> **To:** Howard King; Paul N. Philips
> **Cc:** Richard Busch; Seth Miller; Logan C. Marcus; Sara R. Ellis
> **Subject:** FW: Williams v. Bridgeport Meet and Confer

**From:** Paul Duvall
**Sent:** Friday, July 25, 2014 3:41 PM

**To:** Logan C. Marcus
**Subject:** Williams v. Bridgeport Meet and Confer

Howard: This email confirms that I asked you to take your summary judgment off calendar in this case because my clients have not had an opportunity to complete discovery so that we can respond by August 12. We discussed the implication of Rule 56(d). I stated essentially that the scheduling order provided for expert disclosures to be served on October 31 with expert discovery closing on December 4. I said that your motion was primarily concerned with the argument of your expert and that we were entitled to have time to review her report, seek other experts and information pursuant to the scheduling order and not be forced to do so by August 12. While it appeared that you may have been willing to allow us to take your expert's deposition before the opposition was due, I informed you that FRCP 56(d) permitted our clients time to complete seeking experts and deposing experts within the Court schedule and not in the compressed time as compelled by the opposition date of your motion.

Ultimately, you said you would not withdraw or reschedule your motion. Additionally, I asked if you would stipulate to additional time for us to respond to your motion (in accordance with Judge Kronstadt's standing order) and you said no. I informed you that we would file an ex parte motion next week seeking to delay your motion until a hearing can be held regarding the effect of Rule 56(d).

While I did not inform you, I presume you are aware that the local rules require a response within 24 hours after the service of the ex parte motion. Please see Judge Kronstadt's order on the web page for Judicial Requirements.

&lt;image001.png&gt;   PAUL H. DUVALL, ESQ.
&lt;image002.jpg&gt;   KING & BALLOW LAW
                OFFICES
                6540 Lusk Boulevard, Suite 250
                San Diego, California 92121
                (858) 597-6000 (Office)
                (858) 597-6008 (Fax)
                pduvall@kingballow.com
                www.kingballow.com

*NOTE: The information transmitted is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL and/or PRIVILEGED material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you received this in error, please contact the sender*

3

*and promptly delete the material from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message.*

*IRS Circular 230 requires that we inform you that the advice contained herein is not intended to be used, and it cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.*