| | |
|---|---|
| Paul H. Duvall (SBN 73699)<br>E-Mail: pduvall@kingballow.com<br>**KING & BALLOW**<br>6540 Lusk Blvd., Suite 250<br>San Diego, CA 92121<br>(858) 597-6000<br>Fax: (858) 597-6008<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Richard S. Busch (TN BPR 014594 (*pro hac vice*)<br>E-Mail: rbusch@kingballow.com<br>**KING & BALLOW**<br>315 Union Street, Suite 1100<br>Nashville, TN 37201<br>(615) 259-3456 Fax: (615) 726-5417<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye |
| Mark L. Block (SBN 115457)<br>E-Mail: mblock@wargofrench.com<br>**WARGO & FRENCH LLP**<br>1888 Century Park East; Suite 1520<br>Los Angeles, CA 90067<br>(310) 853-6355<br>Fax: (310) 853-6333<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Paul N. Philips (SBN 18792)<br>E-Mail: pnp@pnplegal.com<br>**The Law Offices of Paul N. Philips**<br>9255 West Sunset Boulevard<br>West Hollywood, CA 90069<br>(323)813-1126 Fax: (323) 854-6902<br>Attorneys for Defendant and Counter-Claimant Marvin Gaye III |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**DECLARATION OF PAUL H. DUVALL IN SUPPORT OF COUNTER-CLAIMANTS' JOINT *EX PARTE* APPLICATION FOR AN ORDER TO SHORTEN TIME TO HEAR COUNTER-CLAIMANTS' RULE 56(d) MOTION; TO EXTEND CONSIDERATION C AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; OR IN THE ALTERNATIVE, TO EXTEND THE DATE FOR OPPOSITION JURY TRIAL DEMANDED**<br><br>Action Commenced: 08/15/2013<br>Trial Date: 02/10/2015<br>Pretrial Conference: 01/26/2015<br>Non-Expert Discovery Cutoff: 10/31/2014<br>Expert Discovery Cutoff: 12/04/2014 |

**DECLARATION OF PAUL H. DUVALL IN SUPPORT**

# DECLARATION OF PAUL H. DUVALL

I, Paul H. Duvall, declare as follows:

1. The information contained in this Declaration is based upon my personal knowledge. If I am called as a witness, I am competent to testify to all matters set forth in this Declaration.

2. I am a partner in the law firm of King & Ballow and co-counsel for Counter-Claimants Nona Marvisa Gaye and Frankie Christian Gaye (the "Gayes") in the above-captioned matter.

3. Plaintiffs filed a Motion for Summary Judgment on July 22, 2014 ("Plaintiffs' Motion").

4. Pursuant to Central District of California Rule 7-19.1, I met and conferred with Plaintiffs' counsel, Howard King, and Counter-Claimant Marvin Gaye III's counsel, Paul Philips on July 25, 2014. I asked Mr. King to take Plaintiffs' Motion off calendar to allow the Gayes adequate time to conduct sufficient discovery to oppose Plaintiffs' Motion.

5. Mr. King suggested we could schedule Ms. Wilbur's deposition. I responded that the Gayes could not be forced to hastily schedule the deposition to adhere to the truncated timeline Plaintiffs created by filing their Motion. This Court's Scheduling Order set expert discovery cutoff for December 4, 2014. (DE 78 at 2). I stated that my clients needed time to analyze the report, consult non-testifying experts, and investigate finding other experts to oppose.

6. I notified Mr. King that if he would not agree to take Plaintiffs' Motion off calendar, the Gayes intended to file an *ex parte* Application for a continuance to file a Motion under Rule 56(d).

7. Mr. King and I discussed the meaning and intention of Rule 56(d). Mr. King stated he did not believe Rule 56(d) entitled the Gayes to an extension in accordance with the Court's July 9, 2014 Scheduling Order simply because Plaintiffs filed a Motion for Summary Judgment.

8. I responded that the intent of Rule 56(d) is clear, as is the case law that supports it. If there is outstanding discovery that is pertinent to the opposition, which a party has not been able to obtain, this Court may grant a continuance for us to conduct that discovery.

9. Mr. King asked whether deposing Ms. Wilbur was the only outstanding discovery the Gayes needed to conduct. I responded that the Gayes may have additional experts to designate, as the deadline for initial expert disclosures is not until October 31, 2014. I also explained that I was unable to respond to his question because the Gayes needed time to analyze the report and determine whether they need to retain other experts to respond to Ms. Wilbur's testimony. I repeated that the Court's Scheduling Order provided the right until October 31 to designate experts and that his office initiated the request for the extension of time for all discovery, including experts.

10. Mr. King said he would not take Plaintiffs' Motion off calendar. I requested that, in the alternative, should the Court deny the Gayes' *ex parte* Application or the Gayes' 56(d) Motion, would he grant an extension for the Opposition in accordance with this Court's Standing Order, until August 29, 2014. Mr. King stated that he would not do so. (Judge Kronstadt's Standing Order, at 9).

11. I notified Mr. King that we would file our *ex parte* Application early the following week.

12. After the July 25, 2014 conference, I sent Mr. King and Mr. Philips an email summarizing the contents of our meeting and notified Mr. King that once the Gayes' *ex parte* Application is filed, he has 24 hours to file his response. A true and correct copy of this email is attached hereto as **Exhibit A**.

13. On July 29, 2014, I notified Plaintiffs' counsel by voice message at 8:30 a.m. that the *ex parte* Application was being filed and that Plaintiffs had twenty-four hours to respond. I sent a copy of the *ex parte* documents to him via email.

///

///

1 | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
2 | foregoing is true and correct. Executed this 29th day of July, 2014.

4 | /s/ Paul H. Duvall
5 | Paul H. Duvall

# EXHIBIT A

## Paul Duvall

**From:** Paul Duvall
**Sent:** Friday, July 25, 2014 5:29 PM
**To:** Howard King; Paul N. Philips
**Cc:** Richard Busch; Seth Miller; Logan C. Marcus; Sara R. Ellis
**Subject:** FW: Williams v. Bridgeport Meet and Confer

---

**From:** Paul Duvall
**Sent:** Friday, July 25, 2014 3:41 PM
**To:** Logan C. Marcus
**Subject:** Williams v. Bridgeport Meet and Confer

Howard: This email confirms that I asked you to take your summary judgment off calendar in this case because my clients have not had an opportunity to complete discovery so that we can respond by August 12. We discussed the implication of Rule 56(d). I stated essentially that the scheduling order provided for expert disclosures to be served on October 31 with expert discovery closing on December 4. I said that your motion was primarily concerned with the argument of your expert and that we were entitled to have time to review her report, seek other experts and information pursuant to the scheduling order and not be forced to do so by August 12. While it appeared that you may have been willing to allow us to take your expert's deposition before the opposition was due, I informed you that FRCP 56(d) permitted our clients time to complete seeking experts and deposing experts within the Court schedule and not in the compressed time as compelled by the opposition date of your motion.
Ultimately, you said you would not withdraw or reschedule your motion. Additionally, I asked if you would stipulate to additional time for us to respond to your motion (in accordance with Judge Kronstadt's standing order) and you said no. I informed you that we would file an ex parte motion next week seeking to delay your motion until a hearing can be held regarding the effect of Rule 56(d).

While I did not inform you, I presume you are aware that the local rules require a response within 24 hours after the service of the ex parte motion. Please see Judge Kronstadt's order on the web page for Judicial Requirements.




PAUL H. DUVALL, ESQ.
KING & BALLOW LAW OFFICES
6540 Lusk Boulevard, Suite 250
San Diego, California 92121
(858) 597-6000 (Office)
(858) 597-6008 (Fax)
pduvall@kingballow.com
www.kingballow.com

NOTE: *The information transmitted is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL and/or PRIVILEGED material. Any review, retransmission, dissemination or other use of, or taking of any*

1

action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you received this in error, please contact the sender and promptly delete the material from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message.

IRS Circular 230 requires that we inform you that the advice contained herein is not intended to be used, and it cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.