Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
KING & BALLOW
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000
Fax: (858) 597-6008
Attorneys for Defendants and Counter-
Claimants Frankie Christian Gaye and
Nona Marvisa Gaye

Richard S. Busch (TN BPR 014594)
(pro hac vice)
E-Mail: rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456  Fax: (615) 726-5417
Attorneys for Defendants and Counter-
Claimants Frankie Christian Gaye and Nona
Marvisa Gaye

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East; Suite 1520
Los Angeles, CA 90067
(310) 853-6355 Fax: (310) 853-6333
Attorneys for Defendants and Counter-
Claimants Frankie Christian Gaye and
Nona Marvisa Gaye

Paul N. Philips (SBN 18792)
E-Mail: pnp@pnplegal.com
The Law Offices of Paul N. Philips
9255 West Sunset Boulevard
West Hollywood, CA 90069
(323)813-1126 Fax: (323) 854-6902
Attorney for Defendant and Counter-Claimant
Marvin Gaye III

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt<br><br>**JOINT APPLICATION OF COUNTER-CLAIMANTS FOR ORDER TO FILE DOCUMENTS OPPOSING SUMMARY JUDGMENT UNDER SEAL**<br><br>**[Proposed] Order filed concurrently herewith]**<br><br>Date: October 20, 2014<br>Time: 8:30 a.m.<br>Ctrm: 750<br><br>Action Commenced: August 15, 2013<br>Trial Date: February 10, 2015 |

**PLEASE TAKE NOTICE** Counter-Claimants Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III (the "Gayes") bring this Joint Application pursuant

1 | to Local Rule 79-5 and the Court's Standing Order, Exhibits E and F to file Documents
2 | Opposing Motion for Judgment under seal.

3 |  The Joint Application is required because the Gayes will submit documents
4 | designated as confidential under the Protective Order to respond and defeat Plaintiffs'
5 | Motion for Summary Judgment.  The Protective Order (attached hereto as **Exhibit A**)
6 | was approved by United States Magistrate Judge Alicia Rosenberg on April 18, 2014.
7 | The Protective Order provides the opportunity for each party to designate appropriate
8 | documents and deposition testimony as confidential.  If a document or deposition
9 | transcript is designated as Confidential or Confidential—Attorney Eyes Only, then the
10 | Protective Order requires at paragraph 15 that any Court filing must be filed under seal
11 | and in compliance with Local Rule 79-5.1.  Pending the ruling on the application, the
12 | documents are lodged under seal.

13 |  The documents the Gayes intend to file under seal are:

14 |  **1.**  **Exhibit 1** to the Declaration of Richard S. Busch (see Counter-Claimants'
15 | Joint Evidence In Support Of Their Memorandum Of Points And Authorities In
16 | Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment or, in
17 | the Alternative, Partial Summary Judgment filed concurrently herewith): **Plaintiff and**
18 | **Counter-Defendant Robin Thicke's Supplemental Responses to Defendants and**
19 | **Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye's First Set of**
20 | **Interrogatories**;

21 |  **2.**  **Exhibit 1A** to the Declaration of Richard S. Busch (see Counter-Claimants'
22 | Joint Evidence In Support Of Their Memorandum Of Points And Authorities In
23 | Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment or,
24 | in the Alternative, Partial Summary Judgment filed concurrently herewith): **Plaintiff**
25 | **and Counter-Defendant Robin Thicke's Amended Supplemental Responses to**
26 | **Interrogatories Nos. 16 and 21 of Defendants and Counter-Claimants Frankie**
27 | **Christian Gaye and Nona Marvisa Gaye's First Set of Interrogatories**;

28 |

**3.**     **Exhibit 6** to the Declaration of Richard S. Busch (see Counter-Claimants' Joint Evidence In Support Of Their Memorandum Of Points And Authorities In Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment or, in the Alternative, Partial Summary Judgment filed concurrently herewith): **Transcript excerpts from the April 23, 2014 Deposition of Robin Thicke;**

**4.**     **Exhibit 7** to the Declaration of Richard S. Busch (see Counter-Claimants' Joint Evidence In Support Of Their Memorandum Of Points And Authorities In Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment or, in the Alternative, Partial Summary Judgment filed concurrently herewith): **Transcript excerpts from the April 21, 2014 Deposition of Pharrell Williams.**

**5.**     **Exhibit 16** to the Declaration of Richard S. Busch (see Counter-Claimants' Joint Evidence In Support Of Their Memorandum Of Points And Authorities In Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment or, in the Alternative, Partial Summary Judgment and the Joint Notice Of Lodging Of DVD Containing An Exhibit [(Non-paper Exhibit] To Be Filed Under Seal In Support Of Counter-Claimants' Opposition To Plaintiffs And Counter-Defendants' Motion For Summary Judgment Or, In The Alternative, Partial Summary Judgment filed concurrently herewith): **Video segments of the Depositions of Robin Thicke and Pharrell Williams.**

In this case, the plaintiffs have designated the entire deposition transcripts of the Plaintiffs Mr. Williams and Mr. Thicke as confidential. The Gayes are <u>not</u> the designating party; however, because of the terms of the Protective Order, the Gayes are required to file the deposition transcripts under seal and hereby ask the Court's permission to do so.

**6.**     Counter-Claimant's Joint Memorandum of Points and Authorities in Opposition to Plaintiffs and Counter-Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment **(un-redacted version);**

- 3 -

1       **7**: Counter-Claimants Joint Statement of Additional Material Facts (**un-redacted**
2  **version**);

3       **PLEASE TAKE FURTHER NOTICE**: The Gayes do not agree the above
4  designated documents should remain under seal.  The Gayes assert the designated
5  documents should be filed in the public record. *See Foltz v. State Farm Ins. Co.*, 331
6  F. 3d 1122 (9th Cir. 2003).  The Gayes have conducted a meet and confer session with
7  counsel for Plaintiffs regarding the confidentiality of the documents but no agreement
8  was reached.  Should the Court deny this application to seal, the Gayes respectfully
9  request the documents currently subject to the Protective Order be filed in the public
10  record.

11      Counter-Claimants will be filing a redacted version of their (1) Joint
12  Memorandum Of Points And Authorities In Opposition To Plaintiffs And Counter-
13  Defendants' Motion For Summary Judgment Or, In The Alternative, Partial Summary
14  Judgment; and their (2) Joint Statement of Additional Material Facts.

15  Dated: September 8, 2014     Respectfully submitted,
16                       KING & BALLOW

17                       By: /s/ Richard S. Busch
18                       RICHARD S. BUSCH
                         PAUL H. DUVALL
19

20                       WARGO & FRENCH, LLP

21                       By:  /s/ Mark L. Block
22                       MARK L. BLOCK
                         *Attorneys for Defendants and Counter-Claimants Nona*
23                        *and Frankie Gaye*

24
                       THE LAW OFFICES OF PAUL N. PHILIPS
25

26                       By: /s/ Paul N. Philips
                       PAUL N. PHILLIPS
27                       *Attorney for Defendant and Counter-Claimant Marvin*
28                       *Gaye III*

## CERTIFICATE OF SERVICE

I, Sherie Johnson, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 6540 Lusk Boulevard, Suite 250, San Diego, California 92121. On September 8, 2014, I served the foregoing **JOINT APPLICATION OF COUNTER-CLAIMANTS FOR ORDER TO FILE DOCUMENTS OPPOSING SUMMARY JUDGMENT UNDER SEAL** and **[PROPOSED] ORDER RE: COUNTER-CLAIMANTS' APPLICATION TO FILE DOCUMENTS UNDER SEAL** by Email and First Class Mail, postage prepaid, to the interested parties in this action, at the following addresses:

Howard E. King, Esq.
Seth Miller, Esq.
KING, HOLMES, PATERNO & BERLINER, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA  90067-4506
Attorney for Plaintiffs Pharrell Williams, Robin Thicke, and Clifford Harris, Jr.
miller@khpblaw.com
king@khpblaw.com

I declare under penalty of perjury under the laws of the State of California and the Federal Rules of Civil Procedure that the above is true and correct. Executed on September 8, 2014, at San Diego, California.

/s/Sherie Johnson
Sherie Johnson

- 1 -

# EXHIBIT   A

1 │ KING, HOLMES, PATERNO & BERLINER, LLP
   │ HOWARD E. KING, ESQ., STATE BAR NO. 77012
2 │ STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   │ ROTHSCHILD@KHPBLAW.COM
3 │ SETH MILLER, ESQ., STATE BAR NO. 175130
   │ MILLER@KHPBLAW.COM
4 │ 1900 AVENUE OF THE STARS, 25TH FLOOR
   │ LOS ANGELES, CALIFORNIA 90067-4506
5 │ TELEPHONE: (310) 282-8989
   │ FACSIMILE:  (310) 282-8903
6 │
   │ Attorneys for Plaintiffs and Counter-
7 │ Defendants PHARRELL WILLIAMS,
   │ ROBIN THICKE and CLIFFORD
8 │ HARRIS, JR. and Counter-Defendants
   │ MORE WATER FROM NAZARETH
9 │ PUBLISHING, INC., PAULA MAXINE
   │ PATTON individually and d/b/a
10 │ HADDINGTON MUSIC, STAR TRAK
   │ ENTERTAINMENT, GEFFEN
11 │ RECORDS, INTERSCOPE RECORDS,
   │ UMG RECORDINGS, INC., and
12 │ UNIVERSAL MUSIC DISTRIBUTION

13 │              UNITED STATES DISTRICT COURT

14 │       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 │ PHARRELL WILLIAMS, an            │ CASE NO. CV13-06004-JAK (AGRx)
   │ individual; ROBIN THICKE, an      │ Hon. John A. Kronstadt, Ctrm 750
16 │ individual; and CLIFFORD HARRIS,  │
   │ JR., an individual,               │ **PROTECTIVE ORDER**
17 │                                   │
   │              Plaintiffs,          │ Action Commenced: August 15, 2013
18 │                                   │
   │         vs.                       │ **DISCOVERY MATTER**
19 │                                   │
20 │ BRIDGEPORT MUSIC, INC., a         │
   │ Michigan corporation; FRANKIE     │
21 │ CHRISTIAN GAYE, an individual;    │
   │ MARVIN GAYE III, an individual;   │
22 │ NONA MARVISA GAYE, an             │
   │ individual; and DOES 1 through 10,│
23 │ inclusive,                        │
   │                                   │
24 │              Defendants.          │

25 │ AND RELATED COUNTERCLAIMS.

26 │

27 │     Upon stipulation of the parties and consideration of the representation of the

28 │ parties and the matters presented to the Court, the Court enters this Order to provide

1  for protection of the respective parties' proprietary data for purposes of discovery

2  and pre-trial in this proceeding.

3      1.    <u>Information Subject To The Protective Order</u>:  The parties seek

4  protection for, including without limitation, the following categories of confidential,

5  proprietary, and/or financial information that has not been made public and that

6  reflects or concerns the exploitation, sales, revenues, expenses, or profits from

7  exploitation of the Plaintiffs' and Counter-Defendants' sound recordings and

8  compositions "Blurred Lines" and "Love After War" or the creation of those sound

9  recordings and compositions, or concerning exploitation of the Marvin Gaye

10  compositions "After the Dance" and "Got to Give It Up" in which Defendants and

11  Counter-Claimants claim an interest:  (i) publishing statements; (ii) recording artist

12  statements; (iii) licenses and other agreements relating to exploitation of the sound

13  recording or composition; (iv) internal accounting or financial documents and

14  information relating to sales, revenue, expenses, or profits from creation or

15  exploitation of the sound recordings or compositions; (v) materials regarding

16  marketing and exploitation of the sound recordings or compositions; and (vi)

17  original master recordings, work tapes, files, agreements, and related materials

18  regarding the creation of the sound recordings or compositions.  Each of the parties

19  hereto represents to the Court in regard only to its own respective confidential

20  materials that the foregoing materials are and at all times have been maintained in

21  strict confidence by each respective party, are not publicly available, and have not

22  been disclosed to third parties except to the extent reasonably necessary for business

23  purposes under circumstances where the confidentiality of the materials would be

24  maintained, and that public disclosure of the foregoing materials, including to each

25  respective party's competitors, would cause competitive injury and prejudice due to

26  the proprietary nature of information concerning that respective party's marketing,

27  sales, exploitation, expenses, revenues, profits, financial terms of licenses and other

28  agreements, and previously unreleased music files and other materials involved in

2

1  the creation of the compositions or sound recording that have not previously been

2  made public. The foregoing is by way of example only and is not intended to limit

3  and is without prejudice to: (a) the nature or scope of materials subject to protection

4  hereunder, or the right of any party to challenge the scope of materials subject to

5  protection; (b) any party's right to challenge any other party's confidentiality

6  designation made hereunder with respect to any specific documents or information

7  produced in discovery; and (c) any party's objections to producing any specific

8  documents or information in discovery or otherwise in connection with this action.

9      2.    For the purposes of this Order, the words "document" and "documents"

10  are used in the broadest possible sense and refer, without limitation, to documents as

11  they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

12      3.    In connection with discovery proceedings in this action, the parties may

13  designate any document, thing, material, testimony, or other information derived

14  therefrom, as "Confidential" under the terms of this Protective Order. Confidential

15  information is information which has not been made public and which concerns or

16  relates to the matters described in Paragraph 1(a) and 1(b), above.

17      4.    By designating a document, thing, material, testimony or other

18  information derived therefrom as "Confidential" under the terms of this Order, the

19  party making the designation is certifying to the Court that there is a good faith basis

20  in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

21      5.    Confidential documents shall be so designated by stamping copies of

22  the document produced to a party with the legend "CONFIDENTIAL" or by cover

23  letter designation identifying the page numbers of the production that the party

24  designates as confidential. All documents produced in discovery shall be

25  sequentially numbered with no numbers repeated in a numbering sequence to be

26  agreed upon by the parties. Stamping the legend "CONFIDENTIAL" on the cover

27  of any multipage document shall designate all pages of the document as

28  confidential, unless otherwise indicated by the producing party. Responses to

1   interrogatories or requests for admissions may be designated as "CONFIDENTIAL"

2   by clearly labeling them as such in the body of the response. Any confidential

3   electronically stored information produced on magnetic disks or other computer-

4   related media may be designated as such by labeling each disk "CONFIDENTIAL"

5   prior to production. Electronic or native documents or information shall be

6   similarly labeled where practicable, and where not practicable, written notification

7   by a producing party that it is producing materials as confidential shall suffice for

8   treatment as provided herein.

9       6.    Testimony taken at a deposition may be designated as confidential by

10   making a statement to that effect on the record at the deposition or by notifying the

11   court reporter and all counsel in writing of the testimony that is designated

12   confidential no later than twenty (20) days after the date that the court reporter

13   notifies the witness and all counsel that the transcript is available for the witness to

14   review and correct. Until the expiration of the above-stated time period, the parties

15   shall treat all testimony given at the deposition as confidential. Any testimony that

16   describes a document designated as "CONFIDENTIAL" or "CONFIDENTIAL -

17   ATTORNEY'S EYES ONLY" hereunder shall be deemed to have the same

18   confidential designation as the document it describes. Upon a party identifying the

19   testimony as confidential prior to preparation of the transcript, the court reporter

20   shall prepare the transcript of the testimony in a separate binder designated as

21   confidential. Testimony designated as confidential after the transcript is prepared

22   shall be maintained as confidential, and counsel will be responsible for marking the

23   copies of the transcript in their possession or under their control as confidential in

24   accordance with the designation. Deposition testimony of the parties to this action,

25   including deposition transcripts, any videotape or other audio or audiovisual

26   recordings of depositions, and any summaries or extracts thereof, shall only be used

27   for purposes of Court hearings in this action, subject to the terms of this Order,

28

4

1    including Paragraph 15 of this Order regarding filing under seal, and shall not

2    otherwise be used or disclosed to any person for any purpose whatsoever.

3         7.    Material designated as confidential under this Protective Order, the

4    information contained therein, and any summaries, copies, compilations, abstracts,

5    or other documents derived in whole or in part from material designated as

6    confidential (hereinafter "Confidential Material") shall be used by the receiving

7    party only for the purpose of the prosecution, defense, or settlement of this action,

8    including any appeals, and for no other purpose.

9         8.    Confidential Material produced pursuant to this Protective Order may

10   be disclosed or made available only to the Court, to counsel for a party (including

11   the paralegal, clerical, and secretarial staff employed by such counsel, and in-house

12   counsel), and to the "qualified persons" designated below:

13        (a)    a party, or an officer, director, or employee of a party deemed

14   necessary by counsel to aid in the prosecution, defense, or settlement of this action;

15        (b)    experts or consultants (together with their clerical staff) retained by

16   such counsel to assist in the prosecution, defense, or settlement of this action;

17        (c)    court reporter(s) employed in this action;

18        (d)    a witness at a deposition for purposes of a deposition held in

19   connection with this action, where such Confidential Material is relevant to a subject

20   matter of which the deponent could or is likely to have knowledge;

21        (e)    the authors, senders, addressees, and copy recipients of the Confidential

22   Material; and,

23        (f)    any other person as to whom the parties in writing agree.

24        9.    Prior to receiving any Confidential Material, each "qualified person"

25   under subparagraph 8(b), above, shall be provided with a copy of this Order and

26   shall execute a nondisclosure agreement in the form of Exhibit A.  Prior to receiving

27   any Confidential Material, each "qualified person" under subparagraph 8(d), above,

28   shall be provided with a copy of this Order, and disclosing counsel shall make a

1    good faith effort to request and have the witness execute a nondisclosure agreement

2    in the form of Exhibit A. Disclosing counsel shall retain the signed copies of

3    Exhibit A in its file for at least three (3) years after termination of this action.

4         10.     Only qualified persons listed under subparagraphs 8(a) or 8(b), above,

5    who have executed the non-disclosure agreement and counsel for a party may attend

6    depositions at which Confidential Material is used or discussed.

7         11.     The parties may further designate certain discovery material or

8    testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL -

9    ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material") in the

10    manner described in paragraphs 3, 4, 5 and 6, above. Attorney's Eyes Only Material

11    is limited to extremely sensitive confidential information that has not been made

12    public, the disclosure of which to another party or non-party would create a

13    substantial risk of serious injury that could not be avoided by less restrictive means,

14    such as confidential and sensitive matters of a proprietary business or technical

15    nature that might be of value to a potential competitor of the producing party, or

16    unreleased musical or promotional materials, and which the producing party

17    contends must be protected from disclosure to other parties or third parties. The

18    "CONFIDENTIAL - ATTORNEY'S EYES ONLY" designation is intended to be

19    used sparingly, and in connection with any challenge to such designation, the burden

20    is on the designating party to show that the challenged material qualifies for

21    heightened protection as Attorneys Eyes Only Material under this Order. Attorney's

22    Eyes Only Material, and the information contained therein, shall be disclosed only

23    to the Court, to counsel for the parties (including the paralegal, clerical and

24    secretarial staff employed by such counsel), and to the "qualified persons" listed in

25    subparagraphs 8(b), 8(c), and 8(e) (provided such person is a current employee of a

26    party) above, but shall not be disclosed to a party, a witness, or to an officer, director

27    or employee of a party, unless otherwise agreed or ordered. If disclosure of

28

1  Attorney's Eyes Only Material is made pursuant to this paragraph, all other

2  provisions in this order with respect to confidentiality shall also apply.

3      12.    Nothing herein shall impose any restrictions on the use or disclosure by

4  a party of material obtained by such party independent of discovery in this action,

5  whether or not such material is also obtained through discovery in this action, or

6  from disclosing its own Confidential Material as it deems appropriate.

7      13.    Nothing herein shall be construed to affect in any manner the

8  admissibility at trial of any document, testimony or other evidence.  The parties

9  agree to meet and confer in good faith and to work out with Court appropriate

10  procedures for the use of any confidential documents designated hereunder at trial.

11      14.    Any witness or other person, firm, or entity from which discovery is

12  sought may be informed of and may obtain the protection of this Protective Order by

13  providing all parties with a declaration executed under penalty of perjury agreeing to

14  comply with and be bound by the provisions of this Order and to submit to the

15  jurisdiction of the United States District Court for the Central District of California

16  for the purpose of enforcing or otherwise providing relief relating to this Order.

17      15.    If Confidential Material, including any portion of a deposition

18  transcript designated as Confidential or Attorney's Eyes Only Material, is included

19  in any papers to be filed with the Court, such papers shall be submitted for filing

20  with the Court along with an application and proposed order to file the papers under

21  seal in compliance with Local Rule 79-5.1.  The application shall be directed to the

22  judge to whom the papers are directed.  Pending the ruling on the application, the

23  papers or portions thereof subject to the sealing application shall be lodged under

24  seal.

25      16.    If Confidential Material (including Attorney's Eyes Only Material) is

26  inadvertently disclosed to any person other than in the manner authorized by this

27  Protective Order, the person responsible for the disclosure must promptly inform the

28  designating party of all pertinent facts relating to such disclosure, shall make every

7

1    effort reasonably required to secure the return of such Confidential Material from

2    any unauthorized person who has possession of it, and shall make every effort

3    reasonably required to prevent disclosure by each unauthorized person who received

4    such Confidential Material.  The inadvertent or unintentional disclosure of any

5    Confidential Material without an appropriate designation shall not be construed to

6    be a waiver, in whole or in part, of that party's right to claim that the Confidential

7    Material should be subject to protection as Confidential Material under this Order.

8         17.    If any Confidential Material obtained, or any material derived or

9    generated therefrom, is sought through discovery from either party by any other

10   litigant in any other judicial or administrative proceeding, each party agrees to

11   immediately notify the designating party in writing so as to permit the designating

12   party to seek a protective order from the appropriate court.

13        18.    This Protective Order shall be without prejudice to the rights of the

14   parties (i) to bring before the Court at any time the question of whether any

15   particular document or information is confidential or whether its use should be

16   restricted, (ii) to seek and obtain, upon an appropriate showing, additional protection

17   with respect to the confidentiality of Confidential Material or relief from this

18   Protective Order with respect to particular designated Confidential Material, or

19   (iii) to present a motion to the Court under Fed. R. Civ. P. 37 to compel the

20   redesignation or production as to any particular document or information should any

21   party object to any designation of confidentiality, provided the parties comply with

22   Local Rule 37.  In making or opposing any motion regarding the designation of

23   specific material as confidential under this Order, the designating party shall bear

24   the burden of showing specific harm or prejudice that will result if no protective

25   order is granted for the material.  This Protective Order shall not be deemed to

26   prejudice the parties in any way in any future application for modification of this

27   Protective Order.

28

8

19. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

20. This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, including all appeals, and upon sixty (60) days written request by counsel for the providing party, the parties shall assemble and return to each other all Confidential Material, including all documents, material and deposition transcripts designated as Confidential and all copies, abstracts, and summaries of same, or shall certify the destruction thereof. Notwithstanding the foregoing, the parties shall not be obligated under this Protective Order to ensure the destruction of any copies of electronically-stored information made by the automatic processes of their computer systems, including but not limited to any such copies that may reside on their servers and/or backup tapes.

IT IS SO ORDERED.

Dated: April 18. 2014

*alicia A. Rosenberg*

HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

9

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

_____ declares that:

I reside at _____, in the city of

_____, County of _____, State of

_____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and understand the terms of the Protective Order dated

_____, 2014, filed in Civil Action No. CV13-06004-JAK (AGRx),

pending in the United States District Court for the Central District of California. I

agree to comply with and be bound by the provisions of the Protective Order. I

understand that any violation of the Protective Order may subject me to sanctions by

the Court.

I shall not divulge any documents, or copies of documents, designated

"Confidential" obtained pursuant to such Protective Order, or the contents of such

documents, to any person other than those specifically authorized by the Protective

Order. I shall not copy or use such documents except for the purposes of this action

and pursuant to the terms of the Protective Order.

As soon as practical, upon request and in no event later than thirty (30) days

after final termination of this action, I shall return to the attorney from whom I have

received any documents in my possession designated "Confidential", and all copies,

excerpts, summaries, notes, digests, abstracts, and indices relating to such

documents.  Notwithstanding the foregoing, I shall not be obligated under the terms

of this Protective Order to ensure the destruction of any copies of electronically-

stored information made by the automatic processes of my company's computer

systems, including but not limited to any such copies that may reside on its servers

1  and/or backup tapes.

2      I submit myself to the jurisdiction of the United States District Court for the

3  Central District of California for the purpose of enforcing or otherwise providing

4  relief relating to the Protective Order.

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7  Executed:_____            _____
          (date)                           (signature)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, Sherie Johnson, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 6540 Lusk Boulevard, Suite 250, San Diego, California 92121. On September 8, 2014, I served the foregoing **JOINT APPLICATION OF COUNTER-CLAIMANTS FOR ORDER TO FILE DOCUMENTS OPPOSING SUMMARY JUDGMENT UNDER SEAL** and **[PROPOSED] ORDER RE: COUNTER-CLAIMANTS' APPLICATION TO FILE DOCUMENTS UNDER SEAL** by Email and First Class Mail, postage prepaid, to the interested parties in this action, at the following addresses:

Howard E. King, Esq.
Seth Miller, Esq.
KING, HOLMES, PATERNO & BERLINER, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506
Attorney for Plaintiffs Pharrell Williams, Robin Thicke, and Clifford Harris, Jr.
miller@khpblaw.com
king@khpblaw.com

I declare under penalty of perjury under the laws of the State of California and the Federal Rules of Civil Procedure that the above is true and correct. Executed on September 8, 2014, at San Diego, California.

/s/Sherie Johnson
Sherie Johnson

- 1 -