KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**NOTICE OF MOTION AND PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF MARVIN GAYE RIGHTS OF PUBLICITY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Final Pretrial Conference:**<br>Date:  January 26, 2015<br>Time:  3:00 p.m.<br>Ctrm.:  750<br><br>**Jury Trial:**<br>Date:  February 10, 2015<br>Time:  9:00 a.m.<br>Ctrm.:  750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

4112.060/836669.1

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on **January 26, 2015,** at **3:00 p.m.**, or as soon thereafter as the matter may be heard in Courtroom 750 of the above-entitled court, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE (individually and d/b/a I LIKE 'EM THICKE MUSIC), and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION (collectively, "Plaintiffs") will and hereby do move *in limine* for an order excluding at trial all evidence or argument concerning the impact of Marvin Gaye's fame, legacy, reputation, name or likeness, trademarks, or rights of publicity on the success of "Blurred Lines" or any use by Plaintiffs of Marvin Gaye's fame, legacy, reputation, name or likeness, trademarks, or rights of publicity in connection with the marketing or promotion of "Blurred Lines."

The grounds for this Motion are that Defendants/Counter-Claimants NONA MARVISA GAYE, FRANKIE CHRISTIAN GAYE, and MARVIN GAYE III ("Defendants") do not assert any claims for violation of alleged rights of publicity or other rights in Marvin Gaye's fame or legacy, that any alleged use of Marvin Gaye's publicity rights or fame to market "Blurred Lines" is not an element of Defendants' copyright infringement claim, and therefore any argument or evidence concerning Marvin Gaye's fame, name, or likeness is irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and should be excluded at trial.

/ / /

This motion is made following a conference of counsel pursuant to Local Rule 7-3 held on December 15, 2014.

The motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Seth Miller and exhibits thereto filed concurrently, the Declaration of Sandy Wilbur and exhibits thereto filed concurrently, the [Proposed] Order Granting Plaintiffs' Motion *In Limine* No. 6 filed concurrently, the Court's files and records in this action, and such other evidence, argument, or other matter as may be presented prior to or at the hearing on the Motion.

DATED: January 6, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Seth Miller

HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/836669.1

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs seek to exclude at trial any evidence concerning Marvin Gaye's fame, name, likeness, or publicity rights and whether they were an element in the success of Plaintiffs' song, "Blurred Lines" ("BLURRED"). Any such evidence is irrelevant, a waste of time, prejudicial, and likely to confuse the jury. Defendants assert a claim for copyright infringement only. Defendants assert no claims for violation of Marvin Gaye's alleged rights of publicity or similar rights. A copyright infringement claim implicates no such rights. The Court should exclude at trial all such evidence of Marvin Gaye's fame, name, likeness, or reputation, including whether it contributed to the success of BLURRED or improperly was made a part of the marketing of BLURRED on that grounds that all such evidence is irrelevant, and any probative value is outweighed by the danger of prejudice, confusion of issues, misleading the jury, undue delay, and wasting of time. FRE 402, 403.

## II.

## STATEMENT OF FACTS

**A.  Summary of the Claims**

Please see the summary of claims set forth in Plaintiffs' Motion *In Limine* No. 1, incorporated herein by reference.

**B.  Facts Pertinent to this Motion**

This is an action for declaratory relief with counterclaims for copyright infringement. Plaintiffs seek a declaration that their songs, "Blurred Lines" ("BLURRED") and "Love After War" ("WAR") do not infringe Defendants' alleged copyrights in the Marvin Gaye compositions, "Got to Give It Up" ("GIVE") and "After the Dance" ("DANCE"). Plaintiffs assert a single claim for declaratory relief. Defendants assert counterclaims for copyright infringement only. There are no other claims or counterclaims, including that there are no claims or counterclaims

implicating rights of publicity or Marvin Gaye's name or likeness. [Complaint, filed August 15, 2013, and Counterclaims, filed October 30, 2013, in Court's file.]

Defendants have indicated that they intend to present evidence that Plaintiffs, improperly used Marvin Gaye's fame, legacy, name, likeness, or other publicity rights in promoting BLURRED. For example, Defendants' expert witness, Michael Alleyne, has expressed an opinion that the alleged improper marketing of BLURRED based on Marvin Gaye's name, reputation, and legacy is inextricably intertwined with and largely responsible for the commercial success of BLURRED. [Declaration of Seth Miller ("Miller Decl"), Exh. G (Alleyne expert report), and Exh. L (Alleyne deposition transcript excerpts).]

## III.

## ARGUMENT

### A. Evidence of Alleged Use of Marvin Gaye's Fame, Name, or Likeness in Plaintiffs' Marketing Efforts Is Irrelevant, Prejudicial, and Confusing

The only claims in this lawsuit are for copyright infringement and for declaratory relief of non-infringement. To establish a claim for copyright infringement, the plaintiff must show that: (a) the plaintiff owns a valid copyright in the work that allegedly has been infringed; and (b) the defendant copied protected elements of the plaintiff's work. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992). The plaintiff's fame, name, likeness, or reputation have no bearing on any alleged infringement. There is no claim for unfair competition, violation of alleged publicity rights, or any other claim implicating any alleged improper use of Marvin Gaye's name, likeness, fame, reputation, or legacy.

Here, there is no possible relevance to any evidence that Plaintiffs allegedly made reference to Marvin Gaye or used his fame or reputation in promoting or marketing BLURRED, whether improperly or otherwise. Marvin Gaye's name, likeness, fame, reputation, legacy, or rights of publicity are wholly irrelevant to the issues of copyright ownership and alleged copying.

KING, HOLMES,
PATERNO &
BERLINER, LLP

Furthermore, Defendants do not claim to own Marvin Gaye's rights of publicity and have provided no evidence in discovery or otherwise that they own any such alleged publicity rights for Marvin Gaye, nor have they raised any claims in their pleadings. [*See generally* Miller Decl, Exh. A (Defendants' Revised FRCP 26 Disclosure); Defendants' Counterclaims, filed October 30, 2013, in Court's file.] The Court should exclude all evidence and argument concerning the use of Marvin Gaye's name, reputation, or legacy in marketing BLURRED as irrelevant. FRE 402.

Any such evidence also would be prejudicial, a waste of time, and likely to confuse the issues and mislead the jury into believing that Plaintiffs' alleged association or use of Marvin Gaye's name or reputation in marketing BLURRED somehow has some bearing on whether Plaintiffs allegedly copied original, protectable elements in Defendants' compositions. There is no possible connection. Allowing the introduction of any such evidence, including through the testimony of Defendants' expert, Mr. Alleyne, is more prejudicial than probative, a waste of time, likely to confuse the jury, and should be excluded on that ground alone. FRE 403.

Please see also Plaintiffs' Motion *In Limine* No. 7, which seeks, *inter alia,* to exclude the expert opinion of Mr. Alleyne, incorporated herein by reference.

## IV.
## CONCLUSION

For the reasons set forth above, the Court should grant the Motion and should exclude at trial all evidence and argument concerning the alleged marketing or promotion of GIVE by the use of Marvin Gaye's name, likeness, fame, legacy,

/ / /

/ / /

/ / /

/ / /

/ / /

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/836669.1          3

reputation, or publicity rights, whether improper usage or otherwise, and should order such other and further relief as the Court deems just and proper.

DATED: January 6, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Seth Miller
HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2015, I electronically filed the foregoing **NOTICE OF MOTION AND PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF MARVIN GAYE RIGHTS OF PUBLICITY; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Joey S. Gossett

King, Holmes,
Paterno &
Berliner, LLP

4112.060/836669.1