|   |   |
|---|---|
| 1 | KING, HOLMES, PATERNO & BERLINER, LLP |
|   | HOWARD E. KING, ESQ., STATE BAR NO. 77012 |
| 2 | STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514 |
|   | ROTHSCHILD@KHPBLAW.COM |
| 3 | SETH MILLER, ESQ., STATE BAR NO. 175130 |
|   | MILLER@KHPBLAW.COM |
| 4 | 1900 AVENUE OF THE STARS, 25TH FLOOR |
|   | LOS ANGELES, CALIFORNIA 90067-4506 |
| 5 | TELEPHONE: (310) 282-8989 |
|   | FACSIMILE:  (310) 282-8903 |

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**PLAINTIFFS' REPLY TO COUNTER-CLAIMANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF MARVIN GAYE SOUND RECORDINGS**<br><br>**Final Pretrial Conference:**<br>Date:   January 26, 2015<br>Time:   3:00 p.m.<br>Ctrm.:  750<br><br>**Jury Trial:**<br>Date:   February 10, 2015<br>Time:   9:00 a.m.<br>Ctrm.:  750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

4112.060/847259.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

Defendants' arguments for allowing the jury to hear the Marvin Gaye sound recording lack any merit and are unsupported by fact or law. The Marvin Gaye sound recording of GIVE is a completely different musical work from the vastly more limited Deposit Copy sheet music. The jury should not hear a sound recording that is (a) not owned by Defendants and hence not at issue; and (b) chock full of instrumental parts and certain vocal parts that are not in the Deposit Copy and hence are <u>not owned by Defendants</u> but that Defendants contend are similar to BLURRED, including the only parts that Defendants' expert believes that a lay listener would hear as similar. Defendants seek to mislead or confuse the jury. Defendants want the jury to determine the "total concept and feel" of the works based on a vastly different sound recording that Defendants do not own. The danger of prejudice and jury confusion would be enormous. The probative value of doing so would be zero.

## B. The Copyright Here Is Limited (At Most) to the Deposit Copy

There are two ways to secure a copyright under the 1909 Act: (1) publish with proper copyright notice; or (2) deposit an unpublished copy with the Copyright Office with the registration. Publication of a musical composition under the 1909 Act requires sale to the public of a manuscript copy with copyright notice affixed. Sound recordings do not constitute publication of a composition under the 1909 Act. The applicable law is set forth in Plaintiffs' Motion. Defendants do not dispute it.

Here, the <u>only</u> copyright registrations are for <u>published</u> works. The GIVE registration states that GIVE was first *published* on March 10, 1977. [Declaration of Seth Miller ("Miller Decl"), filed 1/6/15 (Document 175), Exh. B (Declaration of Donna Stockett), at internal Exh. A, p. 1.] The DANCE registration states that DANCE was first *published* on March 6, 1976. [*Id.,* internal Exh. B, p. 1.]

There are no manuscript copies in this case other than the Deposit Copies. Accordingly, assuming Defendants put on evidence that the Deposit Copies

were submitted with the copyright registration and published with notice affixed, then Defendants may own a valid copyright in the compositions reflected in the Deposit Copies.  There is <u>no other possible copyright that Defendants can own</u>.

There is no possible legal analysis under which Defendants own a composition in the musical elements contained only in the GIVE sound recording.

Moreover, there is <u>not</u> a shred of evidence that Marvin Gaye is the author of any material in the sound recordings, including material not in the Deposit Copies.

### C. The Sound Recording Is Very Different Than the Deposit Copy

The GIVE sound recording is vastly different from the Deposit Copy.  All of the instrumental parts, all of the back-up harmony vocals, and several of the vocal melodies in the GIVE sound recording are not in the Deposit Copy.  A simple perusal of the GIVE Deposit Copy makes clear that none of these elements are contained in it.  The notes are not there.  No amount of rhetoric, adjectives, obfuscation, pleas, cries for mercy, abstract analysis, or other misplaced argument from Defendants or their musicologists will change the black and white notes in the Deposit Copy.  If it is not notated in the Deposit Copy, Defendants do not own it.

### D. Defendants Bear the Burden of Proof

Proof of ownership is the plaintiff's burden.  *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992).  Here, Defendants must prove that they own a valid copyright—*including what work it is that they own a copyright in*.  Defendants assertion that Plaintiffs bear the burden to show *what copyright the Defendants own* [Opp, 4] is not the law, *id.*, and not supported by any authority.

While the deposit copy may not *necessarily* limit the scope of protection, all that means is that—*had* Defendants produced evidence of a manuscript copy of the GIVE composition published with copyright notice on March 10, 1977, and *had* that copy varied in some *immaterial* way from the Deposit Copy—then their copyright might extend to what is in such other published version.  But there is no other published version (or, indeed, any evidence of publication).  There is only the

Deposit Copy.  Here, the copyright clearly is limited (at most) to the Deposit Copy.

### E. The Sound Recording Is Not the Best Evidence of the Composition

There is no dispute that the *vast majority* of material in the sound recording, including many elements Defendants claim are similar, are not in the Deposit Copy.

There is simply no support for Defendants' assertion that the GIVE sound recording is the "best evidence" of the composition the Gayes may own.  The Deposit Copy contains only: (a) chord symbols; (b) a vocal melody; (c) an eight bar bass phrase; (d) lyrics, and (e) a few other trivial elements.  That is the composition.

The GIVE sound recording adds to that composition an entire rhythm section's worth of instrumental parts (some of which may well have been written by other musicians who played with Marvin Gaye), and none of which are in the GIVE Deposit Copy, including that the bass player on the sound recording <u>does not play the Deposit Copy bass line but rather improvises his own version of the bass part</u>. The GIVE sound recording also includes vocal hooks not found in the Deposit Copy and back-up vocals not found in the Deposit Copy.  [Wilbur Decl, 2-9, ¶¶ 6-25.]

Defendants have not set forth a <u>single reason</u> why Marvin Gaye's sound recording – which contains <u>numerous additional elements</u> not at issue here – is the "best evidence" of the more limited vocal melody, chords, and bass "intro" in the Deposit Copy.  [*See* Opp.]  The Deposit Copy contains <u>none of the performance, arrangement, instrumental, or additional vocal parts</u> in the GIVE sound recording.

The "best evidence" of the composition is the Deposit Copy itself.  The musicologists can play it on a keyboard and demonstrate what it is the Gayes own.

### F. Ms. Wilbur Does Not "Agree" With Defendants' Experts

Defendants appear to fundamentally misunderstand the expert testimony. Ms. Wilbur did not admit that Defendants' composition is the material contained in the sound recording.  Ms. Wilbur is not a lawyer and expresses <u>no opinion</u> as to what composition the Defendants may own.  Ms. Wilbur's opinion is that the Deposit Copy contains <u>a particular</u> composition defined by and limited to the notes,

chords, and lyrics in the Deposit Copy sheet music.  Ms. Wilbur opines that the sound recording <u>contains numerous other musical elements</u>—some compositional, some performance, recording, or arrangement elements—that are <u>not</u> found in the Deposit Copy.  In other words, there is additional compositional or other material in the sound recording that is not reflected in the Deposit Copy sheet music.

Ms. Wilbur compared the compositions both in the sound recording and in the Deposit Copy—separately—to BLURRED to respond to the issues in this case. Defendants put the sound recording at issue.  Ms. Wilbur responded.  Until the Court decides the scope of the copyright, Plaintiffs must respond to claims based on the music in the sound recording.  Doing so is not an "admission" by Ms. Wilbur, or by Plaintiffs, that the Gayes own the composition in the sound recording or that the Deposit Copy reflects any elements found only in the sound recording.  Ms. Wilbur opines that BLURRED is not similar to either version of GIVE, that the Deposit Copy contains numerous elements not found in the Deposit Copy, and that the best evidence of how the Deposit Copy sounds is to play it neutrally on a keyboard.

In sum, Ms. Wilbur does not agree with Defendants that the composition is "not limited to what is in the deposit copy." [Opp, 6.]  Ms. Wilbur opines that the Deposit Copy is one complete composition, but that additional compositional elements are in the GIVE sound recording.  There are two <u>different</u> compositions. Ms. Wilbur cannot and does not opine on which one Defendants may own, if any.

Defendants make a bootstrap argument that, because Ms. Wilbur considered the sound recording, it must reflect the composition they own – yet Ms. Wilbur only considered the sound recording elements because Defendants claim to own them.

Defendants claim that the sound recording is the "most complete form" of the GIVE composition. [Opp, 10.]  Even if that is the case, then the conclusion to be reached is that the Gayes do not own the "most complete form" of the GIVE composition because it was never copyrighted—they only own the Deposit Copy.

Defendants argue that the sound recording is necessary to show the alleged

1 "combination of unprotectable elements" that they claim were copied. That begs the
2 question—if those unprotectable elements are <u>only found</u> in the sound recording and
3 not in the Deposit Copy, then those elements are not subject to their copyright.

### G. *Three Boys v. Bolton* Is Inapposite, as the Court Previously Held

This Court previously distinguished *Three Boys* and found it inapplicable here. [10/30/14 Minute Order re summary judgment (Document 139), 10-11.]

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) concerned whether the court lacked <u>jurisdiction</u> because the deposit copy sheet music differed from the sound recording. The Ninth Circuit affirmed, noting that the plaintiff's musicologist had "testified that the deposit copy included <u>all of the song's essential elements</u> such as the title, hook, chorus," and that "any inaccuracies in the deposit copy were minor." *Id.* at 486-87 (emphasis added). Here, there are vast differences from the recording. Plus, what the jury *heard* was not at issue in *Three Boys*. *Id.*

Defendants argue that other courts have allowed juries to hear recordings. But Defendants' authorities do not involve the issue here of <u>differences</u> between the recordings and the sheet music. Defendants also argue that the GIVE recording will show alleged similarity of elements <u>not</u> in the Deposit Copy, which supposedly shows copying of elements <u>in</u> the Deposit Copy. This defies logic. That certain elements found only in the <u>sound recording</u> allegedly are similar to BLURRED is not probative of whether any <u>other</u> elements found <u>in</u> the Deposit Copy are similar.

The GIVE and DANCE sound recordings should be excluded at trial.

DATED: January 16, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Seth Miller

HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically filed the foregoing **PLAINTIFFS' REPLY TO COUNTER CLAIMANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF MARVIN GAYE SOUND RECORDINGS** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joey S. Gossett*
Joey S. Gossett

4112.060/847259.1