KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**PLAINTIFFS' REPLY TO COUNTER-CLAIMANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN TESTIMONY FROM PLAINTIFFS' EXPERT, GARY COHEN**<br><br>**Final Pretrial Conference:**<br>Date:   January 26, 2015<br>Time:   3:00 p.m.<br>Ctrm.:   750<br><br>**Jury Trial:**<br>Date:   February 10, 2015<br>Time:   9:00 a.m.<br>Ctrm.:   750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

4112.060/847263.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' Opposition only underscores that Mr. Cohen's opinion as to touring income is completely speculative and also lacking in any expertise.

For starters, as pointed out in the Motion, Mr. Cohen—the expert opining on the apportionment of Robin Thicke's touring income to alleged infringement of GIVE in BLURRED—has no relevant expertise. He is an accountant. An accountant adds and subtracts numbers. An accountant <u>does not know</u> why fans buy concert tickets or to what extent any particular song (which of course the fan has no way of knowing will be played at the concert) caused the fan to buy tickets. Mr. Cohen is not competent to opine on what percentage of touring income is attributable to alleged copying of the "Signature Phrase" of GIVE, etc. in BLURRED. Mr. Cohen lacks relevant expertise to express this opinion. Defendants do not attempt to respond. They cannot. He is not an expert in anything remotely related to determining why fans went to Robin Thicke's concerts. His opinion should be excluded on lack of expertise. FRE 702.

Mr. Cohen's opinion on tour income also should be excluded because it has faulty methodology. Mr. Cohen assessed profits from <u>ninety</u> concerts based on <u>six</u> setlists pulled from an <u>unreliable</u> website that posts user generated data, fact-checked by no one—and <u>then</u> he simply prorated arithmetically by number of songs played at six concerts the profits attributable to BLURRED and GIVE from ninety concerts. Implicit in this wholly implausible, unscientific, unreasonable profits analysis is that the <u>only</u> reason fans buy Robin Thicke concert tickets is because of the list of songs played at the concerts—which, of course, the fans have no way of knowing in advance, so it can hardly be the prime factor for buying a ticket—and Mr. Cohen entirely ignores factors such as promotion, marketing, opening acts, venue, time period, Thicke's existing fan base, and a myriad other factors that play into whether music fans make the effort to drive to a venue to see Thicke perform. The Cohen opinion should be excluded due to his faulty methodology. FRE 702.

The opinions of Dr. Alleyne—a college professor in Tennessee who has no expertise in marketing or promoting records and has never done so in his life—does not change the analysis.  For the reasons set forth in Motion *In Limine* No. 7, Mr. Alleyne's opinions should be excluded entirely at trial.  Regardless, his rambling, unsupported, non-expert opinions [Declaration of Richard S. Busch, Exh. 25] to the effect that the success of BLURRED is due to the use of Marvin Gaye's name and reputation, and that BLURRED helped Robin Thicke's career take off, provides <u>zero</u> information on which Mr. Cohen—an accountant and business manager with no expertise in concert promotion or tours—can rely to determine in a remotely non-speculative manner how much of Thicke's tour income is attributable to whatever portions of the GIVE Deposit Copy a jury may find to be copied in BLURRED.

The causal nexus between the infringement and the profits must be non-speculative.  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 710, 711 n. 7 (9th Cir. 2004); *Thale v. Apple, Inc.*, 2013 WL 3245170 at * 8 (N.D. Cal. June 26, 2013).  Here, Robin Thicke was a successful artist who had hit songs well before BLURRED was released.  When BLURRED was released, Plaintiffs made a massive marketing and promotional effort, including a music video that lit up the internet and went viral with its provocative imagery.  There is no evidence in Mr. Cohen's report or elsewhere of any causal nexus between any <u>particular</u> amount of touring income and the musical composition of BLURRED, even assuming some portion of BLURRED copied GIVE.  Mr. Cohen has no expertise to render an opinion on what portion of income from Robin Thicke performing at ninety concerts is attributable to the <u>composition</u> of BLURRED that—theoretically, at least—was played by Thicke at those shows.  Indeed, even if one credits the six setlists that Mr. Cohen found on the internet (posted by anonymous fans, and of dubious reliability), those setlists do not necessarily reflect what songs were played at the other eight-four concerts, let alone whether the version of BLURRED or WAR

KING, HOLMES, PATERNO & BERLINER, LLP

contained whatever minimal parts of GIVE and DANCE a jury may find were copied.

    Mr. Cohen's opinion regarding profits from Thicke's touring income attributable to alleged infringement of GIVE and DANCE does not pass muster.

    The Court should grant this Motion and exclude at trial Mr. Cohen's opinions and any other evidence concerning Robin Thicke's tour income or any revenue or profits from same allegedly attributable to alleged infringement of the Gayes' songs.

DATED: January 16, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: /s/ Seth Miller
HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically filed the foregoing **PLAINTIFFS' REPLY TO COUNTER CLAIMANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE CERTAIN TESTIMONY FROM PLAINTIFFS' EXPERT, GARY COHEN** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joey S. Gossett*
Joey S. Gossett