**EXHIBIT B**

# PROPOSED VERDICT FORM

1. Do you find the Gayes have proven by a preponderance of the evidence that they own a valid copyright in the composition "Got to Give it Up"? Answer "yes" or "no."

_____

If you answered "NO" to Question No. 1, then proceed to Question No. 7.

2. Do you find the Gayes have proven by a preponderance of the evidence that [Plaintiff/Counter-Defendant] directly, vicariously, or contributorily infringed the Gayes' copyright in the musical composition "Got to Give it Up"? Answer "yes" or "no."

_____

If you answered "NO" to Questions No. 2, then proceed to Question No. 7.

3. If you answered "YES" to Question 2, what amount of actual damages, inclusive of lost profits, if any, do you award the Gayes for the infringement of the musical composition "Got to Give it Up" by [Plaintiff/Counter-Defendant]? Answer in dollars and cents.

$ _____

4. If you answered "YES" to Question 2, was such infringement by [Plaintiff/Counter-Defendant] willful? Answer "yes" or "no."

_____

If you answered "NO" to Question No. 4, proceed to Question No. 6.

- 1 -

5. If you answered "YES" to Question 4, what amount of statutory damages, if any, do you award the Gayes for the willful infringement of the musical composition "Got to Give it Up" by [Plaintiff/Counter-Defendant]? Answer in dollars and cents (up to $150,000).

$ _____

6. If you answered "NO" to Question 4, what amount of statutory damages, if any, do you award the Gayes for the non-willful infringement of the musical composition "Got to Give it Up" by [Plaintiff/Counter-Defendant]? Answer in dollars and cents ($750 - $30,000).

$ _____

7. Do you find the Gayes have proven by a preponderance of the evidence that they own a valid copyright of "After the Dance"? Answer "yes" or "no."

_____

If you answer "YES" to Question No. 7, then proceed to Question No. 8. Otherwise, sign and date this form, and you will be finished.

8. Do you find the Gayes have proven by a preponderance of the evidence that [Plaintiff/Counter-Defendant] directly, vicariously, or contributorily infringed the Gayes' copyright in the musical composition "After the Dance"? Answer "yes" or "no."

_____

If you answered "NO" to Questions No. 8, then sign and date this form, and you will be finished. Otherwise, proceed to Question No. 9.

- 2 -

9.   What amount of actual damages, inclusive of lost profit, if any, do you award the Gayes for the infringement of the musical composition "After the Dance" by [Plaintiff/Counter-Defendant]? Answer in dollars and cents.

$ _____

10.   If you answered "YES" to Question No. 8, was such infringement by [Plaintiff/Counter-Defendant] willful? Answer "yes" or "no."

_____

If you answered "NO" to Question No. 10, proceed to Question No. 12.

11.   If you answered "YES" to Question 10, what amount of statutory damages, if any, do you award the Gayes for the infringement of the musical composition "After the Dance" by [Plaintiff/Counter-Defendant]?  Answer in dollars and cents (up to $150,000).

$ _____

12.   If you answered "NO" to Question 10, what amount of statutory damages, if any, do you award the Gayes for the infringement of the musical composition "After the Dance" by [Plaintiff/Counter-Defendant]?  Answer in dollars and cents ($750 - $30,000).

$ _____

Sign and date this form. You are finished.

_____
**JURY FOREPERSON**

- 3 -

|   |   |   |
|---|---|---|
| 1 | _____ | |
| 2 | **DATE** | |
| 5 | Dated: January 16, 2015 | Respectfully submitted, |
| 7 | | KING & BALLOW |
| 8 | | By: /s/ Richard S. Busch |
|   | | RICHARD S. BUSCH |
| 9 | | PAUL H. DUVALL |
| 11 | | WARGO & FRENCH, LLP |
| 12 | | By: /s/ Mark L. Block |
| 13 | | MARK L. BLOCK |
| 14 | | *Attorneys for Defendants and Counter-Claimants Nona and Frankie Gaye* |
| 16 | | THE LAW OFFICES OF PAUL N. PHILIPS |
| 17 | | By: /s/ Paul N. Philips |
| 18 | | PAUL N. PHILIPS |
| 19 | | *Attorney for Defendant and Counter-Claimant Marvin Gaye III* |