1  KING, HOLMES, PATERNO & BERLINER, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   ROTHSCHILD@KHPBLAW.COM
3  SETH MILLER, ESQ., STATE BAR NO. 175130
   MILLER@KHPBLAW.COM
4  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
5  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
6
   Attorneys for Plaintiffs and Counter-
7  Defendants PHARRELL WILLIAMS,
   ROBIN THICKE and CLIFFORD
8  HARRIS, JR. and Counter-Defendants
   MORE WATER FROM NAZARETH
9  PUBLISHING, INC., PAULA MAXINE
   PATTON individually and d/b/a
10 HADDINGTON MUSIC, STAR TRAK
   ENTERTAINMENT, GEFFEN
11 RECORDS, INTERSCOPE RECORDS,
   UMG RECORDINGS, INC., and
12 UNIVERSAL MUSIC DISTRIBUTION

13              UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 PHARRELL WILLIAMS, an                CASE NO. CV13-06004-JAK (AGRx)
   individual; ROBIN THICKE, an         Hon. John A. Kronstadt, Ctrm 750
16 individual; and CLIFFORD HARRIS,
   JR., an individual,                  **JOINT [PROPOSED] JURY
17                                       INSTRUCTIONS**
                        Plaintiffs,
18                                       **Final Pretrial Conference:**
            vs.                          Date:   January 26, 2015
19                                       Time:   3:00 p.m.
   BRIDGEPORT MUSIC, INC., a             Ctrm.:  750
20 Michigan corporation; FRANKIE
   CHRISTIAN GAYE, an individual;        **Jury Trial:**
21 MARVIN GAYE III, an individual;       Date:   February 10, 2015
   NONA MARVISA GAYE, an                 Time:   9:00 a.m.
22 individual; and DOES 1 through 10,    Ctrm.:  750
   inclusive,
23                                       Action Commenced: August 15, 2013
                        Defendants.
24
   ────────────────────────────
25 AND RELATED COUNTERCLAIMS.

26

27 / / /

28 / / /

1    Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN

2    THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER

3    FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON

4    individually and d/b/a HADDINGTON MUSIC, STAR TRAK

5    ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG

6    RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION ("Plaintiffs"),

7    and Defendants and Counter-Claimants NONA MARVISA GAYE and FRANKIE

8    CHRISTIAN GAYE, and MARVIN GAYE III ("Defendants"), by and through their

9    counsel of record, hereby submit the following [Proposed] Joint Jury Instructions.

10    Agreed Instructions:  Attached hereto as **Exhibit A** are the proposed

11    instructions agreed to by all parties.  For the Court's reference, the authority for each

12    instruction and its caption from the Ninth Circuit Manual of Model Civil Jury

13    Instructions (2007) ("MCJI") are included but will be omitted prior to submitting to

14    the Court the final "clean" version of the instructions to be submitted to the jury.

15    Disputed Instructions:  Attached hereto as **Exhibit B**, in tabs 1-29, are the

16    parties' respective instructions that are disputed, organized and separated by

17    numeric tab to the extent feasible by MCJI number or topic.

18    The Parties' respective contentions concerning the disputed instructions

19    (Exhibit B, Tabs 1-29) are as follows:

20    **Tab 1:**

21    Plaintiffs' contentions:  Both parties submit a version of MCJI § 1.2.

22    Defendants' version of the instruction refers to Plaintiffs' claim for declaratory

23    relief (*see* the second paragraph, immediately after the introductory sentence in

24    Defendants' instruction).  The jury does not decide the declaratory relief claim, and

25    thus it should not be referred to in the jury instruction as it is likely to confuse or

26    mislead the jury.  Plaintiffs also contend that it will be easier for the jury if the

27    parties are referred to as "the Gaye Parties" and "the Thicke Parties" in these

28    instructions.  The formal party designations ("Plaintiffs and Counterdefendants,"

1    "Defendants and Counterclaimants") are awkward and confusing.  Defendants also

2    have omitted language stating that "[t]he Thicke Parties deny the Gaye Parties'

3    claims."  The Thicke Parties' denial of the claims should be part of the instruction.

4           Defendants' contentions:

5           The Gayes object to this instruction as being an incomplete and incorrect

6    recitation of the claims and defenses at issue in this action.  The Gayes' Proposed Jury

7    Instruction No. 3 sets forth a more complete and accurate statement of the claims and

8    defenses raised in this action.  For example, Plaintiffs' Proposed Court's Instruction

9    No. 1.2 fails to state that Plaintiffs commenced this action seeking a finding of non-

10   infringement.  It is the fact of the matter that Plaintiffs initiated this action, not the

11   Gayes, and the jury is entitled to know the correct procedural history.

12   **Tab 2:**

13          Plaintiffs' contentions:  Plaintiffs' instruction is simply MCJI § 17.0 with

14   only minimal modification to address in general terms ownership and registration of

15   a copyright in a composition under the 1909 Act (*see* "How Copyright Is Obtained"

16   section).  The Model Instruction is clear, concise, and easy for a jury to follow.

17          Defendants' instruction is created from scratch and has numerous problems.

18   The first paragraph of Defendants' proposed instruction refers to Plaintiffs'

19   complaint for declaratory relief, which is not an issue that the jury decides and thus

20   should not be part of the jury instruction as it is likely to confuse the jury.  The first

21   paragraph also describes the Gayes' claims in a lengthy manner that is redundant of

22   prior introductory instructions and thus unnecessary.

23          The first sentence of the second paragraph of Defendants' proposed

24   instruction improperly states:  "Copyright automatically exists in a work the

25   moment it is fixed in any tangible medium of expression."  That statements is <u>not</u>

26   true under the 1909 Act, applicable here, in which copyright exists only when a

27   work either is published with copyright notice or registered as an unpublished work.

28   *See* Act of March 4, 1909 ("1909 Act"), ch. 320 §§ 11, 12 35 Stat. 1075, 1078; *see*

1  *also* Plaintiffs' Motion *In Limine* No. 1, filed 1/6/15 (Document 165).  This sentence

2  in Defendants' instruction is not a correct statement of applicable law in this case.

3          The second sentence of the second paragraph of Defendants' instruction

4  concerns exclusive rights, a topic covered in detail in a separate agreed MCJI (MCJI

5  § 17.1) (*see* Exhibit A, hereto).  It is confusing and redundant to cover the same

6  topic in this instruction.

7          The third sentence of the second paragraph of Defendants' instruction refers

8  to "architectural work, mask works," etc.—that is, works not at issue in this action,

9  including "sound recording."  The Marvin Gaye sound recording is not at issue here.

10  *See* Plaintiffs' Motion *In Limine* No. 1, filed 1/6/15 (Document 165).  The only

11  works at issue are musical compositions.  There is no need to refer to any other type

12  of copyrighted work, and to do so would confuse and potentially mislead the jury.

13          The third paragraph of Defendants' instruction (regarding no copyright

14  existing in an idea, process, etc.) is covered in depth in a separate proposed

15  instruction (MCJI § 17.2) (*see* Exhibit B, Tab 3, hereto).  It is confusing here and is

16  better explained separately as an independent concept, as is done in the MCJI.

17          The fourth paragraph of Defendants' instruction discusses when one sound

18  recording is a derivative work of another sound recording ('the actual sounds fixed

19  in the recording must be rearranged, remixed, or otherwise altered in sequence…').

20  Defendants do not own a copyright in a <u>sound recording</u>.  This paragraph is

21  irrelevant and likely to mislead or confuse the jury and is prejudicial.

22          The third to last paragraph (*i.e.*, beginning with "[i]n order to register a

23  Musical Composition …") is not a correct statement of the law.  Registration under

24  the 1909 Act requires more than simply depositing copy with the Copyright Office.

25          The second and third sentences of the third to last paragraph, and the second

26  to last paragraph (regarding "lead sheets") are irrelevant, prejudicial, and

27  argumentative.  The registered compositions at issue here are limited, at most, to the

28

1   Deposit Copy sheet music.  *See* Plaintiffs Motion *In Limine* No. 1. Instructions to

2   the jury about "sound recordings" and "lead sheets" will confuse and mislead.

3       The last sentence of Defendants' instruction ("When an author of a musical

4   work dies, his copyright ownership and registration(s) passes to his legal heirs") is

5   an incomplete statement of the law and taken out of context here.

6       Defendants' instruction combines unrelated concepts in a confusing manner.

7   Plaintiffs propose separate instructions on basic copyright (MCJI § 17.0) and

8   ownership (MCJI § 17.5) that better explain these topics.  [*See* Exhibit B, Tabs 2, 6.]

9       Defendants' contentions:

10      The Gayes object to this Proposed Court's Instruction No. as being both

11  confusing, duplicative, and an incorrect statement of the law.  For instance, this

12  instruction purports to define "copyright."  However, Plaintiffs and Counter-

13  Defendants' instruction 17.1 also purports to define "copyright."  While these

14  definitions are similar, they are not worded in the same manner.  Giving two

15  definitions of the term "copyright" is likely to cause jury confusion and only one

16  such definition should be given.  17 U.S.C. § 107.

17      Further, this instruction provides information regarding "how a copyright is

18  obtained."  This portion of the instruction purports to set forth the manner in which a

19  copyright registration is obtained.  Not only is this information irrelevant as the jury

20  will not have to make any finding regarding whether a registration exists, but the

21  instruction is a misstatement of the law.  In fact, a copyright automatically exists in

22  a work the moment it is fixed in any tangible medium of expression. 17 U.S.C.

23  § 107.

24      Finally, this instruction is objectionable in giving bare bones treatment to the

25  instructions regarding proof of copying, liability, and defenses.  Both sides have

26  submitted more detailed instructions, based on the Ninth Circuit model instructions,

27  for each of the components of the case.  The Court should give these complete

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/847283.1

4

1  instructions instead of creating confusion by giving both a bare bones overview

2  without explanation and then a later more detailed instruction.

3  **Tab 3:**

4      Plaintiffs' contentions:  Plaintiffs' version of MCJI § 17.2 is the Ninth Circuit

5  Model Instruction as annotated to refer to the works at issue in this case.  It is

6  relevant and not objectionable.  Plaintiffs contend that the Model Instructions should

7  be used, as they are carefully thought out and tested with juries.  Defendants'

8  proposed specially written instructions should be rejected in lieu of standard MCJI.

9      Defendants' contentions:

10      The Gayes object to this Proposed Court's Instruction No. as being an

11  incomplete statement of the law.  The definition of what may be copyrighted in this

12  Proposed Court's Instruction No. is incorrectly states that only the part of the works

13  comprised of original works of authorship may be copyrighted.  The law is clear that in

14  order to be copyrighted a work must by an original work, but a party may copyright

15  non-original portions of a work that have been combined in an original manner.  *See*

16  *Swirsky v. Carey*, 376 F.3d 841, 847-48 (9th Cir. 2004), *as amended on denial of*

17  *reh'g* (Aug. 24, 2004).  In fact, it is often that case that the compilation of non-

18  original work is itself original and copyrightable. *Feist Publications, Inc. v. Rural*

19  *Telephone Service Co., Inc*., 499 U.S. 340, 344-46 (1991) ("Original, as the term is

20  used in copyright, means only that the work was independently created by the author,

21  as opposed to copied from other works, and that it possesses at least some minimal

22  degree of creativity." "[O]riginality requires independent creation plus a modicum of

23  creativity.") In order to properly determine what is copyrightable a jury must look at

24  the constellation of elements put together to create the composition and not the

25  elements in an unnatural and disjoined manner.  The Gayes have properly set forth

26  the standard in Proposed Court's Instructions Nos. 29, 32, and 34.

27  / / /

28  / / /

**Tab 4:**

Plaintiffs' contentions:  Plaintiffs' version of MCJI § 17.3 is the Ninth Circuit Model Instruction is relevant and not objectionable.  Plaintiffs contend that the Model Instructions should be used, as they are carefully thought out and tested with juries.  Defendants' proposed specially written instructions should be rejected.

Defendants' contentions:

The Gayes object to this Proposed Instruction because it does not fully encompass the applicable law. This instruction states that an idea may not be copyrighted, while this is true, it over generalizes the case law.  An idea, in combination with other unprotectible elements may have copyright protection. "It is well settled that a jury may find a combination of unprotectible elements to be protectible under the extrinsic test because 'the over-all impact and effect indicate substantial appropriation.'" *Three Boys Music Corp.*, 212 F.3d at 485; *see also Radin v. Hunt*, LA CV10-08838 JAK (SSx), at 4 (C.D. Cal. Dec. 15, 2011). The Ninth Circuit has specifically recognized "ideas" as one of these elements. *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004).

**Tab 5:**

Plaintiffs' contentions:  Plaintiffs' version of MCJI § 17.4 is the Ninth Circuit Model Instruction as annotated to refer to the party names.  Plaintiffs contend that "Gaye Parties" and "Thicke Parties" are more easily followed by a jury rather than "Plaintiffs and Counter-Defendants," etc.  Moreover, Defendants insert in their instruction a "preponderance of the evidence" paragraph (second to last paragraph) taken from another instruction, which is confusing in this context.  The Model Instructions are designed to break concepts out separately for clarity and for ease of instructing the jury mid-trial as issues on specific topics may arise.  Combining unrelated concepts in one instruction is cumbersome and confusing.

/ / /

/ / /

1  Defendants' contentions:

2  Defendants' instruction provides a fuller view of the elements of ownership

3  and copying under the Copyright Act.  Defendants' Instruction No. 24 provides the

4  most appropriate instruction within which to define a preponderance standard.  The

5  instruction also accurately describes Plaintiffs' admission of Defendants' ownership

6  in the subject copyrights.

7  **Tab 6:**

8  Plaintiffs' contentions:   Plaintiffs' version of MCJI § 17.5 is the Ninth

9  Circuit Model Instruction as annotated to refer to the standard for obtaining a

10  copyright in a musical composition under the relevant 1909 Act.  *See* Plaintiffs'

11  Motion *In Limine* No. 1, filed 1/6/15 (Document 165).  Ownership of the

12  compositions is disputed.  The jury needs an instruction on ownership.  Plaintiffs

13  have used the Model Instruction as annotated to state the law under the 1909 Act

14  and as applicable to Defendants' claim of ownership here as Marvin Gaye's heirs.

15  Defendants' contentions:

16  The instruction misrepresents the law, is argumentative, prejudicial, and

17  misleading.  The law cited by Plaintiffs does not stand for the proposition that

18  subparagraph three (3) of the instruction ought to include reference to registration of

19  a copyright at a particular time in relation to the time of publication.  The model

20  instruction, as promulgated by the Ninth Circuit, represents the fairest statement of

21  the law with respect to points raised by the instruction.  The Gayes also object

22  because the Thicke parties submitted authenticated copies of the

23  registrations/deposits filed with the copyright office and are therefore judicially

24  prohibited from taking a contrary position now.

25  The model rule states:

26  The plaintiff is the owner of a valid copyright [in *identify work[s]*

27  *allegedly infringed*] if the plaintiff proves by a preponderance of the

28  evidence that:

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/847283.1                                  7

1      1. the plaintiff's work is original; and

2      2 the plaintiff [is the author or creator of the work] [received a transfer of the

3  copyright] [received a transfer of the right to [*specify right transferred, e.g., make*

4  *derivative works, copy, publicly perform, etc.*]].

5  **Tab 7:**

6      Plaintiffs' contentions:   Plaintiffs' version of MCJI § 17.12 is the Ninth

7  Circuit Model Instruction and is relevant and not objectionable.  Plaintiffs' further

8  set forth an accurate statement of the law regarding the limits of protectable

9  expression in their Special Instruction No. 3 (see Exhibit B, Tab 26).

10     Defendants propose instead two instructions, "Court's Instruction" Nos. 24A

11  and 24B.  Instruction No. 24A modifies MCJI § 17.12  to add as a last sentence:  "In

12  copyright law, the 'original element' of a work need not be new or novel."  This

13  sentence is dicta and will not be helpful to the jury in understanding originality.

14  Instruction No. 24A also modifies MCJI § 17.12  to add an initial sentence, which

15  states that "[a]n original work may include … elements taken from prior works,

16  works from the public domain," etc.  This sentence concerns a separate concept,

17  namely, whether expression is protectable, which is addressed in other instructions.

18     Defendants' Instruction No. 24B is not based on MCJI § 17.12  but rather is

19  specially written by Defendants, apparently based on dicta in various cases, to

20  provide an argumentative paragraph on originality.  It is not helpful to the jury and

21  adds nothing to the concise explanation of originality set forth in MCJI § 17.12.

22     MCJI § 17.12 should be given.  Defendants' two instructions are less clear.

23     Defendants' contentions:

24     The Gayes object to this Proposed Court's Instruction No. as being

25  incomplete.  Plaintiffs and Counter-Defendants' Proposed Court's Instruction No.

26  does not define the "original element" referenced and thus, does not give the jury all

27  the information it needs to make a legally correct decision.  The Gayes submitted

28  Proposed Court's Instruction No. 24A which is a complete instruction setting forth

1 the correct definition of "original element" as defined by the Supreme Court in *Feist*

2 *Publications, Inc. v. Rural Telephone Service Co., Inc*., 499 U.S. 340, 345-46

3 (1991).  Additionally, Plaintiffs' instruction does not address that an original work

4 may include or incorporate elements taken from prior works, works from the public

5 domain, or works owned by others with the owner's permission.

6 **Tab 8:**

7      Plaintiffs' contentions:  The parties' respective instructions based on MSCJ

8 § 17.15 are the same except for the names used for the parties (and a typographical

9 error in the first sentence of Defendants' proposed instruction).  Plaintiffs contend

10 that the naming conventions "Gaye Parties" and "Thicke Parties" are more easily

11 followed by a jury than the more formal "Plaintiffs and Counter-Defendants," etc.

12      Defendants' contentions:

13      The Gayes object to this Proposed Court's Instruction No. as being incomplete.

14 The Gayes submitted Proposed Court's Instruction No. 25 as a more complete

15 statement of the two elements which must be proven to prevail in a copyright

16 infringement case.

17 **Tab 9:**

18      Plaintiffs' contentions:  Defendants' specially written instruction on the

19 inverse ratio rule is inapplicable.  Access is conceded here, so the inverse ratio rule

20 is irrelevant.  There cannot be "more" access than access.  Defendants are still

21 required to prove substantial similarity and copying.  The inverse ratio rule only has

22 bearing where a defendant denies access.  *See Three Boys Music Corp. v. Bolton*,

23 212 F.3d 477. 482. 485 (9th Cir. 2000).  The inverse ratio rule is not a jury issue, and

24 the authority cited in Defendants' instruction is inapposite, including that "MCJI

25 § 17.5 Supp. Instruction" has no language concerning the inverse ratio rule.

26 Defendants' instruction is confusing, likely to mislead, and will prejudice Plaintiffs.

27 / / /

28 / / /

1    <u>Defendants' contentions</u>:

2        The Ninth Circuit Model Rules do not fully encapsulate the legal issues

3    present in the instant case.  The inverse ratio rule and its relationship to the jury's

4    substantial similarity analysis must be explained to the jury and understood by them.

5    Otherwise, the jury will not understand the Ninth Circuit's inverse ratio rule, and

6    will not be able to perform the required analysis.  This jury instruction not only sets

7    forth the correct law, but is taken directly from language in Ninth Circuit decisions

8    cited in the jury instructions.  This instruction is necessary to guide the jury

9    regarding access and their related substantial similarity analysis.

10   **Tab 10:**

11       <u>Plaintiffs' contentions</u>:   Defendants' instruction on subconscious copying has

12   no relevance here.  There is no claim of subconscious copying—the claim is that

13   Plaintiffs deliberately copied "Got to Give It Up," including that Defendants'

14   musicologists testified that Plaintiffs allegedly could not have created "Blurred

15   Lines" without listening to "Got to Give It Up" to hear a supposed vocal "woo" in

16   the sound recording or to copy at how many seconds into the recording Marvin

17   Gaye's "parlando" vocal section starts.  Subconscious copying is irrelevant, and the

18   instruction is likely to confuse and mislead the jury.  Furthermore, subconscious

19   copying is only relevant when a defendant denies access, which is not the case here.

20   *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477. 482 (9th Cir. 2000).

21       <u>Defendants' contentions</u>:

22       The Ninth Circuit Model Rules do not fully encapsulate the legal issues

23   present in the instant case. Intent is not an element of copyright infringement.  This

24   instruction explains that the lack of requisite intent has no bearing on whether

25   infringement exists.  *Arista Records LLC v. Myxer Inc.*, No. CV 08-03935 GAF

26   JCX, 2011 WL 11660773, at *13 (C.D. Cal. Apr. 1, 2011) (citing *Educ. Testing*

27   *Serv. v. Simon,* 95 F.Supp.2d 1081, 1087 (C.D. Cal. 1999)) ("It is well-established

28

1  that copyright infringement is a strict liability tort: there is no need to prove the

2  defendant's mental state to establish copyright infringement.").

3      The fact that a defendant may be equally responsible for copyright

4  infringement if he subconsciously copies a prior work is an accepted legal principle

5  dating back to 1924, and must be explained to the jury, particularly since the Thicke

6  Parties now deny copying on the one hand, but still admit that "Got to Give it Up" is

7  one of their favorite songs of all time, and Pharrell Williams testified that it was

8  often playing in his aunt's home when he was a child. *Three Boys Music Corp. v.*

9  *Bolton*, 212 F.3d 477, 482-83 (9th Cir. 2000) (citing *Fred Fisher, Inc. v. Dillingham*,

10  298 F. 145, 147-48 (S.D.N.Y. 1924); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81

11  F.2d 49, 54 (2d Cir. 1936).  The jury needs to understand and be instructed about this

12  legal principle.

13  **Tab 11**:

14      <u>Plaintiffs' contentions</u>:  There is no MCJI on substantial similarity.  Plaintiffs

15  have crafted a form that succinctly states the concept.

16      Defendants' proposed instruction is an argument in the guise of a jury

17  instruction.  The first sentence of Defendants' instruction is not found in any case

18  law.  The jury applies the extrinsic/intrinsic analysis to determine substantial

19  similarity—it does not do so only after it first finds there is "similarity."

20      The second paragraph of Defendants' instruction is a swirl of dicta that is

21  likely to confuse the jury, is not the law, and is inapplicable.  There is no "shifted

22  cadence," "timbre," "spatial organization," "new technological sounds," etc. at

23  issue.  Defendants have lifted a paragraph of dicta from another case in a manner

24  that does not state the correct legal standard.  *Swirsky* involved a sound recording.

25  The "Got to Give It Up" Deposit Copy composition is reflected in sheet music and

26  has no "timbre," "spatial organization," or "new technological sounds," etc.—it has

27  a melody, chords, and lyrics <u>only</u>.  *See* Plaintiffs' Motion *In Limine* No. 1.]

28  / / /

1    Moreover, Defendants bear the burden to <u>identify the elements</u> claimed to be
2    extrinsically similar.  *Sony Pictures Entertainment, Inc. v. Fireworks Entertainment*
3    *Group, Inc.,* 156 F.Supp.2d 1148, 1157(C.D. Cal 2001).  The jury is not left to its
4    own lay devices to figure out what elements it thinks may be extrinsically similar (as
5    suggested by the last sentence of the second paragraph in Defendants' instruction).
6    Defendants' description of the extrinsic test improperly urges the jury to guess,
7    using any criteria they like, about a topic properly defined by expert testimony.
8    Indeed, it is the basis of Defendants' claim to identify copied elements.

9    The third paragraph of Defendants' instruction misstates the intrinsic test in
10   that the jury must find that the ordinary, reasonable listener would find that the
11   "total concept and feel" of the <u>protectable elements</u> in the plaintiff's work that are
12   claimed to be similar is the same as the "total concept and feel" of the entirety of the
13   Defendants' song.  *Three Boys, supra*, 212 F.3d at 485.  The test is whether the
14   works have the same "total concept and feel" due <u>only</u> to the copied portions.

15   Finally, the last clause of the last sentence of Defendants' instruction ("or
16   whether any portion copied is qualitatively or quantitatively important to the
17   Counter-Claimants' work") <u>is not a test for substantial similarity</u>.  The issue of
18   quantitative or qualitative importance of the elements claimed to be copied <u>only *is*</u>
19   *<u>relevant</u>* to the issue of *de minimis* copying, or whether the material copied is
20   protectable.  *Newton v. Diamond,* 388 F.3d 1189. 1195-96 (9th Cir. 2003).  For
21   example, in *Newton v. Diamond*, 204 F.Supp.3d 1244 (C.D. Cal. 2002), the issue
22   was whether the use of a short sample of a sound recording constituted *de minimis*
23   copying of the underlying composition.  The district court, in the section of the
24   opinion dealing with whether "*Sampling of Plaintiff's Work Is De Minimis*," the
25   court noted:  "Courts generally consider both quantitative and qualitative factors in
26   determining whether a taking is *de minimis.*"  *Id.* at 1256-57 (italics in original).
27   Substantial similarity was not an issue because the sampling of a recording was
28   conceded, so the notes were identical.  The issue was only *de minimis* copying.  *Id.*

1    Similarly, in *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004), the Ninth Circuit

2    discussed the quantity of material allegedly copied in discussing whether the portion

3    was too small to be protectable: "This Court has stated that '[e]ven if a copied

4    portion be relatively small in proportion to the entire work, if qualitatively

5    important, the finder of fact may properly find substantial similarity.'" *Id.* at 852

6    (citing *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987). In the Ninth Circuit,

7    the two-part extrinsic/intrinsic analysis is the only test for substantial similarity.

8    Quantitative or qualitative importance has no bearing on substantial similarity.

9    Rather, if the jury finds substantial similarity, then the jury also must decide whether

10   the portion copied is *de minimis* or not protectable—not because it determines

11   substantial similarity, but because it determines if it was trivial copying. *See id.*

12       Defendants' contentions:

13       The Gayes object to Proposed Special Court's Instruction No. 1 as a

14   misstatement of the law. Plaintiffs and Counter-Defendants' Proposed Special

15   Court's Instruction No. 1 seeks to have the jury do an element by element analysis

16   of the works at issue. However, under Ninth Circuit precedent, it is clear that in

17   determining whether infringement exists, a note-by-note or measure-by-measure

18   analysis is not necessary under the extrinsic or intrinsic test for substantial

19   similarity. *See Swirsky v. Carey*, 376 F.3d 841, 847-48 (9th Cir. 2004), *as amended

20   on denial of reh'g* (Aug. 24, 2004).

21       Further, under Ninth Circuit law, substantial similarity may exist where

22   (1) the total concept and feel of the two works are substantially similar or (2) the

23   alleged infringer copies an individually qualitatively or quantitatively important

24   portion of the allegedly infringed work. *Three Boys Music Corp. v. Bolton*, 212

25   F.3d 477, 485 (9th Cir. 2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir.

26   1987); *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations

27   omitted); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1257 (C.D. Cal. 2002). The

28   Thicke parties are wrong when they state the qualitative/quantitative inquiry is

1   purely a *de minimis* inquiry and not a substantial similarity inquiry.  The Ninth

2   Circuit in Baxter stated as follows: "Even if a copied portion be relatively small in

3   proportion to the entire work, if qualitatively important, the finder of fact may

4   properly find substantial similarity."  *Baxter v. MCA, Inc.,* 812 F.2d 421, 425 (9th

5   Cir. 1987) (citing *Walt Disney Productions v. Air Pirates,* 581 F.2d 751 (9th Cir.

6   1978), *cert. denied,* 439 U.S. 1132 (1978); *Universal Pictures v. Harold Lloyd,* 162

7   F.2d 354 (9th Cir. 1947); *Heim v. Universal Pictures Co.,* 154 F.2d 480, 488 (single

8   brief phrase so idiosyncratic as to preclude coincidence might suffice to show

9   copying) (dictum); *Fred Fisher, Inc. v. Dillingham,* 298 F. 145 (S.D.N.Y. 1924) (L.

10  Hand, J.) (eight note "ostinato" held to infringe copyright in song).  *See also*

11  *Meeropol v. Nizer,* 560 F.2d 1061 (2d Cir. 1977) (words copied amounted to less

12  than one percent of defendant's entire work; fair use), *cert. denied,* 434 U.S. 1013

13  (1977); *Robertson v. Batten, Barton, Durstine & Osborne, Inc.,* 146 F. Supp. 795,

14  798 (S.D. Cal. 1956) (portions of song used constituted element upon which popular

15  appeal and hence commercial success depended; fair use); Nimmer § 13.03[A][2] at

16  13–36, and citations therein (notion that copying of three bars from musical work

17  can never constitute infringement is without foundation)); *Bridgeport Music, Inc. v.*

18  *UMG Recordings, Inc*., 585 F.3d 267, 275 (6th Cir. 2009) ("Thus, the copying of a

19  relatively small but qualitatively important or crucial element can be an appropriate

20  basis upon which to find substantial similarity."); *Sheldon v. Metro-Goldwyn*

21  *Pictures Corp*., 81 F.2d 49, 56 (2d Cir. 1936) ("[I]t is enough that substantial parts

22  were lifted; no plagiarist can excuse the wrong by showing how much of his work

23  he did not pirate.").  Plaintiffs and Counter-Defendants' Proposed Court's

24  Instruction ignores this test for copyright infringement and is thus a misstatement of

25  the law.

26      This has to be the law.  For example, under the Thicke Parties' theory, if a

27  defendant took the words and melody of The Beatles iconic phrase "Yesterday, all

28  my troubles seemed so far away" and then the infringing song completely diverted in

1   every conceivable way from The Beatles' song, so the concept and feel were

2   complete dissimilar, there would not be a finding of infringement in that case.  That

3   would not be the case and is not the law.

4       The Gayes have submitted an accurate statement of the law as Proposed

5   Court's Instruction No. 29 and that instruction should be given to the jury.

6   **Tab 12:**

7       Plaintiffs' contentions:  Defendants' specially crafted instruction is yet

8   another improper argument in the guise of a jury instruction.  Defendants rely

9   entirely on dicta, taken out of context, from *Swirsky v. Carey*, 376 F.3d 841, 847-48

10  (9th Cir. 2004), and add their own biased language on top of it (*e.g.*, "[w]orks do not

11  have to be exactly identical on paper").  None of this dicta is applicable here.

12  *Swirsky* arose in the context of criticizing a trial court's ruling on summary

13  judgment.  It has no bearing on what a jury must decide, nor is there any reason to

14  "instruct" the jury not to conduct the analysis the trial court did in the *Swirsky* case

15  that the appellate court criticized in the context of a summary judgment motion.

16  The instruction is misleading, likely to confuse the jury, prejudicial, and as taken out

17  of context in the instruction, irrelevant and not an accurate statement of the law.

18  Defendants will put on their evidence of what elements they claim are similar, as

19  they are required to do under the law.  *Sony Pictures*, 156 F.Supp.2d at 1157.  The

20  jury then will compare those elements and decide if they are substantially similar.

21      Defendants' contentions:

22      This instruction represents an accurate statement of Ninth Circuit law.  This is

23  straight from *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004), *as amended on denial*

24  *of reh'g* (Aug. 24, 2004) and is essential for the jury to understand given the

25  positions and assertions of the parties in this action.

26  **Tab 13:**

27      Plaintiffs' contentions:  Defendants' specially crafted instruction is not the

28  law and is merely an attempt by Defendants to create new law out of thin air to

1   support their claims.  The "total concept and feel" test for intrinsic similarity has

2   nothing to do with whether an audience will recognize the defendant's work as a

3   "derivative work" of the plaintiff's work, nor is that even alleged in this case.  The

4   test turns on whether the ordinary, reasonable listener would find the "total concept

5   and feel" of the elements claimed to be similar in the plaintiff's work and "total

6   concept and feel" of the defendant's work to be substantially similar—meaning,

7   would the average person hear the works as the same based on alleged protectable

8   elements that are extrinsically similar.  Defendants' authorities do not support this

9   ill-conceived instruction.  Moreover, the last clause of the last sentence ("or whether

10  Plaintiffs and Counter-Defendants unlawfully appropriated Counter-Claimants'

11  *protectable expression* by taking material of substance and value" (emphasis in

12  original)) is not a concept relevant to the intrinsic test or substantial similarity.  At

13  most, the "substance and value" of the copied material is relevant to trivial copying,

14  *Newton,* 388 F.3d at 1195-96.  Defendants' proposed instruction is not good law.

15          Defendants' contentions:

16          This instruction represents an accurate statement of the law.  *See Swirsky v.*

17  *Carey*, 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24,

18  2004) (citing *Three Boys,* 212 F.3d at 485(quoting *Pasillas v. McDonald's Corp.,* 927

19  F.2d 440, 442 (9th Cir. 1991)).

20  **Tab 14:**

21          Plaintiffs' contentions:  Whether any portion copied from Defendants' work

22  are qualitatively or quantitatively important is not a test for substantial similarity.

23  The issue of quantitative or qualitative importance of the elements claimed to be

24  copied only *is relevant* to the issue of *de minimis* copying, or whether the material

25  copied is protectable.  Quantitative or qualitative importance has no bearing on

26  substantial similarity.  *Newton,* 388 F.3d at 1195-96; *Newton*, 204 F.Supp.3d at

27  1256-57 ("Courts generally consider both quantitative and qualitative factors in

28  determining whether a taking is *de minimis*") (italics in original); *Swirsky,*  376 F.3d

1   at 852.  Rather, if the jury finds substantial similarity, then the jury also must decide

2   whether the portion copied is *de minimis* or not protectable—not because it

3   determines substantial similarity, but because it determines if it was trivial copying.

4   *Newton,* 388 F.3d at 1195-96.  Defendants attempt to create new legal rules by

5   purporting to make this "quantitative or qualitative importance" issue a test for

6   substantial similarity.  That is not the law.  The jury instruction is clearly erroneous.

7   <u>Defendants' contentions</u>:

8   Under Ninth Circuit law, substantial similarity may exist where (1) the total

9   concept and feel of the two works are substantially similar or (2) the alleged

10  infringer copies an individually qualitatively or quantitatively important portion of

11  the allegedly infringed work.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485

12  (9th Cir. 2000); *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987); *Newton v.*

13  *Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Newton*

14  *v. Diamond*, 204 F. Supp. 2d 1244, 1257 (C.D. Cal. 2002).  The Thicke parties are

15  wrong when they state the qualitative/quantitative inquiry is purely a *de minimis*

16  inquiry and not a substantial similarity inquiry.  The Ninth Circuit in Baxter stated

17  as follows: "Even if a copied portion be relatively small in proportion to the entire

18  work, if qualitatively important, the finder of fact may properly find substantial

19  similarity."  *Baxter v. MCA, Inc.,* 812 F.2d 421, 425 (9th Cir. 1987) (citing *Walt*

20  *Disney Productions v. Air Pirates,* 581 F.2d 751 (9th Cir. 1978), *cert. denied,* 439

21  U.S. 1132 (1978); *Universal Pictures v. Harold Lloyd,* 162 F.2d 354 (9th Cir. 1947);

22  *Heim v. Universal Pictures Co.,* 154 F.2d 480, 488 (single brief phrase so

23  idiosyncratic as to preclude coincidence might suffice to show copying) (dictum);

24  *Fred Fisher, Inc. v. Dillingham,* 298 F. 145 (S.D.N.Y. 1924) (L. Hand, J.) (eight

25  note "ostinato" held to infringe copyright in song). *See also Meeropol v. Nizer,* 560

26  F.2d 1061 (2d Cir. 1977) (words copied amounted to less than one percent of

27  defendant's entire work; fair use), *cert. denied,* 434 U.S. 1013 (1977); *Robertson v.*

28  *Batten, Barton, Durstine & Osborne, Inc.,* 146 F.Supp. 795, 798 (S.D. Cal. 1956)

1   (portions of song used constituted element upon which popular appeal and hence

2   commercial success depended; fair use); Nimmer § 13.03[A][2] at 13–36, and

3   citations therein (notion that copying of three bars from musical work can never

4   constitute infringement is without foundation)); *Bridgeport Music, Inc. v. UMG*

5   *Recordings, Inc*., 585 F.3d 267, 275 (6th Cir. 2009) ("Thus, the copying of a

6   relatively small but qualitatively important or crucial element can be an appropriate

7   basis upon which to find substantial similarity."); *Sheldon v. Metro-Goldwyn*

8   *Pictures Corp*., 81 F.2d 49, 56 (2d Cir. 1936) ("[I]t is enough that substantial parts

9   were lifted; no plagiarist can excuse the wrong by showing how much of his work

10  he did not pirate.").  Plaintiffs and Counter-Defendants' Proposed Court's

11  Instruction ignores this test for copyright infringement and is thus a misstatement of

12  the law.

13      This has to be the law.  For example, under the Thicke Parties' theory, if a

14  defendant took the words and melody of The Beatles iconic phrase "Yesterday, all

15  my troubles seemed so far away" and then the infringing song completely diverted

16  in every conceivable way from The Beatles' song, so the concept and feel were

17  complete dissimilar, there would not be a finding of infringement in that case.  That

18  would not be the case and is not the law.

19      The Gayes have submitted an accurate statement of the law as Proposed

20  Court's Instruction No. 32 and that instruction should be given to the jury.

21  **Tab 15:**

22      Plaintiffs' contentions:  Defendants' Instructions Nos. 33 and 34 concerning

23  "a combination of unprotectable elements" are argumentative, misleading, and not a

24  correct statement of the law.  Instruction No. 34 includes a summary of the *Swirsky*

25  case and thus **invites the jury to play lawyer and compare the facts of this case**

26  **to prior authority**.  This is clearly improper.  Instruction No. 33 does the same

27  ("Instruction No. 29 and 34 lists examples of some combinations of unprotectable

28  elements that are protectable").  It is not the province of the jury to apply case

1   precedent to facts or to decide what the law is based on outside authority.

2   Defendants' instructions will only confuse and mislead the jury.

3       Furthermore, there is no "combination of unprotectable elements" at issue in

4   this case.  Defendants' musicologists have a theory of an alleged "constellation" of

5   eight similarities between "Blurred Lines" and "Got to Give It Up," but that opinion

6   is based on alleged similarities to the Marvin Gaye sound recording not at issue

7   here.  [*See* Plaintiffs' Motions *In Limine* Nos. 1, 2, filed 1/6/15 (Documents 165,

8   174.]  There is no "combination" of unprotectable elements claim based on the more

9   limited copyright (if any) in the Deposit Copy sheet music.  At most, there are two

10  vocal melodies and a bass phrase in the Deposit Copy that allegedly were copied.

11      Defendants' contentions:

12      This instruction represents an accurate statement of the law. Given the facts of

13  this case and the contentions of the parties, this instruction is essential for the jury to

14  understand the appropriate law and when copying may be found. It is entirely

15  consistent with binding Ninth Circuit precedent.

16  **Tab 16:**

17      Plaintiffs' contentions:  Defendants' instruction is inapplicable because

18  Plaintiffs' only "affirmative defense" is innocent copying, which is not a defense to

19  liability but goes to mitigation of statutory damages.  Plaintiffs' proposed instruction

20  on innocent infringement addresses the burden of proof issue.  [*See* Exhibit B,

21  Tab 26, MCJI § 17.26.  Defendants' "affirmative defenses" instruction is likely to

22  confuse the jury and unnecessary.

23      Defendants' contentions:

24      This instruction represents an accurate statement of the law.

25  **Tab 17:**

26      Plaintiffs' contentions:  Plaintiffs' instruction on trivial copying succinctly

27  states the rule.  Trivial copying is not an affirmative defense but rather is subsumed

28

1  in the issue of copying (on which Defendants bear the burden of proof), but

2  Plaintiffs bear the initial burden of production on the issue of trivial copying.

> In other words, *the de minimis use doctrine is either subsumed* into the affirmative defense of fair use or *into negating Plaintiff's prima facie case of copyright infringement*. A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2014 WL 360048 at

*4 (C.D. Cal. Jan. 31, 2014) (citing *Zivkovic v. S. California Edison Co.*, 302 F.3d

1080, 1088 (9th Cir. 2002)(emphasis added).  Similarly, "the merger doctrine and the

related scenes a faire doctrine serve as limiting principles that narrow the extent of

copyright protection, not as affirmative defenses."  *Meridian Project Sys., Inc. v.*

*Hardin Const. Co., LLC*, 426 F. Supp. 2d 1101, 1113 (E.D. Cal. 2006)

12      Defendants' contentions:

13      The Gayes object to Proposed Special Court's Instruction No. 4 as a

confusing expression of the law.  The affirmative defense is that the copying is "*de*

*minimis*" not "trivial copying," and the Gaye's Proposed Court's Instruction Nos. 29

and 36 accurately describe the law in this regard.  Ninth Circuit law is also clear that

even though small in size, copying that is important may be infringement.  *See*

*Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987) ("Even if a copied portion be

relatively small in proportion to the entire work, if qualitatively important, the finder

of fact may properly find substantial similarity."); *Newton*, 388 F.3d at 1195

**Tab 18**:

22      Plaintiffs' contentions:  Plaintiffs' instruction on independent creation clearly

states the rule.  Independent creation is not an affirmative defense but rather is

subsumed in the issue of copying (on which Defendants bear the burden of proof),

but Plaintiffs bear the burden of production on the issue of independent creation.

Plaintiffs only need produce evidence of independent creation in order to overcome

the presumption of copying based on substantial similarity and access.  Plaintiffs do

not have the burden to "prove" independent creation—rather, Defendants have the

1 burden to prove copying.  Plaintiffs' instruction is the accurate statement of the law;

2 Defendants is not.  Moreover, the second paragraph of Defendants' instruction

3 regarding certain types of evidence the jury may consider is argumentative and

4 biased.  The jury may consider all relevant evidence.  Defendants attempt to sway

5 the jury or limit what they consider.  Defendants' instruction is incorrect.

6      Defendants' contentions:

7      The Gayes object to Proposed Special Court's Instruction No. 2 as a

8 misstatement of the law.  Proposed Special Instruction No. 2 ignores the clear law of

9 the Ninth Circuit, that the jury should be instructed, "if you believe that Plaintiffs

10 and Counter-Defendants actually heard Counter-Claimants' copyrighted works and

11 there are substantial similarities between the works, you can infer that the

12 substantial similarities between Counter-Claimants' copyrighted work and Plaintiffs

13 and Counter-Defendants' work are the result of copying, not mere coincidence."

14 This instruction also does not take into consideration the inverse ratio rule discussed

15 above.

16 **Tab 19:**

17      Plaintiffs' contentions:  Defendants' instruction is not the law but rather is an

18 argumentative statement by Defendants purporting to summarize a variety of

19 authorities, many of them not Ninth Circuit case law.  A "member of a distribution

20 chain" is not "jointly and severally liable" for infringement.  Liability rests on

21 violating one of the exclusive rights of the copyright owner under 17 U.S.C. § 106,

22 either directly or as a vicarious or contributory infringer.  The parties have proposed

23 separate instructions on direct, vicarious, and contributory infringement.  The jury

24 should assess liability of any alleged "members of the distribution chain" here based

25 on those standard instructions; Defendants' "distribution chain" instruction is not the

26 law and is misleading, likely to confuse the issues, and will prejudice Plaintiffs.

27 / / /

28 / / /

1    <u>Defendants' contentions</u>:

2    This instruction represents an accurate statement of the law.  The jury must

3    understand the concept of joint and several liability in a copyright case, and that a

4    party is responsible for distributing infringing material even if it did not create the

5    work or know that it was infringing.  Otherwise, the jury might believe that a

6    distributor or publisher who was not involved in the creation of the song should not

7    be held financially responsible.

8    **<u>Tab 20</u>:**

9    <u>Plaintiffs' contentions</u>:  The parties' respective instructions on infringer's

10   profits (MCJI § 17.24) are similar other than naming conventions for the parties

11   ("Counter-Claimants" as opposed to "Gaye Parties" etc.).

12   In addition, the cases cited by Plaintiffs make clear that it is a rare instance

13   where all profits are attributable to the infringement.  When all of the profits do not

14   clearly derive from the infringing material, the copyright owner is not entitled to

15   recover all of the profits, and apportionment of just those profits attributable to the

16   infringing material is required.  *Three Boys,* 212 F.2d at 487 (citing cases); *Frank*

17   *Music Corp. v Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1548-49 (9th Cir. 1989);

18   *Cream Records, Inc. v. Jos. Schlitz Brewing Co*., 754 F.2d 826, 828-29 (9th Cir.

19   1985) ("In cases such as this where an infringer's profits are not entirely due to the

20   infringement, and the evidence suggests some division which may rationally be used

21   as a springboard it is the duty of the court to make some apportionment")(quoting

22   *Orgel v. Clark Boardman Co., 301 F.2d 119, 121 (2d Cir. 1962)).*

23   The last paragraph of Plaintiffs' instruction states that unless the jury finds

24   that all profits are attributable to the infringement, the jury must apportion damages.

25   Defendants' instruction states this concept in the reverse order.  Plaintiffs' cite

26   authorities in their instruction that support their wording, *i.e.*, since it is the <u>rare</u> case

27   where <u>all</u> profits are recoverable.

28   / / /

1     Defendants' contentions:

2        The Gayes object to Proposed Court's Instruction  No. 17.24 as an incorrect

3 statement of the law.  First, Proposed Court's Instruction No. 17.24 incorrectly

4 states that Plaintiffs and Counter-Defendants' are entitled to deduct overhead

5 expenses from the damages owed the Gayes.  First, overhead expenses are

6 deductible only where the overhead in question contributed to sales of the infringing

7 product. *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir.

8 1984).  Additionally, the facts will show that Plaintiffs and Counter-Defendants'

9 action were willful.  A willful  copyright infringer is not entitled to a deduction of

10 overhead expenses.  *Frank Music  Corp.  v. Metro-Goldwyn-Mayer, Inc*., 772 F.2d

11 505, 515 (9th Cir. 1985).

12        Additionally,  this  instruction  misstates  the  burden  in  proving  the  profits

13 attributable to the infringement by attempting to put the burden on the Gayes to

14 prove what  portion of Plaintiffs and Counter-Defendants' profits are attributable  to

15 the infringement.  The burden on the Gayes is solely to prove revenue.  The burden

16 then shifts to the Plaintiffs and Counter-Defendant to prove by a preponderance of

17 the evidence any deductions.  *See Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087

18 (9th Cir. 2014); *Blizzard Entm't, Inc. v. Reeves*, 2010 WL 4054095, at *1 (C.D. Cal.

19 Aug. 10, 2010).  The Gayes' Proposed Court's Instruction No. 44 correctly sets

20 forth this methodology.

21 **Tab 21**:

22     Plaintiffs' contentions:  Defendants' instruction is unsupported by its cited

23 authorities and is not a correct statement of the law here.  Plaintiffs contend that

24 apportionment is required here both because: (a) at most, the allegedly copied

25 portions of Defendants' compositions are only a fraction of Plaintiffs' works; and

26 (b) other factors, such as extensive marketing and promotion, the fame and fan base

27 of Robin Thicke and Pharrell Williams, etc., contributed to the success of "Blurred

28 Lines."  Accordingly, even were the jury to find that the allegedly copied portions of

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/847283.1

23

1  "Got to Give It Up" are "inextricably intertwined" with "Blurred Lines," the jury

2  would still need to consider apportionment on the basis of other, non-musical

3  factors.  Defendants' proposed instruction is erroneous and should be rejected.

4          Defendants' contentions:

5          This instruction represents an accurate statement of the law.  The jury must

6  understand the concept of the "inextricably" intertwined infringing "product" for

7  purposes of apportioning damages, and that the infringer must disgorge all profits if

8  the infringing and noninfringing elements are so inextricably intertwined that they

9  may not be reasonably separated.  As set forth in the citations to the jury instruction,

10  this is a basic tenet of a damages analysis in a copyright infringement action and a

11  jury must be so instructed.

12  **Tab 22:**

13          Plaintiffs' contentions:  Plaintiffs' proposed instruction is a straightforward

14  recitation of MCJI § 17.27.  It is not objectionable and should be given as written.

15  Defendants' proposed instruction has a number of problems (apart from the issue in

16  many of these instructions of naming conventions for the parties, "Gaye Parties" as

17  opposed to "Counter-Claimants").  The entire last paragraph of Defendants'

18  instruction should be rejected.  The first sentence is redundant, informal, and

19  purports to summarize the more detailed Model Instruction in the preceding

20  paragraph.  The second sentence is not a correct statement of the law.  There is no

21  *per se* rule that continuing to infringe after being notified of the infringement

22  constitutes willful infringement, particularly where, as here, Plaintiffs deny that their

23  songs infringe Defendants' compositions.  The case relied upon by Defendants

24  involved a license that had expired—*i.e.*, and thus the Defendant had no argument

25  that it had right to continue exploiting the work.  *See Peer Int'l Corp. v. Pausa*

26  *Records, Inc.*, 909 F.2d 1332, 1335-35 (9th Cir. 1990).  Here, there is no such issue.

27  There is a dispute over whether the songs are the same (or even close). The last

28  sentence of Defendants' instruction is off-topic and concerns deduction of overhead,

KING, HOLMES,
PATERNO &
BERLINER, LLP

1    which is dealt with in separate instructions on damages and is simply confusing,

2    redundant, and argumentative when included in the instruction on willfulness.

3        Defendants' contentions:

4        The Gayes object to Proposed Court's Instruction No. 17.27 as being

5    incomplete.  The Gayes' Proposed Court's Instruction No. 46 sets forth a complete

6    definition of willful infringement under Ninth Circuit precedent.  See *Three Boys*

7    *Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000)); *Peer Int'l Corp. v. Pausa*

8    *Records, Inc.*, 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The court found the

9    infringements were willful because of 'Mr. Newman's deposition testimony that

10   defendants received the December 26, 1984 notice of termination, failed to account

11   for and pay royalties, yet nevertheless continued to manufacture and distribute

12   phonorecords.'"); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505,

13   515 (9th Cir. 1985); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32

14   (9th Cir. 1984).

15   **Tab 23:**

16       Plaintiffs' contentions:  Defendants' proposed separate instructions on

17   portions of the statutory damages analysis are specially drafted yet more confusing

18   and less comprehensible than the standard instruction, MCJI § 17.25.  MCJI § 17.25

19   is part of the agreed instructions (*see* Exhibit A hereto, second to last instruction),

20   and fully covers the statutory damages award in a neutral, clear, concise manner.

21   Defendants' proposed separate instructions are incomplete and should be rejected.

22       Defendants' contentions:

23       This instruction represents an accurate statement of the law.

24   **Tab 24:**

25       Plaintiffs' contentions:  Defendants' proposed instruction on foreign profits is

26   ambiguous because it is not specific to each party.  The instruction does not make

27   clear that the foreign profits of a <u>particular Plaintiff</u> are recoverable only if <u>that</u>

28   <u>particular Plaintiff</u> committed an infringing act entirely in the United States that

1  enabled foreign exploitation, and that profits from that foreign exploitation <u>were</u>

2  <u>received by that particular Plaintiff</u> in the United States.  Defendants' instruction

3  applies a broad brush in order to obviate the need for Defendants to prove any

4  foreign profits are recoverable separately with respect to each of the Plaintiffs here.

5       <u>Defendants' contentions</u>:

6       This instruction represents an accurate statement of the law.

7  **Tab 25**:

8       <u>Plaintiffs' contentions</u>:  Plaintiffs' Special Instruction No. 3 on the limits of

9  protectable expression is standard issue copyright case law repeated in numerous

10 authorities, including those cited in the proposed jury instruction.  The jury needs to

11 be apprised that commonplace elements, *scenes a faire*, and other non-protectable

12 elements cannot be the basis of an infringement claim and are not protectable.  The

13 instruction is a neutral listing of the non-protected elements discussed throughout

14 the copyright law.  The instruction is fair and impartial, and necessary.  There is no

15 model instruction on this point, so the special instructions should be used here.

16      <u>Defendants' contentions</u>:

17      The Gayes object to special jury instruction 3. The Gayes object to this

18 Proposed Instruction because it does not fully encompass the applicable law.  This

19 instruction states that an idea may not be copyrighted, while this is true, it over

20 generalizes the case law.  An idea, in combination with other unprotectible elements

21 may have copyright protection.  "It is well settled that a jury may find a combination

22 of unprotectible elements to be protectible under the extrinsic test because 'the over-

23 all impact and effect indicate substantial appropriation.'"  *Three Boys Music Corp.*,

24 212 F.3d at 485; *see also Radin v. Hunt*, LA CV10-08838 JAK (SSx), at 4 (C.D.

25 Cal. Dec. 15, 2011).  The Ninth Circuit has specifically recognized "ideas" as one of

26 these elements.  *Swirsky v. Carey*, 376 F.3d 841, 849 (9th Cir. 2004), *as amended on*

27 *denial of reh'g* (Aug. 24, 2004).

28 / / /

**Tab 26:**

Plaintiffs' contentions:  Plaintiffs simply set forth MCJI § 17.26 without modification.  It is the standard copyright instruction on innocent infringement. Innocent infringement is an issue on which Plaintiffs bear the burden of proof and is relevant to statutory damages as is explained to the jury in other statutory damages instructions proposed by Plaintiffs and as they will be asked to determine in their verdict.  Plaintiffs model instruction is appropriate, fair, and should be given here.

Defendants' contentions:

The Gayes object to instruction 17.26 as being an incorrect recitation of the claims and defenses at issue in this action. Additionally, the facts will show that Plaintiffs and Counter-Defendants' action were willful.

Innocent infringement is not a defense to copyright infringement. It is only a way in which to reduce the amount of awardable statutory damages as Plaintiffs conceded in the Pre-Trial Order. Without a clear understanding of this context, this instruction is misleading and confusing.

**Tab 27:**

Plaintiffs' contentions:  The parties have <u>agreed</u> on the MCJI version of this instruction, which is MCJI § 1.11 ("Credibility of Witnesses").  [*See* Exhibit A hereto.]  The CACI version is longer, less concise, less clear, and duplicative of the MCJI form.  Two instructions are potentially confusing and, at a minimum, merely cumulative.  The Court should only use MCJI § 1.11 (set forth in Exhibit A hereto).

Defendants' contentions:

CACI No. 107 is a more complete and thorough explanation of the role of expert witnesses. The additional information provided by CACI No. 107, in lieu of the Ninth Circuit Model Rule, will provide the jury with the best guidance on how to weigh the testimony of expert witnesses.

**Tab 28:**

Plaintiffs' contentions:  The parties have <u>agreed</u> on two MCJI versions of this

1  instruction, which is MCJI § 2.12 ("Charts and Summaries Not Received In

2  Evidence") and § 2.13 ("Charts and Summaries In Evidence").  [*See* Exhibit A

3  hereto.  Defendants' specially modified version of the CACI form is less concise,

4  less clear, and duplicative of the MCJI form.  Two instructions are potentially

5  confusing and, at a minimum, merely cumulative.  Moreover, the proposed

6  instruction refers to sound recordings and mash-ups that are the subject of Plaintiffs

7  Motions *In Limine* Nos. 1 and 3, and which should be excluded at trial. Defendants'

8  instruction is potentially prejudicial and likely to confuse the jury in referring to

9  items that should be excluded at trial.  This *third* proposed instruction on charts

10  should be omitted. The Court should only use MCJI § 2.12, 2.13 (set forth in Exhibit

11  A hereto).

12      Defendants' contentions:

13      The Gayes' Instruction No. 16 is an accurate statement of law. CACI No.

14  5020 (2014) was modified to include relevant evidence at issue in this case. The

15  purpose of the instruction is to explain to the jury why certain materials are available

16  for deliberations and other materials are not; this modification is essential for jury to

17  understand what demonstrative exhibits they may consider. As the expression of the

18  musical compositions at issue are embodied in the sound recordings, the inclusion of

19  "musical excerpts, sound recordings, audio examples, and/or comparison

20  recordings" in this instruction will aid the jury in their deliberation.

21  **Tab 29:**

22      Plaintiffs' contentions:  The parties have <u>agreed</u> on an MCJI version of this

23  instruction, which is MCJI § 2.8 ("Impeachment Evidence- Witness").  [*See* Exhibit

24  A hereto.]  Defendants' special instruction based on an Eleventh Circuit model

25  instruction is less concise, less clear, and duplicative of the MCJI form.  Defendants'

26  proposed instruction also is not relevant or apposite to the facts circumstances of

27  this case, is overbroad, and is likely to confuse or mislead the jury. Two instructions

28  are potentially confusing and, at a minimum, merely cumulative.  This *second*

1  proposed instruction from another circuit on witness credibility should be omitted.

2  The Court should only use MCJI § 2.8 (set forth in Exhibit A hereto).

3      <u>Defendants' contentions</u>:

4      Plaintiffs have objected to this instruction on the grounds that it does not have

5  a basis in Ninth Circuit, CACI, or MCJI.  This is not a ground for disputing a

6  proposed jury instruction. As Plaintiffs' credibility is an issue in this case, and

7  determinations of trustworthiness of witnesses are critical to any fair jury trial,

8  Instruction No. 19 will help to clarify the role of the jury; determinations of

9  trustworthiness of witnesses, and evaluation of credibility, are critical to the jury's

10  consideration

11  .

12  DATED:  January 21, 2015      KING, HOLMES, PATERNO &

13                                          BERLINER, LLP

14

15

16                                    By: _____

17                                        HOWARD E. KING

18                                        SETH MILLER
                                      Attorneys for Plaintiffs and Counter-Defendants

19                                        PHARRELL WILLIAMS, et al.

20  DATED:  January 21, 2015      KING & BALLOW

21

22

23                                    By:    /s/ Richard S. Busch

24                                        RICHARD S. BUSCH
                                      Attorneys for Defendants/Counter-Claimants

25                                        NONA MARVISA GAYE and FRANKIE

26                                        CHRISTIAN GAYE

27

28

1    DATED:  January 21, 2015              LAW OFFICES OF PAUL N. PHILIPS, APLC

2

3

4                                          By:  _____/s/ Paul N. Philips_____

5                                               PAUL N. PHILIPS
                                           Attorneys for Defendant/Counter-Claimant
6                                          MARVIN GAYE III

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 21, 2015, I electronically filed the foregoing **JOINT [PROPOSED] JURY INSTRUCTIONS** with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_Joey S. Gossett_

Joey S. Gossett