**EXHIBIT A**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions, which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 1.1A (2007).("

## DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.1B  (2007).

## DUTY OF JURY (COURT READS AND PROVIDES
## WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 1.1C (2007).

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.3  (2007).

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.5  (2007).

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.6  (2007).

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.7  (2007).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.9  (2007).

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.10  (2007).

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.11  (2007).

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.12  (2007).

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem. .

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.13  (2007).

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 1.14  (2007).

## QUESTIONS TO WITNESSES BY JURORS

## INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 1.15 (2007).

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 1.18 (2007).

## OUTLINE OF TRIAL (MODIFIED)

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Gaye Parties will then present evidence, and counsel for the Thicke Parties may cross-examine.  Then the Thicke Parties may present evidence, and counsel for the Gaye Parties may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions §  1.19 (2007).

## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.2 (2007).

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.4 (2007).

## IMPEACHMENT EVIDENCE - WITNESS

The evidence that a witness has lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.8 (2007).

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.11 (2007).

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 2.12 (2007).

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.13 (2007).

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 3.1 (2007).

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 3.2 (2007).

## RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 3.3 (2007).

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation or joint venture is entitled to the same fair and conscientious consideration by you as any party.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 4.1 (2007).

## LIABILITY OF CORPORATIONS—SCOPE OF
## AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 4.2 (2007).

## COPYRIGHT—DEFINED (MODIFIED)
### (17 U.S.C. § 106)

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

(1)      authorize, or make additional copies, or otherwise reproduce the copyrighted work in phonorecords;

(2)      recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3)      distribute sound recordings of the copyrighted work to the public by sale or other transfer of ownership; or

(4)      perform publicly a copyrighted musical work.

It is the owner of a copyright who may exercise these exclusive right[s] to copy.  The term "owner" includes the author of the work or a person who has acquired the copyright as an heir of the author.  In general, copyright law protects against production, distribution, and performance of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions §  17.1;  (2007); 17 U.S.C. §§ 101, 304.

## COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION
### (17 U.S.C. § 102(b))

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work.  Only the particular expression of an idea can be copyrighted.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work.  The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.3 (2007).

**COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING**
**(17 U.S.C. § 501(a)–(b))**

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the Gaye Parties' copyright infringement claims, the Gaye Parties have the burden of proving both of the following by a preponderance of the evidence:

1.    the Gaye Parties are the owner of a valid copyright; and

2.    the Thicke Parties copied original elements from the copyrighted work.

If you find that the Gaye Parties have proved both of these elements, your verdict should be for the Gaye Parties.  If, on the other hand, the Gaye Parties have failed to prove either of these elements, your verdict should be for the Thicke Parties.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.4 (2007).

## COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (MODIFIED)
### (17 U.S.C. §§ 201–205)

The Gaye Parties are the owner of a valid copyright in the musical compositions "Got to Give It Up" and "After the Dance" if the Gaye Parties prove by a preponderance of the evidence that:

1.      the Gaye Parties' works are original;

2       the Gaye Parties' acquired the copyrights in "Got to Give it Up" and "After the Dance" as the heirs of Marvin Gaye; and

3.      the original owner of the copyrights in "Got to Give It Up" and "After the Dance" complied with copyright notice requirements by placing a copyright notice on publicly distributed copies of the works or by registering a copyright in the unpublished works prior to publication.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 (2007), as modified; 17 U.S.C. §§ 101, 304; Act of March 4, 1909 ("1909 Act"), ch. 320 §§ 11, 12, 35 Stat. 1075, 1078; *Stewart v. Abend,* 495 U.S. 207, 233 (1990); *Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1343 (9th Cir. 1981); M. Nimmer and D. Nimmer, 1 Nimmer on Copyright, § 4.05[B][4] at 4-35..

### COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

As part of their burden in Instruction No. ___, the Gaye Parties must show by a preponderance of the evidence that the Thicke Parties had access to the Gaye Parties' work. The Thicke Parties had access to the Gaye Parties' work if the Thicke Parties had a reasonable opportunity to hear the Gaye Parties work before the Thicke Parties' work was created.

The parties have stipulated that the Thicke Parties had access to the Gaye Parties' work.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.16 (2007).

## DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF

If you find that [*name of direct infringer*] infringed the Gaye Parties' copyright in "Got to Give It Up" or "After the Dance," you may consider the Gaye Parties' claim that [*name of alleged vicarious infringer*] vicariously infringed that copyright.  The Gaye Parties have the burden of proving each of the following by a preponderance of the evidence:

1.      [*name of alleged vicarious infringer*] profited directly from the infringing activity of [*name of direct infringer*];

2.      [*name of alleged vicarious infringer*] had the right and ability to [supervise] [control] the infringing activity of [*name of direct infringer*]; and

3.      [*name of alleged vicarious infringer*] failed to exercise that right and ability.

If you find that the Gaye Parties proved each of these elements, your verdict should be for the Gaye Parties if you also find that [*name of direct infringer*] infringed Gaye Parties' copyright. If, on the other hand, the Gaye Parties failed to prove any of these elements, your verdict should be for [*name of alleged vicarious infringer*].

Authority: Ninth Circuit Manual of Model Civil Jury Instructions §  17.20 (2007).

### DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT

A party may be liable for copyright infringement engaged in by another if [he] [she] [it ] knew or had reason to know of the infringing activity and intentionally [induces] [materially contributes to] that infringing activity.

If you find that [*name of direct infringer*] infringed the Gaye Parties' copyright in "Got to Give It Up" or "After the Dance," you may proceed to consider the Gaye Parties' claim that [*name of contributory infringer*] contributorily infringed that copyright.  To prove copyright infringement, the Gaye Parties must prove both of the following elements by a preponderance of the evidence:

    1.    [*name of contributory infringer*] knew or had reason to know of the infringing activity of [*name of direct infringer*]; and

    2.    [*name of contributory infringer*] intentionally [induced] [materially contributed to] [*name of direct infringer's*] infringing activity.

If you find that [*name of direct infringer*] infringed the Gaye Parties' copyright and you also find that the Gaye Parties have proved both of these elements, your verdict should be for the Gaye Parties.  If, on the other hand, the Gaye Parties have failed to prove either or both of these elements, your verdict should be for [*name of contributory infringer*].

Authority: Ninth Circuit Manual of Model Civil Jury Instructions §  17.21 (2007).

## COPYRIGHT—DAMAGES (MODIFIED)
### (17 U.S.C. § 504)

If you find for the Gaye Parties on the Gaye Parties' copyright infringement claim, you must determine the Gaye Parties' damages. The Gaye Parties are entitled to recover the actual damages suffered as a result of the infringement. In addition, the Gaye Parties are also entitled to recover any profits of the Thicke Parties attributable to the infringement not taken into account in computing actual damages. The Gaye Parties must prove damages by a preponderance of the evidence.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.22 (2007); 17 U.S.C. § 504(b).

## COPYRIGHT—DAMAGES—ACTUAL DAMAGES
### (17 U.S.C. § 504(b))

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the infringer of the copyright owner's work.  That amount also could be represented by the lost license fees the copyright owner would have received for the infringer's unauthorized use of the copyright owner's work.


Authority: Ninth Circuit Manual of Model Civil Jury Instructions §  17.23 (2007).

## COPYRIGHT—DAMAGES—STATUTORY DAMAGES (17 U.S.C. § 504(c))

If you find for the Gaye Parties on their copyright infringement claims, you must determine the Gaye Parties' damages.  The Gaye Parties seek a statutory damage award, established by Congress, for each work they claim was infringed.  Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions Nos. [_____] will tell you what constitutes innocent infringement and what constitutes willful infringement.


Authority: Ninth Circuit Manual of Model Civil Jury Instructions §  17.25 (2007).