UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-06004 JAK (AGRx) | Date | January 26, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Pamela Batalo |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Howard E. King<br>Seth Miller | Paul H. Duvall<br>Richard S. Busch<br>Paul N. Philips<br>Sara R. Ellis |

**Proceedings:** **FINAL PRETRIAL CONFERENCE**

**STATUS CONFERENCE RE EXHIBITS**

**PLAINTIFFS’ MOTIONS IN LIMINE (DKT. 165 – 172, 174)**

**DEFENDANTS’ MOTIONS IN LIMINE (DKT. 157 – 164)**

The pretrial conference, status conference, and motion hearing is held. The Court will review the *Three Boys* decision, and confers with counsel regarding the pretrial documents as follows:

Plaintiffs’ Motions in Limine:
The Court states its tentative views with respect to Plaintiffs’ motions in limine, hears argument, and rules as follows:

No. 1: to Exclude Evidence of Marvin Gaye Sound Recordings (Dkt. 165): GRANTED; provided, however, Defendants may present modified versions of the sound recordings to Plaintiffs for their review and consideration with any remaining dispute to be determined by the Court, and provided, further, that this ruling does not preclude Defendants’ experts from relying on such recordings as a basis for elements of their opinions, as appropriate, with the Court to address such issues upon a proffer by Defendants as to such opinion testimony.

No. 2: to Exclude Testimony of Judith Finell and Ingrid Monson (Dkt. 174): DENIED; provided, however, these experts shall not use the phrase “substantial similarity” in their opinions because it is the ultimate issue for the jury, but may use other similar descriptive words.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-06004 JAK (AGRx) | Date | January 26, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

No. 3: to Exclude Defendants' Audio Examples (Dkt. 166): GRANTED; provided, however, Defendants may present modified versions of the proposed excerpts to Plaintiffs for their review and consideration with any remaining dispute to be determined by the Court, and provided, further, that this ruling does not preclude Defendants' experts from relying on such recordings as a basis for elements of their opinions, as appropriate, with the Court to address such issues upon a proffer by Defendants as to such opinion testimony.

No. 4: to Exclude Evidence of Lay Opinions Regarding Similarity of the Sound Recordings (Dkt. 167): GRANTED.

No. 5: to Exclude Evidence of Robin Thicke's Touring Income (Dkt. 168): GRANTED with respect to the purpose for which it is offered in connection with the proffered expert testimony of Gary Cohen; provided, however, it may be admissible for a limited purpose where shown to be relevant as to claimed damages.

No. 6: to Exclude Evidence of Marvin Gaye's Rights of Publicity (Dkt. 169): DENIED IN PART: the admissions of Thicke or other adverse parties concerning the creation and promotion of the allegedly infringing works is not excluded.

No. 7: to Exclude Testimony of Michael Alleyne, Thomas Court, Ron Aston and Nancie Stern (Dkt. 170): GRANTED; provided, however, deposition pages and any other evidence may be filed by Defendants regarding Stern's qualifications to testify as to valuation of use, and whether her proffered testimony for that purpose was timely disclosed, and provided further, that the factual elements of Alleyne's report are admissible as to claimed damages through a stipulation or his testimony about the compilation of this data, without an accompanying opinion.

No. 8: to Exclude Testimony of Harry Weinger (Dkt. 171): GRANTED; subject, however, to the filing of deposition pages that each party claims to support their competing positions as to whether or not he was acting as the agent of Counterclaim-Defendant UMG Recordings when he made the statements at issue. The Court will review these submissions and rule on this issue prior to the commencement of the trial.

No. 9: to Exclude Evidence of Plaintiffs' Press Statements (Dkt. 172): DENIED.

<u>Defendants' Motions in Limine</u>:
The Court states its tentative views with respect to Defendants' motions in limine, hears argument and then rules as follows:

No. 1: to Exclude The Testimony of Lawrence Ferrara, Ph.D. and Evidence of His Consultation in Anticipation of Litigation (Dkt. 157): GRANTED.

No. 2: to Exclude The Evidence of a Dispute Between Anthony Kyser and Counter-Claimants Regarding

Page **2** of **4**


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-06004 JAK (AGRx) | Date | January 26, 2015 |
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

All Things Marvin Gaye, LTD. and Bravado International Group Merchandising Services, Inc. (Dkt. 158): The motion is not opposed and, therefore, GRANTED.

No. 3: to Exclude Testimony and Evidence of Sandy Wilbur Regarding Compositions and Sound Recordings other than "Blurred Lines," "Love After War," "After the Dance," and "Got to Give it Up" (Dkt. 159): DENIED.

No. 4: to Allow Experts to Testify and Present Evidence that the Descending Base Line is in the Deposit Copy of "Got To Give It Up" (Dkt. 160): GRANTED.[1]

No. 5: to Exclude From Trial Expert Testimony of Jason Gallien, Nicole Bilzerian and Chris Knight (Dkt. 161): DENIED; provided, however, if Plaintiffs elect to proffer the opinions of Chris Knight, they shall be disclosed to Defendants prior to trial and Defendants shall have the right to depose Knight prior to his trial testimony, but only as to such proffered opinions.

No. 6: to Exclude Trial Testimony of Peter Oxendale and Evidence of any Opinion or Statement of Peter Oxendale (Dkt. 162): GRANTED.

No. 7: to Exclude From Trial the Testimony of Bruce Scavuzzo (Dkt. 163): GRANTED.

No. 8: to Exclude From Trial Evidence or Testimony Referencing EMI and its Representative's Positions, Opinions, and Communications with the Gayes or the Gayes' Representatives, Including EMI's Failure to Pursue Claims on the Gayes' Behalf (Dkt. 164): GRANTED.

Time Estimate.
The Court grants each side 18 hours for trial. This does not include the voir dire process, jury instructions or deliberations. During trial, for good cause shown based on the trial proceedings and matters that have arisen that could not reasonably have been anticipated, a party may request an increase in this allotment

Exhibits. Dkt. 222
In light of the Court's rulings on the parties' respective motions in limine, counsel shall confer further and file an "Amended Joint Exhibit List" by February 2, 2015, which shall be grouped by the basis for the dispute. A binder of the disputed exhibits shall be submitted with the courtesy of copy of amended list.

Witnesses. Dkt. 220
Counsel shall file an "Amended Witness List" on or before February 2, 2015, which shall include time estimates and the order in which they will be called that is consistent with time allotted for each side. The Court will permit counsel to take a witness out of order to accommodate schedules.

[1] The Court inaccurately stated that this Motion was "denied" at the hearing, as it was the only affirmatively phrased Motion brought, but otherwise stated the reasons this evidence is in fact admissible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-06004 JAK (AGRx) | Date | January 26, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

Jury Instructions. Dkt. 223
Counsel shall confer regarding jury instructions in an effort to agree on the disputed instructions based upon the Court's rulings on the motions in limine. An "Amended Notice of Disputed Jury Instructions" shall be filed by February 2, 2015, which shall group the special instructions and the form instructions separately. The notice shall include a basis for any proposed special instruction(s) on a matter that is addressed by the 9th Circuit form instruction(s), or where applicable, a CACI instruction.

Verdict Form. Dkt. 200, 219
Counsel shall confer regarding the disputed verdict form in an effort to agree on a joint form. An "Amended Notice of Disputed Verdict Form" shall be filed on or before February 2, 2015, which shall include a redline of any disputed language and/or a basis for why the form does follow any applicable 9th Circuit Model.

Voir Dire. Dkt. 221
The Court confers with counsel regarding the parties' voluminous number of questions. The Court identifies many inappropriate questions submitted by the parties. The Court explains the voir dire process that it will use, which includes the standard questions that it will ask of each prospective juror as well as the opportunity for each counsel to provide input as the process is undertaken. The Court directs that each party re-file, on or before February 2, 2014, its present list of proposed questions identifying the 10 it deems most significant. The Court will make a final determination as to appropriate voir dire questions at the time of trial.

Joint Statement of the Case / Mini Case Opening Statement.
Counsel agree to each give a mini-case opening statement, which is not to be more than 3 minutes. It is to be a generic description of the case, not argument.

The February 6, 2015 Status Conference re Exhibits is taken off calendar. The Court will determine if a further hearing is necessary prior to the commencement of the February 10, 2015 trial. The Court will inform counsel on or before February 5, 2015, whether either of the two criminal cases, that is currently set for February 17, 2015, will go forward and whether a continuance of this trial will be necessary.

Counsel do not believe a further settlement conference with either Judge Matz or another means of settlement discussions would be productive.

**IT IS SO ORDERED.**

1 : 44

Initials of Preparer ak