UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**\*\*AMENDED\*\***

| Case No. | LA CV13-06004 JAK (AGRx) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Howard E. King<br>Seth Miller | Richard S. Busch<br>Paul N. Phillips<br>Sara R. Ellis |

**Proceedings:**   **FINAL PRETRIAL CONFERENCE**

The pretrial conference is held. The Court has reviewed the parties' submissions and states its tentative views regarding the following:

Sound Recordings (Dkt. 259):

The edited sound recordings prepared by the parties pursuant to the January 28, 2015 Order, Dkt. 231, are admissible. These are based on the testimony of the parties' respective experts. To the extent disputes exist as to whether the recordings accurately reflect the material protected by Defendants' copyrights, this is a matter for cross-examination, but is not a basis for exclusion. The portions of the parties' respective recordings of the material whose infringement is alleged by Defendants, shall be reasonably tailored to address allegedly protected or otherwise relevant elements, and may include surrounding context. As to the Theme X issues raised by Finell's most recent submission, the Court may conduct a hearing with her outside of the presence of the jury as to certain matters presented.

Mash-Ups (Dkt. 259 at 53-62):

The edited mash-ups prepared by Defendants pursuant to the January 28, 2015 Order are not admissible exhibits. However, they may be played in connection with the expert testimony of Dr. Monson, who may opine based on this analysis. If the testimony of Court and Aston, which was tentatively excluded in the January 26, 2015 Order, is required as the foundation for the content of the mash-ups, it may be admissible. With regard to Monson's Example 3, which contains a vocal "woo" from the Gaye recording that is not present in the deposit copy, Defendants shall produce the audio file to Plaintiffs, so their experts may attempt to remove it. If the "woo" cannot be deleted, it will be the subject of a limiting instruction before that excerpt is played during the trial. Counsel shall advise the Court prior to the playing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**\*\*AMENDED\*\***

| Case No. | LA CV13-06004 JAK (AGRx) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

of this excerpt at trial so that a limiting instruction can be given if the "woo" remains in the audio file.
Demonstrative Exhibits (Dkt. 259 at 63-89):

- References to unprotected elements present in the sound recordings, but absent from the deposit copy, e.g., party sounds or cowbells, shall be deleted.
- Plaintiffs' "groove" audio examples are admissible. Plaintiffs' "'Let's Spend the Night Together'/BLURRED Bass Lines" proposed exhibit is inadmissible under Fed. R. Evid. 403 because it is cumulative and could cause confusion.
- The parties shall meet and confer regarding the admissibility of the Sandy Wilbur demonstration recording, and whether Ms. Wilbur's live testimony is required.
- The "Axis of Awesome" video is prejudicial and cumulative, and is inadmissible under Fed. R. Evid. 403.
- The parties shall meet and confer regarding Exhibits 385 and 386.

Testimony of Nancie Stern (Dkts. 170, 226):

The testimony of Defendants' proposed valuation expert, Nancie Stern, was tentatively excluded by the January 26, 2015 Order, subject to the parties' submission of "deposition pages and any other evidence … regarding Stern's qualifications to testify as to valuation of use and whether her proffered testimony for that purpose was timely disclosed." Dkt. 226 at 2. The parties' subsequent submissions, Dkts. 239, 245, establish the foundational basis on which Stern may testify as an expert. However, her testimony is limited to her claimed expertise, i.e., the appropriate means of determining licensing valuation, and shall not concern the ultimate issue of infringement.

Evidence of Harry Weinger's Communications (Dkts. 171, 226):

Evidence concerning Harry Weinger's email correspondences and social media postings was tentatively excluded by the January 26, 2015 Order, subject to the parties' submission of "deposition pages that each party claims to support their competing positions as to whether or not [Weinger] was acting as the agent of Counterclaim-Defendant UMG Recordings when he made the statements at issue." Dkt. 226 at 2. The evidence submitted establishes that Weinger's email correspondences may be admissible against UMG pursuant to Fed. R. Evid. 801(d)(2)(D). However, the same showing has not been made as to Weinger's social media postings. They were personal in nature and not made within the scope of his employment relationship with UMG. Therefore, they are not admissible. The parties shall confer regarding the use of Weinger's videotaped testimony. Plaintiffs may introduce portions of that testimony to the extent that they establish Weinger's financial interest in the promotion of Marvin Gaye or his music.

\
\
\
\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**\*\*AMENDED\*\***

| Case No. | LA CV13-06004 JAK (AGRx) | Date | February 20, 2015 |
|---|---|---|---|
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

Disputed Exhibits (Dkt. 257)[1]:

- Evidence of Plaintiffs' marketing efforts is relevant to their theory of damages, is not substantially prejudicial, and may be admitted.
- Evidence of Defendants' licensing history may be admissible for a limited purpose.
- The parties shall confer regarding the Jobete files. They do not appear to be required because they appear to be cumulative.
- The testimony of Defendants' proposed expert, Gary Cohen, regarding valuation was previously excluded because the reliability of the principles and methods on which this testimony is based was not demonstrated. Dkt. 226. The underlying data on which Cohen's report was based may be admitted if it is based on admissible evidence, e.g., if a compilation of financial information is provided that is based on admissible financial data.
- Counsel state they have resolved their disputes regarding Exhibits 23, 24, 36, 37 and 41, which contain transcriptions of press statements. Defendants withdraw Exhibit 30, which contains an interview with a nonparty recording engineer. Exhibit 59 consists of hearsay news articles that have been excluded by prior Order. Dkt. 226 at 2.
- Counsel have agreed that testimony by an expert in this matter that was provided in prior cases may be proffered for impeachment purposes, but will not be admitted as evidence. The Court will determine issues of impeachment during the trial testimony in accordance with the normal process.
- Plaintiffs' Complaint is not admissible on the basis advanced by Defendants. If it is later deemed admissible for another purpose, the words "for declaratory relief" shall be redacted.

Plaintiffs' Trial Brief (Dkt. 270)[2]:

The testimony of Defendants' musicologists, as presented, is not cumulative. The Court will continue to reflect on whether videotaped depositions marked for identification but not introduced into evidence as exhibits are judicial records subject to a public right of access. The matters raised with regard to the legal relevance of the qualitative or quantitative importance of an alleged similarity, as well as the "inverse ratio" rule, will be considered in connection with the jury instructions.

Defendants' Objections to Plaintiffs' Proposed Witnesses (Dkt. 250):

- Chris Knight may testify as a percipient witness, but not as an expert.
- Bugsy Wilcox and Art Stewart were untimely disclosed as witnesses, and they are excluded as witnesses; provided, however, this determination may be revisited if Defendants open the door to

---

[1] The disputes concerning prior art songs, demonstrative exhibits, and the testimony of Nancie Stern, Ron Aston and Harry Weinger are addressed in other parts of this Order.
[2] Many of the issues raised in the trial brief are presented in other papers, and are discussed in other parts of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**
**\*\*AMENDED\*\***

| | | | |
|---|---|---|---|
| Case No. | LA CV13-06004 JAK (AGRx) | Date | February 20, 2015 |
| Title | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

- this testimony by presenting evidence about the creation of the sound recording of "Got to Give It Up." No good cause for the introduction of such evidence was presented at the hearing.
- If Plaintiffs seek to introduce the testimony of Caron Veazey, who was untimely disclosed due to excusable neglect, they shall make her available to Defendants to be deposed forthwith, and after Plaintiffs' counsel sends a letter or email to Defendants' counsel setting forth the matters on which Veazey will be offered as a trial witness. Upon the completion of the deposition, if Defendants object to some or all of her proposed trial testimony based on prejudice to them that results from her late designation, the Court will consider and determine whether to exclude some or all of her proposed trial testimony.
- Peter Paterno was untimely disclosed as a witness, and his testimony shall be excluded.

Verdict Forms (Dkt. 240):

The Court will continue to reflect on the appropriate verdict forms, and states its tentative view that the simpler verdict proposed by Defendants, and which conforms to the models used within the Ninth Circuit, will be used.

Stipulation re: Equipment to Be Allowed in Courtroom (Dkt. 258):

The parties' joint stipulation regarding equipment to be allowed in the courtroom is granted in part. It is granted as to counsel and their paralegals, and denied as to other persons, including parties and non-party witnesses. Counsel shall comply with the procedures set by the Courtroom Deputy Clerk for the placement of electronic devices during the trial proceedings.

Disputed Jury Instructions (Dkts. 244, 267):

The Court will continue to work on the disputed jury instructions, and anticipates their being completed by Tuesday, February 24.

**IT IS SO ORDERED.**

| | 2 | : | 30 |
|---|---|---|---|
| Initials of Preparer | ak | | |