## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - TRIAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-06004 JAK (AGRx) | Date | February 24, 2015 |
| Title: | Pharrell Williams, et al. v. Bridgeport Music, Inc., et al. | | |

Present: The Honorable   John A. Kronstadt, United States District Judge

| Andrea Keifer | Alex Joko (AM); Pamela Batalo (PM) |
|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendants: |
|---|---|
| Howard E. King; Seth A. Miller | Richard S. Busch; Sara R. Ellis; Paul N. Philips; Paul H. Duvall |

\_\_\_\_ Day Court Trial    1st Day Jury Trial

\_\_\_ One day trial:   \_\_\_ Begun (1st day);   X Held & Continued;   \_\_\_ Completed by jury verdict/submitted to court.

X  The Jury is impaneled and sworn.
X  Opening statements made by   Plaintiffs and Defendants
\_\_\_ Witnesses called, sworn and   \_\_\_ Exhibits Identified   \_\_\_ Exhibits admitted.
\_\_\_ Plaintiff(s) rest.   \_\_\_ Defendant(s) rest.
\_\_\_ Closing arguments made by   \_\_\_ plaintiff(s)   \_\_\_ defendant(s).   \_\_\_ Court instructs jury.
\_\_\_ Bailiff(s) sworn.   \_\_\_ Jury retires to deliberate.   \_\_\_ Jury resumes
\_\_\_ Jury Verdict in favor of   \_\_\_ plaintiff(s)   \_\_\_ defendant(s) is read and filed.
\_\_\_ Jury polled.   \_\_\_ Polling waived.
\_\_\_ Filed Witness & Exhibit Lists   \_\_\_ Filed jury notes.   \_\_\_ Filed jury instructions.
\_\_\_ Judgment by Court   \_\_\_ plaintiff(s)   \_\_\_ defendant(s).
\_\_\_ Findings, Conclusions of Law & Judgment to be prepared   \_\_\_ plaintiff(s)   \_\_\_ defendant(s).
\_\_\_ Case submitted.   \_\_\_ Briefs to be filed
\_\_\_ Motion to dismiss by _____ is \_\_\_ granted.   \_\_\_ denied.   \_\_\_ submitted.
\_\_\_ Motion for mistrial _____ is \_\_\_ granted.   \_\_\_ denied.   \_\_\_ submitted.
\_\_\_ Motion for Judgment/Directed Verdict _____ is \_\_\_ granted.   \_\_\_ denied.   \_\_\_ submitted.
\_\_\_ Settlement reached and placed on the record.
\_\_\_ Clerk reviewed admitted exhibits with counsel to be submitted to the Jury/Court for deliberation/findings.
\_\_\_ Counsel stipulate to the return of exhibits upon the conclusion of trial. Exhibit Release Form prepared and filed.
\_\_\_ Trial subpoenaed documents returned to subpoenaing party.
X  Case continued   February 25, 2015 at 8:30 am   for further trial/further jury deliberation.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - TRIAL**

X  Other: The Court provides counsel with a version of the jury instructions.[1] The Court's instruction based on Ninth Circuit Model Civil Jury Instruction § 17.0 is further revised after it has been distributed, and the revised version is agreed to be read before the trial, notwithstanding reserved objections by each side to its terms.

The Court **STRIKES** Plaintiffs' Request for Daubert Hearing Regarding Opinions of Defendants' Musicologists that Theme X and the Keyboard Part are Found in the Deposit Copy (Dkt. 277), as it determines that it is a request for reconsideration that has been ruled on previously.

After conferring with counsel regarding their willingness not to speak to the press during the trial, information is presented about an interview with Mr. King and Mr. Williams that was aired on the Today Show this morning. Mr. King states that the interview occurred about two weeks ago. He was not aware that it would be aired today. Mr. Busch argues that the original trial date was about two weeks ago. In light of this discussion, and the willingness of counsel for all parties not to speak to the press during the trial, the Court so orders. The Court urges counsel to direct their respective clients and employees/agents of their clients to do the same, but does not issue an order as to such persons.

The Court reiterates its previous ruling on the issue regarding whether Defendants' experts may opine as to whether either pair of disputed works is "substantially similar." Thus, they may not opine on this ultimate jury issue, and should use other terms to describe their opinions.

Counsel inform the Court that most, if not all, exhibits have been agreed upon and that they do not have any disputed exhibits for the Court to address at this time.

The Court confers with counsel regarding Counter-Claimants' Joint Motion to Allow a Witness from CAA (Dkt. 278). Counsel disagree in part. Although there is no disagreement as to the authenticity of the document, there is no agreement as to its contents. Plaintiffs' counsel contends that there was a prior agreement that information about touring costs would not be produced. Consequently, they argue that there would be significant prejudice to Plaintiffs were the Defendants permitted to present evidence about touring income based on this CAA document, because they would not be prepared to present evidence on touring costs. Defendants' counsel disagrees that there was such an agreement. The Court defers ruling on this issue until the parties present their respective positions in writing, with supporting evidence. This shall include evidence as to whether there was an agreement as Plaintiffs' counsel contends, as well as why Plaintiffs could not assemble evidence as to touring costs quickly. Each side shall file a brief, not to exceed 3 pages, no later than February 25, 2015, regarding whether there was an agreement. On or before February 26, 2015 at 10 a.m., Plaintiffs shall file a brief not to exceed four pages as to why evidence of touring expenses cannot be assembled promptly. Defendants shall file any response on or before February 27 at 8:00 a.m.

**IT IS SO ORDERED.**

|   |   |   |
|---|---|---|
|   | 7 : 00 |   |
| Initials of Deputy Clerk | ak |   |

cc:

---

[1] The Court's tentative determinations regarding the proposed jury instructions of counsel are set forth in a separate Order.