| | |
|---|---|
| Paul H. Duvall (SBN 73699)<br>E-Mail: pduvall@kingballow.com<br>KING & BALLOW<br>6540 Lusk Blvd., Suite 250<br>San Diego, CA 92121<br>(858) 597-6000<br>Fax: (858) 597-6008<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Richard S. Busch (TN BPR 014594)<br>(*pro hac vice*)<br>E-Mail: rbusch@kingballow.com<br>Sara R. Ellis (TN BPR 030760) (*pro hac vice*)<br>E-Mail: sellis@kingballow.com<br>KING & BALLOW<br>315 Union Street, Suite 1100<br>Nashville, TN 37201<br>(615) 259-3456  Fax: (615) 726-5417<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye |
| Mark L. Block (SBN 115457)<br>E-Mail: mblock@wargofrench.com<br>WARGO & FRENCH LLP<br>1888 Century Park East; Suite 1520<br>Los Angeles, CA 90067<br>(310) 853-6355 Fax: (310) 853-6333<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Paul N. Philips (SBN 18792)<br>E-Mail: pnp@pnplegal.com<br>The Law Offices of Paul N. Philips<br>9255 West Sunset Boulevard<br>West Hollywood, CA 90069<br>(323)813-1126 Fax: (323) 854-6902<br>Attorney for Defendant and Counter-Claimant Marvin Gaye III |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt<br><br>**COUNTER-CLAIMANTS' JOINT TRIAL BRIEF RE: TOURING INCOME AND EXPENSES**<br><br>Date: February 26, 2015<br>Time: 9:00 a.m.<br>Ctrm: 750<br><br>Action Commenced: August 15, 2013<br>Trial Date: February 24, 2015 |

Counter-Claimants Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III ("the Gayes") file this brief to address the existence of a purported agreement to relieve the Thicke parties of their obligation to produce evidence of touring and live performance expenses in discovery, and in response to the Court's direction on February 24, 2015. (Trial Transcript, February 24, 2015, pp.21-24 attached as Exhibit A to Busch Declaration).

### A.  No Agreement, Written Or Oral, Was Made By The Parties to Relieve the Thicke Parties of their Obligation to Produce Evidence of Touring and Live Performance Expenses

As described in the Gayes' Motion to Allow a Witness from Creative Artists Agency ("CAA"), during the course of discovery, the Gayes sought all documents related to "the musical compositions and/or sound recordings 'Blurred Lines' and 'Love After War.'" (Dkt. 278 at p. 2). Plaintiff/Counter-Defendant Robin Thicke failed to produce any such information related to income from touring or other live performances involving the Infringing Work. Since the Thicke Parties did not produce relevant documents for either touring or other live performance revenue or expenses, the Gayes served Robin Thicke's agent, CAA, with a subpoena for documents and negotiated with CAA regarding the scope of the production to be made. (*Id*. at 1). Ultimately, CAA produced summary information regarding Thicke's income. (*Id*.).  At the time of the service of the subpoena on CAA, counsel for the Thicke parties threatened to move to quash the subpoena and prevent any discovery. (Exhibit B to the Busch Declaration). Ultimately, while no motion to quash was filed, counsel for the Thicke parties refused to cooperate in obtaining information from CAA, which CAA was willing to produce upon consent from its client. (Dkt. 278 at page 1).

The parties made no agreement the Thicke parties would be relieved of their duty to produce evidence of touring and live performance expenses in discovery.  During the hearing, the Thicke parties represented to the Court that they had received and e-mail from the Gaye parties' counsel, in which counsel had purportedly agreed to relieve the Thicke parties of their production obligations as noted above. However, the email sent by counsel for the Thicke parties to counsel for the Gaye parties, and attached to the Thicke parties'

- 1 -

contemporaneous filing, does not support any claim of such an agreement. This email string does not mention the issue of touring income or expenses. The Gaye's counsel is unable to understand how this email could possibly be misconstrued to support any such argument. There never has been an explicit or implicit agreement to forego discovery on touring expenses and there is no support for the Thicke parties contention that such an agreement existed. The brief contemporaneously filed by the Thicke parties provides no evidence that there was an agreement not to produce documents relating to such expenses.

### B. The Thicke Parties have Access to Their Own Expenses as Evidenced by Robin Thicke's Testimony and Failed to Produce It.

As stated above, the Gayes requested touring income and expense information from the Thicke parties and CAA. The Thicke parties chose not to produce the information and CAA would not provide the relevant information without an agreement from counsel for the Thicke parties, which was withheld. (Dkt. 278). Of course common sense dictates that expenses related to touring income would be in the possession, custody or control of the party who received the touring income. Moreover, as shown by the testimony of Mr. Thicke, drawn out by his counsel, the Thicke parties had information regarding expenses despite the lack of discovery turned over to the Gayes on this issue. (Ex. B at pages 45-48). In fact, Mr. Thicke laid a foundation for his knowledge of touring expenses testifying he was involved in approving expenses and reviewing touring related agreements with a significant economic effect. (*Id*.).

Despite this, the Thicke parties claim evidence relating to touring revenue and live performances should be excluded because the Thicke parties failed to produce documents which would allow them to meet their burden to prove expenses. This argument fails because a party cannot, ostrich-like, avoid damages by failing to produce documents that might mitigate those damages. Moreover, Mr. Thicke's testimony demonstrated that he was familiar with major touring expenses items including travel, salaries, production and concert production costs. In fact, since he approved the expenses, he had to be sufficiently knowledgeable to understand and evaluate the various costs - information never shared with

the Gaye parties. Therefore, the Thicke parties had information to allow them to prove expenses and they are not prejudiced by the introduction of touring revenue.

### C. Touring Income Accumulated After the Release of the "Blurred Line" Single Was Driven By The Commerical Success of the Infringing Work.

The Court requested the Gaye parties to provide a foundation to support a "reasonable basis" to support the contention that touring income "reflects the result of the alleged infringement." (Ex. A at p. 23). ████████████████████████████████████████

████████████ (Ex. D at 1 to Busch Decl.). ████████████████████████

████████████████████████████████████ . at 1-2). ████████████████

████████ (*Id.*) ████████████████████████████████████████

████████████████████████████████████████████ (*Id.* at 21).

████████████████████████████████████████████ (*Id.*).

████████████████████████████████████████

The Thicke parties worked to prevent the Gayes from discovering information related to touring income even to the extent of refusing to permit Mr. Thicke's own agent from producing such information. Despite the roadblocks put in place by the Thicke parties, the Gayes can prove the revenue generated by touring and live performances and can show a causal connection between that revenue and the Infringing Work. Exclusion of this evidence would greatly prejudice the Gayes by allowing profits garnered from copyright infringement to remain in the hands of the infringers.

Dated: February 25, 2015  Respectfully submitted,

KING & BALLOW

By: /s/ Richard S. Busch
    RICHARD S. BUSCH
    PAUL H. DUVALL

WARGO & FRENCH, LLP

By: /s/ Mark L. Block
    MARK L. BLOCK

*Attorneys for Defendants and Counter-Claimants Nona and Frankie Gaye*

THE LAW OFFICES OF PAUL N. PHILIPS

By: /s/ Paul N. Philips
    PAUL N. PHILLIPS

*Attorney for Defendant and Counter-Claimant Marvin Gaye III*

- 5 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 25, 2015, I electronically filed the foregoing document using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                  By: /s/ Richard S. Busch
                                      RICHARD S. BUSCH