| | |
|---|---|
| Paul H. Duvall (SBN 73699)<br>E-Mail: pduvall@kingballow.com<br>KING & BALLOW<br>6540 Lusk Blvd., Suite 250<br>San Diego, CA 92121<br>(858) 597-6000<br>Fax: (858) 597-6008<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Richard S. Busch (TN BPR 014594)<br>(*pro hac vice*)<br>E-Mail: rbusch@kingballow.com<br>Sara R. Ellis (TN BPR 030760) (*pro hac vice*)<br>E-Mail: sellis@kingballow.com<br>KING & BALLOW<br>315 Union Street, Suite 1100<br>Nashville, TN 37201<br>(615) 259-3456  Fax: (615) 726-5417<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye |
| Mark L. Block (SBN 115457)<br>E-Mail: mblock@wargofrench.com<br>WARGO & FRENCH LLP<br>1888 Century Park East; Suite 1520<br>Los Angeles, CA 90067<br>(310) 853-6355 Fax: (310) 853-6333<br>Attorneys for Defendants and Counter-Claimants Frankie Christian Gaye and Nona Marvisa Gaye | Paul N. Philips (SBN 18792)<br>E-Mail: pnp@pnplegal.com<br>The Law Offices of Paul N. Philips<br>9255 West Sunset Boulevard<br>West Hollywood, CA 90069<br>(323)813-1126 Fax: (323) 854-6902<br>Attorney for Defendant and Counter-Claimant Marvin Gaye III |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt<br><br>**COUNTER-CLAIMANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO JURY INSTRUCTION NO. 43**<br><br>**Trial Date:** February 24, 2015<br><br>Action Commenced: August 15, 2013 |

NOW COME THE COUNTER-CLAIMANTS and oppose the Plaintiffs' Objections To Jury Instruction No. 43. The language added by the Court, that for purposes of substantial extrinsic similarity the works do not have to be identical on paper, is a correct and required statement of the law under *Swirsky v. Carey,* 376 F.3d 841 (9th Cir. 2004), and is essential in order to guide the jury in its deliberations. The two objections raised by the Thicke Parties, one that it is good enough if this concept is implicit, and two that this part of *Swirky* is dicta should, as explained below, be overruled. Neither is correct.

The first objection by the Thicke Parties is that this language is not needed because the definition of "substantial similarity" already in the jury instruction supposedly implies that the copying does not have to be identical so the jury does not need to have the law explained to them clearly. The Gaye Parties disagree. There is no other statement in any instruction making this concept clear. Jurors should not have to interpret the instructions, Jurors should simply follow instructions which plainly state what they mean, and which clearly set forth the law. The sentence added by the Court is a correct statement of Ninth Circuit precedent and must be given.

Indeed, the Court's sentence does clarify the instruction. It provides the jury with an understandable explanation to a complex issue that has been repeatedly raised in this case. Without the instruction, the issue of extrinsic similarity, already a difficult topic, is made more inpenetrable for the the jury. As opposed to being implicit and essentially asking the jury to guess at the definition of extrinsic similarity, the Court's instruction provides a clear instruction about substantial similarity.

The Second objection of the Thicke Parties is equally wrong, as this concept from *Swirsky* is most definitely not "dicta." The Court in *Swirsky* held on the merits, not dicta, that a comparison of pitch sequences and a comparison of notes is not needed under the extrinsic test to prove substantial similarity because many other factors may be compared and be the basis for a finding of substantial similarity. It is clear that the Thicke Parties want to reduce the extrinsic test to an identical note for note comparison. This was clearly

rejected by the *Swirsky* Court. The Court's language added to Instruction Number 43 is, therefore, not only proper and appropriate, but required.

Dated: March 5, 2015                    Respectfully submitted,

                                                   KING & BALLOW

                                                 By: /s/ Richard S. Busch
                                                 RICHARD S. BUSCH
                                                 PAUL H. DUVALL
                                                 SARA R. ELLIS

                                               WARGO & FRENCH, LLP

                                               By: /s/ Mark L. Block
                                               MARK L. BLOCK

                                               *Attorneys for Defendants and Counter-Claimants Nona and Frankie Gaye*

                                               THE LAW OFFICES OF PAUL N. PHILIPS

                                               By: /s/ Paul N Paul N. Philips
                                               PAUL N. PHILIPS

                                               *Attorney for Defendant and Counter-Claimant Marvin Gaye III*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2015, I electronically filed the foregoing Document using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

By: /s/ Richard S. Busch

RICHARD S. BUSCH