KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**PLAINTIFFS' REVISED [PROPOSED] VERDICT FORM**<br><br>**Jury Trial:**<br>Date:   February 24, 2015<br>Time:   8:30 a.m.<br>Ctrm.:   750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

4112.060/866996.1

Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION ("Plaintiffs") hereby submit their Revised [Proposed] Verdict Form. The parties have met and conferred regarding the verdict, as directed, but have not reached agreement.

Plaintiffs' revised proposed Verdict Form (**Exhibit A** hereto) is a reasonable compromise between the competing forms the parties previously submitted on February 2, 2015 (Document 240) . Plaintiffs object to Defendants' proposed form (Document 240, Exhibit B) on the grounds that it: (a) does not distinguish between: each Thicke Party for purposes of liability, willfulness, and profits; and (b) conflates actual damages with profits, which are separate remedies. While there is joint and several liability for damages for copyright defendants, liability for profits is several. Here, each Thicke Party is entitled to a separate determination by the jury as to whether he, she, or it infringed the copyright, whether such infringement was willful or innocent, what profits that Thicke Party received, and any overhead that was not taken into account as an expense due to that Thicke Party's willful infringement. The Court should use the [Proposed] Verdict Form attached hereto as **Exhibit A**.

DATED: March 5, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV13-06004-JAK (AGRx)<br>Hon. John A. Kronstadt, Ctrm 750<br><br>**[PROPOSED] SPECIAL VERDICT**<br><br>**Jury Trial:**<br>Date:  February 10, 2015<br>Time:  9:00 a.m.<br>Ctrm.:  750<br><br>Action Commenced: August 15, 2013 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4112.060/866996.1

# SPECIAL VERDICT

I. <u>CLAIM NO. ONE:</u> "Got to Give It Up" / "Blurred Lines":

<u>Question No. 1.</u>: **Do you find by a preponderance of the evidence that the Gaye Parties own a valid copyright in the musical composition, "Got to Give It Up"?**

    Answer:    Yes  \_\_\_\_\_

                   No  \_\_\_\_\_

If your answer to Question No. 1 is "no," proceed to Question No. 9.

If your answer to Question No. 1 is "yes," please proceed to the next question.

<u>Question No. 2.</u>: **Do you find by a preponderance of the evidence that the Thicke Parties infringed the Gaye Parties' copyright in the musical composition "Got to Give It Up" in "Blurred Lines"?**

**Please answer "yes" or "no" for each of the following Thicke Parties:**

    Pharrell Williams and More Water From Nazareth Publishing, Inc. (the "Williams Parties")

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Robin Thicke

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Clifford Harris, Jr.

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Interscope Records, UMG Recordings, Inc., Universal Music Distribution, and Star Trak Entertainment (the "Interscope Parties")

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

If you answered "no" for all Thicke Parties in your answer to Question No. 2, please proceed to Question No. 9.

If you answered "yes" for any Thicke Party in your answer to Question No. 2, please proceed to the next question.

Question No. 3.: **Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that the Gaye Parties suffered as a result of the Thicke Parties' infringement of "Got to Give It Up":**

 Answer:  $_____

Please proceed to the next question.

Question No. 4.: **Please state the amount of profits, if any, that you find by a preponderance of the evidence any Thicke Party received attributable to his or its infringement of the copyright in "Got to Give It Up" and not taken into account in calculating any damages you awarded in Question No. 3:**

 Answer:

| | |
|---|---|
| The Williams Parties | $_____ |
| Robin Thicke | $_____ |
| Clifford Harris, Jr. | $_____ |
| The Interscope Parties | $_____ |

Please proceed to the next question.

Question No. 5.: **If you excluded overhead expenses based on willful infringement in calculating profits of the Interscope Parties in your answer to Question No. 4, please state the amount of overhead you excluded:**

 Answer:  $_____

Please proceed to the next question.

Question No. 6.: **Do you find by a preponderance of the evidence that the Thicke Parties' infringement of the copyright in "Got to Give It Up" was willful? Please answer "yes" or "no" for each Thicke Party below:**

    The Williams Parties

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Robin Thicke

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Clifford Harris, Jr.

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    The Interscope Parties

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

Please proceed to the next question.

Question No. 7.: **Do you find by a preponderance of the evidence that the Thicke Parties' infringement of the copyright in "Got to Give It Up" was innocent? Please answer "yes" or "no" for each Thicke Party below:**

    The Williams Parties

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

    Robin Thicke

        Answer:    Yes  \_\_\_\_\_

                      No  \_\_\_\_\_

Clifford Harris, Jr.

    Answer: Yes _____

              No _____

The Interscope Parties

    Answer: Yes _____

              No _____

Please proceed to the next question.

Question No. 8.: **Please state the amount of statutory damages, if any, that you award to the Gaye Parties for the Thicke Parties' infringement of the copyright in the musical composition "Got to Give It Up":**

    Answer: $_____

Please proceed to the next question.

II. **CLAIM NO. TWO: "After the Dance" / "Love After War":**

Question No. 9.: **Do you find by a preponderance of the evidence that the Gaye Parties own a valid copyright in the musical composition, "After the Dance"?**

    Answer: Yes _____

              No _____

If your answer to Question No. 9 is "no," Please have the Foreperson sign and date this form below and return it to the Court Clerk.

If your answer to Question No. 9 is "yes," please proceed to the next question.

Question No. 10.: **Do you find by a preponderance of the evidence that the Thicke Parties infringed the Gaye Parties' copyright in the musical composition "After the Dance" in "Love After War"?**

**Please answer "yes" or "no" for each of the following Thicke Parties:**

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/866996.1

4

Robin Thicke

  Answer: Yes \_\_\_\_\_

       No \_\_\_\_\_

Paula Maxine Patton

  Answer: Yes \_\_\_\_\_

       No \_\_\_\_\_

Geffen Records, UMG Recordings, Inc., Universal Music Distribution, and Star Trak Entertainment (the "Geffen Parties")

  Answer: Yes \_\_\_\_\_

       No \_\_\_\_\_

If you answered "no" for all Thicke Parties in your answer to Question No. 10, please have the Foreperson sign and date this form below and return it to the Court Clerk.

If you answered "yes" for any Thicke Party in your answer to Question No. 10, please proceed to the next question.

Question No. 11.: **Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that the Gaye Parties suffered as a result of the Thicke Parties' infringement of "After the Dance":**

  Answer: $_____

Please proceed to the next question.

Question No. 12.: **Please state the amount of profits, if any, that you find by a preponderance of the evidence any Thicke Party received attributable to his, her, or its infringement of the copyright in "After the Dance" and not taken into account in calculating any damages you awarded in Question No. 11:**

|   |   |
|---|---|
| Answer: | |
|     Robin Thicke | $_____ |
|     Paula Maxine Patton | $_____ |
|     The Geffen Parties | $_____ |

Please proceed to the next question.

Question No. 13.: **If you excluded overhead expenses based on willful infringement in calculating profits of the Geffen Parties in your answer to Question No. 12, please state the amount of overhead you excluded:**

    Answer:   $_____

Please proceed to the next question.

Question No. 14.: **Do you find by a preponderance of the evidence that the Thicke Parties' infringement of the copyright in "After the Dance" was willful?  Please answer "yes" or "no" for each Thicke Party below:**

    Robin Thicke

        Answer:    Yes  \_\_\_\_\_

                      No   \_\_\_\_\_

    Paula Maxine Patton

        Answer:    Yes  \_\_\_\_\_

                      No   \_\_\_\_\_

    The Geffen Parties

        Answer:    Yes  \_\_\_\_\_

                      No   \_\_\_\_\_

Please proceed to the next question.

Question No. 15.: **Do you find by a preponderance of the evidence that the Thicke Parties' infringement of the copyright in "After the Dance" was innocent? Please answer "yes" or "no" for each Thicke Party below:**

  Robin Thicke

    Answer: Yes \_\_\_\_\_

        No \_\_\_\_\_

  Paula Maxine Patton

    Answer: Yes \_\_\_\_\_

        No \_\_\_\_\_

  The Geffen Parties

    Answer: Yes \_\_\_\_\_

        No \_\_\_\_\_

Please proceed to the next question.

Question No. 16.: **Please state the amount of statutory damages, if any, that you award to the Gaye Parties for the Thicke Parties' infringement of the copyright in the musical composition "After the Dance":**

  Answer: $_____

You have now completed this special verdict. Please have the Foreperson sign and date this form below and return it to the Court Clerk.

DATED: March \_\_\_\_\_, 2015

            By: _____
                FOREPERSON

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2015, I electronically filed the foregoing **PLAINTIFFS' REVISED [PROPOSED] VERDICT FORM** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*Joey S. Gossett*
Joey S. Gossett

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/866996.1