1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

MAR 10 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHARRELL WILLIAMS, et al., | ) | Case No.  LA CV13-06004 JAK (AGRx) |
| Plaintiff(s), | ) | |
| v. | ) | **JURY INSTRUCTIONS** |
| BRIDGEPORT MUSIC, INC., et al., | ) | |
| Defendant(s). | ) | |

## INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

I will refer to Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III as the Gaye Parties.

I will refer to Pharrell Williams, Robin Thicke, Clifford Harris, Jr. professionally known as T.I., Paula Maxine Patton, Interscope Records, Geffen Records, Universal Music Distribution, UMG Recordings, Inc., Star Trak Entertainment, and More Water From Nazareth Publishing, Inc. as the Thicke Parties.

The Gaye Parties claim that the Thicke Parties infringed the Gaye Parties' copyrights in two Marvin Gaye musical compositions.

For their first claim, the Gaye Parties claim that the song, "Blurred Lines," written and performed by Pharrell Williams, Robin Thicke, and Clifford Harris, Jr., infringes the Gaye Parties' copyright in the Marvin Gaye composition, "Got to Give It Up." The Gayes have sued Williams, Thicke, Harris, Interscope Records, Universal Music Distribution, UMG Recordings, Inc. Star Trak Entertainment, and More Water From Nazareth Publishing, Inc. on the first claim for copyright infringement.

For their second claim, the Gaye Parties claim that the song, "Love After War," written by Robin Thicke and Paula Patton and performed by Robin Thicke, infringes the Gaye Parties' copyright in the Marvin Gaye composition, "After the Dance." The Gayes have sued Thicke, Patton, Geffen Records, Universal Music Distribution, UMG Recordings, Inc. and Star Trak Entertainment on the second claim for copyright infringement.

The Gaye Parties have the burden of proving each of these claims.

The Thicke Parties deny the Gaye Parties' claims.

2

## INSTRUCTION NO. 3

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION NO. 4

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

# INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

> 1. the sworn testimony of any witness;

> 2. the exhibits which are received into evidence; and

> 3. any facts to which the lawyers have agreed.

## INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

**INSTRUCTION NO. 7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony. However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9

## INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

# INSTRUCTION NO. 12

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 13

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

## INSTRUCTION NO. 14

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## INSTRUCTION NO. 15

The evidence that a witness has lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness, and for no other purpose.

# INSTRUCTION NO. 16

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 17

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 19

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 21

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 22

All parties are equal before the law and a corporation or joint venture is entitled to the same fair and conscientious consideration by you as any party.

## INSTRUCTION NO. 23

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. 24

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

(1)     authorize, or make additional copies, or otherwise reproduce the copyrighted work in phonorecords;

(2)     recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3)     distribute sound recordings of the copyrighted work to the public by sale or other transfer of ownership; or

(4)     perform publicly a copyrighted musical work.

It is the owner of a copyright who may exercise these exclusive rights to copy.  The term "owner" includes the author of the work or a person who has acquired the copyright as an heir of the author.  In general, copyright law protects against production, distribution, and performance of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

## INSTRUCTION NO. 25

The works "Got to Give It Up" and "After the Dance," involved in this trial, are known as musical works, or musical compositions.

You are instructed that a copyright may be obtained in the musical compositions, "Got to Give It Up" and "After the Dance."

These works can be protected by the copyright law.  Only that part of the works comprised of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

## INSTRUCTION NO. 26

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular expression of an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular expression of that idea in the work is not copied.

## INSTRUCTION NO. 27

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the Gaye Parties' copyright infringement claims, the Gaye Parties have the burden of proving both of the following by a preponderance of the evidence:

1.    the Gaye Parties are the owner of a valid copyright; and

2.    the Thicke Parties copied original elements from the copyrighted work.

If you find that the Gaye Parties have proved both of these elements, your verdict should be for the Gaye Parties.  If, on the other hand, the Gaye Parties have failed to prove either of these elements, your verdict should be for the Thicke Parties.

## INSTRUCTION NO. 28

Instruction No. 27 states that the Gaye Parties have the burden of proving that the Thicke Parties copied original elements from the Gaye Parties' copyrighted work. The Gaye Parties may show the Thicke Parties copied from the work by showing by a preponderance of the evidence that the Thicke Parties had access to the Gaye Parties' copyrighted work and that there are substantial similarities between the Thicke Parties' work and original elements of the Gaye Parties' work.

## INSTRUCTION NO. 29

As part of their burden in Instruction No. 28, the Gaye Parties must show by a preponderance of the evidence that the Thicke Parties had access to the Gaye Parties' work.  The Thicke Parties had access to the Gaye Parties' work if the Thicke Parties had a reasonable opportunity to hear the Gaye Parties' work before the Thicke Parties' work was created.

# INSTRUCTION NO. 30

Substantial similarity requires similarity of protected expression. Similarity that is confined to ideas and general concepts is not infringing.

Similarities derived from the use of common ideas are not protected.

In determining whether the Gaye Parties' work is substantially similar to the Thicke Parties' work, you must not consider in your comparison any:

(1) ideas, as distinguished from the expression of those ideas;

(2) elements borrowed from another author or from the public domain;

(3) ideas that can only be expressed in one way, so that the idea and its expression merge;

(4) expression embodied in the work that flows from a commonplace idea; or

(5) expression that is so standard in the treatment of a given idea that it constitutes something that must be done in expressing that idea.

## INSTRUCTION NO. 31

Trivial copying is not copyright infringement.

Copying is trivial if the average audience would not recognize the copying of the Gaye Parties' work in the Thicke Parties' work.

You must determine whether any copying of the Gaye Parties' work in the Thicke Parties' work is trivial.  If the copying is trivial, then the Thicke Parties did not infringe the Gaye Parties' copyright.

## INSTRUCTION NO. 32

If you find for the Gaye Parties on the Gaye Parties' copyright infringement claim, you must determine the Gaye Parties' damages. The Gaye Parties are entitled to recover the actual damages suffered as a result of the infringement. In addition, the Gaye Parties are also entitled to recover any profits of the Thicke Parties attributable to the infringement not taken into account in computing actual damages. The Gaye Parties must prove damages by a preponderance of the evidence.

## INSTRUCTION NO. 33

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the infringer of the copyright owner's work. That amount also could be represented by the lost license fees the copyright owner would have received for the infringer's unauthorized use of the copyright owner's work.

## INSTRUCTION NO. 34

If you find for the Gaye Parties on their copyright infringement claims, you must determine the Gaye Parties' damages. The Gaye Parties seek a statutory damage award, established by Congress, for each work they claim was infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions Nos. 39 and 40 will tell you what constitutes innocent infringement and what constitutes willful infringement.

# INSTRUCTION NO. 35

The Gaye Parties claim ownership of two copyrights and seek damages against the Thicke Parties for copyright infringement. The Thicke Parties deny infringing the copyrights. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted. However, how an author expresses ideas or concepts may be protected by copyright. For example, single words and ordinary phrases are not protected by copyright, but the original expression of words or phrases may be copyrighted.

The copyrighted work must be original. A work may be original even if it contains unoriginal parts, and the original selection and arrangement of otherwise uncopyrighted parts may be copyrighted. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## HOW COPYRIGHT IS OBTAINED

The owner of the copyright may obtain and register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## COPYRIGHTS IN MUSICAL COMPOSITIONS

The works claimed by the Gaye Parties in this case are the musical compositions "Got to Give It Up" and "After the Dance." At the time the copyright in each of these works was separately obtained and registered, only written music could be filed by a copyright owner with the Copyright Office as the deposit copy of the copyrighted work. A deposit copy is paper on which notes, lyrics and other musical elements are written in a notation understandable to musicians. Recordings of musical compositions could not be filed with the Copyright Office at that time. Therefore, although sound recordings of "Got to Give It Up" and "After the Dance" were made and released commercially, those particular recordings are not at issue in this case, were not produced into evidence, and were not played for you during the trial. Instead, you have heard testimony from one or more witnesses from each side about what each thinks is shown on the deposit copy for each composition. You have also heard recorded versions of each work that each side has prepared based on what each side contends is shown in the deposit copy that was filed with the Copyright Office. Again, these are not the same as the recorded versions that were released commercially, although the version of one of the songs prepared by the Gaye Parties includes certain parts of what was commercially released. You have also heard one or more witnesses use keyboards to play what each says appears on the deposit copy.

In another instruction, I gave you directions about not doing any research about this case while serving as a juror. This included not listening to any of the music that is at issue other than what was played here in the courtroom while we were in session.

## THE GAYE PARTIES' BURDEN OF PROOF

In this case, the Gaye Parties contend that the Thicke Parties have infringed the Gaye Parties' copyright. The Gaye Parties have the burden of proving by a preponderance of the evidence that the Gaye Parties are the owners of the copyright and that the Thicke Parties copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the Thicke Parties copied the Gaye Parties' works, the Gaye Parties may show that the Thicke Parties had access to the Gaye Parties'

37

copyrighted works and that there are substantial similarities between the Thicke Parties' works and the Gaye Parties' copyrighted works.

## LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, distributes, or performs a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

## DEFENSES TO INFRINGEMENT

The Thicke Parties contend that there is no copyright infringement.  There is no copyright infringement where the Thicke Parties independently created the challenged work.

## INSTRUCTION NO. 36

The Gaye Parties are the owners of valid copyrights in the musical compositions "Got to Give It Up" and "After the Dance" if the Gaye Parties prove by a preponderance of the evidence that:

1. the Gaye Parties' works are original;

2. the Gaye Parties acquired the copyrights in "Got to Give It Up" and "After the Dance" as the heirs of Marvin Gaye; and

3. the original owner of the copyrights in "Got to Give It Up" and "After the Dance" deposited copies of the works with the United States Copyright Office when the copyrights were registered.

39

## INSTRUCTION NO. 37

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission. The original parts of the Gaye Parties' works are the parts created:

1. independently by the works' author, that is, the author did not copy it from another work; and

2. by use of at least some minimal creativity.

In copyright law, the "original element" of a work need not be new or novel.

# INSTRUCTION NO. 38

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the Thicke Parties' profits only if you find that the Gaye Parties showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The Thicke Parties' profit is determined by deducting all expenses from the Thicke Parties' gross revenue.

The Thicke Parties' gross revenue is all of the Thicke Parties' receipts from the use or exploitation of the copyrighted works. The Gaye Parties have the burden of proving the Thicke Parties' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, or production costs incurred in producing the Thicke Parties' gross revenue. The Thicke Parties have the burden of proving the Thicke Parties' expenses by a preponderance of the evidence. Overhead costs may not be deducted where a party's infringement is willful.

Unless you find that a portion of the profit from the use or exploitation of the copyrighted works is attributable to factors other than the use or exploitation of the copyrighted works, all of the profit is to be attributed to the infringement. The Thicke Parties have the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

## INSTRUCTION NO. 39

An infringement is considered willful when the Gaye Parties have proved both of the following elements by a preponderance of the evidence:

1.    the Thicke Parties engaged in acts that infringed the copyright; and

2.    the Thicke Parties knew that those acts infringed the copyright.

# INSTRUCTION NO. 40

An infringement is considered innocent if the Thicke Parties have proved both of the following elements by a preponderance of the evidence:

1.      the Thicke Parties were not aware that their acts constituted infringement of the copyright; and

2.      the Thicke Parties had no reason to believe that their acts constituted an infringement of the copyright.

This instruction applies only in connection with Instruction 34, which concerns statutory damages.

## INSTRUCTION NO. 41

If you conclude that the Thicke Parties had access to either or both of the Gaye Parties' works before creating either or both of their works, you may consider that access in connection with determining whether there is substantial similarity between either or both pairs of works.

44

## INSTRUCTION NO. 42

In order to find that the Thicke Parties copied either or both of the Gaye Parties' songs, it is not necessary that you find the Thicke Parties consciously or deliberately copied either or both these songs.  It is sufficient if you find that the Thicke Parties subconsciously copied either or both of the Gaye Parties' songs.

## INSTRUCTION NO. 43

In order for the Gaye Parties to meet their burden of proof to show by a preponderance of the evidence that there is substantial similarity between one of the Gaye Parties' works and one of the Thicke Parties' works, the Gaye Parties must show that there is both substantial "extrinsic similarity" and substantial "intrinsic similarity" as to that pair of works.

Extrinsic similarity is shown when two works have a similarity of ideas and expression as measured by external, objective criteria. To make this determination, you must consider the elements of each of the works and decide if they are substantially similar. This is not the same as "identical." There has been testimony and evidence presented by both sides on this issue, including by expert witnesses, as to such matters as: (a) for "Got to Give It Up" and "Blurred Lines," the so-called "Signature Phrase," hook, "Theme X," bass melodies, keyboard parts, word painting, lyrics, rap v. parlando; and (b) for "After the Dance" and "Love After War," the chorus vocal melody and chords. The Gaye Parties do not have to show that each of these individual elements is substantially similar, but rather that there is enough similarity between a work of the Gaye Parties and an allegedly infringing work of the Thicke Parties to comprise a substantial amount.

Intrinsic similarity is shown if an ordinary, reasonable listener would conclude that the total concept and feel of the Gaye Parties' work and the Thicke Parties' work are substantially similar.

In considering whether extrinsic or intrinsic similarities are substantial, you may consider whether portions allegedly copied are either qualitatively or quantitatively important to either of the Gaye Parties' works. A portion of a work is qualitatively important if, regardless of its size, it is shown to be very important to that work. The copying of a qualitatively important portion of a work may support a finding of substantial similarity even if that portion is very short. A portion of a work is quantitatively important if it comprises a significant portion of the work.

## INSTRUCTION NO. 44

If you find that the Gaye Parties meet their burden to show that there is substantial similarity between either or both pairs of the Gaye Parties' work and the Thicke Parties' work, then there is a presumption of copying by the Thicke Parties.

The Thicke Parties may rebut this presumption if they show, by a preponderance of the evidence, that they independently created the allegedly infringing work or works. In determining whether the Thicke Parties have met their burden of proof, you may consider, among other things, evidence concerning the manner in which they created their works.