1  KING, HOLMES, PATERNO & BERLINER, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   ROTHSCHILD@KHPBLAW.COM
3  SETH MILLER, ESQ., STATE BAR NO. 175130
   MILLER@KHPBLAW.COM
4  1900 AVENUE OF THE STARS, 25TH FLOOR
   LOS ANGELES, CALIFORNIA 90067-4506
5  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
6
   Attorneys for Plaintiffs and Counter-
7  Defendants PHARRELL WILLIAMS,
   ROBIN THICKE and CLIFFORD
8  HARRIS, JR. and Counter-Defendants
   MORE WATER FROM NAZARETH
9  PUBLISHING, INC., PAULA MAXINE
   PATTON individually and d/b/a
10 HADDINGTON MUSIC, STAR TRAK
   ENTERTAINMENT, GEFFEN
11 RECORDS, INTERSCOPE RECORDS,
   UMG RECORDINGS, INC., and
12 UNIVERSAL MUSIC DISTRIBUTION

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 15 PHARRELL WILLIAMS, an individual; ROBIN THICKE, an 16 individual; and CLIFFORD HARRIS, JR., an individual, 17            Plaintiffs, 18     vs. 19 BRIDGEPORT MUSIC, INC., a 20 Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; 21 MARVIN GAYE III, an individual; NONA MARVISA GAYE, an 22 individual; and DOES 1 through 10, inclusive, 23            Defendants. 24 | CASE NO. CV13-06004-JAK (AGRx) Hon. John A. Kronstadt, Ctrm 750 **PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION TO STRIKE COUNTER-CLAIMANTS' MOTION TO CORRECT THE VERDICT AND FOR INJUNCTIVE RELIEF AND REQUEST FOR A STATUS CONFERENCE TO SET A BRIEFING SCHEDULE FOR ALL POST-TRIAL MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** Action Commenced: August 15, 2013 Trial Date:        February 24, 2015 |
| 25 AND RELATED COUNTERCLAIMS. | |

26

27 / / /

28 / / /

4112.060/870859.2

## MEMORANDUM OF POINTS AND AUTHORITIES

Counter-Defendants[1] hereby move to strike Counter-Claimants' procedurally improper Joint Motion to Correct the Jury's Verdict, filed 03/17/15 (Document 345) ("Motion to Correct") and Counter-Claimants' Joint Post-Trial Motion for Injunctive Relief filed 03/17/15 (Document 346) ("Motion for Injunction").

Counter-Defendants further request that the Court set a status conference the week of April 6, 2015, regarding the Motions and other post-trial motions and proceedings or, if a status conference cannot be had, set an appropriate extended briefing schedule on both Motions giving Counter-Defendants 30 days from the date this Court files its Order ruling on the instant Motion to Strike and Request For a Status Conference to file any response or opposition briefs to Counter-Claimants' Motions due to the potential need for separate counsel.

On March 10, 2015, the jury reached a verdict (Document 320) that found in favor of five (5) of the seven (7) Counter-Defendants that the Gayes had sued over "Blurred Lines" and finding in favor of all six (6) Counter-Defendants that the Gayes had sued over "Love After War." The Gayes prevailed on only two (2) of their thirteen (13) claims for copyright infringement against Counter-Defendants.

On March 10, 2015, the verdict was read, no party objected to the verdict, and the jury was discharged. Counsel for the Gayes then made an oral request for a preliminary injunction but did not propose any terms for the proposed injunction.

The Court ordered the Gayes to file a written motion in support of their oral request for an injunction by March 17, 2015, and gave Counter-Defendants until March 24, 2015, to file a response. [Minute Order dated 03/10/15 (Document 321), p. 2 of 2.]

---

[1] Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION ("Counter-Defendants").

1    The Motion for Injunction that Counter-Claimants filed — rather than simply
2    propose terms for the injunction they had orally requested — seeks instead to
3    entirely overturn the jury's verdict and to enjoin all seven (7) Counter-Defendants
4    who were sued over "Blurred Lines," including Clifford Harris, Jr. and the four (4)
5    entity Counter-Defendants who the jury found did not infringe.  Included within the
6    Motion for Injunction are lengthy discussions with supporting evidence and
7    authority regarding potential motions that Counter-Defendants may bring under
8    FRCP 50 (JMOL) or FRCP 59 (new trial) based solely on speculation since
9    Counter-Defendants have not filed any post-trial motions nor discussed any with the
10   Gayes.

11   The Motion for Injunction presumes that the Court will grant the
12   accompanying Motion to Correct that Counter-Claimants also filed; the Court
13   otherwise would have no basis to enjoin parties whom the jury found not liable for
14   infringement.  The Motion to Correct therefore seeks to "correct" the verdict after
15   the jury has been discharged in order to throw out the majority of the jury's verdict
16   so as to impose liability for copyright infringement on Harris and the four (4) entity
17   Counter-Defendants — whom the jury found did not infringe — purportedly based
18   on certain colloquy between the Court and counsel.

19   The Motion to Correct is not only groundless, it is procedurally infirm.  The
20   Federal Rules of Civil Procedure provide for specific post-trial motions and
21   remedies.  *See, e.g.* Fed.R.Civ.P. 49, 50, 59, 60.  "Correcting" a verdict is not one of
22   them.  Counter-Claimants cite no authority for their Motion to Correct but purport to
23   bring it under FRCP 59(e), which pertains to altering or amending a judgment after
24   entry.

25   No judgment has been entered yet.  The Court merely asked Counter-
26   Claimants to set forth the specific terms of the injunction they seek based on the
27   jury's verdict.  At best, any injunction would lie only against Pharrell Williams and
28   Robin Thicke, the only parties who were found liable for copyright infringement.

KING, HOLMES,
PATERNO &
BERLINER, LLP

1   Counter-Claimants' Motion for Injunction and Motion to Correct should be stricken

2   as improper matter.  The Gayes should follow the Federal Rules if they wish to

3   "correct" any alleged errors.

4          Instead, the Gayes have filed a disguised Rule 50 motion for JMOL in the

5   guise of a "motion to correct the jury's verdict" and "motion for injunctive relief,"

6   arguing, in essence, that the evidence at trial supposedly requires a judgment against

7   Harris and the entity Counter-Defendants notwithstanding the jury verdict absolving

8   those parties of liability.  This is a Rule 50 motion, plain and simple.

9          If the Gayes believe they have a basis for a JMOL, they should file a properly

10  noticed motion in compliance with the Rules.  The Gayes' attempt to "slip one in"

11  under the radar screen with a single glancing reference to Rule 59(e) on page 1 of

12  the Motion to Correct and an inapposite cite to an 1844 case on page 6, *Murphy v.*

13  *Stewart*, 43 U.S. 264 (1844) — a case that predates by over a century the applicable

14  Federal Rules of Civil Procedure — should not be countenanced here.

15         The jury verdict against Pharrell Williams and Robin Thicke is an abject

16  miscarriage of justice, unsupported by the evidence, and contrary to law.  The

17  parties will brief their respective views on the form of judgment, a new trial, JMOL,

18  and other issues arising out of the fundamentally flawed trial and verdict in the

19  coming months.

20         If the Gayes want to propose terms of an injunction against Williams and

21  Thicke based on the verdict at hand, that is one thing that will be addressed on the

22  merits.  But here, the Gayes are also asking the Court to pre-judge and resolve all of

23  Counter-Defendants' motions, even though Counter-Defendants' have not yet had

24  an opportunity even to place those motions before the Court.  See Motion for

25  Injunction at 9, 11, 12 (arguing that the "Court should not wait for the resolution of

26  Plaintiffs' [Counter-Defendants'] Motion for declaratory relief because it will not

27  succeed," that Counter-Defendants' motions for JMOL may be deemed "waived"

28  before filing, and that Counter-Defendants' motions for new trial "will likewise

KING, HOLMES,
PATERNO &
BERLINER, LLP

4112.060/870859.2                                    3

1   fail"). No party can meaningfully brief the impact of motions that have yet to be

2   filed on the Motion for Injunction, let alone present such briefing in one week, and

3   that cannot have been this Court's intent in setting a briefing schedule on the request

4   for injunction. Attempting to circumvent the normal procedure for presenting post-

5   trial motions to the Court through the Motion to Correct and Motion for Injunction

6   is improper, and the Gayes' unfair tactics should be rejected. The Court therefore

7   should strike Counter-Claimants' motions.

8         At a minimum, the Court should take the response dates for Counter-

9   Claimants' motions off calendar pending a status conference to set a briefing

10   schedule for each of the post-trial motions that the parties intend to file.

11         Counter-Defendants need time to determine whether there are any conflicts of

12   interest that may necessitate separate counsel for certain Counter-Defendants with

13   respect to post-trial proceedings and entry of judgment given the verdict against

14   only two (2) of the nine (9) Counter-Defendants. The issues raised by Counter-

15   Claimants' Motions implicate far more than the terms of a proposed injunction, and

16   are far more complex than was anticipated when Counter-Claimants made their oral

17   request for an injunction. Setting a status conference will ensure that each of the

18   Counter-Defendants has an opportunity to resolve whether to retain separate

19   counsel, and to have their counsel appear at the status conference and participate in

20   setting an appropriate schedule for resolving the numerous and important post-trial

21   issues.

22         The Motion for Injunction importantly also fails to specify the specific terms

23   of the permanent injunction that Counter-Claimants seek, thereby precluding

24   meaningful briefing on the appropriateness of the specific relief the Gayes seek.

25         Counter-Claimants also filed the Motion to Correct under Rule 59 without

26   setting a hearing date, without any meet and confer under Local Rule 7-3, and

27   without complying with other formalities of noticed motions under the Local Rules

28   and FRCP. The exigencies of trial are over. Any motions affecting the parties'

1  substantive rights should be filed in conformance with the Local Rules and FRCP

2  absent a showing of good cause otherwise.  There is no reason for a "rush job."

3       Finally, Counter-Defendants' counsel, Seth Miller, will be out of the country

4  on a previously planned vacation from March 19-29, 2015.

5       Counter-Defendants hereby request that the Court strike the improper

6  Motions.  To the extent the Motions remain on calendar, Counter-Defendants

7  request that the Court set a status conference for the week of April 6, 2015, to

8  discuss the Motions and other post-trial motions and procedural issues, including

9  setting an orderly briefing and hearing schedule for same.  By that time, any

10  Counter-Defendants who require separate counsel will have had a reasonable

11  opportunity to retain same, and the parties and Court can work out a schedule for

12  opposing the Gayes' Motions and any other matters relevant to same.

13       If a status conference is not set or cannot be had, then Counter-Defendants

14  request that the Court order that Counter-Defendants shall have 30 days from the

15  date this Court files its Order ruling on the instant Motion to Strike and Request for

16  a Status Conference to file any response or opposition briefs to Counter-Claimants'

17  Motions.

18       Counter-Defendants further request that the Court grant such other and further

19  relief as the Court deems just and proper given the complexity and importance of

20  these post-trial matters and the necessity that both sides receive a full and fair

21  hearing on the merits in an orderly manner consistent with the Federal Rules of Civil

22  Procedure.

23       This case is far from over.  It is merely entering a new phase.  There is no

24  urgency to any of the relief the Gayes have requested.  Proceeding in an orderly and

25  reasoned manner in the upcoming post-trial motions will ensure that the parties

26  receive the just result they deserve, and that the Court will have all of the pertinent

27  / / /

28  / / /

KING, HOLMES,
PATERNO &
BERLINER, LLP

1  facts and law before it when it renders its decisions on the many important disputes

2  that lie ahead.  The Gayes' slapdash approach to post-trial issues should be rejected.

3

4  DATED:  March 19, 2015            KING, HOLMES, PATERNO &
                                     BERLINER, LLP
5

6

7                                    By: _____

8                                          HOWARD E. KING
                                           SETH MILLER
9
                                     Attorneys for Plaintiffs and Counter-Defendants
10                                   PHARRELL WILLIAMS, et al.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 19, 2015, I electronically filed the foregoing **PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION TO STRIKE DEFENDANTS' MOTION TO CORRECT THE VERDICT AND FOR INJUNCTIVE RELIEF AND REQUEST FOR A STATUS CONFERENCE TO SET A BRIEFING SCHEDULE FOR ALL POST-TRIAL MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dina Webb

King, Holmes,
Paterno &
Berliner, LLP

4112.060/870859.2