Peter I. Ostroff, SBN 45718
postroff@sidley.com
Mark E. Haddad, SBN 205945
mhaddad@sidley.com
Rollin A. Ransom, SBN 196126
rransom@sidley.com
Michelle B. Goodman, SBN 218607
mgoodman@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Counter-Defendants
STAR TRAK ENTERTAINMENT,
GEFFEN RECORDS, INTERSCOPE RECORDS,
UMG RECORDINGS, INC., and
UNIVERSAL MUSIC DISTRIBUTION

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:13-CV-06004-JAK (AGRx)<br><br>Assigned to: Hon. John A. Kronstadt<br><br>**JOINT REPORT PURSUANT TO THE COURT'S MARCH 20, 2015 ORDER (DKT. 360)**<br><br>Action Commenced: August 15, 2013<br>Trial Date: February 24, 2015 |

JOINT REPORT

On March 20, 2015, the Court entered an Order Denying Counterclaim-Defendants' Motion to Strike (Dkt. 356), Vacating Briefing Schedule, and Directing Parties to File a Joint Report (Document 360). Pursuant to the Court's Order, the parties met and conferred on March 25, 2015, and agreed to present for the Court's approval the following joint proposal and schedule to resolve the remaining issues.

To ensure judicial and party efficiency, the parties propose that the post-trial issues be resolved following the entry of judgment in accordance with the verdict, and that the challenges to the judgment and the Gaye Parties' request for injunctive relief be briefed simultaneously.

The Gaye Parties agree to withdraw without prejudice their Counter-Claimants' Joint Motion to Correct the Jury's Verdict (Document 345) and Counter-Claimants' Joint Post-Trial Motion for Injunctive Relief (Document 346) ("Gaye Post-Trial Motions") to allow the Court promptly to enter judgment in accordance with the jury verdict.[1] Following the entry of judgment, the parties propose to brief the remaining issues as follows:

**May 1, 2015.** The Gaye Parties file: (a) motion for judgment as a matter of law or to correct the verdict or whatever they determine to be the appropriate vehicle to hold the Interscope Parties and Mr. Harris liable as a matter of law[2] and (b) motion for injunctive relief; the Thicke/Williams Parties file: (c) motion for judgment as a matter of law[3] and declaratory relief and, in the alternative, motion for a new trial.

---

[1] If necessary, the Thicke/Williams Parties may file a motion to stay execution of the judgment which will be filed within 14 days of entry of the judgment.

[2] The Interscope Parties and Mr. Harris agree that they will not oppose this motion on the ground that it is precluded by the entry of judgment.

[3] By agreeing to this proposed schedule, the Gaye Parties do not waive and expressly reserve the right to argue that Williams and Thicke have waived their right to seek judgment as a matter of law due to their failure to make a Rule 50 motion before submission of the case to the jury.

**June 1, 2015.**  The Interscope Parties, Harris Party, and Thicke/Williams Parties file oppositions to the Gaye Parties' motions (a) and (b); the Gaye Parties file opposition to Thicke/Williams Parties' motion (c).

**June 15, 2015.**  The Gaye parties file replies in support of their motions (a) and (b); the Thicke/Williams Parties file their reply in support of their motion (c).

**July 20, 2015.**  Hearing on all of the above motions.

After the Court issues its rulings on all of the above motions, the parties anticipate that the prevailing party or parties will file a motion for attorneys' fees.  The parties will meet and confer on a briefing schedule for the attorneys' fees motion(s) within one week after the rulings on the above motions, and propose a briefing schedule to the Court.

Dated: March 27, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/Mark E. Haddad\**
    Mark E. Haddad

Attorneys for Counter-Defendants
STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

| | | |
|---|---|---|
| 1 | Dated: March 27, 2015 | KING, HOLMES, PATERNO & BERLINER, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/Howard E. King<br>Howard E. King<br>Seth Miller |
| 5 | | |
| 6 | | Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Dated: March 27, 2015 | KING & BALLOW |
| 11 | | |
| 12 | | By: /s/Richard S. Busch<br>Richard S. Busch<br>Paul H. Duvall<br>Sara R. Ellis |
| 13 | | |
| 14 | | |
| 15 | | WARGO & FRENCH, LLP |
| 16 | | |
| 17 | | By: /s/Mark L. Block<br>Mark L. Block |
| 18 | | |
| 19 | | Attorneys for Defendants and Counter-Claimants NONA MARVISA GAYE and FRANKIE CHRISTIAN GAYE |
| 20 | | |
| 21 | | |
| 22 | Dated: March 27, 2015 | LAW OFFICES OF PAUL N. PHILIPS, APLC |
| 23 | | |
| 24 | | By: /s/Paul N. Philips<br>Paul N. Philips |
| 25 | | |
| 26 | | Attorneys for Defendant and Counter-Claimant MARVIN GAYE III |
| 27 | * Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. | |
| 28 | | |

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, I electronically filed the foregoing **JOINT REPORT PURSUANT TO THE COURT'S MARCH 20, 2015 ORDER (DKT. 360)** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                  */s/Mark E. Haddad*
                                                  Mark E. Haddad