KING, HOLMES, PATERNO & BERLINER, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
ROTHSCHILD@KHPBLAW.COM
SETH MILLER, ESQ., STATE BAR NO. 175130
MILLER@KHPBLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,

Plaintiffs,

vs.

BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. CV13-06004-JAK (AGRx)
Hon. John A. Kronstadt, Ctrm 750

**COUNTER-DEFENDANTS' OBJECTIONS TO THE DECLARATION OF GARY COHEN REGARDING PREJUDGMENT INTEREST**

Date: June 29, 2015
Time: 8:30 a.m.
Crtrm.: 750

Action Commenced: August 15, 2013
Trial Date: February 24, 2015

/ / /

/ / /

Counter-Defendants Pharrell Williams, Robin Thicke, and More Water From Nazareth Publishing, Inc. ("Counter-Defendants") hereby object to the Declaration of Gary Cohen Regarding Prejudgment Interest ("Cohen Decl"), as follows:

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| I, Gary Cohen, make the following statements upon personal knowledge: | | |
| 1. The representations made in this Declaration are based on my personal knowledge and, if called upon to do so, I could and would testify competently to them. | | |
| 2. I am a Certified Public Accountant and the President of Gary Cohen Corporation. I have thirty years experience in the entertainment industry as a forensic accountant and business manager. Gary Cohen Corporation has conducted over 1,000 "royalty audits" on behalf of recording artists, songwriters, producers and other music entertainment companies. I have testified as | | |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| an expert witness in Federal Court and the courts in the states of New York, New Jersey and California. | | |
| 3. I understand that prejudgment interest may be allowed in copyright cases. [1] In order to calculate the appropriate amount of prejudgment interest, it is necessary to determine from what date the interest should run, sometimes referred to as the "accrual date." | 1. Fed. R.Civ.P. 26 (a)(2). Mr. Cohen did not offer any opinions regarding prejudgment interest in his Rule 26 expert report. Mr. Cohen only opined as to actual damages and Counter-Defendants' profits. [Dkt. 175-9, p. 3 of 9, filed 01/07/15.] Counter-Claimants should be precluded from offering his opinions here. Fed.R.Civ.P. 26(a)(2); *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003). | 1. Sustained / Overruled |
| 4. In this case, the jury awarded $4,000,000 in actual damages and an additional $1,610,455.31 in profits attributable to the Williams Parties and $1,768,191.88 attributable to the Robin Thicke, for a total of $7,378,647.19. | | |
| 5. These awards relate to damages suffered by the Gayes | | |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| and profits earned by the Williams Parties and Thicke over time. [2] However, with a few simplifying assumptions it is possible to calculate a reasonable accrual date. | 2. Fed. R.Civ.P. 26 (a)(2); *Zhang*, 339 F.3d at 1028.<br><br>Mr. Cohen did not offer any opinions regarding accrual of prejudgment interest in his Rule 26 expert report. | 2. Sustained / Overruled |
| 6. [3] The "Blurred Lines" single was released on March 23, 2013. Based on my experience in the industry, I assume that royalties began to be paid 45 days after the end of the quarter in which the release occurred, or May 15, 2013. If royalties were paid evenly between that date and the present, on average the payout date of the royalties would have been May 8, 2014. In fact, the weighted average date is almost certainly earlier because more royalties were earned during the first year following release than the second. Accordingly, in my professional opinion, it is | 3. FRE 402, 403, 702; Fed. R.Civ.P. 26 (a)(2); *Zhang*, 339 F.3d at 1028.<br><br>Mr. Cohen did not offer any opinions on an accrual date in his Rule 26 report.<br><br>Full financial records regarding royalties were produced in discovery. Mr. Cohen improperly "assumes" when monies were received rather than analyze the reported income. His opinion on the accrual date is not a proper subject for expert testimony, and his methodology is not reliable. | 3. Sustained / Overruled |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| conservative (and not prejudicial to the Williams Parties and Thicke) to use May 8, 2014 as the accrual date. | | |
| 7. I am informed and believe that the federal post-judgment interest rate as of the date of the verdict was 0.25%. [4] In my view, this is a very low interest rate (for instance, the California state court prejudgment interest rate is 10%, or 40 times higher), but I understand that many federal courts use the post-judgment rate to calculate prejudgment interest. | 4. FRE 402, 403, 703; Fed.R.Civ.P. 26(a)(2); *Zhang*, 339 F.3d at 1028.<br><br>Mr. Cohen has no expertise to opine on what interest rate the Court should use, which is a purely legal issue.<br><br>Mr. Cohen's "view" as to whether the 0.25% rate is "very low" is irrelevant and not a proper subject for expert testimony. | 4. Sustained / Overruled |
| 8. [5] Between the accrual date of May 8, 2014 and today's date of May 1, 2015 (358 days), the total prejudgment interest is $7,378,647.19 x 0.25% x 358/365 = $18,093. Additional | 5. FRE 402, 403, 702; Fed.R.Civ.P. 26(a)(2).<br><br>Mr. Cohen did not offer any opinions regarding prejudgment interest in his expert report and should be precluded from offering those opinions here. | 5. Sustained / Overruled |

| **Material Objected to:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| interest after May 1, 2015 through the date of judgment will accrue at a rate of $50.54 per day. | | |
| Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of May, 2015. | | |

DATED: June 1, 2015

KING, HOLMES, PATERNO & BERLINER, LLP

By: [signature]

HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I electronically filed the foregoing **COUNTER-DEFENDANTS' OBJECTIONS TO THE DECLARATION OF GARY COHEN REGARDING PREJUDGMENT INTEREST** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Joey S. Gossett

Joey S. Gossett