Richard S. Busch (TN BPR 14594) (*pro hac vice*)
E-Mail: rbusch@kingballow.com
Sara R. Ellis (TN BPR 030760) (*pro hac vice*)
E-Mail: sellis@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Fax: (615) 726-5417
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
KING & BALLOW
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000 Fax: (858) 597-6008
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East; Suite 1520
Los Angeles, CA 90067
(310) 853-6355 Fax: (310) 853-6333
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Paul N. Philips (SBN 18792)
E-Mail: pnp@pnplegal.com
Law Offices of Paul N. Philips, APLC
9255 West Sunset Boulevard
West Hollywood, CA 90069
(323)813-1126 Fax: (323) 854-6902
Attorney for Defendant and Counter-Claimant Marvin Gaye III

Martin R. Glick (SBN 40187)
E-Mail: Martin.Glick@aporter.com
Daniel B. Asimow (SBN 165661)
E-Mail: Daniel.Asimow@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100 Fax: (415) 471-3400
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt, Ctrm 750<br><br>**COUNTER-CLAIMANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR JOINT POST-TRIAL MOTION FOR DECLARATORY RELIEF RE WHETHER COUNTER-CLAIMANTS' MOTION MAY BE CONSTRUED AS A RULE 50 MOTION**<br><br>**Motion Hearing:**<br>Date:   June 29, 2015<br>Time:   8:30 am<br>Ctrm:   750<br><br>Action Commenced: August 15, 2013<br>Trial Date: February 24, 2015 |

In response to the Court's inquiry of June 19, 2015 (Dkt. No. 406), the Gaye family submits that the Court may construe their Motion for Declaratory Judgment as one brought pursuant to Rule 50. The authority submitted by Plaintiffs in support of their argument that they did not need to raise an intention to file a Rule 50(b) motion at trial due to "futility" (Dkt. No. 404 at 5-6), while not standing for that proposition in the least and not supporting Plaintiffs' argument at all, actually supports this Court's power to grant the Gaye family Rule 50(b) relief. That is because the Gaye family raised the issue of Harris and the Interscope Parties' liability for infringement as a matter of law during the trial before the case was submitted to the jury. There was a full discussion of the issue, the Gaye family stated their intent to hold those parties liable as a matter of law, and the Court invited the motion. (Dkt. No. 338 at 160:7-166:24; Dkt. No. 339 at 36:10-39:18). Harris and the Interscope Parties were, therefore, completely aware of this issue, had the opportunity to be heard, and cannot now complain about this Court granting the Gaye family Rule 50 relief.

In addition, Counter-Claimants respond that the Court also has the discretion to decide declaratory relief consistent with the *factual* findings in the jury's verdict without a Rule 50 motion. Similarly, the Court may grant the Motion pursuant to its duty when entering judgment to reconcile the jury's verdict in a way that expresses a coherent view of the case based on the jury's explicit or implicit factual findings and the jury instructions, which also does not require a Rule 50 motion. Here, reconciling the verdict is not reversing the jury; instead, it is recognizing that the lack of a clear jury instruction that a party is liable as a matter of law for distributing an *infringing* product, or simply being in the distribution chain, meant the jury simply did not have the guidance it needed to recognize that, as a result of their finding that Thicke and Williams copied "Got To Give It Up" and thereby committed copyright infringement, Harris and the Interscope Parties are liable as a matter of law.

## I. THE COURT MAY GRANT RELIEF UNDER RULE 50(B).

The Court may construe the Motion as a Rule 50(b) motion, as Counter-Claimants seek a declaration that Harris and the Interscope Parties are directly liable for infringement. Under Rule 50(b), "[j]udgment as a matter of law is warranted when the evidence presented

- 1 -

at trial permits only one reasonable conclusion." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014). The jury properly found "Blurred Lines" infringes "Got to Give it Up," and the parties stipulated to Harris's and the Interscope Parties' roles in the distribution chain for the infringing work "Blurred Lines."[1] The Central District of California has held members of the distribution chain are liable for infringement as a matter of law. *See Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1384 (C.D. Cal. 1993). Thus, the only reasonable conclusion permitted by the evidence is that Harris and the Interscope Parties are directly liable for copyright infringement, and the Gaye family is entitled to judgment as a matter of law on this issue under Rule 50(b) notwithstanding the jury's contrary verdict.

The Gaye family did not waive their right to relief under Rule 50(b) as suggested by Counter-Defendants. As Plaintiffs recognized in their Reply in support of their Motion for Judgment as a Matter of Law, the requirement of a preverdict motion under Rule 50(a) "may be satisfied by an ambiguous or inartfully made motion." (*See* Dkt. No. 404 at 5-6, (citing *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989); *Minnesota Supply Co. v. Raymond Corp.*, 472 F.3d 524, 531 (8th Cir. 2006); *Holland v. City of San Francisco*, No. C10-2603 TEH, 2013 WL 6698420, at \*1 (N.D. Cal. Dec. 19, 2013); *E.E.O.C. v. W. Trading Co*., 291 F.R.D. 615, 619 (D. Colo. 2013))). These cases provide that the Rule 50(a) requirement is satisfied through (1) an explicit Rule 50(a) motion (*Minnesota Supply*), (2) an attempt to make a Rule 50(a) motion that is interrupted by the court (*Reeves*), (3) a statement of intent to move for judgment as a matter of law denied by the court before the basis for the motion is explained (*Holland*), or (4) arguments regarding a jury instruction that directly address the issue in the Rule 50(b) motion (*E.E.O.C. v. W. Trading Co.*). These cases involve either explicit motions or arguments that were construed as compliant with Rule 50(a). While not one of the cases remotely supports Plaintiffs' argument they did not waive the right to pursue

---

[1] The parties stipulated that: (1) Harris is a songwriter of "Blurred Lines," co-owns the copyright in the composition "Blurred Lines," and (2) the Interscope Parties manufactured and distributed "Blurred Lines." (Dkt. No. 303 at ¶¶ 1-13; Dkt No. 339 at 47:16-49:16). This stipulation was entered into evidence and read to the jury. *Id*.

Rule 50(b) relief because any Rule 50(a) motion would have been futile (since Plaintiffs never stated an intention to move for judgment as a matter of law or otherwise argued the issues raised in their motion),[2] one of the cases cited by Plaintiffs is on point with the facts presented here and supports this Court's ability to grant the Gaye family Rule 50(b) relief.

In *E.E.O.C. v. W. Trading Co.*, cited by Plaintiffs, the U.S. District Court for the District of Colorado found the plaintiffs preserved the right to make a post-verdict motion for judgment as a matter of law, despite not raising a Rule 50(a) motion, because the plaintiffs argued at a conference on jury instructions that the defendant had not presented sufficient evidence to warrant an instruction on mitigation of damages. 291 F.R.D. at 619. Although not raised in a Rule 50(a) motion, the court found the objection to the jury instruction put the defendant on notice that the plaintiffs believed the evidence on mitigation was insufficient to warrant the jury determining the issue. *Id.* Further, immediately after the objection was raised by the plaintiffs, the defendant had the opportunity to be heard on the issue. *Id.* The court held that this exchange achieved the purposes of Rule 50. *Id.*

Like the plaintiffs in *E.E.O.C.*, the Gaye family similarly complied with the requirements of Rule 50(a) regarding their request to hold Harris and the Interscope Parties liable for infringement by making such arguments in the context of discussing jury instructions. Similar to the *E.E.O.C.* plaintiffs, and also consistent with *Parfums Givenchy* cited above, the Gaye family argued that, as members of the distribution chain, the Interscope Parties should be found liable for direct, contributory, and/or vicarious infringement if Thicke and Williams were found liable. (Dkt. No. 338 at 160:7-166:24).

Furthermore, citing Section 106 of the Copyright Act, the Gaye family repeated these arguments the next day in the context of a discussion on whether the section of the special verdict form on liability should list each group of parties separately. (Dkt. No. 339 at 36:10-

---

[2] Further, Plaintiffs' suggestion that their "repeated pre-trial motions on these same issues" excuse them from the Rule 50(a) requirement (*see* Dkt. No. 404 at 6) has been specifically rejected by the Ninth Circuit. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1082 (9th Cir. 2009) (finding pre-trial motions do not suffice for a Rule 50(a) motion).

- 3 -

38:23). Counter Defendants had a full opportunity to be heard on all of these issues. (*See* Dkt. No. 338 at 164:9-18; Dkt. No. 339 at 37:3-7).[3] Thus, as in *E.E.O.C.*, these arguments put Plaintiffs and Counter-Defendants on notice that the Gaye family believed Harris and the Interscope Parties would be liable for infringement as members of the distribution chain in the event Thicke and Williams were also found liable, and, in addition, the Gaye family stated their intent to file a post-trial motion on the issue. This satisfied the purposes of Rule 50(a), entitling the Gaye family to seek the present relief under Rule 50(b), particularly because Harris and the Interscope Parties' liability as a matter of law only arose once the verdict found copyright infringement by Thicke and Williams.

Indeed, the Court specifically recognized that if infringement is established and it was undisputed that the Interscope Parties were members of the distribution chain, they would be liable for that infringement. (Dkt. No. 338 at 164:24-166:22). The Court also recognized that if the jury found infringement, but did not find all parties liable, the verdict would need to be reconciled in light of Section 106, and invited the Gaye family to file a "motion to correct the verdict." (Dkt. No. 339 at 36:10-38:18, 39:8-18). This is similar to the *Reeves* case cited by Plaintiffs, where the requirements of Rule 50(a) were met when the defendants attempted to move for a directed verdict after all the evidence was submitted, and the court interrupted and advised the defendants to renew their motion after the verdict. 881 F.2d at 1498.

## II. COUNTER-CLAIMANTS' MOTION FOR DECLARATORY RELIEF DOES NOT NEED TO BE CONSTRUED AS A RULE 50 MOTION.

Although the Court may construe the Gaye family's Motion as a Rule 50 motion, the Court need not do so in order to grant the Gaye family's request to hold Harris and the Interscope Parties liable for infringement. This makes perfect sense because the liability of Harris and the Interscope Parties only arose following the jury finding that Thicke and Williams copied "Got to Give it Up," and therefore committed copyright infringement.

---

[3] Plaintiffs and Counter-Defendants previously disputed the Gaye family's proposed instruction specifically stating that members of the distribution chain are liable for distribution of infringing works. (*See* Dkt. No. 223 at 22; 223-2 at 51-52).

- 4 -

As the Gaye family addressed in their Motion, the Court may decide equitable claims such as their request for declaratory relief following trial through a post-trial motion seeking a ruling on such requested relief. *See Accentra Inc. v. Staples, Inc.*, 851 F. Supp. 2d 1205, 1242 (C.D. Cal. 2011); *see also United States v. State of Wash.*, 759 F.2d 1353, 1356 (9th Cir. 1985). None of these cases required that a party file a Rule 50 motion for the Court to grant the requested declaratory relief. All that is required is for the equitable determination to conform to the explicit or implicit ***factual*** findings reached by the jury, not the legal conclusions. *See Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011); *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993).

The Court may also grant the Gaye family's requested relief pursuant to its duty to reconcile the verdict in a way that expresses a coherent view of the case based on the jury's explicit or implicit factual findings and the jury instructions. *Guy v. City of San Diego*, 608 F.3d 582, 586 (9th Cir. 2010); *El–Hakem v. BJY, Inc.*, 415 F.3d 1068, 1073 (9th Cir. 2005); *Westinghouse Elec. Corp., v. General Circuit Breaker & Elec. Supply. Inc.*, 106 F.3d 894, 901 (9th Cir. 1997). Under Ninth Circuit precedent, Rule 50 is not necessary for the Court to reconcile the verdict. *See, e.g.*, *Guy*, 608 F.3d at 586; *Westinghouse*, 106 F.3d at 901.

As addressed in the Gaye family's Reply, reconciling the verdict would not disturb the jury's factual findings, but would express a coherent view of the case based on those findings and the lack of an explicit jury instruction on liability for distribution of an infringing work. The evidence at trial was that Thicke and Williams alone created "Blurred Lines." They were both held liable for copyright infringement and ordered to pay nearly $7.4 million. There was no jury instruction stating that all members of the distribution chain are liable for copyright infringement as a matter of law even if they did not create the infringing work or the part that is infringing. This Court may now hold Harris and the Interscope Parties legally liable as a matter of law based upon the factual findings of infringement by Thicke and Williams, and Rule 50 is not a necessary vehicle to do so.

### III.  CONCLUSION

The Gaye family requests that the Court grant its motion.

- 5 -

| | |
|---|---|
| Dated: June 25, 2015 | Respectfully submitted, |
| | KING & BALLOW |
| | By: /s/ Richard S. Busch |
| | RICHARD S. BUSCH |
| | PAUL H. DUVALL |
| | SARA R. ELLIS |
| | WARGO & FRENCH, LLP |
| | By: /s/ Mark L. Block |
| | MARK L. BLOCK |
| | ARNOLD & PORTER LLP |
| | BY: /S/ DANIEL B. ASIMOW |
| | MARTIN R. GLICK |
| | DANIEL B. ASIMOW |
| | *Attorneys for Defendants and Counter-Claimants Nona and Frankie Gaye* |
| | THE LAW OFFICES OF PAUL N. PHILIPS, APLC |
| | By: /s/ Paul N. Philips |
| | PAUL N. PHILIPS |
| | *Attorney for Defendant and Counter-Claimant Marvin Gaye III* |