| | |
|---|---|
| 1 | KING, HOLMES, PATERNO & SORIANO, LLP |
| | HOWARD E. KING, ESQ., STATE BAR NO. 77012 |
| 2 | STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514 |
| | SROTHSCHILD@KHPSLAW.COM |
| 3 | SETH MILLER, ESQ., STATE BAR NO. 175130 |
| | SMILLER@KHPSLAW.COM |
| 4 | 1900 AVENUE OF THE STARS, 25TH FLOOR |
| | LOS ANGELES, CALIFORNIA 90067-4506 |
| 5 | TELEPHONE: (310) 282-8989 |
| | FACSIMILE:  (310) 282-8903 |

Attorneys for Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual, | CASE NO. CV13-06004-JAK (AGRx) Hon. John A. Kronstadt, Ctrm 750 |
| | **OBJECTIONS TO COUNTERCLAIMANTS' PROPOSED JUDGMENT** |
| Plaintiffs, | |
| vs. | Action Commenced: August 15, 2013 |
| BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive, | Trial Date:             February 24, 2015 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

/ / /

/ / /

4112.060/959630.1

Pursuant to the Court's October 6, 2015, Minute Order (Dkt. 434), Plaintiffs and Counter-Defendants PHARRELL WILLIAMS, ROBIN THICKE and CLIFFORD HARRIS, JR. and Counter-Defendants MORE WATER FROM NAZARETH PUBLISHING, INC., PAULA MAXINE PATTON individually and d/b/a HADDINGTON MUSIC, STAR TRAK ENTERTAINMENT, GEFFEN RECORDS, INTERSCOPE RECORDS, UMG RECORDINGS, INC., and UNIVERSAL MUSIC DISTRIBUTION (collectively, "Counter-Defendants") hereby object to the [Proposed] Judgment (Dkt. 439-1) submitted by Counterclaimants Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III (collectively, "Counterclaimants") on October 21, 2015.

Attached hereto as **Exhibit A** is a redline of Counterclaimants' Proposed Judgment ("Proposed Judgment") reflecting Counter-Defendants' proposed changes. Each proposed change (deletions or insertions) is discussed below with reference to the page and line on which it appears on **Exhibit A**.

Attached hereto as **Exhibit B** is a clean copy of Counter-Defendants' Proposed Judgment incorporating the changes reflected in the attached redline (**Exhibit A**).

Counter-Defendants propose the following changes to the Proposed Judgment:

1. Exhibit A, 1:4-10; 2:19-23; 3:2: Counter-Defendants propose these edits to the parties' names and positions in the case for clarity and accuracy.

2. Exhibit A, 1:1: Counter-Defendants propose these edits to correct an apparent typographical error: a work is infringed "by" another work, not "in" it.

3. Exhibit A, 1:19: Counter-Defendants propose these edits to correct an apparent typographical error: the Copyright Act is located at 17 U.S.C. § 101 *et seq*. (not "18 U.S.C.").

4. Exhibit A, 2:4-6: Counter-Defendants' proposed post-judgment interest is unnecessary and confusing and should be removed entirely. Federal law

provides for post-judgment interest. 28 U.S.C. 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court"). It is therefore unnecessary to specially provide for post-judgment interest in the judgment. Moreover, doing so may suggest, incorrectly, that the Court has made special finding or rulings on post-judgment interest, which it has not, and may lead to confusion and ambiguity in any future enforcement of the judgment.

Counterclaimants' proposed statement that post-judgment interest accrues on "all aspects of the judgment" also is unnecessary, inaccurate, and misleading because the judgment here stands to include non-monetary awards as to which 28 U.S.C. 1961(a) is inapplicable.

Furthermore, Counter-Defendants dispute that Counterclaimants are entitled to attorneys' fees in this action, and that matter has yet to be determined. Accordingly, Counterclaimants' proposed reference to the accrual of post-judgment interest on "attorney's fees and costs" is premature and, for the reasons stated above, unnecessary.

5. <u>Exhibit A, 2:7, 227-3:1</u>: Counter-Defendants propose edits to the references in the Proposed Judgment to cost awards to clarify that the parties are entitled to costs on, and only on, the respective claims on which they prevailed. The jury verdict in this case adjudicated two distinct claims: the first arising out of "Blurred Lines"/"Got to Give It Up," and the second arising out of "Love After War"/"After the Dance." The two claims could have been filed in different actions. They have no overlap other than that they include some of the same parties. Because Counterclaimants prevailed on the first claim but lost on the second, unrelated claim, the respective claims should be subject to separate costs awards. *See* Fed.R.Civ.P. 54(d)(1). This is particularly important given that Counter-Defendants Paula Patton and Geffen Records were sued only on the Second Claim for Relief, and thus they prevailed outright in this case and should therefore recover all their costs. Likewise, all Counter-Defendants who prevailed on the Second

Claim for Relief are entitled to their costs for that claim, just as Counterclaimants' costs should be limited to those relating to the First Claim for Relief on which they prevailed.

Counterclaimants argued during the meet and confer that under *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010), there can only be one "prevailing party" (or prevailing side) in a case that is entitled to recover costs. *Shum* does not apply here. It is a Federal Circuit patent case, as are most cases following it, and its holding is limited to patent litigation. *See FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1199 (D. Or. 2013)("the *Shum* court held that in patent cases there can be, "by definition," only one prevailing party, regardless of the fact that the outcome of a particular lawsuit might be mixed"). *Shum* also does not address a case, like here, that includes completely unrelated claims, *i.e.*, claims involving different underlying events and transactions that were joined in a single action for reasons of efficiency. Ninth Circuit authority does not preclude separate costs awards under such circumstances. *See Sierra Media,* 965 F. Supp. 2d at 1199 (finding no "controlling or persuasive authority addressing" whether "'a suit must be viewed in its entirety and not on a claim-by-claim basis to determine whether a, or which party prevailed'"); *Ambat v. City & Cnty. of San Francisco*, 2012 WL 2598278, at *3 (N.D. Cal. July 5, 2012)(declining to follow *Shum* and finding that multiple parties may be entitled to recover costs).

Furthermore, "[a]lthough Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, in the event of a mixed judgment, it is within the discretion of a district court to require each party to bear its own costs." *HTC Corp. v. Tech. Properties Ltd.*, 2014 WL 3706617, at *5-6 (N.D. Cal. July 21, 2014); *Fleming v. Coverstone*, 2011 WL 3702398, at *3 (S.D. Cal. Aug. 22, 2011) (same). The Court has yet to award any costs. Thus, the judgment should either: (i) specify that Counterclaimants are awarded costs on the First Claim, and Counter-Defendants are awarded costs on the Second Claim, or (ii) be silent as to costs,

subject to amendment later to reflect any costs the Court may award on appropriate requests from the parties (*see* Dkt. 440).

6. <u>Exhibit A, 2:10-18</u>: Counter-Defendants propose edits to the Proposed Judgment to more accurately reflect the terms of the running royalty. The three songwriters—Robin Thicke, Pharrell Williams, and Clifford Harris, Jr.—are the only Counter-Defendants who receive songwriter and publishing revenue from "Blurred Lines" and hence are the only Counter-Defendants who will pay the 50% running royalty to Counterclaimants. As is customary, a third-party administrator administers the copyright (negotiates licenses, collects revenue, etc.) for a customary fee. Any royalties to Counterclaimants should be net of any third-party administration costs that Counter-Defendants pay.

Such a limitation is consistent with Counterclaimants' damages theory that they would have negotiated a 50% license fee for the use of "Got to Give It Up." That fee would have been paid in the customary manner for collection of songwriter and publishing royalties, including through the use of a third-party administrator charging a customary fee. The songwriter and publishing royalty the Court awarded consists of the amounts received by the songwriters after their administrator generates licensing opportunities, collects the revenue, and charges its fee. To allow the Gayes to collect income based on a measure of revenue other than what the songwriters (who also do business as publishing entities, *e.g.*, Robin Thicke d/b/a I Like 'Em Thicke Music) receive through their third-party administrators would require Counter-Defendants to bear the costs of administering Counterclaimants' 50% of revenue. There was no testimony at trial that Counterclaimants would have received a "no fee for administration" license fee or would have received 50% of the revenue without any third-party administration fees. The figures that were used at trial for publishing revenue are the amounts that the royalty statements reflected as

/ / /

/ / /

received by the songwriters, *i.e.*, net of third-party administration fees. Counter-Defendants revision to the Proposed Judgment reflects these facts.

DATED: October 28, 2015

KING, HOLMES, PATERNO & SORIANO, LLP

By: /s/ Seth Miller
HOWARD E. KING
SETH MILLER
Attorneys for Plaintiffs and Counter-Defendants
PHARRELL WILLIAMS, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically filed the foregoing **OBJECTIONS TO COUNTERCLAIMANTS' PROPOSED JUDGMENT** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Joey S. Gossett

King, Holmes, Paterno & Soriano, LLP

4112.060/959630.1