| | |
|---|---|
| Richard S. Busch (TN BPR 14594) (*pro hac vice*)<br>E-Mail: rbusch@kingballow.com<br>Sara R. Ellis (TN BPR 030760) (*pro hac vice*)<br>E-Mail: sellis@kingballow.com<br>KING & BALLOW<br>315 Union Street, Suite 1100<br>Nashville, TN 37201<br>(615) 259-3456 Fax: (615) 726-5417<br>Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye | Paul H. Duvall (SBN 73699)<br>E-Mail: pduvall@kingballow.com<br>KING & BALLOW<br>6540 Lusk Blvd., Suite 250<br>San Diego, CA 92121<br>(858) 597-6000 Fax: (858) 597-6008<br>Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye |
| Mark L. Block (SBN 115457)<br>E-Mail: mblock@wargofrench.com<br>WARGO & FRENCH LLP<br>1888 Century Park East, Suite 1520<br>Los Angeles, CA 90067<br>(310) 853-6355 Fax: (310) 853-6333<br>Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye | Martin R. Glick (SBN 40187)<br>E-Mail: Martin.Glick@aporter.com<br>Daniel B. Asimow (SBN 165661)<br>E-Mail: Daniel.Asimow@aporter.com<br>ARNOLD & PORTER LLP<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024<br>(415) 471-3100 Fax: (415) 471-3400<br>Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt, Courtroom 750<br><br>**DECLARATION OF GARY COHEN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date: March 14, 2016<br>Time: 8:30 a.m.<br>Ctrm: 750<br><br>Action Commenced: August 15, 2013 |

I, Gary Cohen, declare as follows:

1. I am over the age of 18 and not a party to this action. The information contained in this Declaration is based upon my personal knowledge. If called as a witness in this action, I could and would testify competently to the contents of this Declaration.

2. I was retained by the Gaye Parties to provide my expert opinions regarding the amount of actual damages and Plaintiffs profits the Gaye Parties should receive under the United States Copyright Act.

3. In addition, I was asked to provide a detailed report on the damages and profits range with respect to "Blurred Lines." My Revised Expert Report on Damages and Profits was entered as Trial Exhibit Number 1601.

4. As part of my analysis I was provided a number of financial documents, royalty statements, agreements, registration documents, and other documents that were necessary to review in order to reach an opinion in this matter.

5. I was able to determine through my calculations that the sources of revenue for "Blurred Lines" includes record label profits, Star Trak Entertainment profit participation, Universal Music Group Distribution profits, publishing revenues, SoundExchange revenues, artist/producer royalties, and tour revenues.

6. During trial, I worked with the Plaintiffs' financial expert to determine the profits for "Blurred Lines," which was stipulated between the parties at trial.

7. I provided testimony at trial with regards to the profit and loss statements of "Blurrred Lines" as well as the overhead costs associated with "Blurred Lines."

8. I provided a Declaration in support of Counter-Claimants' Joint Motion for clarification of the Court's July 14, 2015, Order regarding the start date of the ongoing royalty. My Declaration was entered with the Court as Docket Number 425-2.

9. I provided an opinion as to the prejudgment interest awarded in this case, which required evaluation of the financial documents to determine the "accrual date"

and determine the amount accrued each day from that date. This information was submitted to the Court in my Declaration Regarding Prejudgment Interest. My Declaration was entered with the Court as Docket Number 375-2.

10. The evaluation, examination, analysis, and determination of the Gaye Parties damages and Plaintiffs' profits for "Blurred Lines" as well as the preparation for my deposition and trial testimony, took considerable time and attention to detail. In addition to the previously stated tasks, I attended and prepared for the deposition of Plaintiffs' financial expert, created an expert's report and an amended expert's report, and negotiated and prepared financial stipulations used at trial.

11. The time required to fully evaluate and analyze both the Gaye Parties damages and Plaintiffs' profits for "Blurred Lines" was indispensable to resolving this matter. Based on my years of experience as a Certified Public Accountant in the music industry, the time to fully evaluate and provide reports and testimony on "Blurred Lines" was reasonable and necessary.

**Fees and Expenses**

12. I am familiar with the rates charged by Certified Public Accountants of my experience and accomplishments. I have charged the Gaye Parties in this case $300.00 per hour for my time.

13. In order to aid the Court in its evaluation of the time necessarily expended in properly evaluating "Blurred Lines," a summary and monthly detailed statement of work and charges are attached to the Declaration of Richard Busch as Exhibit F3. The detailed tasks and time expended demonstrated in these invoices reflect services provided to the Gaye Parties over the course of this action.

14. I expended 290.25 hours since I was retained by the Gaye Parties for my services in this action. That time, includes, for example, my work as detailed above for the examination of financial documents, preparation of my report, preparation for my

deposition, and preparation and attendance at trial, among other actions that were necessary to fully and appropriately evaluate and prepare a financial analysis of "Blurred Lines."

15. Based on my hours expended, I have charged $87,075.00 for my services and $6,060.64 for travel expenses in this action. Reducing this amount for the 7% attributable to the "Love After War" claim, my fees and expenses related to my work on "Blurred Lines" and "Got To Give It Up" is $86,616.15.

16. The time I expended on my examination, analysis, testimony, and other work for the Gaye Parties was reasonable and necessary due to the detailed nature required in copyright infringement litigation.

17. My costs and fees associated with the claim relating to copyright infringement of "After The Dance" by "Love After War" constituted 7% of my past work on this case. My summary and monthly statements specifically show my work on the "Love After War" (referred to as "LAW") claim.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of January, 2016.

_____
Gary Cohen

3
DECLARATION OF GARY COHEN

deposition, and preparation and attendance at trial, among other actions that were necessary to fully and appropriately evaluate and prepare a financial analysis of "Blurred Lines."

15. Based on my hours expended, I have charged $87,075.00 for my services and $6,060.64 for travel expenses in this action. Reducing this amount for the 7% attributable to the "Love After War" claim, my fees and expenses related to my work on "Blurred Lines" and "Got To Give It Up" is $86,616.15.

16. The time I expended on my examination, analysis, testimony, and other work for the Gaye Parties was reasonable and necessary due to the detailed nature required in copyright infringement litigation.

17. My costs and fees associated with the claim relating to copyright infringement of "After The Dance" by "Love After War" constituted 7% of my past work on this case. My summary and monthly statements specifically show my work on the "Love After War" (referred to as "LAW") claim.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of January, 2016.

_____
Gary Cohen