Richard S. Busch (TN BPR 14594) (*pro hac vice*)
E-Mail: rbusch@kingballow.com
Sara R. Ellis (TN BPR 030760) (*pro hac vice*)
E-Mail: sellis@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Fax: (615) 726-5417
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
KING & BALLOW
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000 Fax: (858) 597-6008
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East; Suite 1520
Los Angeles, CA 90067
(310) 853-6355 Fax: (310) 853-6333
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

Martin R. Glick (SBN 40187)
E-Mail: Martin.Glick@aporter.com
Daniel B. Asimow (SBN 165661)
E-Mail: Daniel.Asimow@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100 Fax: (415) 471-3400
Attorneys for Frankie Christian Gaye and Nona Marvisa Gaye

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NONA MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV13-06004-JAK (AGRx)<br><br>Hon. John A. Kronstadt, Courtroom 750<br><br>**DECLARATION OF NANCIE STERN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date: March 14, 2016<br>Time: 8:30 a.m.<br>Ctrm: 750<br><br>Action Commenced: August 15, 2013 |

I, Nancie Stern, declare as follows:

1. I am over the age of 18 and not a party to this action. The information contained in this Declaration is based upon my personal knowledge. If called as a witness in this action, I could and would testify competently to the contents of this Declaration.

2. I was retained by the Gaye Party to evaluate the usage of "Got To Give It Up" as contained in "Blurred Lines."

3. As part of my evaluation, I reviewed edited clips of "Got To Give It Up" and "Blurred Lines" as provided by Thomas Court and Ronald Aston.

4. I also evaluated the expert reports of the musicologists, Judith Finell and Dr. Ingrid Monson.

5. I submitted a detailed report of my analysis and conclusions to the Court. The report was entered as Trial Exhibit Number 1194.

6. As part of my involvement in this litigation, my deposition was taken by Plaintiffs' counsel on November 21, 2014. In order to prepare for my deposition I examined all documents provided to me as well the reports in order to ensure I could appropriately answer any all questions.

7. I testified at trial on behalf of the Gaye Party as to my evaluation and opinion of what percentage the Gaye Parties should be awarded as to their ownership in the work "Got To Give It Up'" due to the infringement by "Blurred Lines."  In order to appropriately prepare for trial, I performed a detail examination of the two works, the reports of the musicologist, and reports.

8. The evaluation, examination, analysis, and determination of the appropriate royalty award for "Blurred Lines" infringing on "Got To Give It Up" as well as the preparation for my deposition and testimony at trial, took considerable time and attention to detail.

9. The time required to fully evaluate and analyze both "Blurred Lines" and "Got To Give It Up" was indispensable to fully examine the similarities between the two

works. Based on my years of experience as a music clearance specialist, the time to fully evaluate and provide reports and testimony on the two works was reasonable and necessary.

**Fees and Expenses**

10. I am familiar with the rates charged by music clearance specialists of my experience and accomplishments. I have charged the Gaye Parties in this case $200.00 per hour for my time.

11. In order to aid the Court in its evaluation of the time necessarily expended in properly evaluating "Blurred Lines" and "Got To Give It Up," my invoices showing my time incurred and the fees that I charged for my time are attached to the Declaration of Richard Busch as Exhibit F3. The detailed tasks and time expended demonstrated in these invoices reflect services provided to the Gaye Parties over the course of this action.

12. I did not have any costs and fees associated with the claim relating to copyright infringement of "After The Dance" by "Love After War."

13. I expended 19 hours since I was retained by the Gaye Parties for my services in this action. That time includes, for example, my work as detailed above for the analysis and evaluation of the sound clips, expert reports, and valuation of the use of "Got To Give It Up" in "Blurred Lines." In addition, I was required to prepare my expert report, preparation for my deposition, and preparation for trial.

14. Based on my hours expended, I have charged $3,800 for my services in this action related to my work on "Blurred Lines" and "Got To Give It Up."

15. The time I expended on my examination, analysis, testimony, and other work for the Gaye Parties was reasonable and necessary due to the detailed nature required in copyright infringement litigation.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of January, 2016.

2

_____
Nancie Stern

3