# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARRELL WILLIAMS, an individual; ROBIN THICKE, an individual; and CLIFFORD HARRIS, JR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGEPORT MUSIC, INC., a Michigan corporation; FRANKIE CHRISTIAN GAYE, an individual; MARVIN GAYE III, an individual; NON MARVISA GAYE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: LA CV13-06004-JAK (AGRx)<br><br>**AMENDED JUDGMENT** |
| AND RELATED COUNTERCLAIMS | |

This action was tried by a jury, which rendered a verdict. Based on that verdict,

IT IS NOW HEREBY ORDERED AND ADJUDGED that:

Judgment is entered in favor of Defendants and Counter-Claimants Nona Marvisa Gaye, Frankie Christian Gaye, and Marvin Gaye III (collectively, the "Gaye Parties") and against Plaintiffs and Counter-Defendants Robin Thicke, Pharrell Williams, and More Water From Nazareth Publishing, Inc. on the First Claim for Relief, the Gaye Parties' counterclaim for copyright infringement of the work "Got to Give It Up" by the work "Blurred Lines" (the "First Claim for Relief").  Judgment is entered in favor of Counter-Defendants Clifford Harris, Jr.; Interscope Records; Star Trak Entertainment; UMG Recordings, Inc.; and Universal Music Distribution and against the Gaye Parties on the First Claim for Relief.

It is further declared that any past and ongoing reproduction, preparation of derivative works, distribution, sale or other transfer of ownership, rental, lease, lending or public performance of "Blurred Lines," or any authorization of these activities, by Plaintiffs and Counter-Defendants Robin Thicke, Pharrell Williams, and More Water From Nazareth Publishing, Inc.,  individually or in combination, infringes the Gaye Parties' copyright in "Got to Give It Up"; provided, however, that Robin Thicke, Pharrell Williams, and More Water From Nazareth Publishing Inc., or their licensees and other authorized users, shall not be liable for damages or subject to suit under 17 U.S.C. § 106 with respect to exploitations of the work "Blurred Lines" occurring after December 2, 2015, the date of the original judgment in this matter (the "Original Judgment Date"), so long as the running royalty provided in this judgment is timely paid to the Gaye Parties or their successors in interest.

For the First Claim for Relief, Robin Thicke, Pharrell Williams, and More Water From

Nazareth Publishing Inc., jointly and severally, shall pay $2,848,846.50 in actual damages to the Gaye Parties. In addition, Robin Thicke shall pay $1,768,191.88, and Pharrell Williams and More Water From Nazareth Publishing, Inc. (collectively, the "Williams Parties") shall pay $357,630.96 to the Gaye Parties in separate awards of profits attributable to infringement.

Robin Thicke, Pharrell Williams, and More Water From Nazareth Publishing Inc. shall pay prejudgment interest to the Gaye Parties on the actual damages award and on the respective profits awards against each of them, as calculated from the date of the jury's verdict, March 10, 2015, through the Original Judgment Date, at the rate of 0.25% per annum simple interest, for a total prejudgment interest amount of $9,097.51. Post-judgment interest shall accrue on the foregoing award of actual damages, profits, and pre-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961 from the Original Judgment Date until the judgment is satisfied.

The Gaye Parties are awarded a running royalty in the amount of fifty percent (50%) of the songwriter and publishing revenue, i.e., net of third party administration costs, received by Counter-Defendants Pharrell Williams and Robin Thicke, and/or their successors and assigns, from exploitation of the musical composition "Blurred Lines," occurring after the Original Judgment Date. Such running royalty shall be paid to the Gaye Parties by Counter-Defendants Pharrell Williams and Robin Thicke, who are jointly and severally liable.

Judgment is entered in favor of Counter-Defendants Robin Thicke, individually and d/b/a I Like 'Em Thicke Music; Paula Maxine Patton, individually and d/b/a Haddington Music; Geffen Records; Star Trak Entertainment; UMG Recordings, Inc.; and Universal Music Distribution, and against the Gaye Parties on the Second Claim for Relief, the Gaye Parties' counterclaim for copyright infringement of the work "After the Dance" by the work "Love After

War." The Gaye Parties shall recover nothing for the Second Claim for Relief.

Each party shall bear his, her, or its own respective costs and attorney's fees incurred in the action.

The request for declaratory relief by Robin Thicke, Pharrell Williams, and Clifford Harris, Jr. is denied.

The Clerk shall enter this Judgment.

IT IS SO ORDERED.

Dated: December 6, 2018

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE